UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER WHALEN, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>FORD MOTOR COMPANY,<br><br>    Defendant.<br>_____/ | No. C-13-3072 EMC<br><br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO CONSOLIDATE**<br><br>**(Docket No. 21)** |
| THOMAS MITCHELL, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>FORD MOTOR COMPANY,<br><br>    Defendant.<br>_____/ | No. C-13-3378 EMC |
| GRIF ROSSER, *et al.*, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>FORD MOTOR COMPANY,<br><br>    Defendant.<br>_____/ | No. C-13-3471 EMC |

Upon Plaintiffs' motion to consolidate the above-captioned actions pursuant to Federal Rule of Civil Procedure 42 and to appoint interim co-lead counsel pursuant to Federal Rule of Civil Procedure 23(g)(3), it is hereby ordered as follows:

1. The motion is **GRANTED**. The above-captioned actions are hereby consolidated for all purposes under the caption *In re MyFord Touch Consumer Litigation*, No. 13-cv-3072 (the "Consolidated Action").

2. All pleadings and other filings in the Consolidated Action shall bear the *In re MyFord Touch Consumer Litigation* caption and case number. The Clerk shall close the dockets in *Mitchell v. Ford Motor Company*, No. 13-cv-3378-EMC, and *Rosser et al. v. Ford Motor Company*, No. 13-cv-3471-JCS.

3. The following counsel are appointed Plaintiffs' Interim Co-Lead Counsel pursuant to Fed. R. Civ. P. 23(g)(3) to act on behalf of the plaintiffs in the Consolidated Action, and any actions subsequently filed in or transferred to this Court that are based on the same core of underlying facts: Adam J. Levitt of Grant & Eisenhofer P.A.; Steve W. Berman of Hagens Berman Sobol Shapiro LLP; Roland Tellis of Baron & Budd, P.C.; and Joseph G. Sauder of Chimicles & Tikellis LLP. Plaintiffs' Interim Co-Lead Counsel shall oversee the prosecution of this Consolidated Action on behalf of Plaintiffs and the other members of the proposed classes.

4. This Order shall apply to each case subsequently filed in this Court or transferred to this Court, unless a party objecting to the consolidation of such case or to any other provision of this Order files, within ten days after their action is transferred to or filed in this Court, an application for relief from this Order or any provision herein and this Court deems it appropriate to grant such application.

5. Plaintiffs' Interim Co-Lead Counsel shall file within thirty (30) days proposed guidelines that they will follow to limit costs and expenses including attorney's fees. The proposed guidelines should address staffing practices (*e.g.*, number of attorneys attending each deposition and court hearings), limits on travel expenses (*e.g.*, coach air fare), etc. Guidelines must provide that: (a) daily, contemporaneous time records must be maintained; (b) block-billing time records shall not be permitted; (c) time records must be based on the tenth of an hour (not a quarter of an hour); (d)

time records must be submitted to co-lead counsel for review no later than the week following the last day of a month; and (e) co-lead counsel will appoint one senior attorney to collect all billing records monthly and conduct a monthly review of time records to ensure that costs and expenses are reasonable, with the understanding that the Court may, in its discretion, call upon counsel to submit those records and/or a report for the Court's independent review.

6. Plaintiffs' Interim Co-Lead Counsel are expected to maintain communications and promote harmonious dealings among all plaintiffs' counsel for their respective actions. Plaintiffs' Interim Co-Lead Counsel also shall coordinate with each other during the course of proceedings. Plaintiffs' Interim Co-Lead Counsel shall be responsible for and have plenary authority to provide general supervision of the activities of plaintiffs' counsel in the Consolidated Action.

7. Specifically, Plaintiffs' Interim Co-Lead Counsel shall have the sole authority to:

  a. Determine and present (in briefs, oral argument, or such other fashion as may be appropriate, personally or by a designee) to the Court and opposing parties the position of plaintiffs in the Consolidated Action on all matters arising during proceedings;

  b. Coordinate and conduct discovery on behalf of plaintiffs in the Consolidated Action consistent with the requirements of Fed. R. Civ. P. 26(b)(1), 26(b)(2), and 26(g), including any discovery and scheduling orders that the Court may issue, including the preparation of joint interrogatories and requests for production of documents and the examination of witnesses in depositions;

  c. Host or co-host a common document repository for the plaintiffs and monitor the review of documents to ensure proper performance and non-duplication of effort;

  d. Coordinate the selection and preparation of expert witnesses for the plaintiffs in the Consolidated Action;

  e. Conduct settlement negotiations on behalf of plaintiffs in the Consolidated Action;

      f.    Delegate specific tasks to other counsel and appoint such informal committees of counsel as necessary to ensure that pretrial preparation for the plaintiffs in the Consolidated Action is conducted efficiently and effectively;

      g.    Enter into stipulations with opposing counsel as necessary for the conduct of the Consolidated Action;

      h.    Prepare and distribute periodic status reports for the plaintiffs to the Court and/or the parties;

      i.    Monitor the activities of co-counsel to ensure that schedules are met and unnecessary expenditures of time and funds are avoided; and

      j.    Perform such other duties as may be incidental to proper coordination of Plaintiffs' activities or authorized by further order of the Court.

8.    Plaintiffs' Interim Co-Lead Counsel also shall maintain lists of all plaintiffs' counsel and their respective addresses.

9.    No pleadings or other papers shall be filed or tasks performed by plaintiffs' counsel in the Consolidated Action without the advance approval of Plaintiffs' Interim Co-Lead Counsel. No discovery shall be conducted by the plaintiffs without the advance approval of Plaintiffs' Interim Co-Lead Counsel. This is intended to prevent duplication of pleadings, discovery, or tasks by plaintiffs' counsel. Unless filing an application for relief from the Court's Order Relating, Reassigning and Consolidating Cases, all pleadings or other papers filed with the Court on behalf of any plaintiff shall be filed through Plaintiffs' Interim Co-Lead Counsel.

10.    Consistent with Paragraph 5 of this Order, all plaintiffs' counsel in the Consolidated Action shall submit to Plaintiffs' Interim Co-Lead Counsel a record of time expended and expenses incurred in the manner and form directed by Plaintiffs' Interim Co-Lead Counsel.

11.    The parties will comply with the United States District Court for the Northern District of California's rules regarding Electronic Case Filing ("ECF") for all documents submitted for filing before this Court. Service through ECF shall be deemed sufficient with no additional service required. For documents to be served but not filed, service on Interim Co-Lead Counsel constitutes service on all other attorneys or parties in the Consolidated Action.

12. The Court recognizes that cooperation by and among counsel is essential for the orderly and expeditious resolution of this litigation. Accordingly, the mere communication of otherwise privileged information among and between plaintiffs' counsel shall not be deemed a waiver of the attorney-client privilege or the attorney work product immunity.

13. Counsel for all parties are directed to cooperate with one another, wherever possible, to promote the expeditious handling of pre-trial proceedings in the Consolidated Action.

This order disposes of Docket No. 21 in C-13-3072.

IT IS SO ORDERED.

Dated: October 11, 2013

_____
EDWARD M. CHEN
United States District Judge