1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE

MYFORD TOUCH CONSUMER
LITIGATION.

_____/

No. C-13-3072 EMC

**ORDER ADOPTING GUIDELINES TO LIMIT COSTS AND EXPENSES, INCLUDING ATTORNEYS' FEES**

**(Docket No. 40)**

On October 11, 2013, the Court entered an Order granting Plaintiffs' motion to consolidate and to appoint interim co-lead counsel ("Co-Lead Counsel") and instructing co-lead counsel to file "proposed guidelines that they will follow to limit costs and expenses including attorneys' fees." (Docket No. 36).

The following procedures are derived from a similar order in *In re Carrier IQ, Inc. Consumer Privacy Litig.*, No. 12-md-02330-EMC (Docket Nos. 108, 110).

Co-Lead Counsel understands the need for efficiency and will monitor attorney billing and expenses in order to minimize duplicative or unnecessary work. In the interest of balancing efficiency with the need to maintain quality and thoroughness in prosecuting this case, Co-Lead Counsel respectfully proposes the following guidelines:

1.     Staffing Practices

Co-Lead Counsel will delegate work and authorize expenditures to other firms as needed, but will limit such delegation to tasks that are reasonable and necessary to the prosecution of this case. Only time and costs incurred pursuant to assignments authorized by Co-Lead Counsel will be considered for compensation.

a.      Depositions

Unless otherwise authorized by Co-Lead Counsel, Plaintiffs' counsel shall send no more than two (2) attorneys and one (1) paraprofessional to any deposition.  When possible, counsel shall limit attendance to no more than one (1) attorney and one (1) paraprofessional.  For example, with regard to the depositions of class representative plaintiffs, counsel shall limit attendance to one attorney selected by Co-Lead Counsel and, if necessary, one attorney from the firm representing that particular plaintiff.

b.      Court Hearings

Absent unusual circumstances, Plaintiffs' counsel shall limit attendance at non-dispositive hearings to two attorneys.  Counsel attending a hearing without making an appearance, or counsel who are not involved in briefing or arguing at the hearing shall be advised that their time will not be reimbursed at the time of any fee petition.

With respect to hearings related to (1) class certification; (2) motions for summary judgment; (3) motions to compel arbitration; and (4) other significant pretrial motions, Co-Lead Counsel will handle the arguments and delegate work on these important motions to other Plaintiffs' firms – to the extent they deem necessary – based on their knowledge of particular areas of the case.  In this manner, Co-Lead Counsel will endeavor to have certain firms specialize in certain areas of the case to reduce the learning curve and increase efficiency when it comes to handling such motions.  Any such delegation of work will be done in a manner that avoids duplication of effort.

Co-Lead Counsel will limit the number of conference calls and group meetings that include multiple counsel, and will limit participation to indispensable attendees.  Such conference calls and meetings will be limited to situations of strategic importance for the overall case, or where information (*e.g.* settlement) needs to be disclosed and discussed.  To the extent possible, teleconferencing and video conferencing or other means will be used to limit travel expenses.

2.      Travel Expenses

Plaintiffs' Counsel shall only seek reimbursement for economy or coach-class airfare for travel.  Plaintiffs' Counsel are welcome to travel by any means they choose, but may only seek reimbursement for economy or coach-class airfare or similarly priced travel arrangements.

**United States District Court**
For the Northern District of California

Plaintiffs' Counsel will likewise make reasonable arrangements for lodging and shall seek reimbursement only for reasonable accommodations, not to exceed $300 per night, plus tax. The *per diem* meal expenses will not exceed $120 per person.

### 3. Administrative Expenses

Plaintiffs' Counsel may bill for all expenses reasonably incurred in prosecuting this case. Co-Lead Counsel shall maintain records of all expenses incurred, as well as any funds maintained by Plaintiffs' Counsel for the purpose of paying such expenses. Co-Lead Counsel's explicit authorization shall be required for any expenditure exceeding $5,000. Expenditures under $5,000, such as copying costs, will be left to the discretion of counsel working on authorized assignments, and will be reviewed by Co-Lead Counsel in monthly reports.

Plaintiffs' Counsel shall not seek reimbursement for expenses or costs incurred as part of normal overhead costs for running a law firm.

### 4. Time Records

#### a. Recording Requirements

All billing Plaintiffs' Counsel shall record and maintain daily, contemporaneous time records for all work performed, including work by attorneys, paraprofessionals, and assistants. Plaintiffs' Counsel shall bill in no larger than tenth of an hour increments, and shall maintain records in such a way that each billed activity is recorded separately. Plaintiffs' Counsel shall not combine billable activities into block-billing records. Plaintiffs' Counsel will not be reimbursed for any item of time or cost not described in sufficient detail to determine the nature and purpose of the service or cost.

