RANDALL W. EDWARDS (S.B. #179053)
redwards@omm.com
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, CA 94111-3823
Telephone:   (415) 984-8700
Facsimile:    (415) 984-8701

*Attorneys for Defendant*
*FORD MOTOR COMPANY*
*[Additional Counsel listed on*
*Signature Page]*

STEVE W. BERMAN *(pro hac vice)*
CATHERINE Y.N. GANNON *(pro hac vice)*
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA  98101
Telephone:  (206) 623-7292
Facsimile:   (206) 623-0594
steve@hbsslaw.com

*Plaintiffs' Interim Co-Lead Counsel*
*[Additional Counsel listed on*
*Signature Page]*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re:<br><br>MYFORD TOUCH CONSUMER LITIGATION | Case No. CV 13-3072-EMC<br><br>**STIPULATION FOR PROTECTIVE ORDER; AND [P~~ROPO~~SED] PROTECTIVE ORDER**<br><br>**CLASS ACTION** |

To expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, adequately protect material entitled to be kept confidential, and ensure that protection is afforded only to material so entitled, the parties stipulate and agree to the form of protective order:[1]

1. **Scope of Order**. This Order is intended to facilitate the Parties' production of certain information and documents as part of voluntary disclosure and in response to discovery requests. Nothing in this Order is to be construed to expand or limit the Parties' discovery obligations. With the exception of the Source Code and Data described in footnote 1, this Order covers the production and use of all Protected Documents in this action that constitute, contain or disclose, in whole or in part, information which the Designating Party designates as "Confidential." This Order is also intended to apply to any documents produced to the Parties by a non-party in connection with a subpoena. Nothing in this Order will prevent counsel from using Confidential Information in connection with any work product created by or on behalf of that counsel. Subject to the provisions of paragraphs 8 and 14 herein, such work product may be retained by the counsel creating it.

2. **General Definitions**. For purposes of this Order, the following terms have the following meanings:

   a. Pursuant to FED. R. CIV. P.26(c)(1)(G) and Cal. Civ. Code §§ 3426, *et seq.*, "Confidential Information" shall mean trade secrets or other confidential research, development, or commercially sensitive business information, the disclosure of which would cause competitive harm, that is contained in Protected Documents, and which have not been disclosed or made available to the public. Confidential information may include, but is not limited to (1) engineering documents, including design drawings and other technical engineering related specifications, (2) test documents, analysis, and testing procedures; (3) manufacturing

---

[1] Due to the highly technical and proprietary nature of Source Code and related intellectual property, Raw Data or other Native data ("Source Code and Data") pertaining to the MyFord Touch Technology potentially relevant in this litigation and which may be produced in this case, this Protective Order is not intended to cover the production of Source Code and Data. The Parties will negotiate a separate Protective Order to address the production of these types of materials and submit it to this Court for consideration and entry.

1  specifications and procedures, including communications with and process documents pertaining
2  to Ford's suppliers and supplier relationships; (4) internal business or financial information;
3  (5) confidential customer information and personal identifying information; and (6) any other
4  similar proprietary, confidential, private information, commercially sensitive business
5  information, or competitive intelligence, including but not limited to trade secrets.
6        b.        "Customer" shall mean any person or entity that purchases or otherwise comes to
7  possess Defendant's product.
8        c.        "Designating Party" shall mean the Party or non-party designating Discovery
9  Material as "Confidential."
10        d.        "Discovery Materials" shall mean and include, without limitation, Documents,
11  including Electronically Stored Information (ESI), except the Source Code and Data described
12  above, responses to interrogatories, requests for admissions, or other discovery requests, physical
13  objects, samples, CD-ROMs, tapes or other items, deposition transcripts and exhibits thereto, and
14  information provided by or on behalf of the Parties or any non-party witness pursuant to subpoena
15  or otherwise in the course of discovery.
16        e.        "Document" shall mean and include, without limitation, all written material,
17  videotapes, and all other tangible items, produced in whatever format (e.g., hard copy, electronic,
18  digital, etc.) and on whatever media (e.g., hard copy, videotape, computer diskette, CD-ROM,
19  DVD, hard drive or otherwise) defined as permitted under FED. R. CIV. P. 34.  This does not
20  include the Source Code and Data described above.
21        f.        "Party" or "Parties" shall mean and include the parties to this litigation.
22        g.        "Pleadings" shall mean and include, without limitation, all papers, motions, briefs,
23  affidavits, declarations, exhibits, etc., filed with the Court.
24        h.        "Protected Documents" shall mean documents and materials to be produced in this
25  litigation which contain Confidential Information.
26        3.        **Designating Confidential Information**.
27        a.        All designations of Confidential Information shall be made in good faith by the
28  Designating Party and made at the time of disclosure, production, or tender.