#### b. Hourly Rates

Plaintiffs' Counsel shall record their then-present hourly rates for all attorneys and staff. Although Plaintiffs' Counsel may seek an award of fees based on their hourly rates at the time a settlement or judgment is reached to account for the delay in payment,[1] their billing records shall be

---

[1] The use of a current hourly rate for all hours billed is a permissible way to account for delay in payment. *See, e.g.*, *In re Coordinated Pretrial Proceedings in Petroleum Prods. Antitrust Litig.*, 109 F.3d 602, 609 (9th Cir. 1997); *In re Washington Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1305 (9th Cir. 1994).

**United States District Court**
For the Northern District of California

1   prepared and recorded at the then-present rates.  Plaintiffs' Counsel shall not bill a rate other than

2   their standard rates at the time the work is performed.

3             c.   <u>Document Review</u>

4        Document review can be the most challenging area of a case to keep control over time and

5   expenses.  Co-Lead Counsel will put out for bid any vendor services and strive to get the best

6   services for the best price without sacrificing quality.  Co-Lead Counsel has established

7   relationships with excellent vendors willing to match the best available prices.  Once a document

8   database is established, searches will be used to create the universe of documents to be reviewed by

9   other Plaintiffs' Counsel.  A remote document review system will be used to avoid unnecessary

10  travel expenses and procedures will be put in place to monitor how much time is spent reviewing

11  documents and to monitor the efficiency and quality of review by other Plaintiffs' law firms.

12       Depending on the volume of documents produced, it is possible that up to fifteen (15)

13  document reviewers will be needed at any given time during the pendency of the discovery period in

14  this litigation.  Co-Lead Counsel will use paraprofessionals as necessary, attorneys for higher level

15  review, and senior attorneys for top-tier review and quality control.  Co-Lead Counsel will impose

16  an hourly rate limitation on paraprofessionals and non-senior attorneys who review documents.

17  That rate limitation cannot be set until the volume of documents and number of reviewers is

18  determined.  Where it proves economically advantageous, Co-Lead Counsel may employ contract

19  attorneys to perform efficient and focused document review.

20            d.   <u>Co-Lead Counsel Review of Time Records and Expenses</u>

21       All Plaintiffs' Counsel shall submit a copy of all billing and expenses to a senior attorney at

22  Co-Lead Counsel for review no later than the fifteenth day following the last day of each month.

23  Co-Lead Counsel will collect all billing records and expenses monthly and conduct a monthly

24  review of time records and expenses to ensure that costs and expenses are reasonable.  Co-Lead

25  Counsel shall take particular care to ensure that duplicative work is not being performed.  Co-Lead

26  Counsel shall have the power to discount or eliminate non-compliant or unnecessarily duplicative

27  bills, and shall not submit those time records to the Court nor seek reimbursement for unnecessary

28  expenses.

1    Co-Lead Counsel may consider using a third-party vendor to collect time and expense

2  reports, if that will not add unnecessary costs to the case.

3    Co-Lead Counsel will maintain records in such a manner as to be prepared to submit for

4  review a summary of their time and expenses to the Court for its interim review if the Court so

5  desires.

6    Co-Lead Counsel understands that the Court may review time records in the event of a

7  settlement in order to perform a lodestar cross-check or otherwise ensure that Plaintiffs' Counsel

8  have not billed unnecessarily.  Co-Lead Counsel will make necessary efforts to pre-screen billing

9  records to eliminate unnecessary and duplicative work before submitting such records to the Court.

10                                         *    *    *

11    The Court has reviewed the proposed guidelines and hereby adopts them, as modified by the

12  Court.  Costs or expenses that do not fall within the limitations outlined in Docket No. 41 will be

13  presumptively unreasonable and not compensable in any fee award.

14    That being said, the Court advises Co-Lead Counsel that costs or expenses that do fall within

15  the limitations in Docket No. 41 shall not be deemed presumptively reasonable.  For instance, the

16  Court will not approve compensation attendance for two lawyers and a paralegal at a deposition

17  unless shown to be reasonably necessary.  The Court retains its authority to evaluate any costs or

18  expenses submitted by counsel for reasonableness.

19

20    IT IS SO ORDERED.

21

22  Dated:  October 31, 2013

23

24                                                    _____
                                                     EDWARD M. CHEN
25                                                   United States District Judge

26

27

28