b.     The designation of Confidential Information may be made by marking or placing the applicable notice "Subject to Protective Order," "Confidential," or substantially similar notice on the document, or, where a copy of the original document is to be produced, on that copy.

c.     Any document or any information designated as "Subject to Protective Order," "Confidential," or similar language in accordance with the provisions of this Order shall only be used, shown, or disclosed as provided in this Order.

d.     The burden of proving that a Protected Document contains Confidential Information is on the Designating Party. Prior to designating any material as "Confidential," the Designating Party must make a bona fide determination that the material is, in fact, a trade secret or other confidential research, development, or commercial information subject to protection under FED. R. CIV. P. 26(c)(1)(G).

e.     If a Party disagrees with the "Confidential" designation of any Protected Document, the Party will so notify the Designating Party in writing. Counsel shall confer in good faith in an effort to resolve any dispute concerning such designation or redaction. The Parties shall follow the procedures set forth in Civil Local Rule 37-1 governing discovery disputes to resolve whether the Confidential Information should be treated as "Confidential." If the objection cannot be resolved by agreement, the Designating Party shall file and serve a motion to retain confidentiality, the timing of which shall be conducted in accordance with applicable Local Rules. The document or information whose "Confidential" designation or redaction is objected to shall continue to be treated as "Confidential," as applicable, until the motion has been decided by the Court.

4.     **Use and Disclosure of Protected Documents**.

a.     Protected Documents and any copies thereof received pursuant to this Protective Order shall be maintained Confidential by the receiving party, his/her attorney, other representatives, and expert witnesses, and shall be used only for purposes of this action, subject to the limitations set forth herein. The persons or entities identified in Paragraph 4(b)(i)-(ix) below to whom Protected Documents are disclosed pursuant to this Order shall keep all such materials and information, and any copies, notes, extracts, summaries, or descriptions of such material,

within their exclusive possession and control, shall treat all such copies, notes, extracts, summaries, or descriptions of the Protected Documents or any portion thereof as Confidential, shall take all necessary and prudent measures to maintain the confidentiality of all such materials or information, and shall not disseminate such Protected Documents other than in accordance with this Order.

  b. Protected Documents shall be disclosed only to "Qualified Persons." Qualified Persons are limited to:

   i. The Court and its personnel;

   ii. The Parties to this litigation;

   iii. Counsel of record in this litigation, as well as paralegals, technical, administrative, and clerical employees working under the direct supervision of such counsel;

   iv. Experts and non-attorney consultants retained by the Parties for the preparation or trial of this case, provided that no disclosure shall be made to any expert or consultant who is currently employed by an automobile manufacturer competitor of Ford;

   v. A potential, anticipated, or actual fact witness whom counsel for the disclosing Party believes in good faith is likely to have knowledge pertaining to the content of the Protected Documents to be disclosed;

   vi. The author(s) or any recipient of the document;

   vii. Litigation support consultants and vendors who provide litigation support services (e.g., photocopying, electronic discovery, videotaping, translating, preparing exhibits or demonstrations, etc.);

   viii. Court reporters recording and/or transcribing deposition testimony; and

   ix. Any person expressly named and agreed to in writing by the Parties or by further Order of the Court.

  c. While the Parties may provide Protected Documents in accordance with the provisions of this Protective Order in an electronic form, such documents may not be posted on any website or internet accessible document repository that is accessible to anyone other than "Qualified Persons" listed above.

1        d.      All persons described in Paragraph 4(b)(i)-(ix) above shall not under any

2 circumstance sell, offer for sale, advertise, or publicize either the Protected Documents and the

3 Confidential information contained therein or the fact that such persons have obtained Protected

4 Documents and Confidential Information.

5       e.      All persons described in Paragraphs 4(b)(iv), (v), (vii) and (ix) above shall not

6 have access to Protected Documents without having first read, acknowledged, and agreed to be

7 bound by this Order by executing the Agreement to be Bound attached as Exhibit A (the

8 "Agreement to Be Bound").

9       5.      Each Party's counsel shall retain each such executed Agreement to Be Bound and

10 shall keep a list identifying (a) all persons referenced in Paragraphs 4(b)(iv), (v), (vii) and (ix)

11 above to whom Protected Documents have been disclosed, and (b) all Protected Documents

12 disclosed to such persons. Each executed Agreement to Be Bound shall not be made available to

13 the Designating Party during the pendency of the litigation but shall be available for an *in camera*

14 inspection by the Court if good cause for review is demonstrated by the Designating Party.

15 During the pendency of the litigation or after the termination of the litigation, subject to the

16 attorney work product doctrine/attorney-client privilege and for good cause shown, the Court may

17 order any party to provide to the Designated Party the list referenced above and any executed

18 Agreement to Be Bound. However, each such Agreement to Be Bound and list shall be submitted

19 to counsel for the Designating Party at the termination of this litigation.

20       6.      **Designation of Deposition Testimony**.

21       a.      Deposition testimony that counsel for the Party or non-party witness tendering

22 such testimony, in good faith, believes refers to Protected Documents or information obtained

23 therefrom shall be designated as "CONFIDENTIAL," as applicable, by such counsel by making a

24 statement on the record for inclusion in the deposition transcript or, in writing, within thirty (30)

25 calendar days after receipt of the transcript.

26       b.      When Protected Documents or information obtained therefrom is designated as

27 "Confidential" in a deposition transcript, the counsel making the designation shall instruct the

28 reporter to imprint the legend "THIS TRANSCRIPT CONTAINS CONFIDENTIAL

1  INFORMATION" on the cover page of the transcript and to include, at the front of the transcript,
2  a page identifying all pages and lines designated "CONFIDENTIAL" in the transcript.

3        c.       To the extent that Protected Documents or information obtained therefrom are
4  used in the taking of depositions and/or used as exhibits at trial, such documents or information
5  shall remain subject to the provisions of this Order, along with the transcript pages of the
6  deposition testimony and/or trial testimony dealing with the Protected Documents or information.

7        d.       Any court reporter or transcriber who reports or transcribes testimony in this
8  action shall agree that all Confidential Information designated as such under this Order shall
9  remain Confidential and shall not be disclosed by them, except pursuant to the terms of this
10 Order, and that any notes or transcriptions of such testimony (and any accompanying exhibits)
11 will be retained by the reporter or delivered to counsel of record.

12        7.      **Filing Under Seal**. If any party wishes to file or lodge Protected Documents,
13 portions of Protected Documents, or information taken from Protected Documents with the Court,
14 that party must seek to file under seal pursuant to Civil Local Rule 79-5(d) and serve the
15 Designating Party on the same day with a copy of the declaration identifying the documents or
16 portions that contain designated confidential material. Civil L.R. 79-5(e). Within four (4) days of
17 this notification, the Designating Party must file a responsive declaration under Civil Local Rule
18 79-5(d)(1)(A) to establish that the material is sealable. Pending determination of the motion, the
19 lodged document(s) will be conditionally under seal. Until such time as the Court issues an order
20 sealing the Protected Documents, the party seeking to use the Protected Documents may refer
21 only to a redacted version. Upon granting of an order sealing the record, the Protected
22 Documents will be sealed and labeled by the court clerk and treated according to Civil Local Rule
23 79-5(g). Upon denial of such an order, the documents may be filed in the public record no earlier
24 than four (4) days and no later than ten (10) days after the motion is denied. Civil L.R. 79-5(e)(2).

25        8.      **Return and Destruction of Protected Documents**. Within ninety (90) days after
26 the conclusion of this case, counsel for the Party who has received Protected Documents shall
27 either: (a) return to the Designating Party the Protected Documents, including any documents
28 which any such Party disclosed to any Qualified Person, or (b) securely destroy the Protected

1 Documents, including any documents which any such Party disclosed to any Qualified Person, and certify in writing such destruction to the Designating Party.

9. **Inadvertent Production**.

a. Inadvertent or unintentional production of documents or information containing information which should have been designated as Confidential shall not be deemed a waiver in whole or in part of the Party's claims of confidentiality. If a Party has inadvertently or unintentionally produced information which should have been designated as Confidential, the producing Party will notify the receiving Party within twenty-one (21) days of discovery of the inadvertent production and request that the Confidential designation be applied to such documents or information. If a receiving party objects to the producing Party's Confidentiality designation, it will notify the producing Party of its objections in writing within seven (7) business days of receipt of the notification described above. Within seven (7) business days, the producing Party may then move the Court for an order compelling the protection of such information. Pending the Court's ruling, a receiving Party agrees to maintain the documents as Confidential under the terms of this Order.

b. Inadvertent or unintentional production of documents or information containing information that should have been designated as privileged shall not be deemed a waiver in whole or in part of the Party's claims of privilege. Pursuant to FED. R. EVID. 502(b)-(d), if a Party has inadvertently or unintentionally produced information subject to a claim of immunity or privilege, upon written request made by the producing Party within twenty-one (21) days of discovery, all copies of such information shall be returned to the producing Party within seven (7) business days of such request unless the receiving party intends to challenge the producing Party's assertion of privilege or immunity. If a receiving party objects to the return of such information within the seven (7) business day period described above, the producing Party may move the Court for an order compelling the return of such information. Pending the Court's ruling, a receiving Party may sequester the inadvertently or unintentionally produced documents in a sealed envelope and shall not make any use of such information.

10. **Right to Use Own Information**. Nothing in this Order shall limit any Party's

right to disclose to any person, or use for any purpose, its own information and Documents.

11. **Subpoena or Order**. If a Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as Confidential, counsel for the receiving Party must promptly notify counsel for the Designating Party in writing, and in no event, more than five (5) business days after receiving the subpoena or order. Counsel for the receiving Party also must inform, in writing, the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Order.

12. **Non-Party Discovery**. Any documents or information produced by a non-party witness in discovery in the action pursuant to subpoena or otherwise may be designated by such non-party as "Confidential" under the terms of this Order, and such designation shall have the same force and effect, and create the same duties, obligations, and remedies as if made by one of the parties hereto.

13. **Modification**. This Protective Order may not be waived, modified, abandoned or terminated, in whole or part, except by an instrument in writing signed by the Parties or pursuant to further Court Order. If any provision of this Protective Order shall be held invalid for any reason whatsoever, the remaining provisions shall not be affected thereby.

14. **Duration**.

a. After termination of this litigation, the provisions of this Order shall continue to be binding. This Court retains and shall have jurisdiction over the parties and recipients of the Protected Documents for enforcement of the provisions of this Order following termination of this litigation.

b. This Protective Order shall be binding upon the parties hereto, upon their attorneys, and upon the Parties' and their attorneys' successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

...

Approved as to form and content and respectfully submitted by:

Dated: May 14, 2014

By: */s/Randall W. Edwards*
RANDALL W. EDWARDS (S.B. #179053)
redwards@omm.com
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, CA 94111-3823
Telephone:  (415) 984-8700
Facsimile:  (415) 984-8701


By: */s/ Janet L. Conigliaro*
JANET L. CONIGLIARO (*pro hac vice*)
Jconigliaro@Dykema.com
DYKEMA GOSSETT PLLC
400 Renaissance Center
Detroit, Michigan 48243
Telephone: (313) 568-5372

***Attorneys for Defendant***
***FORD MOTOR COMPANY***


By: */s/ Steve W. Berman*
Steve W. Berman *(pro hac vice)*
Catherine Y.N. Gannon *(pro hac vice)*
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 8th Avenue, Suite 3300
Seattle, Washington  98101
Tel: (206) 623-7292
Fax: (206) 623-0594
steve@hbsslaw.com

Jeff D. Friedman (S.B. No. 173886)
Shana E. Scarlett (S.B. No. 217895)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, California  94710
Tel: (510) 725-3000
Fax: (510) 725-3001
jefff@hbsslaw.com
shanas@hbsslaw.com

Adam J. Levitt (*pro hac vice*)
GRANT & EISENHOFER P.A.
30 North LaSalle Street, Suite 1200
Chicago, Illinois  60602
Tel:  (312) 214-0000
Fax:  (312) 214-0001

alevitt@gelaw.com

Roland Tellis (S.B. 186269)
Mark Pifko (S.B. 228412)
BARON & BUDD, P.C.
15910 Ventura Boulevard, Suite 1600
Encino, California 91436
Tel: (818) 839-2320
Fax: (818) 986-9698
rtellis@baronbudd.com
mpifko@baronbudd.com

Joseph G. Sauder (*pro hac vice*)
Matthew D. Schelkopf (*pro hac vice*)
CHIMICLES & TIKELLIS LLP
One Haverford Centre
361 West Lancaster Avenue
Haverford, Pennsylvania 19041
Tel: (610) 642-8500
Fax: (610) 649-3633
JGS@chimicles.com

***Plaintiffs' Interim Co-Lead Counsel***

## ECF CERTIFICATION

The filing attorney attests that she has obtained concurrence regarding the filing of this document from the signatories to this document.

Dated: May 14, 2014       By: */s/ Randall W. Edwards*
                               Randall W. Edwards

1         PURSUANT TO STIPULATION, IT IS SO ORDERED.

2   Dated: _____5/16_____, 2014       By:_____

3                                            HONORABLE EDWARD M. CHEN

*GRANTED* — Judge Edward M. Chen

*[Seal: United States District Court, Northern District of California]*

11

STIPULATION FOR PROTECTIVE ORDER;
AND [PROPOSED] PROTECTIVE ORDER
CASE NO. CV 13-3072-EMC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>MYFORD TOUCH CONSUMER LITIGATION | Case No. CV 13-3072-EMC<br><br>**AGREEMENT TO BE BOUND (EXHIBIT A TO PROTECTIVE ORDER**<br><br>**CLASS ACTION** |

I,_____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Northern District of California on _____ [date] in the above-captioned case.

I agree to comply with and to be bound by all the terms of this Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.  I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

Date:_____

City and State where signed:_____

Signature:_____

Printed Name:_____

_____

[Address]

_____

_____

[Telephone Number]_____

OMM_US:72313318.1