RANDALL W. EDWARDS (S.B. #179053)
redwards@omm.com
KEVIN R. RUBINO (S.B. #255677)
krubino@omm.com
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, CA 94111-3823
Telephone:    (415) 984-8700
Facsimile:    (415) 984-8701

BRIAN C. ANDERSON (S.B. #126539)
banderson@omm.com
SCOTT M. HAMMACK (*pro hac vice* pending)
shammack@omm.com
DAVID R. DOREY (S.B. #286843)
ddorey@omm.com
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, D.C. 20006-4001
Telephone:    (202) 383-5300
Facsimile:    (202) 383-5414

Attorneys for Defendant Ford Motor Company

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>MYFORD TOUCH CONSUMER LITIGATION | Case No. 3:13-CV-3072-EMC<br><br>**DEFENDANT FORD MOTOR COMPANY'S ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Judge:    Hon. Edward M. Chen |

Defendant Ford Motor Company, in answer to Jennifer Whalen; The Center for Defensive Driving; Grif Rosser; Megan Raney-Aarons, Richard Decker Watson; Darcy Thomas-Maskrey; Angela Battle; Joe D'Aguanno; James Laurence Sheerin; Deb Makowski; Dr. George Oremland; Thomas Mitchell; William Creed; Joshua Matlin; Russ Rizzo; Jeffrey Miller; Nuala Purcell; Daniel Fink; Jason Zuchowski; Art Avedisian; Jose Randy Rodriguez; Michael Ervin; Jason Connell; and Henry Miller-Jones's (collectively, "Plaintiffs") First Amended Class Action Complaint ("FAC"), hereby admits, denies, and alleges as follows:

## I. <u>INTRODUCTION</u>

1.      Ford admits that it manufactures Ford and Lincoln vehicles, and that it manufactured Mercury vehicles until 2011.  Ford further admits that the Lincoln Motor Company is a division of Ford Motor Company.  Ford admits that each vehicle it manufactures comes with a New Vehicle Limited Warranty, which provides that under certain conditions Ford will take certain actions, as set forth in the terms of the applicable warranty.  Ford denies each and every other allegation contained in Paragraph 1, including its footnote.

2.      Ford admits that the MyFord Touch system has been called an "infotainment system." Ford denies each and every other allegation contained in Paragraph 2.

3.      Ford admits that Paragraph 3 identifies certain features of the MyFord Touch systems in certain automobiles manufactured by Ford, although the availability of some of the features may depend on whether the vehicle owner is using an appropriate peripheral device. Ford denies each and every other allegation contained in Paragraph 3.

4.      Ford admits that it introduced the MyFord Touch system in certain models in model year 2011.  Ford further admits that Paragraph 4 accurately quotes from the *Wall Street Journal*.  Ford denies each and every other allegation contained in Paragraph 4.

5.      Ford admits that Paragraph 5 accurately quotes portions of a statement attributed to Ford CEO Alan Mulally.  Ford denies each and every other allegation contained in Paragraph 5.

6.      Ford admits that Paragraph 6 accurately quotes statements made by Derrick Kuzak.  Ford denies each and every other allegation contained in Paragraph 6.

ANSWER TO FIRST AMENDED COMPLAINT
CV 13-3072-EMC

7.     Ford denies each and every allegation contained in Paragraph 7.

8.     Ford admits that complaints concerning MyFord Touch systems have been filed with NHTSA and posted on certain websites.  Ford denies each and every other allegation contained in Paragraph 8.

9.     Ford is without information sufficient to form a belief as to the truth of the allegation that Consumer Reports advised that it could not recommend that consumers buy any vehicle equipped with a MyFord Touch system, and on that basis denies those allegations.  Ford denies each and every other allegation contained in Paragraph 9.

10.    Ford denies each and every allegation contained in Paragraph 10.

11.    Ford denies each and every allegation contained in Paragraph 11.

12.    Ford admits that it has issued Technical Service Bulletins and updates to the MyFord Touch systems to improve their performance.  Ford denies each and every allegation contained in Paragraph 12.

13.    Ford denies each and every allegation contained in Paragraph 13.

14.    Ford denies each and every allegation contained in Paragraph 14.

15.    Ford denies each and every allegation contained in Paragraph 15.

16.    Ford denies each and every allegation contained in Paragraph 16.

17.    Ford denies each and every allegation contained in Paragraph 17.

18.    Ford denies each and every allegation contained in Paragraph 18, excepts admits, based on information and belief, that Paragraph 18 describes Plaintiffs' intention to bring this action on behalf of a putative class and generally characterizes the categories of relief sought by Plaintiffs.

## II.  **JURISDICTION**

19.    Ford admits that this Court has subject matter jurisdiction over this action.

## III.  **VENUE**

20.    Ford admits that it marketed and advertised Ford automobiles on a nationwide basis, including in this District, but denies that it marketed or advertised to all Plaintiffs or all putative class members in this District.  Ford denies that it sold or leased vehicles to putative class

1   members or to Plaintiffs in this district.  Ford denies each and every other allegation contained in

2   Paragraph 20.

3                                          **IV.  <u>PARTIES</u>**

4   **A.      <u>Plaintiffs</u>**

5                  **1.        California**

6                           **a.       Jennifer Whalen**

7           21.     Ford is without information sufficient to form a belief as to the truth of the

8   allegations contained in Paragraph 21 concerning Plaintiff Whalen's residence or her purchase

9   and ownership of a Ford vehicle, and on that basis denies those allegations.[1]  Ford denies each

10  and every other allegation contained in Paragraph 21.

11          22.     Ford is without information sufficient to form a belief as to the truth of the

12  remaining allegations contained in Paragraph 22, and on that basis denies those allegations.

13          23.     Ford is without information sufficient to form a belief as to the truth of the

14  allegations contained in Paragraph 23, and on that basis denies those allegations.

15          24.     Ford is without information sufficient to form a belief as to the truth of the

16  allegations contained in Paragraph 24, and on that basis denies those allegations.

17          25.     Ford is without information sufficient to form a belief as to the truth of the

18  allegations contained in Paragraph 25, and on that basis denies those allegations.

19          26.     Ford is without information sufficient to form a belief as to the truth of the

20  allegations contained in Paragraph 26, and on that basis denies those allegations.

21          27.     Ford is without information sufficient to form a belief as to the truth of the

22  allegations contained in Paragraph 27, and on that basis denies those allegations.

23          28.     Ford is without information sufficient to form a belief as to the truth of the

24  allegations contained in Paragraph 28, and on that basis denies those allegations.

25          29.     Ford is without information sufficient to form a belief as to the truth of the

26  allegations contained in Paragraph 29, and on that basis denies those allegations.

27

28  _____

[1]      The allegations in the FAC itself lack sufficient particularity regarding Plaintiffs' vehicles, including the Vehicle Identification Numbers.

ANSWER TO FIRST AMENDED COMPLAINT
CV 13-3072-EMC

30.     Ford is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30, and on that basis denies those allegations.

31.     Ford is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 concerning Plaintiff Whalen's use of the hands-free function of her MyFord Touch system, and on that basis denies those allegations.  Ford denies each and every other allegation contained in Paragraph 31.

32.     Ford denies each and every allegation contained in Paragraph 32.

33.     Ford denies each and every allegation contained in Paragraph 33.

**b.     The Center for Defensive Driving**

34.     Ford is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 concerning Plaintiff The Center for Defensive Driving's corporate classification, the location of its headquarters, or its lease of a Ford vehicle, and on that basis denies those allegations.   Ford denies each and every other allegation contained in Paragraph 34.

35.     Ford denies each and every allegation contained in Paragraph 35.

36.     Ford is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36, and on that basis denies those allegations.

37.     Ford is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37, and on that basis denies those allegations.

38.     Ford is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38, and on that basis denies those allegations.

39.     Ford is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39, and on that basis denies those allegations.

40.     Ford is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40, and on that basis denies those allegations.

41.     Ford admits that Plaintiff The Center for Defensive Driving requested that Ford reacquire its F-150 Lariat on April 10, 2013, and that Ford informed Plaintiff The Center for Defensive Driving on May 2, 2013 that it would not be offering to repurchase the vehicle at that

1    time.  Ford denies each and every other allegation contained in Paragraph 41.

2          42.    Ford is without information sufficient to form a belief as to the truth of the

3    allegations contained in Paragraph 42, and on that basis denies those allegations.

4          43.    Ford is without information sufficient to form a belief as to the truth of the

5    allegations contained in Paragraph 43, and on that basis denies those allegations.

6          44.    Ford is without information sufficient to form a belief as to the truth of the

7    allegations contained in Paragraph 44, and on that basis denies those allegations.

8          45.    Ford denies each and every allegation contained in Paragraph 45.

9          46.    Ford denies each and every allegation contained in Paragraph 46.

10              **c.    Grif Rosser**

11          47.    Ford is without information sufficient to form a belief as to the truth of the

12   allegations contained in Paragraph 47, and on that basis denies those allegations.

13          48.    Ford denies each and every allegation contained in Paragraph 48.

14          49.    Ford is without information sufficient to form a belief as to the truth of the

15   allegations contained in Paragraph 49, and on that basis denies those allegations.

16          50.    Ford denies each and every allegation contained in Paragraph 50.

17          51.    Ford is without information sufficient to form a belief as to the truth of the

18   allegations contained in Paragraph 51, and on that basis denies those allegations.

19          52.    Ford is without information sufficient to form a belief as to the truth of the

20   allegations contained in Paragraph 52, and on that basis denies those allegations.

21          53.    Ford denies each and every allegation contained in Paragraph 53.

22              **d.    Megan Raney-Aarons**

23          54.    Ford avers that Plaintiff Megan Raney-Aarons has voluntarily dismissed her

24   claims, and as such no response to Paragraph 54 is required.  *See* Notice of Voluntary Dismissal

25   of Plaintiff Megan Raney-Aarons, ECF No. 100.

26          55.    Ford avers that Plaintiff Megan Raney-Aarons has voluntarily dismissed her

27   claims, and as such no response to Paragraph 55 is required.  *See id.*

28          56.    Ford avers that Plaintiff Megan Raney-Aarons has voluntarily dismissed her

ANSWER TO FIRST AMENDED COMPLAINT
CV 13-3072-EMC

1   claims, and as such no response to Paragraph 56 is required. *See id.*

2       57.    Ford avers that Plaintiff Megan Raney-Aarons has voluntarily dismissed her

3   claims, and as such no response to Paragraph 57 is required. *See id.*

4       58.    Ford avers that Plaintiff Megan Raney-Aarons has voluntarily dismissed her

5   claims, and as such no response to Paragraph 58 is required. *See id.*

6       59.    Ford avers that Plaintiff Megan Raney-Aarons has voluntarily dismissed her

7   claims, and as such no response to Paragraph 59 is required. *See id.*

8       60.    Ford avers that Plaintiff Megan Raney-Aarons has voluntarily dismissed her

9   claims, and as such no response to Paragraph 60 is required. *See id.*

10      61.    Ford avers that Plaintiff Megan Raney-Aarons has voluntarily dismissed her

11  claims, and as such no response to Paragraph 61 is required. *See id.*

12      62.    Ford avers that Plaintiff Megan Raney-Aarons has voluntarily dismissed her

13  claims, and as such no response to Paragraph 62 is required. *See id.*

14      63.    Ford avers that Plaintiff Megan Raney-Aarons has voluntarily dismissed her

15  claims, and as such no response to Paragraph 63 is required. *See id.*

16              **e.     Richard Decker Watson**

17      64.    Ford is without information sufficient to form a belief as to the truth of the

18  allegations contained in Paragraph 64, and on that basis denies those allegations.

19      65.    Ford denies each and every allegation contained in Paragraph 65.

20      66.    Ford is without information sufficient to form a belief as to the truth of the

21  allegations contained in Paragraph 66, and on that basis denies those allegations.

22      67.    Ford is without information sufficient to form a belief as to the truth of the

23  allegations contained in Paragraph 67, and on that basis denies those allegations.

24      68.    Ford denies each and every allegation contained in Paragraph 68.

25      69.    Ford is without information sufficient to form a belief as to the truth of the

26  allegations contained in Paragraph 69, and on that basis denies those allegations.

27      70.    Ford is without information sufficient to form a belief as to the truth of the

28  allegations contained in Paragraph 70, and on that basis denies those allegations.

71.     Ford is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 71, and on that basis denies those allegations.

72.     Ford is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 72, and on that basis denies those allegations.

73.     Ford denies each and every allegation contained in Paragraph 73.

**f.      Darcy Thomas-Maskrey**

74.     Ford is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 74 concerning Plaintiff Thomas-Maskrey's residence or her purchase and ownership of a Ford vehicle, and on that basis denies those allegations.  Ford denies each and every other allegation contained in Paragraph 74.

75.     Ford denies each and every allegation contained in Paragraph 75.

76.     Ford is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 76, and on that basis denies those allegations.

77.     Ford is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 77, and on that basis denies those allegations.

78.     Ford is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 78, and on that basis denies those allegations.

79.     Ford denies each and every allegation contained in Paragraph 79.

80.     Ford denies each and every allegation contained in Paragraph 80.

**2.      Alabama**

**a.      Angela Battle**

81.     Ford is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 81 concerning Plaintiff Battle's residence or her purchase and ownership of a Ford vehicle, and on that basis denies those allegations.  Ford denies each and every other allegation contained in Paragraph 81.

82.     Ford denies each and every allegation contained in Paragraph 82.

83.     Ford is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 83, and on that basis denies those allegations.

ANSWER TO FIRST AMENDED COMPLAINT
CV 13-3072-EMC

84. Ford is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 84, and on that basis denies those allegations.

85. Ford is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 85, and on that basis denies those allegations.

86. Ford denies each and every allegation contained in Paragraph 86.

87. Ford denies each and every allegation contained in Paragraph 87.

**3. Arizona**

    **a. Joe D'Aguanno**

88. Ford is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 88 concerning Plaintiff D'Aguanno's residence or his purchase and ownership of a Ford vehicle, and on that basis denies those allegations. Ford denies each and every other allegation contained in Paragraph 88.

89. Ford denies each and every allegation contained in Paragraph 89.

90. Ford is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 90, and on that basis denies those allegations.

91. Ford is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 91, and on that basis denies those allegations.

92. Ford is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 92, and on that basis denies those allegations.

93. Ford denies each and every allegation contained in Paragraph 93.

94. Ford denies each and every allegation contained in Paragraph 94.

**4. Colorado**

    **a. James Laurence Sheerin**

95. Ford is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 95 concerning Plaintiff Sheerin's residence or his purchase and ownership of a Ford vehicle, and on that basis denies those allegations. Ford denies each and every other allegation contained in Paragraph 95.

96. Ford denies each and every allegation contained in Paragraph 96.

97.     Ford is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 97, and on that basis denies those allegations.

98.     Ford is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 98, and on that basis denies those allegations.

99.     Ford denies each and every allegation contained in Paragraph 99.

100.    Ford denies each and every allegation contained in Paragraph 100.

**5.      Connecticut**

**a.      Deb Makowski**

101.    Ford is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 101 concerning Plaintiff Makowski's residence or her purchase and ownership of a Ford vehicle, and on that basis denies those allegations.  Ford denies each and every other allegation contained in Paragraph 101.

102.    Ford denies each and every allegation contained in Paragraph 102.

103.    Ford is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 103, and on that basis denies those allegations.

104.    Ford is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 104, and on that basis denies those allegations.

105.    Ford admits that it repurchased Plaintiff Makowski's 2011 Ford Escape after arbitration through the Better Business Bureau.  Ford denies each and every other allegation contained in Paragraph 105.

106.    Ford is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 106, and on that basis denies those allegations.

107.    Ford is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 107, and on that basis denies those allegations.

108.    Ford denies each and every allegation contained in Paragraph 108.

109.    Ford denies each and every allegation contained in Paragraph 109.

ANSWER TO FIRST AMENDED COMPLAINT
CV 13-3072-EMC

1    **6.    Florida**

2         **a.    Dr. George Oremland**

3    110.    Ford is without information sufficient to form a belief as to the truth of the

4    allegations contained in Paragraph 110 concerning Plaintiff Oremland's residence or his purchase

5    and ownership of a Lincoln vehicle, and on that basis denies those allegations.  Ford denies each

6    and every other allegation contained in Paragraph 110.

7    111.    Ford denies each and every allegation contained in Paragraph 111.

8    112.    Ford is without information sufficient to form a belief as to the truth of the

9    allegations contained in Paragraph 112, and on that basis denies those allegations.

10   113.    Ford is without information sufficient to form a belief as to the truth of the

11   allegations contained in Paragraph 113, and on that basis denies those allegations.

12   114.    Ford denies each and every allegation contained in Paragraph 114.

13   115.    Ford denies each and every allegation contained in Paragraph 115.

14   **7.    Iowa**

15        **a.    Thomas Mitchell**

16   116.    Ford is without information sufficient to form a belief as to the truth of the

17   allegations contained in Paragraph 116, and on that basis denies those allegations.

18   117.    Ford denies each and every allegation contained in Paragraph 117.

19   118.    Ford is without information sufficient to form a belief as to the truth of the

20   allegations contained in Paragraph 118, and on that basis denies those allegations.

21   119.    Ford denies each and every allegation contained in Paragraph 119.

22   120.    Ford is without information sufficient to form a belief as to the truth of the

23   allegations contained in Paragraph 120, and on that basis denies those allegations.

24   121.    Ford is without information sufficient to form a belief as to the truth of the

25   allegations contained in Paragraph 121, and on that basis denies those allegations.

26   122.    Ford denies each and every allegation contained in Paragraph 122.

27   123.    Ford denies each and every allegation contained in Paragraph 123.

28

8.    **Massachusetts**

    a.    **William Creed**

124.    Ford is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 124, and on that basis denies those allegations.

125.    Ford denies each and every allegation contained in Paragraph 125.

126.    Ford is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 126, and on that basis denies those allegations.

127.    Ford denies each and every allegation contained in Paragraph 127.

128.    Ford is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 128, and on that basis denies those allegations.

129.    Ford is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 129, and on that basis denies those allegations.

130.    Ford is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 130, and on that basis denies those allegations.

131.    Ford is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 131, and on that basis denies those allegations.

132.    Ford is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 132, and on that basis denies those allegations.

133.    Ford is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 133, and on that basis denies those allegations.

134.    Ford is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 134, and on that basis denies those allegations.

135.    Ford is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 135, and on that basis denies those allegations.

136.    Ford is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 136, and on that basis denies those allegations.

137.    Ford denies each and every allegation contained in Paragraph 137.

138.    Ford is without information sufficient to form a belief as to the truth of the

1    allegations contained in Paragraph 138, and on that basis denies those allegations.

2        139.    Ford is without information sufficient to form a belief as to the truth of the

3    allegations contained in Paragraph 139, and on that basis denies those allegations.

4        140.    Ford is without information sufficient to form a belief as to the truth of the

5    allegations contained in Paragraph 140, and on that basis denies those allegations.

6        141.    Ford is without information sufficient to form a belief as to the truth of the

7    allegations contained in Paragraph 141, and on that basis denies those allegations.

8        142.    Ford denies each and every allegation contained in Paragraph 142.

9        143.    Ford denies each and every allegation contained in Paragraph 143.

10       144.    Ford denies each and every allegation contained in Paragraph 144.

11   **9.      New Jersey**

12           **a.      Joshua Matlin**

13       145.    Ford is without information sufficient to form a belief as to the truth of the

14   allegations contained in Paragraph 145 concerning Plaintiff Matlin's residence or his lease of a

15   Ford vehicle, and on that basis denies those allegations.  Ford denies each and every other

16   allegation contained in Paragraph 145.

17       146.    Ford denies each and every allegation contained in Paragraph 146.

18       147.    Ford is without information sufficient to form a belief as to the truth of the

19   allegations contained in Paragraph 147, and on that basis denies those allegations.

20       148.    Ford is without information sufficient to form a belief as to the truth of the

21   allegations contained in Paragraph 148, and on that basis denies those allegations.

22       149.    Ford is without information sufficient to form a belief as to the truth of the

23   allegations contained in Paragraph 149, and on that basis denies those allegations.

24       150.    Ford denies each and every allegation contained in Paragraph 150.

25       151.    Ford denies each and every allegation contained in Paragraph 151.

26           **b.      Russ Rizzo**

27       152.    Ford is without information sufficient to form a belief as to the truth of the

28   allegations contained in Paragraph 152 concerning Plaintiff Rizzo's residence or his lease of a

Ford vehicle, and on that basis denies those allegations. Ford denies each and every other allegation contained in Paragraph 152.

153. Ford denies each and every allegation contained in Paragraph 153.

154. Ford is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 154, and on that basis denies those allegations.

155. Ford is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 155, and on that basis denies those allegations.

156. Ford denies each and every allegation contained in Paragraph 156.

157. Ford is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 157, and on that basis denies those allegations.

158. Ford is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 158, and on that basis denies those allegations.

159. Ford denies each and every allegation contained in Paragraph 159.

160. Ford denies each and every allegation contained in Paragraph 160.

**10.    New York**

      **a.    Jeffrey Miller**

161. Ford is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 161 concerning Plaintiff Miller's residence or his lease of a Ford vehicle, and on that basis denies those allegations. Ford denies each and every other allegation contained in Paragraph 161.

162. Ford denies each and every allegation contained in Paragraph 162.

163. Ford is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 163, and on that basis denies those allegations.

164. Ford is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 164, and on that basis denies those allegations.

165. Ford is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 165, and on that basis denies those allegations.

166. Ford denies each and every allegation contained in Paragraph 166.

1       167.    Ford denies each and every allegation contained in Paragraph 167.

2              **b.      Nuala Purcell**

3       168.    Ford is without information sufficient to form a belief as to the truth of the

4    allegations contained in Paragraph 168 concerning Plaintiff Purcell's residence or her lease of a

5    Ford vehicle, and on that basis denies those allegations.   Ford denies each and every other

6    allegation contained in Paragraph 168.

7       169.    Ford denies each and every allegation contained in Paragraph 169.

8       170.    Ford is without information sufficient to form a belief as to the truth of the

9    allegations contained in Paragraph 170, and on that basis denies those allegations.

10      171.    Ford is without information sufficient to form a belief as to the truth of the

11   allegations contained in Paragraph 171, and on that basis denies those allegations.

12      172.    Ford is without information sufficient to form a belief as to the truth of the

13   allegations contained in Paragraph 172, and on that basis denies those allegations.

14      173.    Ford is without information sufficient to form a belief as to the truth of the

15   allegations contained in Paragraph 173, and on that basis denies those allegations.

16      174.    Ford denies each and every allegation contained in Paragraph 174.

17      175.    Ford denies each and every allegation contained in Paragraph 175.

18          **11.    North Carolina**

19              **a.      Daniel Fink**

20      176.    Ford is without information sufficient to form a belief as to the truth of the

21   allegations contained in Paragraph 176 concerning Plaintiff Fink's residence or his purchase and

22   ownership of a Ford vehicle, and on that basis denies those allegations.   Ford denies each and

23   every other allegation contained in Paragraph 176.

24      177.    Ford denies each and every allegation contained in Paragraph 177.

25      178.    Ford is without information sufficient to form a belief as to the truth of the

26   allegations contained in Paragraph 178, and on that basis denies those allegations.

27      179.    Ford is without information sufficient to form a belief as to the truth of the

28   allegations contained in Paragraph 179, and on that basis denies those allegations.

ANSWER TO FIRST AMENDED COMPLAINT
CV 13-3072-EMC

1    180.   Ford is without information sufficient to form a belief as to the truth of the

2    allegations contained in Paragraph 180, and on that basis denies those allegations.

3    181.   Ford is without information sufficient to form a belief as to the truth of the

4    allegations contained in Paragraph 181, and on that basis denies those allegations.

5    182.   Ford denies each and every allegation contained in Paragraph 182.

6    183.   Ford denies each and every allegation contained in Paragraph 183.

7    **12.    Ohio**

8    **a.    Jason Zuchowski**

9    184.   Ford is without information sufficient to form a belief as to the truth of the

10   allegations contained in Paragraph 184 concerning Plaintiff Zuchowski's residence or his lease of

11   a Ford vehicle, and on that basis denies those allegations.  Ford denies each and every other

12   allegation contained in Paragraph 184.

13   185.   Ford denies each and every allegation contained in Paragraph 185.

14   186.   Ford is without information sufficient to form a belief as to the truth of the

15   allegations contained in Paragraph 186, and on that basis denies those allegations.

16   187.   Ford is without information sufficient to form a belief as to the truth of the

17   allegations contained in Paragraph 187, and on that basis denies those allegations.

18   188.   Ford is without information sufficient to form a belief as to the truth of the

19   allegations contained in Paragraph 188, and on that basis denies those allegations.

20   189.   Ford denies each and every allegation contained in Paragraph 189.

21   190.   Ford denies each and every allegation contained in Paragraph 190.

22   **13.    Pennsylvania**

23   **a.    Art Avedisian**

24   191.   Ford is without information sufficient to form a belief as to the truth of the

25   allegations contained in Paragraph 191 concerning Plaintiff Avedisian's residence or his purchase

26   and ownership of a Ford vehicle, and on that basis denies those allegations.  Ford denies each and

27   every other allegation contained in Paragraph 191.

28   192.   Ford denies each and every allegation contained in Paragraph 192.

ANSWER TO FIRST AMENDED COMPLAINT
CV 13-3072-EMC

1    193.    Ford is without information sufficient to form a belief as to the truth of the

2    allegations contained in Paragraph 193, and on that basis denies those allegations.

3    194.    Ford is without information sufficient to form a belief as to the truth of the

4    allegations contained in Paragraph 194, and on that basis denies those allegations.

5    195.    Ford is without information sufficient to form a belief as to the truth of the

6    allegations contained in Paragraph 195, and on that basis denies those allegations.

7    196.    Ford is without information sufficient to form a belief as to the truth of the

8    allegations contained in Paragraph 196, and on that basis denies those allegations.

9    197.    Ford denies each and every allegation contained in Paragraph 197.

10    198.    Ford denies each and every allegation contained in Paragraph 198.

11    **14.    Texas**

12              **a.    Jose Randy Rodriguez**

13    199.    Ford is without information sufficient to form a belief as to the truth of the

14    allegations contained in Paragraph 199 concerning Plaintiff Rodriguez's residence, his purchase

15    and ownership of a Ford vehicle, the date on which he learned about the MyFord Touch system,

16    or the basis of his decision to purchase a Ford vehicle, and on that basis denies those allegations.

17    Ford denies each and every other allegation contained in Paragraph 199.

18    200.    Ford denies each and every allegation contained in Paragraph 200.

19    201.    Ford is without information sufficient to form a belief as to the truth of the

20    allegations concerning Plaintiff Rodriguez's purchase of a Ford vehicle, the types of issues he

21    allegedly experienced with his MyFord Touch system, or when and where he brought his vehicle

22    for service.  Ford denies each and every other allegation contained in Paragraph 201.

23    202.    Ford is without information sufficient to form a belief as to the truth of the

24    allegations contained in Paragraph 202, and on that basis denies those allegations.

25    203.    Ford is without information sufficient to form a belief as to the truth of the

26    allegations contained in Paragraph 203, and on that basis denies those allegations.

27    204.    Ford denies each and every allegation contained in Paragraph 204.

28    205.    Ford denies each and every allegation contained in Paragraph 205.

ANSWER TO FIRST AMENDED COMPLAINT
CV 13-3072-EMC

1          **b.      Michael Ervin**

2          206.    Ford is without information sufficient to form a belief as to the truth of the

3 allegations contained in Paragraph 206 concerning Plaintiff Ervin's residence or his purchase and

4 ownership of a Ford vehicle, and on that basis denies those allegations.  Ford denies each and

5 every other allegation contained in Paragraph 206.

6          207.    Ford denies each and every allegation contained in Paragraph 207.

7          208.    Ford is without information sufficient to form a belief as to the truth of the

8 allegations contained in Paragraph 208, and on that basis denies those allegations.

9          209.    Ford is without information sufficient to form a belief as to the truth of the

10 allegations contained in Paragraph 209, and on that basis denies those allegations.

11          210.    Ford is without information sufficient to form a belief as to the truth of the

12 allegations contained in Paragraph 210, and on that basis denies those allegations.

13          211.    Ford is without information sufficient to form a belief as to the truth of the

14 allegations contained in Paragraph 211, and on that basis denies those allegations.

15          212.    Ford denies each and every allegation contained in Paragraph 212.

16          213.    Ford denies each and every allegation contained in Paragraph 213.

17      **15.    Virginia**

18          **a.      Jason Connell**

19          214.    Ford is without information sufficient to form a belief as to the truth of the

20 allegations contained in Paragraph 214 concerning Plaintiff Connell's residence or his purchase

21 and ownership of a Lincoln vehicle, and on that basis denies those allegations.  Ford denies each

22 and every other allegation contained in Paragraph 214.

23          215.    Ford denies each and every allegation contained in Paragraph 215.

24          216.    Ford is without information sufficient to form a belief as to the truth of the

25 allegations contained in Paragraph 216, and on that basis denies those allegations.

26          217.    Ford is without information sufficient to form a belief as to the truth of the

27 allegations contained in Paragraph 217, and on that basis denies those allegations.

28          218.    Ford is without information sufficient to form a belief as to the truth of the

ANSWER TO FIRST AMENDED COMPLAINT
CV 13-3072-EMC

1   allegations contained in Paragraph 218, and on that basis denies those allegations.

2   219.   Ford denies each and every allegation contained in Paragraph 219.

3   220.   Ford denies each and every allegation contained in Paragraph 220.

4   **b.   Henry Miller-Jones**

5   221.   Ford is without information sufficient to form a belief as to the truth of the

6   allegations contained in Paragraph 221 concerning Plaintiff Miller-Jones's residence or his

7   purchase and ownership of a Ford vehicle, and on that basis denies those allegations.  Ford denies

8   each and every other allegation contained in Paragraph 221.

9   222.   Ford denies each and every allegation contained in Paragraph 222.

10   223.   Ford is without information sufficient to form a belief as to the truth of the

11   allegations contained in Paragraph 223, and on that basis denies those allegations.

12   224.   Ford is without information sufficient to form a belief as to the truth of the

13   allegations contained in Paragraph 224, and on that basis denies those allegations.

14   225.   Ford is without information sufficient to form a belief as to the truth of the

15   allegations contained in Paragraph 225, and on that basis denies those allegations.

16   226.   Ford is without information sufficient to form a belief as to the truth of the

17   allegations contained in Paragraph 226, and on that basis denies those allegations.

18   227.   Ford denies each and every allegation contained in Paragraph 227.

19   228.   Ford denies each and every allegation contained in Paragraph 228.

20   **B.   Defendant**

21   229.   Ford admits that Ford Motor Company is a corporation organized under the laws

22   of the State of Delaware with its principal place of business in Dearborn, Michigan.  Ford admits

23   that it manufactured Ford and Lincoln vehicles equipped with MyFord Touch systems and

24   provided limited warranties with those vehicles.  Ford admits that it developed and disseminated

25   owner's manuals, warranty books, advertisements, and promotional materials related to the Class

26   Vehicles.  Ford denies each and every other allegation contained in Paragraph 229.

27   **V.   TOLLING OF THE STATUTE OF LIMITATIONS**

28   230.   Ford denies each and every allegation contained in Paragraph 230.

ANSWER TO FIRST AMENDED COMPLAINT
CV 13-3072-EMC

1    231.   Ford denies each and every allegation contained in Paragraph 231.

2                    VI.  **FACTUAL ALLEGATIONS**

3    **A.       Ford Introduces and Begins Selling MyFord Touch**

4    232.   Ford admits that Paragraph 232 identifies certain features of the MyFord Touch

5    systems in certain automobiles manufactured by Ford, although the availability of some of the

6    features may depend on whether the vehicle owner is using an appropriate peripheral device.

7    Ford denies each and every other allegation contained in Paragraph 232.

8    233.   Ford admits that Ford SYNC did not include a touchscreen when initially

9    introduced.  Ford denies each and every other allegation contained in Paragraph 233.

10   234.   Ford admits that Paragraph 234 accurately quotes statements that Paul Mascarenas

11   was quoted as making.  Ford further admits that Paragraph 234 accurately quotes language from

12   *Popular Mechanics* (Oct. 1, 2007).  Ford denies each and every other allegation contained in

13   Paragraph 234.

14   235.   Ford denies each and every allegation contained in Paragraph 235.

15   236.   Ford admits that Paragraph 236 accurately quotes portions of a statement attributed

16   to Ford CEO Alan Mulally.  Ford denies each and every other allegation contained in Paragraph

17   236.

18   237.   Ford admits that Paragraph 237 accurately quotes portions of statements made by

19   Derrick Kuzak, Ford Vice President for Global Product Development.  Ford denies each and

20   every other allegation contained in Paragraph 237.

21   238.   Ford denies each and every allegation contained in Paragraph 238.

22   239.   Ford admits that it issued a press release titled "SYNC and MyFord Touch Sold on

23   79 Percent of New Ford Vehicles, New Technology Drives Quality Satisfaction" on June 17,

24   2013.  Ford further admits that the press release stated in part:  "Combined, SYNC and MyFord

25   Touch are sold on 79 percent of new 2013 Ford vehicles."  Ford denies each and every other

26   allegation contained in Paragraph 239.

27   240.   Ford denies each and every allegation contained in Paragraph 240.

28   241.   Ford denies each and every allegation contained in Paragraph 241.

ANSWER TO FIRST AMENDED COMPLAINT
CV 13-3072-EMC

1

**B.**     **The MyFord Touch System**

2

    **1.**     **MyFord Touch Hardware**

3

    242.     Ford admits that Paragraph 242 purports to contain a photograph of the steering

4

wheel and center stack of a vehicle equipped with a MyFord Touch system.  Ford denies each and

5

every other allegation contained in Paragraph 242.

6

    243.     Ford admits that Paragraph 243 purports to contain a photograph of a center stack

7

of a vehicle equipped with a MyFord Touch system.  Ford denies each and every other allegation

8

contained in Paragraph 243.

9

    244.     Ford admits that Paragraph 244 lists certain features of the MyFord Touch system.

10

Ford denies each and every other allegation contained in Paragraph 244.

11

    245.     Ford admits that Paragraph 245 purports to contain a photograph of the instrument

12

cluster and opposing 4.2-inch LCD screens of a vehicle equipped with a MyFord Touch system.

13

Ford denies each and every other allegation contained in Paragraph 245.

14

    246.     Ford admits that Paragraph 246 lists certain features of the MyFord Touch system.

15

Ford denies each and every other allegation contained in Paragraph 246.

16

    **2.**     **The Operating System Utilized by MyFord Touch**

17

    247.     Ford denies each and every allegation contained in Paragraph 247.

18

    248.     Ford admits that the APIM interfaces with vehicle audio sources as well as high-

19

speed and medium-speed vehicle Controller Area Network buses.  Ford denies each and every

20

other allegation contained in Paragraph 248.

21

    249.     Ford denies each and every allegation contained in Paragraph 249.

22

    250.     Ford admits that each vehicle equipped with a MyFord Touch system came with a

23

MyFord Touch Handbook.  Ford further admits that Paragraph 250 accurately quotes portions of

24

a version of the Handbook, except that:  (1) The comma between "features" and "you" in each of

25

the three times it is reprinted in this Paragraph is not accurate; and (2) The section "Climate -

26

Basic Controls" should be called "Climate - Commonalities and Uniqueness."  Ford denies each

27

and every other allegation contained in Paragraph 250.

28

**C.      Ford Promotes MyFord Touch Safety Features**

251.    Ford admits that Paragraph 251 accurately quotes language that appears on a Ford website.  Ford further admits that Paragraph 251 accurately quotes portions of a video that appears on a Ford website.  Ford denies each and every other allegation contained in Paragraph 251.

252.    Ford admits that Paragraph 252 accurately quotes a portion of Ford's website. Ford denies each and every other allegation contained in Paragraph 252.

253.    Ford admits that the Paragraph 253 accurately quotes language from http://m.ford.com/technology/sync/sync-hands-free-calling#appsimHome.     Ford is without information sufficient to form a belief as to the truth of the allegation concerning the number of states that have enacted a law prohibiting the use of hand-held cellular telephones while driving, and on that basis denies the allegation.  Ford denies each and every other allegation contained in Paragraph 253.

254.    Ford denies each and every allegation contained in Paragraph 254.

255.    Ford denies each and every allegation contained in Paragraph 255.

256.    Ford admits that on vehicles equipped with a backup camera, the MyFord Touch system can operate that camera.  Ford denies each and every other allegation contained in Paragraph 256.

257.    Ford denies each and every allegation contained in Paragraph 257.

**D.      Ford Promotes MyFord Touch Communications and Entertainment Features**

258.    Ford denies each and every allegation contained in Paragraph 258.

259.    Ford admits that Paragraph 259 contains an accurate picture of document promoting the 2012 Ford Edge and 2012 Ford Explorer, and that Paragraph 259 accurately quotes a portion of that document.  Ford denies each and every other allegation contained in Paragraph 259.

260.    Ford denies each and every allegation contained in Paragraph 260.

261.    Ford denies each and every allegation contained in Paragraph 261.

1    **E.      Serious Defects Have Plagued MyFord Touch Since its Introduction**

2             262.    Ford denies each and every allegation contained in Paragraph 262.

3             263.    Ford denies each and every allegation contained in Paragraph 263.

4             264.    Ford denies each and every allegation contained in Paragraph 264.

5             265.    Ford denies each and every allegation contained in Paragraph 265.

6             266.    Ford denies each and every allegation contained in Paragraph 266.

7             267.    Ford denies each and every allegation contained in Paragraph 267.

8             268.    Ford denies each and every allegation contained in Paragraph 268, including its

9    subparts.

10            269.    Ford denies each and every allegation contained in Paragraph 269, including its

11   subparts.

12            270.    Ford denies each and every allegation contained in Paragraph 270.

13            271.    Ford denies each and every allegation contained in Paragraph 271, including its

14   subparts.

15            272.    Ford denies each and every allegation contained in Paragraph 272.

16            273.    Ford denies each and every allegation contained in Paragraph 273.

17   **F.      Ford Issues Multiple Secret TSBs, "Updates," and Warranty Extensions**

18            274.    Ford admits that it has issued Technical Service Bulletins and updates to the

19   MyFord Touch systems to improve their performance.  Ford denies each and every allegation

20   contained in Paragraph 274.

21            275.    Ford denies each and every allegation contained in Paragraph 275.

22            276.    Ford admits that it issued TSB 11-7-24 on July 22, 2011, and that this TSB

23   superseded TSB 11-4-18.  Ford denies each and every other allegation contained in Paragraph

24   276.

25            277.    Ford admits that it issued TSB 12-3-11 on March 13, 2012.  Ford denies each and

26   every other allegation contained in Paragraph 277.

27            278.    Ford admits that Paragraph 278 accurately quotes a portion of a statement made by

28   Ford.  Ford denies each and every other allegation contained in Paragraph 278.

279.   Ford admits that it issued TSB 12-9-1 on September 1, 2012.  Ford denies each and every other allegation contained in Paragraph 279.

280.   Ford admits that it issued TSB 12-11-1 on November 5, 2012, and that this TSB superseded TSB 12-9-1.  Ford denies each and every other allegation contained in Paragraph 280.

281.   Ford admits that Michael A. Berardi, Director of Service Engineering Operations, sent a letter to Ford and Lincoln dealers on November 8, 2012.  Ford admits Paragraph 281 accurately quotes portions of that letter.  Ford denies each and every other allegation contained in Paragraph 281.

282.   Ford denies each and every allegation contained in Paragraph 282.

283.   Ford denies each and every allegation contained in Paragraph 283.

284.   Ford denies each and every allegation contained in Paragraph 284.

285.   Ford admits that it issued TSB 13-8-2 on August 5, 2013.  Ford admits that Paragraph 285 accurately quotes a portion of TSB 13-8-2.  Ford denies each and every other allegation contained in Paragraph 285.

286.   Ford admits that it issued TSB 13-10-6 on October 3, 2013, and that this TSB superseded TSB 13-8-2.  Ford admits that Paragraph 286 accurately quotes a portion of TSB 13-10-6.  Ford denies each and every other allegation contained in Paragraph 286.

287.   Ford denies each and every allegation contained in Paragraph 287.

**G.     Consumer Complaints Document MyFord Touch Defects in Vehicles in the Class**

**1.     Consumers Complain On-Line**

288.   Ford denies each and every allegation contained in Paragraph 288.

289.   Ford denies each and every allegation contained in Paragraph 289.

290.   Ford admits that Paragraph 290 accurately quotes portions of statements from a website titled "www.fordsyncproblems.com."  Ford is without information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 290, and on that basis denies those allegations.

**2.     Consumer Complaints to NHTSA Evidence of a Widespread Problem**

291.   Ford admits that Paragraph 291 accurately quotes language from selected

ANSWER TO FIRST AMENDED COMPLAINT
CV 13-3072-EMC

complaints posted on the NHTSA website, except that: 1. In number 10505787, the text should state "INTENDING," not "INTENDED," and "UTILIZING," not "ULTIZING" [sic]. 2. In number 10404872, the text should state "WHEN OF [sic] IF," not "WHEN OR IF." 3. In number 10370847, the text should say "UNLOCK SCREEN," not "UNLOCK SCREENS." Ford is without information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 291, and on that basis denies those allegations.

**H.     The MyFord Touch Problems Have Diminished the Value of Class Members' Vehicles**

292.    Ford admits that Ford ranked 5th and Lincoln ranked 8th in J.D. Power & Associates' 2010 "Initial Quality Study." Ford further admits that Ford ranked 23rd and Lincoln ranked 17th in J.D. Power & Associates' 2011 "Initial Quality Study." Ford denies each and every other allegation contained in Paragraph 292.

293.    Ford denies each and every allegation contained in Paragraph 293.

294.    Ford admits that Paragraph 294 contains an accurate quotation from a review of the 2011 Ford Edge posted on www.cars.com.

295.    Ford denies each and every allegation contained in Paragraph 295.

296.    Ford denies each and every allegation contained in Paragraph 296.

**I.     Despite Express Warranties, Ford Has Not Fixed the Problems with MyFord Touch**

297.    Ford admits that it provides a "New Vehicle Limited Warranty" for each of its vehicles with terms that vary between models and model years. Ford denies each and every other allegation contained in Paragraph 297.

298.    Ford is without adequate information to form a belief as to the truth of the allegations contained in Paragraph 298, and on that basis denies those allegations.

299.    Ford denies each and every allegation contained in Paragraph 299.

300.    Ford denies each and every allegation contained in Paragraph 300.

301.    Ford denies each and every allegation contained in Paragraph 301.

**VII.  CLASS ALLEGATIONS**

302.    Ford denies each and every allegation contained in Paragraph 302, except admits,

1   based on information and belief, that Paragraph 302 sets forth putative classes that Plaintiffs may

2   seek to certify in this litigation.

3         303.    Ford denies each and every allegation contained in Paragraph 303, except admits,

4   based on information and belief, that Paragraph 303 sets forth qualifications to the putative

5   classes that Plaintiffs may seek to certify in this litigation.

6         304.    Ford denies each and every allegation contained in Paragraph 304.

7         305.    Ford denies each and every allegation contained in Paragraph 305.

8         306.    Ford admits that the putative classes described in the First Amended Class Action

9   Complaint are so numerous as to render joinder of the putative members impracticable.

10        307.    Ford denies each and every allegation contained in Paragraph 307, including its

11  subparts.

12        308.    Ford denies each and every allegation contained in Paragraph 308.

13        309.    Ford denies that the Plaintiffs will fairly and adequately protect the interests of the

14  putative classes and that the Plaintiffs' interests coincide with, and are not antagonistic to, other

15  putative Class Members' interests.  Ford is without information sufficient to form a belief as to

16  the truth of the other allegations contained in Paragraph 309 and, on that basis, denies those

17  allegations.

18        310.    Ford denies each and every allegation contained in Paragraph 310.

19        311.    Ford denies each and every allegation contained in Paragraph 311.

20                            **VIII.  VIOLATIONS ALLEGED**

21  **A.      Claims Brought on Behalf of the Nationwide Class**

22                                    **COUNT I**
                    **VIOLATION OF MAGNUSON-MOSS WARRANTY ACT**
23                         **(15 U.S.C. § 2301, *ET SEQ.*)**

24        312.    Ford avers that the allegations contained in Paragraph 312 were dismissed by

25  Judge Chen's May 30, 2014 Order, and as such require no response.

26        313.    Ford avers that the allegations contained in Paragraph 313 were dismissed by

27  Judge Chen's May 30, 2014 Order, and as such require no response.

28        314.    Ford avers that the allegations contained in Paragraph 314 were dismissed by

ANSWER TO FIRST AMENDED COMPLAINT
CV 13-3072-EMC

1    Judge Chen's May 30, 2014 Order, and as such require no response.

2        315.    Ford avers that the allegations contained in Paragraph 315 were dismissed by

3    Judge Chen's May 30, 2014 Order, and as such require no response.

4        316.    Ford avers that the allegations contained in Paragraph 316 were dismissed by

5    Judge Chen's May 30, 2014 Order, and as such require no response.

6        317.    Ford avers that the allegations contained in Paragraph 317 were dismissed by

7    Judge Chen's May 30, 2014 Order, and as such require no response.

8        318.    Ford avers that the allegations contained in Paragraph 318 were dismissed by

9    Judge Chen's May 30, 2014 Order, and as such require no response.

10       319.    Ford avers that the allegations contained in Paragraph 319 were dismissed by

11   Judge Chen's May 30, 2014 Order, and as such require no response.

12       320.    Ford avers that the allegations contained in Paragraph 320 were dismissed by

13   Judge Chen's May 30, 2014 Order, and as such require no response.

14       321.    Ford avers that the allegations contained in Paragraph 321 were dismissed by

15   Judge Chen's May 30, 2014 Order, and as such require no response.

16       322.    Ford avers that the allegations contained in Paragraph 322 were dismissed by

17   Judge Chen's May 30, 2014 Order, and as such require no response.

18       323.    Ford avers that the allegations contained in Paragraph 323 were dismissed by

19   Judge Chen's May 30, 2014 Order, and as such require no response.

20       324.    Ford avers that the allegations contained in Paragraph 324 were dismissed by

21   Judge Chen's May 30, 2014 Order, and as such require no response.

22   **B.    Claims Brought on Behalf of the California Class**

### COUNT I
### VIOLATION OF CALIFORNIA UNFAIR COMPETITION LAW
### (CAL. BUS. & PROF. CODE §§ 17200, *ET SEQ.*)

25       325.    Ford reasserts its answers to Paragraphs 1 through 324.

26       326.    Ford admits, based on information and belief, that Plaintiffs seek to bring this

27   Count on behalf of a putative California Class.

28       327.    Ford admits the allegations contained in Paragraph 327.

328.   Ford denies each and every allegation contained in Paragraph 328, including its subparts.

329.   Ford denies each and every allegation contained in Paragraph 329.

330.   Ford denies each and every allegation contained in Paragraph 330.

331.   Ford denies each and every allegation contained in Paragraph 331, except Ford admits, based on information and belief, that Paragraph 331 describes the relief requested by Plaintiffs.  Ford denies that they are entitled to such relief.

332.   Ford denies each and every allegation contained in Paragraph 332, except Ford admits, based on information and belief, that Paragraph 332 describes the relief requested by Plaintiffs.  Ford denies that they are entitled to such relief.

## COUNT II
## VIOLATION OF CALIFORNIA CONSUMERS LEGAL REMEDIES ACT
### (CAL. CIV. CODE §§ 1750, *ET SEQ.*)

333.   Ford reasserts its answers to Paragraphs 1 through 332.

334.   Ford admits, based on information and belief, that Plaintiffs seek to bring this Count on behalf of a putative California Class.

335.   Ford admits the allegations contained in Paragraph 335.

336.   Ford denies each and every allegation contained in Paragraph 336.

337.   Ford admits that Ford, Plaintiffs, and other members of the putative California Class each are a "person" as defined in Cal. Civ. Code § 1761(c).  Ford denies each and every other allegation contained in Paragraph 337.

338.   Ford each and every denies allegation contained in Paragraph 338.

339.   Ford denies each and every allegation contained in Paragraph 339.

340.   Ford denies each and every allegation contained in Paragraph 340, including its subparts.

341.   Ford denies each and every allegation contained in Paragraph 341.

342.   Ford denies each and every allegation contained in Paragraph 342.

343.   Ford denies each and every allegation contained in Paragraph 343.

344.   Ford denies each and every allegation contained in Paragraph 344.

1    345.    Ford denies each and every allegation contained in Paragraph 345.

2    346.    Ford denies each and every allegation contained in Paragraph 346.

3                              **COUNT III**
      **VIOLATION OF CALIFORNIA FALSE ADVERTISING LAW**
4            **(CAL. CIV. CODE §§ 17500, *ET SEQ.*)**

5    347.    Ford reasserts its answers to Paragraphs 1 through 346.

6    348.    Ford admits, based on information and belief, that Plaintiffs seek to bring this

7    Count on behalf of a putative California Class.

8    349.    Ford admits the allegations contained in Paragraph 349.

9    350.    Ford denies each and every allegation contained in Paragraph 350.

10   351.    Ford denies each and every allegation contained in Paragraph 351.

11   352.    Ford denies each and every allegation contained in Paragraph 352.

12   353.    Ford denies each and every allegation contained in Paragraph 353.

13   354.    Ford denies each and every allegation contained in Paragraph 354, except Ford

14   admits, based on information and belief, that Paragraph 354 describes the relief requested by

15   Plaintiffs.  Ford denies that they are entitled to such relief.

16                             **COUNT IV**
      **BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY**
17           **(CAL. CIV. CODE §§ 17500, *ET SEQ.*)**

18   355.    Ford reasserts its answers to Paragraphs 1 through 354.

19   356.    Ford admits, based on information and belief, that Plaintiffs seek to bring this

20   Count on behalf of a putative California Class.

21   357.    Ford admits that it is a merchant with respect to motor vehicles within the meaning

22   of Cal. Com. Code § 2104(1).

23   358.    Ford denies each and every allegation contained in Paragraph 358.

24   359.    Ford denies each and every allegation contained in Paragraph 359.

25   360.    Ford denies each and every allegation contained in Paragraph 360.

26   361.    Ford denies each and every allegation contained in Paragraph 361.

27   362.    Ford denies each and every allegation contained in Paragraph 362.

28

ANSWER TO FIRST AMENDED COMPLAINT
CV 13-3072-EMC

## COUNT V
## BREACH OF CONTRACT/COMMON LAW WARRANTY
### (BASED ON CALIFORNIA LAW)

363.    Plaintiffs plead this Count only in the alternative "to the extent Ford's limited remedies are deemed not to be warranties" under the U.C.C.  *See* FAC ¶ 365.  Because Judge Chen's May 30, 2014 Order did not find that Ford's limited remedies were not warranties under the U.C.C., this Count is no longer operative and Ford need not respond.  To the extent an answer is required, Ford reasserts its answers to Paragraphs 1 through 362.

364.    Plaintiffs plead this Count only in the alternative "to the extent Ford's limited remedies are deemed not to be warranties" under the U.C.C.  *See* FAC ¶ 365.  Because Judge Chen's May 30, 2014 Order did not find that Ford's limited remedies were not warranties under the U.C.C., this Count is no longer operative and Ford need not respond.  To the extent an answer is required, Ford admits, based on information and belief, that Plaintiffs seek to bring this Count on behalf of a putative California Class.

365.    Plaintiffs plead this Count only in the alternative "to the extent Ford's limited remedies are deemed not to be warranties" under the U.C.C.  *See* FAC ¶ 365.  Because Judge Chen's May 30, 2014 Order did not find that Ford's limited remedies were not warranties under the U.C.C., this Count is no longer operative and Ford need not respond.  To the extent an answer is required, Ford denies each and every allegation contained in Paragraph 365.

366.    Plaintiffs plead this Count only in the alternative "to the extent Ford's limited remedies are deemed not to be warranties" under the U.C.C.  *See* FAC ¶ 365.  Because Judge Chen's May 30, 2014 Order did not find that Ford's limited remedies were not warranties under the U.C.C., this Count is no longer operative and Ford need not respond.  To the extent an answer is required, Ford denies each and every allegation contained in Paragraph 366.

367.    Plaintiffs plead this Count only in the alternative "to the extent Ford's limited remedies are deemed not to be warranties" under the U.C.C.  *See* FAC ¶ 365.  Because Judge Chen's May 30, 2014 Order did not find that Ford's limited remedies were not warranties under the U.C.C., this Count is no longer operative and Ford need not respond.  To the extent an answer is required, Ford denies each and every allegation contained in Paragraph 367.

**COUNT VI**
**FRAUD BY CONCEALMENT**
**(BASED ON CALIFORNIA LAW)**

368.    Ford reasserts its answers to Paragraphs 1 through 367.

369.    Ford admits, based on information and belief, that Plaintiffs seek to bring this Count on behalf of a putative California Class.

370.    Ford denies each and every allegation contained in Paragraph 370.

371.    Ford denies each and every allegation contained in Paragraph 371.

372.    Ford denies each and every allegation contained in Paragraph 372.

373.    Ford denies each and every allegation contained in Paragraph 373.

374.    Ford denies each and every allegation contained in Paragraph 374.

375.    Ford denies each and every allegation contained in Paragraph 375.

376.    Ford denies each and every allegation contained in Paragraph 376.

377.    Ford denies each and every allegation contained in Paragraph 377.

378.    Ford denies each and every allegation contained in Paragraph 378.

**COUNT VII**
**VIOLATION OF SONG-BEVERLY CONSUMER WARRANTY ACT FOR BREACH OF EXPRESS WARRANTIES**
**(CAL. CIV. CODE §§ 1791.2 & 1793.2(D))**

379.    Ford reasserts its answers to Paragraphs 1 through 378.

380.    Ford admits, based on information and belief, that Plaintiffs seek to bring this Count on behalf of a putative California Class.

381.    Ford denies each and every allegation contained in Paragraph 381.

382.    Ford denies each and every allegation contained in Paragraph 382.

383.    Ford denies each and every allegation contained in Paragraph 383.

384.    Ford denies each and every allegation contained in Paragraph 384.

385.    Ford admits that each of its vehicles come with a New Vehicle Limited Warranty. Ford denies each and every other allegation contained in Paragraph 385.

386.    Ford admits that Paragraph 386 accurately quotes from Ford's New Vehicle Limited Warranty. Ford denies each and every other allegation contained in Paragraph 386.

1    387.    Ford denies each and every allegation contained in Paragraph 387.

2    388.    Ford denies each and every allegation contained in Paragraph 388.

3    389.    Ford is without information sufficient to form a belief as to the truth of the

4    allegations contained in Paragraph 389, and on that basis denies those allegations.

5    390.    Ford denies each and every allegation contained in Paragraph 390.

6    391.    Ford denies each and every allegation contained in Paragraph 391.

7    392.    Ford denies each and every allegation contained in Paragraph 392.

8    393.    Ford denies each and every allegation contained in Paragraph 393.

9    394.    Ford denies each and every allegation contained in Paragraph 394.

10   395.    Ford denies each and every allegation contained in Paragraph 395.

11                              **COUNT VIII**
     **VIOLATION OF SONG-BEVERLY CONSUMER WARRANTY ACT FOR**
12   **BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY**
                  **(CAL. CIV. CODE §§ 1791.1 & 1792)**
13

14   396.    Ford reasserts its answers to Paragraphs 1 through 395.

15   397.    Ford admits, based on information and belief, that Plaintiffs seek to bring this

16   Count on behalf of a putative California Class.

17   398.    Ford denies each and every allegation contained in Paragraph 398.

18   399.    Ford denies each and every allegation contained in Paragraph 399.

19   400.    Ford denies each and every allegation contained in Paragraph 400.

20   401.    Ford denies each and every allegation contained in Paragraph 401.

21   402.    Ford admits the allegations contained in Paragraph 402.

22   403.    Ford denies each and every allegation contained in Paragraph 403.

23   404.    Ford denies each and every allegation contained in Paragraph 404.

24   405.    Ford denies each and every allegation contained in Paragraph 405.

25   406.    Ford denies each and every allegation contained in Paragraph 406.

26   407.    Ford denies each and every allegation contained in Paragraph 407.

27   408.    Ford denies each and every allegation contained in Paragraph 408.

28   409.    Ford denies each and every allegation contained in Paragraph 409.

**COUNT IX**
**VIOLATION OF CALIFORNIA CIVIL CODE SECTION 1795.92**
**(ON BEHALF OF THE CALIFORNIA SUB-CLASS)**

410.    Ford reasserts its answers to Paragraphs 1 through 409.

411.    Ford denies each and every allegation contained in Paragraph 411.

412.    Ford denies each and every allegation contained in Paragraph 412.

413.    Ford avers that the allegations contained in Paragraph 413 were dismissed by Judge Chen's May 30, 2014 Order, and as such require no response.

414.    Ford avers that the allegations contained in Paragraph 414 were dismissed by Judge Chen's May 30, 2014 Order, and as such require no response.

415.    Ford denies each and every allegation contained in Paragraph 415.

416.    Ford denies each and every allegation contained in Paragraph 416.

417.    Ford denies each and every allegation contained in Paragraph 417.

418.    Ford denies each and every allegation contained in Paragraph 418.

**C.    Claims Brought on Behalf of the Alabama Class**

**COUNT I**
**BREACH OF EXPRESS WARRANTY**
**(ALA. CODE § 7-2-313)**

419.    Ford avers that the allegations contained in Paragraph 419 were dismissed by Judge Chen's May 30, 2014 Order, and as such require no response.

420.    Ford avers that the allegations contained in Paragraph 420 were dismissed by Judge Chen's May 30, 2014 Order, and as such require no response.

421.    Ford avers that the allegations contained in Paragraph 421 were dismissed by Judge Chen's May 30, 2014 Order, and as such require no response.

422.    Ford avers that the allegations contained in Paragraph 422 were dismissed by Judge Chen's May 30, 2014 Order, and as such require no response.

423.    Ford avers that the allegations contained in Paragraph 423 were dismissed by Judge Chen's May 30, 2014 Order, and as such require no response.

424.    Ford avers that the allegations contained in Paragraph 424 were dismissed by Judge Chen's May 30, 2014 Order, and as such require no response.

425.    Ford avers that the allegations contained in Paragraph 425 were dismissed by Judge Chen's May 30, 2014 Order, and as such require no response.

426.    Ford avers that the allegations contained in Paragraph 426 were dismissed by Judge Chen's May 30, 2014 Order, and as such require no response.

427.    Ford avers that the allegations contained in Paragraph 427 were dismissed by Judge Chen's May 30, 2014 Order, and as such require no response.

428.    Ford avers that the allegations contained in Paragraph 428 were dismissed by Judge Chen's May 30, 2014 Order, and as such require no response.

429.    Ford avers that the allegations contained in Paragraph 429 were dismissed by Judge Chen's May 30, 2014 Order, and as such require no response.

430.    Ford avers that the allegations contained in Paragraph 430 were dismissed by Judge Chen's May 30, 2014 Order, and as such require no response.

431.    Ford avers that the allegations contained in Paragraph 431 were dismissed by Judge Chen's May 30, 2014 Order, and as such require no response.

432.    Ford avers that the allegations contained in Paragraph 432 were dismissed by Judge Chen's May 30, 2014 Order, and as such require no response.

433.    Ford avers that the allegations contained in Paragraph 433 were dismissed by Judge Chen's May 30, 2014 Order, and as such require no response.

434.    Ford avers that the allegations contained in Paragraph 434 were dismissed by Judge Chen's May 30, 2014 Order, and as such require no response.

## COUNT II
## BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY
### (ALA. CODE § 7-2-314)

435.    Ford avers that the allegations contained in Paragraph 435 were dismissed by Judge Chen's May 30, 2014 Order, and as such require no response.

436.    Ford avers that the allegations contained in Paragraph 436 were dismissed by Judge Chen's May 30, 2014 Order, and as such require no response.

437.    Ford avers that the allegations contained in Paragraph 437 were dismissed by Judge Chen's May 30, 2014 Order, and as such require no response.

ANSWER TO FIRST AMENDED COMPLAINT
CV 13-3072-EMC

1    438.    Ford avers that the allegations contained in Paragraph 438 were dismissed by

2    Judge Chen's May 30, 2014 Order, and as such require no response.

3    439.    Ford avers that the allegations contained in Paragraph 439 were dismissed by

4    Judge Chen's May 30, 2014 Order, and as such require no response.

5    440.    Ford avers that the allegations contained in Paragraph 440 were dismissed by

6    Judge Chen's May 30, 2014 Order, and as such require no response.

7                            **COUNT III**
                **BREACH OF CONTRACT/COMMON LAW WARRANTY**
8                      **(BASED ON ALABAMA LAW)**

9    441.    Plaintiffs plead this Count only in the alternative "to the extent Ford's limited

10   remedies are deemed not to be warranties" under the U.C.C.  *See* FAC ¶ 443.  Because Judge

11   Chen's May 30, 2014 Order did not find that Ford's limited remedies were not warranties under

12   the U.C.C., this Count is no longer operative and Ford need not respond.  To the extent an answer

13   is required, Ford reasserts its answers to Paragraphs 1 through 440.

14   442.    Plaintiffs plead this Count only in the alternative "to the extent Ford's limited

15   remedies are deemed not to be warranties" under the U.C.C.  *See* FAC ¶ 443.  Because Judge

16   Chen's May 30, 2014 Order did not find that Ford's limited remedies were not warranties under

17   the U.C.C., this Count is no longer operative and Ford need not respond.  To the extent an answer

18   is required, Ford admits, based on information and belief, that Plaintiffs seek to bring this Count

19   on behalf of a putative Alabama Class.

20   443.    Plaintiffs plead this Count only in the alternative "to the extent Ford's limited

21   remedies are deemed not to be warranties" under the U.C.C.  *See* FAC ¶ 443.  Because Judge

22   Chen's May 30, 2014 Order did not find that Ford's limited remedies were not warranties under

23   the U.C.C., this Count is no longer operative and Ford need not respond.  To the extent an answer

24   is required, Ford denies each and every allegation contained in Paragraph 443.

25   444.    Plaintiffs plead this Count only in the alternative "to the extent Ford's limited

26   remedies are deemed not to be warranties" under the U.C.C.  *See* FAC ¶ 443.  Because Judge

27   Chen's May 30, 2014 Order did not find that Ford's limited remedies were not warranties under

28   the U.C.C., this Count is no longer operative and Ford need not respond.  To the extent an answer

ANSWER TO FIRST AMENDED COMPLAINT
CV 13-3072-EMC

1    is required, Ford denies each and every allegation contained in Paragraph 444.

2                                **COUNT IV**
                         **FRAUDULENT CONCEALMENT**
3                          **(BASED ON ALABAMA LAW)**

4          445.   Ford reasserts its answers to Paragraphs 1 through 444.

5          446.   Ford admits, based on information and belief, that Plaintiffs seek to bring this

6    Count on behalf of a putative Alabama Class.

7          447.   Ford denies each and every allegation contained in Paragraph 447.

8          448.   Ford denies each and every allegation contained in Paragraph 448.

9          449.   Ford denies each and every allegation contained in Paragraph 449.

10         450.   Ford denies each and every allegation contained in Paragraph 450.

11         451.   Ford denies each and every allegation contained in Paragraph 451.

12         452.   Ford denies each and every allegation contained in Paragraph 452.

13         453.   Ford denies each and every allegation contained in Paragraph 453.

14         454.   Ford denies each and every allegation contained in Paragraph 454.

15         455.   Ford denies each and every allegation contained in Paragraph 455.

16         456.   Ford denies each and every allegation contained in Paragraph 456.

17   **D.     Claims Brought on Behalf of the Arizona Class**

18                                **COUNT I**
                    **VIOLATIONS OF THE CONSUMER FRAUD ACT**
19               **(ARIZ. REV. STAT § 44-1521, *ET SEQ.*)**

20         457.   Ford reasserts its answers to Paragraphs 1 through 456.

21         458.   Ford admits, based on information and belief, that Plaintiffs seek to bring this

22   Count on behalf of a putative Arizona Class.

23         459.   Ford admits the allegations contained in Paragraph 459.

24         460.   Ford admits the allegations contained in Paragraph 460.

25         461.   Ford denies each and every allegation contained in Paragraph 461.

26         462.   Ford denies each and every allegation contained in Paragraph 462.

27         463.   Ford denies each and every allegation contained in Paragraph 463.

28         464.   Ford denies each and every allegation contained in Paragraph 464, including its

1  subparts.

2      465.    Ford denies each and every allegation contained in Paragraph 465.

3      466.    Ford denies each and every allegation contained in Paragraph 466.

4      467.    Ford denies each and every allegation contained in Paragraph 467.

5      468.    Ford denies each and every allegation contained in Paragraph 468, except admits,

6  based on information and belief, that Paragraph 468 describes the relief requested by Plaintiffs.

7  Ford denies that they are entitled to such relief.

8                          **COUNT II**
                  **BREACH OF EXPRESS WARRANTY**
9                    **(ARIZ. REV. STAT § 47-2313)**

10     469.    Ford avers that the allegations contained in Paragraph 469 were dismissed by

11  Judge Chen's May 30, 2014 Order, and as such require no response.

12     470.    Ford avers that the allegations contained in Paragraph 470 were dismissed by

13  Judge Chen's May 30, 2014 Order, and as such require no response.

14     471.    Ford avers that the allegations contained in Paragraph 471 were dismissed by

15  Judge Chen's May 30, 2014 Order, and as such require no response.

16     472.    Ford avers that the allegations contained in Paragraph 472 were dismissed by

17  Judge Chen's May 30, 2014 Order, and as such require no response.

18     473.    Ford avers that the allegations contained in Paragraph 473 were dismissed by

19  Judge Chen's May 30, 2014 Order, and as such require no response.

20     474.    Ford avers that the allegations contained in Paragraph 474 were dismissed by

21  Judge Chen's May 30, 2014 Order, and as such require no response.

22     475.    Ford avers that the allegations contained in Paragraph 475 were dismissed by

23  Judge Chen's May 30, 2014 Order, and as such require no response.

24     476.    Ford avers that the allegations contained in Paragraph 476 were dismissed by

25  Judge Chen's May 30, 2014 Order, and as such require no response.

26     477.    Ford avers that the allegations contained in Paragraph 477 were dismissed by

27  Judge Chen's May 30, 2014 Order, and as such require no response.

28     478.    Ford avers that the allegations contained in Paragraph 478 were dismissed by

1  Judge Chen's May 30, 2014 Order, and as such require no response.

2      479.   Ford avers that the allegations contained in Paragraph 479 were dismissed by

3  Judge Chen's May 30, 2014 Order, and as such require no response.

4      480.   Ford avers that the allegations contained in Paragraph 480 were dismissed by

5  Judge Chen's May 30, 2014 Order, and as such require no response.

6      481.   Ford avers that the allegations contained in Paragraph 481 were dismissed by

7  Judge Chen's May 30, 2014 Order, and as such require no response.

8      482.   Ford avers that the allegations contained in Paragraph 482 were dismissed by

9  Judge Chen's May 30, 2014 Order, and as such require no response.

10      483.   Ford avers that the allegations contained in Paragraph 483 were dismissed by

11  Judge Chen's May 30, 2014 Order, and as such require no response.

12      484.   Ford avers that the allegations contained in Paragraph 484 were dismissed by

13  Judge Chen's May 30, 2014 Order, and as such require no response.

14  <center>**COUNT III**
**BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY**
15  **(ARIZ. REV. STAT § 47-2314)**</center>

16      485.   Ford avers that the allegations contained in Paragraph 485 were dismissed by

17  Judge Chen's May 30, 2014 Order, and as such require no response.

18      486.   Ford avers that the allegations contained in Paragraph 486 were dismissed by

19  Judge Chen's May 30, 2014 Order, and as such require no response.

20      487.   Ford avers that the allegations contained in Paragraph 487 were dismissed by

21  Judge Chen's May 30, 2014 Order, and as such require no response.

22      488.   Ford avers that the allegations contained in Paragraph 488 were dismissed by

23  Judge Chen's May 30, 2014 Order, and as such require no response.

24      489.   Ford avers that the allegations contained in Paragraph 489 were dismissed by

25  Judge Chen's May 30, 2014 Order, and as such require no response.

26      490.   Ford avers that the allegations contained in Paragraph 490 were dismissed by

27  Judge Chen's May 30, 2014 Order, and as such require no response.

28

**COUNT IV**
**BREACH OF CONTRACT/COMMON LAW WARRANTY**
**(BASED ON ARIZONA LAW)**

491.    Plaintiffs plead this Count only in the alternative "to the extent Ford's limited remedies are deemed not to be warranties" under the U.C.C.  *See* FAC ¶ 493.  Because Judge Chen's May 30, 2014 Order did not find that Ford's limited remedies were not warranties under the U.C.C., this Count is no longer operative and Ford need not respond.  To the extent an answer is required, Ford reasserts its answers to Paragraphs 1 through 490.

492.    Plaintiffs plead this Count only in the alternative "to the extent Ford's limited remedies are deemed not to be warranties" under the U.C.C.  *See* FAC ¶ 493.  Because Judge Chen's May 30, 2014 Order did not find that Ford's limited remedies were not warranties under the U.C.C., this Count is no longer operative and Ford need not respond.  To the extent an answer is required, Ford admits, based on information and belief, that Plaintiffs seek to bring this Count on behalf of a putative Arizona Class.

493.    Plaintiffs plead this Count only in the alternative "to the extent Ford's limited remedies are deemed not to be warranties" under the U.C.C.  *See* FAC ¶ 493.  Because Judge Chen's May 30, 2014 Order did not find that Ford's limited remedies were not warranties under the U.C.C., this Count is no longer operative and Ford need not respond.  To the extent an answer is required, Ford denies each and every allegation contained in Paragraph 493.

494.    Plaintiffs plead this Count only in the alternative "to the extent Ford's limited remedies are deemed not to be warranties" under the U.C.C.  *See* FAC ¶ 443.  Because Judge Chen's May 30, 2014 Order did not find that Ford's limited remedies were not warranties under the U.C.C., this Count is no longer operative and Ford need not respond.  To the extent an answer is required, Ford denies each and every allegation contained in Paragraph 494.

**COUNT V**
**FRAUDULENT CONCEALMENT**
**(BASED ON ARIZONA LAW)**

495.    Ford reasserts its answers to Paragraphs 1 through 494.

496.    Ford admits, based on information and belief, that Plaintiffs seek to bring this Count on behalf of a putative Arizona Class.

1   497.   Ford denies each and every allegation contained in Paragraph 497.

2   498.   Ford denies each and every allegation contained in Paragraph 498.

3   499.   Ford denies each and every allegation contained in Paragraph 499.

4   500.   Ford denies each and every allegation contained in Paragraph 500.

5   501.   Ford denies each and every allegation contained in Paragraph 501.

6   502.   Ford denies each and every allegation contained in Paragraph 502.

7   503.   Ford denies each and every allegation contained in Paragraph 503.

8   504.   Ford denies each and every allegation contained in Paragraph 504.

9   505.   Ford denies each and every allegation contained in Paragraph 505.

10   506.   Ford denies each and every allegation contained in Paragraph 506.

11   **E.** **Claims Brought on Behalf of the Colorado Class**

12
**COUNT I**
**VIOLATIONS OF THE COLORADO CONSUMER PROTECTION ACT**
13
**(COLO. REV. STAT § 6-1-101, *ET SEQ.*)**

14   507.   Ford reasserts its answers to Paragraphs 1 through 506.

15   508.   Ford admits, based on information and belief, that Plaintiffs seek to bring this

16   Count on behalf of a putative Colorado Class.

17   509.   Ford denies each and every allegation contained in Paragraph 509.

18   510.   Ford admits the allegations contained in Paragraph 510.

19   511.   Ford denies each and every allegation contained in Paragraph 511.

20   512.   Ford denies each and every allegation contained in Paragraph 512.

21   513.   Ford denies each and every allegation contained in Paragraph 513.

22   514.   Ford denies each and every allegation contained in Paragraph 514.

23
**COUNT II**
**STRICT PRODUCT LIABILITY**
24
**(BASED ON COLORADO LAW)**

25   515.   Ford reasserts its answers to Paragraphs 1 through 514.

26   516.   Ford admits, based on information and belief, that Plaintiffs seek to bring this

27   Count on behalf of a putative Colorado Class.

28   517.   Ford denies each and every allegation contained in Paragraph 517.

ANSWER TO FIRST AMENDED COMPLAINT
CV 13-3072-EMC

1    518.    Ford denies each and every allegation contained in Paragraph 518.

2    519.    Ford denies each and every allegation contained in Paragraph 519.

3    520.    Ford denies each and every allegation contained in Paragraph 520.

4    521.    Ford denies each and every allegation contained in Paragraph 521.

5    522.    Ford denies each and every allegation contained in Paragraph 522.

6                            **COUNT III**
                    **BREACH OF EXPRESS WARRANTY**
7                   **(COLO. REV STAT. § 4-2-313)**

8    523.    Ford avers that the allegations contained in Paragraph 523 were dismissed by

9    Judge Chen's May 30, 2014 Order, and as such require no response.

10   524.    Ford avers that the allegations contained in Paragraph 524 were dismissed by

11   Judge Chen's May 30, 2014 Order, and as such require no response.

12   525.    Ford avers that the allegations contained in Paragraph 525 were dismissed by

13   Judge Chen's May 30, 2014 Order, and as such require no response.

14   526.    Ford avers that the allegations contained in Paragraph 526 were dismissed by

15   Judge Chen's May 30, 2014 Order, and as such require no response.

16   527.    Ford avers that the allegations contained in Paragraph 527 were dismissed by

17   Judge Chen's May 30, 2014 Order, and as such require no response.

18   528.    Ford avers that the allegations contained in Paragraph 528 were dismissed by

19   Judge Chen's May 30, 2014 Order, and as such require no response.

20   529.    Ford avers that the allegations contained in Paragraph 529 were dismissed by

21   Judge Chen's May 30, 2014 Order, and as such require no response.

22   530.    Ford avers that the allegations contained in Paragraph 530 were dismissed by

23   Judge Chen's May 30, 2014 Order, and as such require no response.

24   531.    Ford avers that the allegations contained in Paragraph 531 were dismissed by

25   Judge Chen's May 30, 2014 Order, and as such require no response.

26   532.    Ford avers that the allegations contained in Paragraph 532 were dismissed by

27   Judge Chen's May 30, 2014 Order, and as such require no response.

28   533.    Ford avers that the allegations contained in Paragraph 533 were dismissed by

ANSWER TO FIRST AMENDED COMPLAINT
CV 13-3072-EMC

1    Judge Chen's May 30, 2014 Order, and as such require no response.

2        534.    Ford avers that the allegations contained in Paragraph 534 were dismissed by

3    Judge Chen's May 30, 2014 Order, and as such require no response.

4        535.    Ford avers that the allegations contained in Paragraph 535 were dismissed by

5    Judge Chen's May 30, 2014 Order, and as such require no response.

6        536.    Ford avers that the allegations contained in Paragraph 536 were dismissed by

7    Judge Chen's May 30, 2014 Order, and as such require no response.

8        537.    Ford avers that the allegations contained in Paragraph 537 were dismissed by

9    Judge Chen's May 30, 2014 Order, and as such require no response.

10       538.    Ford avers that the allegations contained in Paragraph 538 were dismissed by

11   Judge Chen's May 30, 2014 Order, and as such require no response.

12                                   **COUNT IV**
                  **BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY**
13                        **(COLO. REV STAT. § 4-2-314)**

14       539.    Ford avers that the allegations contained in Paragraph 539 were dismissed by

15   Judge Chen's May 30, 2014 Order, and as such require no response.

16       540.    Ford avers that the allegations contained in Paragraph 540 were dismissed by

17   Judge Chen's May 30, 2014 Order, and as such require no response.

18       541.    Ford avers that the allegations contained in Paragraph 541 were dismissed by

19   Judge Chen's May 30, 2014 Order, and as such require no response.

20       542.    Ford avers that the allegations contained in Paragraph 542 were dismissed by

21   Judge Chen's May 30, 2014 Order, and as such require no response.

22       543.    Ford avers that the allegations contained in Paragraph 543 were dismissed by

23   Judge Chen's May 30, 2014 Order, and as such require no response.

24       544.    Ford avers that the allegations contained in Paragraph 544 were dismissed by

25   Judge Chen's May 30, 2014 Order, and as such require no response.

26       545.    Ford avers that the allegations contained in Paragraph 545 were dismissed by

27   Judge Chen's May 30, 2014 Order, and as such require no response.

28

ANSWER TO FIRST AMENDED COMPLAINT
                                                         CV 13-3072-EMC

**COUNT V**
**BREACH OF CONTRACT/COMMON LAW WARRANTY**
**(BASED ON COLORADO LAW)**

546.   Plaintiffs plead this Count only in the alternative "to the extent Ford's limited remedies are deemed not to be warranties" under the U.C.C.  *See* FAC ¶ 548.  Because Judge Chen's May 30, 2014 Order did not find that Ford's limited remedies were not warranties under the U.C.C., this Count is no longer operative and Ford need not respond.  To the extent an answer is required, Ford reasserts its answers to Paragraphs 1 through 545.

547.   Plaintiffs plead this Count only in the alternative "to the extent Ford's limited remedies are deemed not to be warranties" under the U.C.C.  *See* FAC ¶ 548.  Because Judge Chen's May 30, 2014 Order did not find that Ford's limited remedies were not warranties under the U.C.C., this Count is no longer operative and Ford need not respond.  To the extent an answer is required, Ford admits, based on information and belief, that Plaintiffs seek to bring this Count on behalf of a putative Colorado Class.

548.   Plaintiffs plead this Count only in the alternative "to the extent Ford's limited remedies are deemed not to be warranties" under the U.C.C.  *See* FAC ¶ 548.  Because Judge Chen's May 30, 2014 Order did not find that Ford's limited remedies were not warranties under the U.C.C., this Count is no longer operative and Ford need not respond.  To the extent an answer is required, Ford denies each and every allegation contained in Paragraph 548.

549.   Plaintiffs plead this Count only in the alternative "to the extent Ford's limited remedies are deemed not to be warranties" under the U.C.C.  *See* FAC ¶ 548.  Because Judge Chen's May 30, 2014 Order did not find that Ford's limited remedies were not warranties under the U.C.C., this Count is no longer operative and Ford need not respond.  To the extent an answer is required, Ford denies each and every allegation contained in Paragraph 549.

550.   Plaintiffs plead this Count only in the alternative "to the extent Ford's limited remedies are deemed not to be warranties" under the U.C.C.  *See* FAC ¶ 548.  Because Judge Chen's May 30, 2014 Order did not find that Ford's limited remedies were not warranties under the U.C.C., this Count is no longer operative and Ford need not respond.  To the extent an answer is required, Ford denies each and every allegation contained in Paragraph 550.

**COUNT IV**
**FRAUDULENT CONCEALMENT**
**(BASED ON COLORADO LAW)**

551.   Ford reasserts its answers to Paragraphs 1 through 550.

552.   Ford admits, based on information and belief, that Plaintiffs seek to bring this Count on behalf of a putative Colorado Class.

553.   Ford denies each and every allegation contained in Paragraph 553.

554.   Ford denies each and every allegation contained in Paragraph 554.

555.   Ford denies each and every allegation contained in Paragraph 555.

556.   Ford denies each and every allegation contained in Paragraph 556.

557.   Ford denies each and every allegation contained in Paragraph 557.

558.   Ford denies each and every allegation contained in Paragraph 558.

559.   Ford denies each and every allegation contained in Paragraph 559.

560.   Ford denies each and every allegation contained in Paragraph 560.

561.   Ford denies each and every allegation contained in Paragraph 561.

562.   Ford denies each and every allegation contained in Paragraph 562.

**F.     Claims Brought on Behalf of the Connecticut Class**

**COUNT I**
**VIOLATIONS OF THE UNFAIR TRADE PRACTICES ACT**
**(CONN. GEN. STAT. ANN. § 42-110a, *ET SEQ.*)**

563.   Ford reasserts its answers to Paragraphs 1 through 562.

564.   Ford admits, based on information and belief, that Plaintiffs seek to bring this Count on behalf of a putative Connecticut Class.

565.   Ford admits the allegations contained in Paragraph 565.

566.   Ford admits the allegations contained in Paragraph 566.

567.   Ford denies each and every allegation contained in Paragraph 567.

568.   Ford denies each and every allegation contained in Paragraph 568.

569.   Ford denies each and every allegation contained in Paragraph 569.

570.   Ford denies each and every allegation contained in Paragraph 570, including its subparts.

1    571.    Ford denies each and every allegation contained in Paragraph 571.

2    572.    Ford denies each and every allegation contained in Paragraph 572.

3    573.    Ford denies each and every allegation contained in Paragraph 573.

4    574.    Ford is without information sufficient to form a belief as to the truth of the

5    allegation that a copy of the FAC has been mailed to the Attorney General and the Commissioner

6    of Consumer Protection of the State of Connecticut, and on that basis denies those allegations.

7    Ford denies each and every other allegation contained in Paragraph 574, except Ford admits,

8    based on information and belief, that Paragraph 574 describes the relief requested by Plaintiffs.

9    Ford denies that they are entitled to such relief.

10
11

<div align="center">

**COUNT II**
**BREACH OF EXPRESS WARRANTY**
**(CONN. GEN. STAT. ANN. § 42A-2-313)**

</div>

12    575.    Ford avers that the allegations contained in Paragraph 575 were dismissed by

13    Judge Chen's May 30, 2014 Order, and as such require no response.

14    576.    Ford avers that the allegations contained in Paragraph 576 were dismissed by

15    Judge Chen's May 30, 2014 Order, and as such require no response.

16    577.    Ford avers that the allegations contained in Paragraph 577 were dismissed by

17    Judge Chen's May 30, 2014 Order, and as such require no response.

18    578.    Ford avers that the allegations contained in Paragraph 578 were dismissed by

19    Judge Chen's May 30, 2014 Order, and as such require no response.

20    579.    Ford avers that the allegations contained in Paragraph 579 were dismissed by

21    Judge Chen's May 30, 2014 Order, and as such require no response.

22    580.    Ford avers that the allegations contained in Paragraph 580 were dismissed by

23    Judge Chen's May 30, 2014 Order, and as such require no response.

24    581.    Ford avers that the allegations contained in Paragraph 581 were dismissed by

25    Judge Chen's May 30, 2014 Order, and as such require no response.

26    582.    Ford avers that the allegations contained in Paragraph 582 were dismissed by

27    Judge Chen's May 30, 2014 Order, and as such require no response.

28    583.    Ford avers that the allegations contained in Paragraph 583 were dismissed by

ANSWER TO FIRST AMENDED COMPLAINT
CV 13-3072-EMC

1    Judge Chen's May 30, 2014 Order, and as such require no response.

2        584.    Ford avers that the allegations contained in Paragraph 584 were dismissed by

3    Judge Chen's May 30, 2014 Order, and as such require no response.

4        585.    Ford avers that the allegations contained in Paragraph 585 were dismissed by

5    Judge Chen's May 30, 2014 Order, and as such require no response.

6        586.    Ford avers that the allegations contained in Paragraph 586 were dismissed by

7    Judge Chen's May 30, 2014 Order, and as such require no response.

8        587.    Ford avers that the allegations contained in Paragraph 587 were dismissed by

9    Judge Chen's May 30, 2014 Order, and as such require no response.

10       588.    Ford avers that the allegations contained in Paragraph 588 were dismissed by

11   Judge Chen's May 30, 2014 Order, and as such require no response.

12       589.    Ford avers that the allegations contained in Paragraph 589 were dismissed by

13   Judge Chen's May 30, 2014 Order, and as such require no response.

14       590.    Ford avers that the allegations contained in Paragraph 590 were dismissed by

15   Judge Chen's May 30, 2014 Order, and as such require no response.

16                                    **COUNT III**
     **BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY**
17                    **(CONN. GEN. STAT. ANN. § 42A-2-314)**

18       591.    Ford avers that the allegations contained in Paragraph 591 were dismissed by

19   Judge Chen's May 30, 2014 Order, and as such require no response.

20       592.    Ford avers that the allegations contained in Paragraph 592 were dismissed by

21   Judge Chen's May 30, 2014 Order, and as such require no response.

22       593.    Ford avers that the allegations contained in Paragraph 593 were dismissed by

23   Judge Chen's May 30, 2014 Order, and as such require no response.

24       594.    Ford avers that the allegations contained in Paragraph 594 were dismissed by

25   Judge Chen's May 30, 2014 Order, and as such require no response.

26       595.    Ford avers that the allegations contained in Paragraph 595 were dismissed by

27   Judge Chen's May 30, 2014 Order, and as such require no response.

28       596.    Ford avers that the allegations contained in Paragraph 596 were dismissed by

Judge Chen's May 30, 2014 Order, and as such require no response.

## COUNT IV
## BREACH OF CONTRACT/COMMON LAW WARRANTY
## (BASED ON CONNECTICUT LAW)

597.    Ford avers that the allegations contained in Paragraph 597 were dismissed by Judge Chen's May 30, 2014 Order, and as such require no response.

598.    Ford avers that the allegations contained in Paragraph 598 were dismissed by Judge Chen's May 30, 2014 Order, and as such require no response.

599.    Ford avers that the allegations contained in Paragraph 599 were dismissed by Judge Chen's May 30, 2014 Order, and as such require no response.

600.    Ford avers that the allegations contained in Paragraph 600 were dismissed by Judge Chen's May 30, 2014 Order, and as such require no response.

## COUNT V
## FRAUDULENT CONCEALMENT
## (BASED ON CONNECTICUT LAW)

601.    Ford reasserts its answers to Paragraphs 1 through 600.

602.    Ford admits, based on information and belief, that Plaintiffs seek to bring this Count on behalf of a putative Connecticut Class.

603.    Ford denies each and every allegation contained in Paragraph 603.

604.    Ford denies each and every allegation contained in Paragraph 604.

605.    Ford denies each and every allegation contained in Paragraph 605.

606.    Ford denies each and every allegation contained in Paragraph 606.

607.    Ford denies each and every allegation contained in Paragraph 607.

608.    Ford denies each and every allegation contained in Paragraph 608.

609.    Ford denies each and every allegation contained in Paragraph 609.

610.    Ford denies each and every allegation contained in Paragraph 610.

611.    Ford denies each and every allegation contained in Paragraph 611.

612.    Ford denies each and every allegation contained in Paragraph 612.

G.        **Claims Brought on Behalf of the Florida Class**

**COUNT I**
**VIOLATIONS OF THE FLORIDA DECEPTIVE & UNFAIR TRADE PRACTICES ACT**
**(FLA. STAT. § 501.201, *ET SEQ.*)**

613.     Ford reasserts its answers to Paragraphs 1 through 612.

614.     Ford admits, based on information and belief, that Plaintiffs seek to bring this Count on behalf of a putative Florida Class.

615.     Ford admits the allegations contained in Paragraph 615.

616.     Ford denies each and every allegation contained in Paragraph 616.

617.     Ford denies each and every allegation contained in Paragraph 617.

618.     Ford denies each and every allegation contained in Paragraph 618.

619.     Ford denies each and every allegation contained in Paragraph 619.

**COUNT II**
**BREACH OF EXPRESS WARRANTY**
**(FLA. STAT. § 672.313)**

620.     Ford reasserts its answers to Paragraphs 1 through 619.

621.     Ford admits, based on information and belief, that Plaintiffs seek to bring this Count on behalf of a putative Florida Class.

622.     Ford admits that it is a merchant with respect to motor vehicles within the meaning of Fla. Stat. § 672.104(1).

623.     Ford denies each and every allegation contained in Paragraph 623, except Ford admits that Paragraph 623 accurately quotes a portion of its New Vehicle Limited Warranty.

624.     Ford denies each and every allegation contained in Paragraph 624.

625.     Ford denies each and every allegation contained in Paragraph 625.

626.     Ford denies each and every allegation contained in Paragraph 626.

627.     Ford denies each and every allegation contained in Paragraph 627.

628.     Ford denies each and every allegation contained in Paragraph 628.

629.     Ford denies each and every allegation contained in Paragraph 629.

630.     Ford denies each and every allegation contained in Paragraph 630.

631.     Ford denies each and every allegation contained in Paragraph 631.

1    632.    Ford denies each and every allegation contained in Paragraph 632.

2    633.    Ford admits, based on information and belief, that Paragraph 633 identifies

3    additional and/or alternative remedies asserted by Plaintiffs.  Ford denies that they are entitled to

4    such remedies.

5    634.    Ford denies each and every allegation contained in Paragraph 634.

6    635.    Ford denies each and every allegation contained in Paragraph 635.

7                          **COUNT III**
     **BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY**
8                        **(FLA. STAT. § 672.314)**

9    636.    Ford avers that the allegations contained in Paragraph 636 were dismissed by

10   Judge Chen's May 30, 2014 Order, and as such require no response.

11   637.    Ford avers that the allegations contained in Paragraph 637 were dismissed by

12   Judge Chen's May 30, 2014 Order, and as such require no response.

13   638.    Ford avers that the allegations contained in Paragraph 638 were dismissed by

14   Judge Chen's May 30, 2014 Order, and as such require no response.

15   639.    Ford avers that the allegations contained in Paragraph 639 were dismissed by

16   Judge Chen's May 30, 2014 Order, and as such require no response.

17   640.    Ford avers that the allegations contained in Paragraph 640 were dismissed by

18   Judge Chen's May 30, 2014 Order, and as such require no response.

19   641.    Ford avers that the allegations contained in Paragraph 641 were dismissed by

20   Judge Chen's May 30, 2014 Order, and as such require no response.

21   642.    Ford avers that the allegations contained in Paragraph 642 were dismissed by

22   Judge Chen's May 30, 2014 Order, and as such require no response.

23                          **COUNT IV**
     **BREACH OF CONTRACT/COMMON LAW WARRANTY**
24                     **(BASED ON FLORIDA LAW)**

25   643.    Plaintiffs plead this Count only in the alternative "to the extent Ford's limited

26   remedies are deemed not to be warranties" under the U.C.C.  *See* FAC ¶ 645.  Because Judge

27   Chen's May 30, 2014 Order did not find that Ford's limited remedies were not warranties under

28   the U.C.C., this Count is no longer operative and Ford need not respond.  To the extent an answer

ANSWER TO FIRST AMENDED COMPLAINT
CV 13-3072-EMC

1    is required, Ford reasserts its answers to Paragraphs 1 through 642.

2        644.    Plaintiffs plead this Count only in the alternative "to the extent Ford's limited

3    remedies are deemed not to be warranties" under the U.C.C.  *See* FAC ¶ 645.  Because Judge

4    Chen's May 30, 2014 Order did not find that Ford's limited remedies were not warranties under

5    the U.C.C., this Count is no longer operative and Ford need not respond.  To the extent an answer

6    is required, Ford admits, based on information and belief, that Plaintiffs seek to bring this Count

7    on behalf of a putative Florida Class.

8        645.    Plaintiffs plead this Count only in the alternative "to the extent Ford's limited

9    remedies are deemed not to be warranties" under the U.C.C.  *See* FAC ¶ 645.  Because Judge

10   Chen's May 30, 2014 Order did not find that Ford's limited remedies were not warranties under

11   the U.C.C., this Count is no longer operative and Ford need not respond.  To the extent an answer

12   is required, Ford denies each and every allegation contained in Paragraph 645.

13       646.    Plaintiffs plead this Count only in the alternative "to the extent Ford's limited

14   remedies are deemed not to be warranties" under the U.C.C.  *See* FAC ¶ 645.  Because Judge

15   Chen's May 30, 2014 Order did not find that Ford's limited remedies were not warranties under

16   the U.C.C., this Count is no longer operative and Ford need not respond.  To the extent an answer

17   is required, Ford denies each and every allegation contained in Paragraph 646.

18       647.    Plaintiffs plead this Count only in the alternative "to the extent Ford's limited

19   remedies are deemed not to be warranties" under the U.C.C.  *See* FAC ¶ 645.  Because Judge

20   Chen's May 30, 2014 Order did not find that Ford's limited remedies were not warranties under

21   the U.C.C., this Count is no longer operative and Ford need not respond.  To the extent an answer

22   is required, Ford denies each and every allegation contained in Paragraph 647.

23                              **COUNT V**
                      **FRAUDULENT CONCEALMENT**
24                     **(BASED ON FLORIDA LAW)**

25       648.    Ford reasserts its answers to Paragraphs 1 through 647.

26       649.    Ford admits, based on information and belief, that Plaintiffs seek to bring this

27   Count on behalf of a putative Florida Class.

28       650.    Ford denies each and every allegation contained in Paragraph 650.

1     651.    Ford denies each and every allegation contained in Paragraph 651.

2     652.    Ford denies each and every allegation contained in Paragraph 652.

3     653.    Ford denies each and every allegation contained in Paragraph 653.

4     654.    Ford denies each and every allegation contained in Paragraph 654.

5     655.    Ford denies each and every allegation contained in Paragraph 655.

6     656.    Ford denies each and every allegation contained in Paragraph 656.

7     657.    Ford denies each and every allegation contained in Paragraph 657.

8     658.    Ford denies each and every allegation contained in Paragraph 658.

9     659.    Ford denies each and every allegation contained in Paragraph 659.

10    **H.    Claims Brought on Behalf of the Iowa Class**

11                              **COUNT I**
                   **VIOLATIONS OF THE PRIVATE RIGHT OF ACTION**
12                    **FOR CONSUMER FRAUDS ACT**
                     **(IOWA CODE §§ 714H.1, *ET SEQ.*)**
13

14    660.    Ford reasserts its answers to Paragraphs 1 through 659.

15    661.    Ford admits, based on information and belief, that Plaintiffs seek to bring this

16    Count on behalf of a putative Iowa Class.

17    662.    Ford admits the allegations contained in Paragraph 662.

18    663.    Ford is without information sufficient to form a belief as to the truth of the

19    allegations contained in Paragraph 663, and on that basis denies those allegations.

20    664.    Ford denies each and every allegation contained in Paragraph 664.

21    665.    Ford denies each and every allegation contained in Paragraph 665.

22    666.    Ford denies each and every allegation contained in Paragraph 666.

23    667.    Ford denies each and every allegation contained in Paragraph 667.

24    668.    Ford denies each and every allegation contained in Paragraph 668, including its

25    subparts.

26    669.    Ford denies each and every allegation contained in Paragraph 669.

27    670.    Ford denies each and every allegation contained in Paragraph 670.

28    671.    Ford denies each and every allegation contained in Paragraph 671.

ANSWER TO FIRST AMENDED COMPLAINT
CV 13-3072-EMC

672.    Ford denies each and every allegation contained in Paragraph 672, except Ford admits, based on information and belief, that Paragraph 672 describes the relief requested by Plaintiffs.  Ford denies that they are entitled to such relief.

**COUNT II**
**BREACH OF EXPRESS WARRANTY**
**(IOWA CODE § 554.2313)**

673.    Ford reasserts its answers to Paragraphs 1 through 672.

674.    Ford admits, based on information and belief, that Plaintiffs seek to bring this Count on behalf of a putative Iowa Class.

675.    Ford admits that it is a merchant with respect to motor vehicles within the meaning of Iowa Code § 554.2104(1).

676.    Ford denies each and every allegation contained in Paragraph 676, except Ford admits that Paragraph 676 accurately quotes a portion of its New Vehicle Limited Warranty.

677.    Ford denies each and every allegation contained in Paragraph 677.

678.    Ford denies each and every allegation contained in Paragraph 678.

679.    Ford denies each and every allegation contained in Paragraph 679.

680.    Ford denies each and every allegation contained in Paragraph 680.

681.    Ford denies each and every allegation contained in Paragraph 681.

682.    Ford denies each and every allegation contained in Paragraph 682.

683.    Ford denies each and every allegation contained in Paragraph 683.

684.    Ford denies each and every allegation contained in Paragraph 684.

685.    Ford denies each and every allegation contained in Paragraph 685.

686.    Ford admits, based on information and belief, that Paragraph 686 identifies additional and/or alternative remedies asserted by Plaintiffs.  Ford denies that they are entitled to such remedies.

687.    Ford denies each and every allegation contained in Paragraph 687.

688.    Ford denies each and every allegation contained in Paragraph 688.

ANSWER TO FIRST AMENDED COMPLAINT
CV 13-3072-EMC

<div align="center">

**COUNT III**
**BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY**
**(IOWA CODE § 554.2314)**

</div>

689.    Ford avers that the allegations contained in Paragraph 689 were dismissed by Judge Chen's May 30, 2014 Order, and as such require no response.

690.    Ford avers that the allegations contained in Paragraph 690 were dismissed by Judge Chen's May 30, 2014 Order, and as such require no response.

691.    Ford avers that the allegations contained in Paragraph 691 were dismissed by Judge Chen's May 30, 2014 Order, and as such require no response.

692.    Ford avers that the allegations contained in Paragraph 692 were dismissed by Judge Chen's May 30, 2014 Order, and as such require no response.

693.    Ford avers that the allegations contained in Paragraph 693 were dismissed by Judge Chen's May 30, 2014 Order, and as such require no response.

694.    Ford avers that the allegations contained in Paragraph 694 were dismissed by Judge Chen's May 30, 2014 Order, and as such require no response.

695.    Ford avers that the allegations contained in Paragraph 695 were dismissed by Judge Chen's May 30, 2014 Order, and as such require no response.

<div align="center">

**COUNT IV**
**BREACH OF CONTRACT/COMMON LAW WARRANTY**
**(BASED ON IOWA LAW)**

</div>

696.    Plaintiffs plead this Count only in the alternative "to the extent Ford's limited remedies are deemed not to be warranties" under the U.C.C.  *See* FAC ¶ 698.  Because Judge Chen's May 30, 2014 Order did not find that Ford's limited remedies were not warranties under the U.C.C., this Count is no longer operative and Ford need not respond.  To the extent an answer is required, Ford reasserts its answers to Paragraphs 1 through 695.

697.    Plaintiffs plead this Count only in the alternative "to the extent Ford's limited remedies are deemed not to be warranties" under the U.C.C.  *See* FAC ¶ 698.  Because Judge Chen's May 30, 2014 Order did not find that Ford's limited remedies were not warranties under the U.C.C., this Count is no longer operative and Ford need not respond.  To the extent an answer is required, Ford admits, based on information and belief, that Plaintiffs seek to bring this Count

1    on behalf of a putative Iowa Class.

2        698.    Plaintiffs plead this Count only in the alternative "to the extent Ford's limited

3    remedies are deemed not to be warranties" under the U.C.C.  *See* FAC ¶ 698.  Because Judge

4    Chen's May 30, 2014 Order did not find that Ford's limited remedies were not warranties under

5    the U.C.C., this Count is no longer operative and Ford need not respond.  To the extent an answer

6    is required, Ford denies each and every allegation contained in Paragraph 698.

7        699.    Plaintiffs plead this Count only in the alternative "to the extent Ford's limited

8    remedies are deemed not to be warranties" under the U.C.C.  *See* FAC ¶ 698.  Because Judge

9    Chen's May 30, 2014 Order did not find that Ford's limited remedies were not warranties under

10   the U.C.C., this Count is no longer operative and Ford need not respond.  To the extent an answer

11   is required, Ford denies each and every allegation contained in Paragraph 699.

12       700.    Plaintiffs plead this Count only in the alternative "to the extent Ford's limited

13   remedies are deemed not to be warranties" under the U.C.C.  *See* FAC ¶ 698.  Because Judge

14   Chen's May 30, 2014 Order did not find that Ford's limited remedies were not warranties under

15   the U.C.C., this Count is no longer operative and Ford need not respond.  To the extent an answer

16   is required, Ford denies each and every allegation contained in Paragraph 700.

17
                            **COUNT V**
                   **FRAUDULENT CONCEALMENT**
18                     **(BASED ON IOWA LAW)**

19       701.    Ford reasserts its answers to Paragraphs 1 through 700.

20       702.    Ford admits, based on information and belief, that Plaintiffs seek to bring this

21   Count on behalf of a putative Iowa Class.

22       703.    Ford denies each and every allegation contained in Paragraph 703.

23       704.    Ford denies each and every allegation contained in Paragraph 704.

24       705.    Ford denies each and every allegation contained in Paragraph 705.

25       706.    Ford denies each and every allegation contained in Paragraph 706.

26       707.    Ford denies each and every allegation contained in Paragraph 707.

27       708.    Ford denies each and every allegation contained in Paragraph 708.

28       709.    Ford denies each and every allegation contained in Paragraph 709.

1      710.    Ford denies each and every allegation contained in Paragraph 710.

2      711.    Ford denies each and every allegation contained in Paragraph 711.

3      712.    Ford denies each and every allegation contained in Paragraph 712.

4    **I.      Claims Brought on Behalf of the Massachusetts Class**

5                               **COUNT I**
        **VIOLATIONS OF MASSACHUSETTS CONSUMER PROTECTION ACT**
6                        **(MASS. GEN. LAWS CH. 93A)**

7      713.    Ford reasserts its answers to Paragraphs 1 through 712.

8      714.    Ford admits, based on information and belief, that Plaintiffs seek to bring this

9    Count on behalf of a putative Massachusetts Class.

10     715.    Ford denies each and every allegation contained in Paragraph 715.

11     716.    Ford denies each and every allegation contained in Paragraph 716.

12     717.    Ford denies each and every allegation contained in Paragraph 717.

13     718.    Ford denies each and every allegation contained in Paragraph 718, except Ford

14   admits, based on information and belief, that Paragraph 718 describes the relief requested by

15   Plaintiffs.  Ford denies that they are entitled to such relief.

16                              **COUNT II**
        **BREACH OF EXPRESS WARRANTY**
17                     **(MASS. GEN. LAWS CH. 106, § 2-313)**

18     719.    Ford reasserts its answers to Paragraphs 1 through 718.

19     720.    Ford admits, based on information and belief, that Plaintiffs seek to bring this

20   Count on behalf of a putative Massachusetts Class.

21     721.    Ford admits that it is a merchant with respect to motor vehicles within the meaning

22   of Mass. Gen. Laws ch. 106 § 2-104(1).

23     722.    Ford denies each and every allegation contained in Paragraph 722, except Ford

24   admits that Paragraph 722 accurately quotes a portion of its New Vehicle Limited Warranty.

25     723.    Ford denies each and every allegation contained in Paragraph 723.

26     724.    Ford denies each and every allegation contained in Paragraph 724.

27     725.    Ford denies each and every allegation contained in Paragraph 725.

28     726.    Ford denies each and every allegation contained in Paragraph 726.

727.    Ford denies each and every allegation contained in Paragraph 727.

728.    Ford denies each and every allegation contained in Paragraph 728.

729.    Ford denies each and every allegation contained in Paragraph 729.

730.    Ford denies each and every allegation contained in Paragraph 730.

731.    Ford denies each and every allegation contained in Paragraph 731.

732.    Ford admits, based on information and belief, that Paragraph 732 identifies additional and/or alternative remedies asserted by Plaintiffs.  Ford denies that they are entitled to such remedies.

733.    Ford denies each and every allegation contained in Paragraph 733.

734.    Ford denies each and every allegation contained in Paragraph 734.

### COUNT III
### BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY
### (MASS. GEN. LAWS CH. 106, § 2-314)

735.    Ford reasserts its answers to Paragraphs 1 through 734.

736.    Ford admits, based on information and belief, that Plaintiffs seek to bring this Count on behalf of a putative Massachusetts Class.

737.    Ford admits that it is a merchant with respect to motor vehicles within the meaning of Mass. Gen. Laws ch. 106 § 2-104(1).

738.    Ford denies each and every allegation contained in Paragraph 738.

739.    Ford denies each and every allegation contained in Paragraph 739.

740.    Ford denies each and every allegation contained in Paragraph 740.

741.    Ford denies each and every allegation contained in Paragraph 741.

### COUNT IV
### BREACH OF CONTRACT/COMMON LAW WARRANTY
### (BASED ON MASSACHUSETTS LAW)

742.    Plaintiffs plead this Count only in the alternative "to the extent Ford's limited remedies are deemed not to be warranties" under the U.C.C.  *See* FAC ¶ 744.  Because Judge Chen's May 30, 2014 Order did not find that Ford's limited remedies were not warranties under the U.C.C., this Count is no longer operative and Ford need not respond.  To the extent an answer is required, Ford reasserts its answers to Paragraphs 1 through 741.

743.    Plaintiffs plead this Count only in the alternative "to the extent Ford's limited remedies are deemed not to be warranties" under the U.C.C.  *See* FAC ¶ 744.  Because Judge Chen's May 30, 2014 Order did not find that Ford's limited remedies were not warranties under the U.C.C., this Count is no longer operative and Ford need not respond.  To the extent an answer is required, Ford admits, based on information and belief, that Plaintiffs seek to bring this Count on behalf of a putative Massachusetts Class.

744.    Plaintiffs plead this Count only in the alternative "to the extent Ford's limited remedies are deemed not to be warranties" under the U.C.C.  *See* FAC ¶ 744.  Because Judge Chen's May 30, 2014 Order did not find that Ford's limited remedies were not warranties under the U.C.C., this Count is no longer operative and Ford need not respond.  To the extent an answer is required, Ford denies each and every allegation contained in Paragraph 744.

745.    Plaintiffs plead this Count only in the alternative "to the extent Ford's limited remedies are deemed not to be warranties" under the U.C.C.  *See* FAC ¶ 744.  Because Judge Chen's May 30, 2014 Order did not find that Ford's limited remedies were not warranties under the U.C.C., this Count is no longer operative and Ford need not respond.  To the extent an answer is required, Ford denies each and every allegation contained in Paragraph 745.

746.    Plaintiffs plead this Count only in the alternative "to the extent Ford's limited remedies are deemed not to be warranties" under the U.C.C.  *See* FAC ¶ 744.  Because Judge Chen's May 30, 2014 Order did not find that Ford's limited remedies were not warranties under the U.C.C., this Count is no longer operative and Ford need not respond.  To the extent an answer is required, Ford denies each and every allegation contained in Paragraph 746.

## COUNT V
## FRAUDULENT CONCEALMENT
## (BASED ON MASSACHUSETTS LAW)

747.    Ford reasserts its answers to Paragraphs 1 through 746.

748.    Ford admits, based on information and belief, that Plaintiffs seek to bring this Count on behalf of a putative Massachusetts Class.

749.    Ford denies each and every allegation contained in Paragraph 749.

750.    Ford denies each and every allegation contained in Paragraph 750.

ANSWER TO FIRST AMENDED COMPLAINT
CV 13-3072-EMC

1    751.   Ford denies each and every allegation contained in Paragraph 751.

2    752.   Ford denies each and every allegation contained in Paragraph 752.

3    753.   Ford denies each and every allegation contained in Paragraph 753.

4    754.   Ford denies each and every allegation contained in Paragraph 754.

5    755.   Ford denies each and every allegation contained in Paragraph 755.

6    756.   Ford denies each and every allegation contained in Paragraph 756.

7    757.   Ford denies each and every allegation contained in Paragraph 757.

8    758.   Ford denies each and every allegation contained in Paragraph 758.

9    **J.**    **Claims Brought on Behalf of the New Jersey Class**

10
**COUNT I**
**VIOLATIONS OF THE NEW JERSEY CONSUMER FRAUD ACT**
11
**(N.J. STAT. ANN. §§ 56:8-1, *ET. SEQ.*)**

12    759.   Ford reasserts its answers to Paragraphs 1 through 758.

13    760.   Ford admits, based on information and belief, that Plaintiffs seek to bring this

14    Count on behalf of a putative New Jersey Class.

15    761.   Ford denies each and every allegation contained in Paragraph 761.

16    762.   Ford denies each and every allegation contained in Paragraph 762.

17    763.   Ford denies each and every allegation contained in Paragraph 763.

18    764.   Ford denies each and every allegation contained in Paragraph 764.

19    765.   Ford denies each and every allegation contained in Paragraph 765.

20    766.   Ford is without information sufficient to form a belief as to the truth of the

21    allegations contained in Paragraph 766, and on that basis denies those allegations.

22
**COUNT II**
**BREACH OF EXPRESS WARRANTY**
23
**(N.J. STAT. ANN. § 12A:2-313)**

24    767.   Ford reasserts its answers to Paragraphs 1 through 766.

25    768.   Ford admits, based on information and belief, that Plaintiffs seek to bring this

26    Count on behalf of a putative New Jersey Class.

27    769.   Ford admits that it is a merchant with respect to motor vehicles within the meaning

28    of N.J. Stat. Ann. § 12A:2-104(1).

770.   Ford denies each and every allegation contained in Paragraph 770, except Ford admits that Paragraph 770 accurately quotes a portion of its New Vehicle Limited Warranty.

771.   Ford denies each and every allegation contained in Paragraph 771.

772.   Ford denies each and every allegation contained in Paragraph 772.

773.   Ford denies each and every allegation contained in Paragraph 773.

774.   Ford denies each and every allegation contained in Paragraph 774.

775.   Ford denies each and every allegation contained in Paragraph 775.

776.   Ford denies each and every allegation contained in Paragraph 776.

777.   Ford denies each and every allegation contained in Paragraph 777.

778.   Ford denies each and every allegation contained in Paragraph 778.

779.   Ford denies each and every allegation contained in Paragraph 779.

780.   Ford admits, based on information and belief, that Paragraph 780 identifies additional and/or alternative remedies asserted by Plaintiffs.  Ford denies that they are entitled to such remedies.

781.   Ford denies each and every allegation contained in Paragraph 781.

782.   Ford denies each and every allegation contained in Paragraph 782.

### COUNT III
### BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY
### (N.J. STAT. ANN. § 12A:2-314)

783.   Ford reasserts its answers to Paragraphs 1 through 782.

784.   Ford admits, based on information and belief, that Plaintiffs seek to bring this Count on behalf of a putative New Jersey Class.

785.   Ford admits that it is a merchant with respect to motor vehicles within the meaning of N.J. Stat. Ann. § 12A:2-104(1).

786.   Ford denies each and every allegation contained in Paragraph 786.

787.   Ford denies each and every allegation contained in Paragraph 787.

788.   Ford denies each and every allegation contained in Paragraph 788.

789.   Ford denies each and every allegation contained in Paragraph 789.

## COUNT IV
## BREACH OF CONTRACT/COMMON LAW WARRANTY
### (BASED ON NEW JERSEY LAW)

790.    Plaintiffs plead this Count only in the alternative "to the extent Ford's limited remedies are deemed not to be warranties" under the U.C.C.  *See* FAC ¶ 792.  Because Judge Chen's May 30, 2014 Order did not find that Ford's limited remedies were not warranties under the U.C.C., this Count is no longer operative and Ford need not respond.  To the extent an answer is required, Ford reasserts its answers to Paragraphs 1 through 789.

791.    Plaintiffs plead this Count only in the alternative "to the extent Ford's limited remedies are deemed not to be warranties" under the U.C.C.  *See* FAC ¶ 792.  Because Judge Chen's May 30, 2014 Order did not find that Ford's limited remedies were not warranties under the U.C.C., this Count is no longer operative and Ford need not respond.  To the extent an answer is required, Ford admits, based on information and belief, that Plaintiffs seek to bring this Count on behalf of a putative New Jersey Class.

792.    Plaintiffs plead this Count only in the alternative "to the extent Ford's limited remedies are deemed not to be warranties" under the U.C.C.  *See* FAC ¶ 792.  Because Judge Chen's May 30, 2014 Order did not find that Ford's limited remedies were not warranties under the U.C.C., this Count is no longer operative and Ford need not respond.  To the extent an answer is required, Ford denies each and every allegation contained in Paragraph 792.

793.    Plaintiffs plead this Count only in the alternative "to the extent Ford's limited remedies are deemed not to be warranties" under the U.C.C.  *See* FAC ¶ 792.  Because Judge Chen's May 30, 2014 Order did not find that Ford's limited remedies were not warranties under the U.C.C., this Count is no longer operative and Ford need not respond.  To the extent an answer is required, Ford denies each and every allegation contained in Paragraph 793.

794.    Plaintiffs plead this Count only in the alternative "to the extent Ford's limited remedies are deemed not to be warranties" under the U.C.C.  *See* FAC ¶ 792.  Because Judge Chen's May 30, 2014 Order did not find that Ford's limited remedies were not warranties under the U.C.C., this Count is no longer operative and Ford need not respond.  To the extent an answer is required, Ford denies each and every allegation contained in Paragraph 794.

**COUNT V**
**FRAUDULENT CONCEALMENT**
**(BASED ON NEW JERSEY LAW)**

795.   Ford reasserts its answers to Paragraphs 1 through 794.

796.   Ford admits, based on information and belief, that Plaintiffs seek to bring this Count on behalf of a putative New Jersey Class.

797.   Ford denies each and every allegation contained in Paragraph 797.

798.   Ford denies each and every allegation contained in Paragraph 798.

799.   Ford denies each and every allegation contained in Paragraph 799.

800.   Ford denies each and every allegation contained in Paragraph 800.

801.   Ford denies each and every allegation contained in Paragraph 801.

802.   Ford denies each and every allegation contained in Paragraph 802.

803.   Ford denies each and every allegation contained in Paragraph 803.

804.   Ford denies each and every allegation contained in Paragraph 804.

805.   Ford denies each and every allegation contained in Paragraph 805.

806.   Ford denies each and every allegation contained in Paragraph 806.

**K.     Claims Brought on Behalf of the New York Class**

**COUNT I**
**VIOLATIONS OF NEW YORK GENERAL BUSINESS LAW § 349**
**(N.Y. GEN. BUS. LAW § 349)**

807.   Ford reasserts its answers to Paragraphs 1 through 806.

808.   Ford admits, based on information and belief, that Plaintiffs seek to bring this Count on behalf of a putative New York Class.

809.   Ford admits the allegations contained in Paragraph 809.

810.   Ford denies each and every allegation contained in Paragraph 810.

811.   Ford denies each and every allegation contained in Paragraph 811.

812.   Ford denies each and every allegation contained in Paragraph 812.

813.   Ford denies each and every allegation contained in Paragraph 813.

814.   Ford denies each and every allegation contained in Paragraph 814.

**COUNT II**
**VIOLATIONS OF THE NEW YORK GENERAL BUSINESS LAW § 350**
**(N.Y. GEN. BUS. LAW § 350)**

815.   Ford reasserts its answers to Paragraphs 1 through 814.

816.   Ford admits, based on information and belief, that Plaintiffs seek to bring this Count on behalf of a putative New York Class.

817.   Ford denies each and every allegation contained in Paragraph 817.

818.   Ford denies each and every allegation contained in Paragraph 818.

819.   Ford denies each and every allegation contained in Paragraph 819.

820.   Ford denies each and every allegation contained in Paragraph 820.

821.   Ford denies each and every allegation contained in Paragraph 821.

822.   Ford denies each and every allegation contained in Paragraph 822.

**COUNT III**
**BREACH OF EXPRESS WARRANTY**
**(N.Y. U.C.C. § 2-313)**

823.   Ford reasserts its answers to Paragraphs 1 through 822.

824.   Ford admits, based on information and belief, that Plaintiff Purcell seeks to bring this Count on behalf of a putative New York class.  Ford avers the allegations contained in Paragraph 824 pertaining to Plaintiff Miller were dismissed by Judge Chen's May 30, 2014 Order, and as such require no response.

825.   Ford admits that it is a merchant with respect to motor vehicles within the meaning of N.Y. U.C.C. Law § 2-104(1).

826.   Ford denies each and every allegation contained in Paragraph 826, except Ford admits that Paragraph 826 accurately quotes a portion of its New Vehicle Limited Warranty.

827.   Ford denies each and every allegation contained in Paragraph 827.

828.   Ford denies each and every allegation contained in Paragraph 828.

829.   Ford denies each and every allegation contained in Paragraph 829.

830.   Ford denies each and every allegation contained in Paragraph 830.

831.   Ford denies each and every allegation contained in Paragraph 831.

832.   Ford denies each and every allegation contained in Paragraph 832.

833.   Ford denies each and every allegation contained in Paragraph 833.

834.   Ford denies each and every allegation contained in Paragraph 834.

835.   Ford denies each and every allegation contained in Paragraph 835.

836.   Ford admits, based on information and belief, that Paragraph 836 identifies additional and/or alternative remedies asserted by Plaintiffs.  Ford denies that they are entitled to such remedies.

837.   Ford denies each and every allegation contained in Paragraph 837.

838.   Ford denies each and every allegation contained in Paragraph 838.

**COUNT IV**
**BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY**
**(N.Y. U.C.C. § 2-314)**

839.   Ford avers that the allegations contained in Paragraph 839 were dismissed by Judge Chen's May 30, 2014 Order, and as such require no response.

840.   Ford avers that the allegations contained in Paragraph 840 were dismissed by Judge Chen's May 30, 2014 Order, and as such require no response.

841.   Ford avers that the allegations contained in Paragraph 841 were dismissed by Judge Chen's May 30, 2014 Order, and as such require no response.

842.   Ford avers that the allegations contained in Paragraph 842 were dismissed by Judge Chen's May 30, 2014 Order, and as such require no response.

843.   Ford avers that the allegations contained in Paragraph 843 were dismissed by Judge Chen's May 30, 2014 Order, and as such require no response.

844.   Ford avers that the allegations contained in Paragraph 844 were dismissed by Judge Chen's May 30, 2014 Order, and as such require no response.

845.   Ford avers that the allegations contained in Paragraph 845 were dismissed by Judge Chen's May 30, 2014 Order, and as such require no response.

**COUNT V**
**BREACH OF CONTRACT/COMMON LAW WARRANTY**
**(BASED ON NEW YORK LAW)**

846.   Plaintiffs plead this Count only in the alternative "to the extent Ford's limited remedies are deemed not to be warranties" under the U.C.C.  *See* FAC ¶ 848.  Because Judge

1    Chen's May 30, 2014 Order did not find that Ford's limited remedies were not warranties under

2    the U.C.C., this Count is no longer operative and Ford need not respond.  To the extent an answer

3    is required, Ford reasserts its answers to Paragraphs 1 through 845.

4         847.    Plaintiffs plead this Count only in the alternative "to the extent Ford's limited

5    remedies are deemed not to be warranties" under the U.C.C.  *See* FAC ¶ 848.  Because Judge

6    Chen's May 30, 2014 Order did not find that Ford's limited remedies were not warranties under

7    the U.C.C., this Count is no longer operative and Ford need not respond.  To the extent an answer

8    is required, Ford admits, based on information and belief, that Plaintiffs seek to bring this Count

9    on behalf of a putative New York Class.

10        848.    Plaintiffs plead this Count only in the alternative "to the extent Ford's limited

11   remedies are deemed not to be warranties" under the U.C.C.  *See* FAC ¶ 848.  Because Judge

12   Chen's May 30, 2014 Order did not find that Ford's limited remedies were not warranties under

13   the U.C.C., this Count is no longer operative and Ford need not respond.  To the extent an answer

14   is required, Ford denies each and every allegation contained in Paragraph 848.

15        849.    Plaintiffs plead this Count only in the alternative "to the extent Ford's limited

16   remedies are deemed not to be warranties" under the U.C.C.  *See* FAC ¶ 848.  Because Judge

17   Chen's May 30, 2014 Order did not find that Ford's limited remedies were not warranties under

18   the U.C.C., this Count is no longer operative and Ford need not respond.  To the extent an answer

19   is required, Ford denies each and every allegation contained in Paragraph 849.

20        850.    Plaintiffs plead this Count only in the alternative "to the extent Ford's limited

21   remedies are deemed not to be warranties" under the U.C.C.  *See* FAC ¶ 848.  Because Judge

22   Chen's May 30, 2014 Order did not find that Ford's limited remedies were not warranties under

23   the U.C.C., this Count is no longer operative and Ford need not respond.  To the extent an answer

24   is required, Ford denies each and every allegation contained in Paragraph 850.

25                                **COUNT VI**
                         **FRAUDULENT CONCEALMENT**
26                          **(BASED ON NEW YORK LAW)**

27        851.    Ford reasserts its answers to Paragraphs 1 through 850.

28        852.    Ford admits, based on information and belief, that Plaintiffs seek to bring this

1    Count on behalf of a putative New York Class.

2        853.    Ford denies each and every allegation contained in Paragraph 853.

3        854.    Ford denies each and every allegation contained in Paragraph 854.

4        855.    Ford denies each and every allegation contained in Paragraph 855.

5        856.    Ford denies each and every allegation contained in Paragraph 856.

6        857.    Ford denies each and every allegation contained in Paragraph 857.

7        858.    Ford denies each and every allegation contained in Paragraph 858.

8        859.    Ford denies each and every allegation contained in Paragraph 859.

9        860.    Ford denies each and every allegation contained in Paragraph 860.

10       861.    Ford denies each and every allegation contained in Paragraph 861.

11       862.    Ford denies each and every allegation contained in Paragraph 862.

12   **L.    Claims Brought on Behalf of the North Carolina Class**

13                          **COUNT I**
14       **VIOLATIONS OF THE NORTH CAROLINA UNFAIR
     AND DECEPTIVE TRADE PRACTICES ACT**
15            **(N.C. GEN. STAT. §§ 75-1.1, *ET SEQ.*)**

16       863.    Ford reasserts its answers to Paragraphs 1 through 862.

17       864.    Ford admits, based on information and belief, that Plaintiffs seek to bring this

18   Count on behalf of a putative North Carolina Class.

19       865.    Ford admits the allegations contained in Paragraph 865.

20       866.    Ford denies each and every allegation contained in Paragraph 866.

21       867.    Ford denies each and every allegation contained in Paragraph 867.

22       868.    Ford denies each and every allegation contained in Paragraph 868.

23       869.    Ford denies each and every allegation contained in Paragraph 869.

24       870.    Ford denies each and every allegation contained in Paragraph 870.

25       871.    Ford denies each and every allegation contained in Paragraph 871, except Ford

26   admits, based on information and belief, that Paragraph 871 describes the relief requested by

27   Plaintiffs.  Ford denies that they are entitled to such relief.

28

## COUNT II
## BREACH OF EXPRESS WARRANTY
### (N.C. GEN. STAT. § 25-2-313)

872.    Ford reasserts its answers to Paragraphs 1 through 871.

873.    Ford admits, based on information and belief, that Plaintiffs seek to bring this Count on behalf of a putative North Carolina Class.

874.    Ford admits that it is a merchant with respect to motor vehicles within the meaning of N.C. Gen. Stat. § 25-2-104(1).

875.    Ford denies each and every allegation contained in Paragraph 875, except Ford admits that Paragraph 875 accurately quotes a portion of its New Vehicle Limited Warranty.

876.    Ford denies each and every allegation contained in Paragraph 876.

877.    Ford denies each and every allegation contained in Paragraph 877.

878.    Ford denies each and every allegation contained in Paragraph 878.

879.    Ford denies each and every allegation contained in Paragraph 879.

880.    Ford denies each and every allegation contained in Paragraph 880.

881.    Ford denies each and every allegation contained in Paragraph 881.

882.    Ford denies each and every allegation contained in Paragraph 882.

883.    Ford denies each and every allegation contained in Paragraph 883.

884.    Ford denies each and every allegation contained in Paragraph 884.

885.    Ford admits, based on information and belief, that Paragraph 885 identifies additional and/or alternative remedies asserted by Plaintiffs.  Ford denies that they are entitled to such remedies.

886.    Ford denies each and every allegation contained in Paragraph 886.

887.    Ford denies each and every allegation contained in Paragraph 887.

## COUNT III
## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY
### (N.C. GEN. STAT. § 25-2-314)

888.    Ford reasserts its answers to Paragraphs 1 through 887.

889.    Ford admits, based on information and belief, that Plaintiffs seek to bring this Count on behalf of a putative North Carolina Class.

890.     Ford admits that it is a merchant with respect to motor vehicles within the meaning of N.C. Gen. Stat. § 25-2-104(1).

891.     Ford denies each and every allegation contained in Paragraph 891.

892.     Ford denies each and every allegation contained in Paragraph 892.

893.     Ford denies each and every allegation contained in Paragraph 893.

894.     Ford denies each and every allegation contained in Paragraph 894.

**COUNT IV**
**BREACH OF CONTRACT/COMMON LAW WARRANTY**
**(BASED ON NORTH CAROLINA LAW)**

895.     Plaintiffs plead this Count only in the alternative "to the extent Ford's limited remedies are deemed not to be warranties" under the U.C.C.  *See* FAC ¶ 897.  Because Judge Chen's May 30, 2014 Order did not find that Ford's limited remedies were not warranties under the U.C.C., this Count is no longer operative and Ford need not respond.  To the extent an answer is required, Ford reasserts its answers to Paragraphs 1 through 894.

896.     Plaintiffs plead this Count only in the alternative "to the extent Ford's limited remedies are deemed not to be warranties" under the U.C.C.  *See* FAC ¶ 897.  Because Judge Chen's May 30, 2014 Order did not find that Ford's limited remedies were not warranties under the U.C.C., this Count is no longer operative and Ford need not respond.  To the extent an answer is required, Ford admits, based on information and belief, that Plaintiffs seek to bring this Count on behalf of a putative North Carolina Class.

897.     Plaintiffs plead this Count only in the alternative "to the extent Ford's limited remedies are deemed not to be warranties" under the U.C.C.  *See* FAC ¶ 897.  Because Judge Chen's May 30, 2014 Order did not find that Ford's limited remedies were not warranties under the U.C.C., this Count is no longer operative and Ford need not respond.  To the extent an answer is required, Ford denies each and every allegation contained in Paragraph 897.

898.     Plaintiffs plead this Count only in the alternative "to the extent Ford's limited remedies are deemed not to be warranties" under the U.C.C.  *See* FAC ¶ 897.  Because Judge Chen's May 30, 2014 Order did not find that Ford's limited remedies were not warranties under the U.C.C., this Count is no longer operative and Ford need not respond.  To the extent an answer

1   is required, Ford denies each and every allegation contained in Paragraph 898.

2        899.   Plaintiffs plead this Count only in the alternative "to the extent Ford's limited

3   remedies are deemed not to be warranties" under the U.C.C.  *See* FAC ¶ 897.  Because Judge

4   Chen's May 30, 2014 Order did not find that Ford's limited remedies were not warranties under

5   the U.C.C., this Count is no longer operative and Ford need not respond.  To the extent an answer

6   is required, Ford denies each and every allegation contained in Paragraph 899.

7                              **COUNT V**
                    **FRAUDULENT CONCEALMENT**
8                  **(BASED ON NORTH CAROLINA LAW)**

9        900.   Ford reasserts its answers to Paragraphs 1 through 899.

10       901.   Ford admits, based on information and belief, that Plaintiffs seek to bring this

11  Count on behalf of a putative North Carolina Class.

12       902.   Ford denies each and every allegation contained in Paragraph 902.

13       903.   Ford denies each and every allegation contained in Paragraph 903.

14       904.   Ford denies each and every allegation contained in Paragraph 904.

15       905.   Ford denies each and every allegation contained in Paragraph 905.

16       906.   Ford denies each and every allegation contained in Paragraph 906.

17       907.   Ford denies each and every allegation contained in Paragraph 907.

18       908.   Ford denies each and every allegation contained in Paragraph 908.

19       909.   Ford denies each and every allegation contained in Paragraph 909.

20       910.   Ford denies each and every allegation contained in Paragraph 910.

21       911.   Ford denies each and every allegation contained in Paragraph 911.

22  **M.    Claims Brought on Behalf of the Ohio Class**

23                              **COUNT I**
            **VIOLATIONS OF THE CONSUMER SALES PRACTICES ACT**
24               **(OHIO REV. CODE § 1345.01, *ET SEQ.*)**

25       912.   Ford reasserts its answers to Paragraphs 1 through 911.

26       913.   Ford admits, based on information and belief, that Plaintiffs seek to bring this

27  Count on behalf of a putative Ohio Class.

28       914.   Ford denies each and every allegation contained in Paragraph 914.

1   915.   Ford denies each and every allegation contained in Paragraph 915.

2   916.   Ford denies each and every allegation contained in Paragraph 916.

3   917.   Ford denies each and every allegation contained in Paragraph 917.

4   918.   Ford denies each and every allegation contained in Paragraph 918, including its

5   subparts.

6   919.   Ford denies each and every allegation contained in Paragraph 919.

7   920.   Ford denies each and every allegation contained in Paragraph 920.

8   921.   Ford denies each and every allegation contained in Paragraph 921.

9   922.   Ford denies each and every allegation contained in Paragraph 922.

10   923.   Ford denies each and every allegation contained in Paragraph 923, except Ford

11   admits, based on information and belief, that Paragraph 923 describes the relief requested by

12   Plaintiffs.  Ford denies that they are entitled to such relief..

13
14
**COUNT II**
**BREACH OF EXPRESS WARRANTY**
**(OHIO REV. CODE § 1302.26)**

15   924.   Ford avers that the allegations contained in Paragraph 924 were dismissed by

16   Judge Chen's May 30, 2014 Order, and as such require no response.

17   925.   Ford avers that the allegations contained in Paragraph 925 were dismissed by

18   Judge Chen's May 30, 2014 Order, and as such require no response.

19   926.   Ford avers that the allegations contained in Paragraph 926 were dismissed by

20   Judge Chen's May 30, 2014 Order, and as such require no response.

21   927.   Ford avers that the allegations contained in Paragraph 927 were dismissed by

22   Judge Chen's May 30, 2014 Order, and as such require no response.

23   928.   Ford avers that the allegations contained in Paragraph 928 were dismissed by

24   Judge Chen's May 30, 2014 Order, and as such require no response.

25   929.   Ford avers that the allegations contained in Paragraph 929 were dismissed by

26   Judge Chen's May 30, 2014 Order, and as such require no response.

27   930.   Ford avers that the allegations contained in Paragraph 930 were dismissed by

28   Judge Chen's May 30, 2014 Order, and as such require no response.

1      931.    Ford avers that the allegations contained in Paragraph 931 were dismissed by

2  Judge Chen's May 30, 2014 Order, and as such require no response.

3      932.    Ford avers that the allegations contained in Paragraph 932 were dismissed by

4  Judge Chen's May 30, 2014 Order, and as such require no response.

5      933.    Ford avers that the allegations contained in Paragraph 933 were dismissed by

6  Judge Chen's May 30, 2014 Order, and as such require no response.

7      934.    Ford avers that the allegations contained in Paragraph 934 were dismissed by

8  Judge Chen's May 30, 2014 Order, and as such require no response.

9      935.    Ford avers that the allegations contained in Paragraph 935 were dismissed by

10  Judge Chen's May 30, 2014 Order, and as such require no response.

11      936.    Ford avers that the allegations contained in Paragraph 936 were dismissed by

12  Judge Chen's May 30, 2014 Order, and as such require no response.

13      937.    Ford avers that the allegations contained in Paragraph 937 were dismissed by

14  Judge Chen's May 30, 2014 Order, and as such require no response.

15      938.    Ford avers that the allegations contained in Paragraph 938 were dismissed by

16  Judge Chen's May 30, 2014 Order, and as such require no response.

17      939.    Ford avers that the allegations contained in Paragraph 939 were dismissed by

18  Judge Chen's May 30, 2014 Order, and as such require no response.

19
20

**COUNT III**
**BREACH OF IMPLIED WARRANTY IN TORT**
**(BASED ON OHIO LAW)**

21      940.    Ford reasserts its answers to Paragraphs 1 through 939.

22      941.    Ford admits, based on information and belief, that Plaintiffs seek to bring this

23  Count on behalf of a putative Ohio Class.

24      942.    Ford denies each and every allegation contained in Paragraph 942.

25      943.    Ford denies each and every allegation contained in Paragraph 943.

26      944.    Ford denies each and every allegation contained in Paragraph 944.

27      945.    Ford denies each and every allegation contained in Paragraph 945.

28

1

**COUNT IV**
**NEGLIGENCE**
**(BASED ON OHIO LAW)**

2

3      946.   Ford denies each and every allegation contained in Paragraph 946.

4      947.   Ford denies each and every allegation contained in Paragraph 947.

5      948.   Ford denies each and every allegation contained in Paragraph 948.

6

**COUNT V**
**BREACH OF CONTRACT**
**(BASED ON OHIO LAW)**

7

8      949.   Plaintiffs plead this Count only in the alternative "to the extent Ford's limited

9   remedies are deemed not to be warranties" under Ohio law.  *See* FAC ¶ 951.  Because Judge

10  Chen's May 30, 2014 Order did not find that Ford's limited remedies were not warranties under

11  Ohio Law, this Count is no longer operative and Ford need not respond.  To the extent an answer

12  is required, Ford reasserts its answers to Paragraphs 1 through 948.

13      950.   Plaintiffs plead this Count only in the alternative "to the extent Ford's limited

14  remedies are deemed not to be warranties" under Ohio law.  *See* FAC ¶ 951.  Because Judge

15  Chen's May 30, 2014 Order did not find that Ford's limited remedies were not warranties under

16  Ohio law, this Count is no longer operative and Ford need not respond.  To the extent an answer

17  is required, Ford admits, based on information and belief, that Plaintiffs seek to bring this Count

18  on behalf of a putative Ohio Class.

19      951.   Plaintiffs plead this Count only in the alternative "to the extent Ford's limited

20  remedies are deemed not to be warranties" under Ohio law.  *See* FAC ¶ 951.  Because Judge

21  Chen's May 30, 2014 Order did not find that Ford's limited remedies were not warranties under

22  Ohio law, this Count is no longer operative and Ford need not respond.  To the extent an answer

23  is required, Ford denies each and every allegation contained in Paragraph 951.

24      952.   Plaintiffs plead this Count only in the alternative "to the extent Ford's limited

25  remedies are deemed not to be warranties" under Ohio law.  *See* FAC ¶ 951.  Because Judge

26  Chen's May 30, 2014 Order did not find that Ford's limited remedies were not warranties under

27  Ohio law, this Count is no longer operative and Ford need not respond.  To the extent an answer

28  is required, Ford denies each and every allegation contained in Paragraph 952.

ANSWER TO FIRST AMENDED COMPLAINT
CV 13-3072-EMC

1

**COUNT VI**
**FRAUDULENT CONCEALMENT**
**(BASED ON OHIO LAW)**

2

3          953.   Ford reasserts its answers to Paragraphs 1 through 952.

4          954.   Ford admits, based on information and belief, that Plaintiffs seek to bring this

5    Count on behalf of a putative Ohio Class.

6          955.   Ford denies each and every allegation contained in Paragraph 955.

7          956.   Ford denies each and every allegation contained in Paragraph 956.

8          957.   Ford denies each and every allegation contained in Paragraph 957.

9          958.   Ford denies each and every allegation contained in Paragraph 958.

10         959.   Ford denies each and every allegation contained in Paragraph 959.

11         960.   Ford denies each and every allegation contained in Paragraph 960.

12         961.   Ford denies each and every allegation contained in Paragraph 961.

13         962.   Ford denies each and every allegation contained in Paragraph 962.

14         963.   Ford denies each and every allegation contained in Paragraph 963.

15         964.   Ford denies each and every allegation contained in Paragraph 964.

16   **N.**    **Claims Brought on Behalf of the Pennsylvania Class**

17

**COUNT I**
**VIOLATIONS OF THE UNFAIR TRADE PRACTICES AND CONSUMER**
**PROTECTION LAW (PA. STAT. ANN. § 201-1, *ET SEQ.*)**

18

19         965.   Ford reasserts its answers to Paragraphs 1 through 964.

20         966.   Ford admits, based on information and belief, that Plaintiffs seek to bring this

21   Count on behalf of a putative Pennsylvania Class.

22         967.   Ford denies each and every allegation contained in Paragraph 967.

23         968.   Ford denies each and every allegation contained in Paragraph 968.

24         969.   Ford denies each and every allegation contained in Paragraph 969.

25         970.   Ford denies each and every allegation contained in Paragraph 970, including its

26   subparts.

27         971.   Ford denies each and every allegation contained in Paragraph 971.

28         972.   Ford denies each and every allegation contained in Paragraph 972.

1      973.    Ford denies each and every allegation contained in Paragraph 973.

2      974.    Ford denies each and every allegation contained in Paragraph 974, except Ford

3   admits, based on information and belief, that Paragraph 974 describes the relief requested by

4   Plaintiffs.  Ford denies that they are entitled to such relief..

5                                    **COUNT II**
                           **BREACH OF EXPRESS WARRANTY**
6                            **(13 PA. STAT. ANN. § 2313)**

7      975.    Ford reasserts its answers to Paragraphs 1 through 974.

8      976.    Ford admits, based on information and belief, that Plaintiffs seek to bring this

9   Count on behalf of a putative Pennsylvania Class.

10     977.    Ford admits that it is a merchant with respect to motor vehicles within the meaning

11  of 13 Pa. Cons. Stat. Ann. § 2104.

12     978.    Ford denies each and every allegation contained in Paragraph 978, except Ford

13  admits that Paragraph 978 accurately quotes a portion of its New Vehicle Limited Warranty.

14     979.    Ford denies each and every allegation contained in Paragraph 979.

15     980.    Ford denies each and every allegation contained in Paragraph 980.

16     981.    Ford denies each and every allegation contained in Paragraph 981.

17     982.    Ford denies each and every allegation contained in Paragraph 982.

18     983.    Ford denies each and every allegation contained in Paragraph 983.

19     984.    Ford denies each and every allegation contained in Paragraph 984.

20     985.    Ford denies each and every allegation contained in Paragraph 985.

21     986.    Ford denies each and every allegation contained in Paragraph 986.

22     987.    Ford denies each and every allegation contained in Paragraph 987.

23     988.    Ford admits, based on information and belief, that Paragraph 988 identifies

24  additional and/or alternative remedies asserted by Plaintiffs.  Ford denies that they are entitled to

25  such remedies.

26     989.    Ford denies each and every allegation contained in Paragraph 989.

27     990.    Ford denies each and every allegation contained in Paragraph 990.

28

ANSWER TO FIRST AMENDED COMPLAINT
CV 13-3072-EMC

1

**COUNT III**
**BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY**
**(13 PA. STAT. ANN. § 2314)**

2

3        991.    Ford reasserts its answers to Paragraphs 1 through 990.

4        992.    Ford admits, based on information and belief, that Plaintiffs seek to bring this

5    Count on behalf of a putative Pennsylvania Class.

6        993.    Ford admits that it is a merchant with respect to motor vehicles within the meaning

7    of 13 Pa. Cons. Stat. Ann. § 2104.

8        994.    Ford denies each and every allegation contained in Paragraph 994.

9        995.    Ford denies each and every allegation contained in Paragraph 995.

10       996.    Ford denies each and every allegation contained in Paragraph 996.

11

**COUNT IV**
**BREACH OF CONTRACT/COMMON LAW WARRANTY**
**(BASED ON PENNSYLVANIA LAW)**

12

13       997.    Plaintiffs plead this Count only in the alternative "to the extent Ford's limited

14   remedies are deemed not to be warranties" under the U.C.C.  *See* FAC ¶ 999.  Because Judge

15   Chen's May 30, 2014 Order did not find that Ford's limited remedies were not warranties under

16   the U.C.C., this Count is no longer operative and Ford need not respond.  To the extent an answer

17   is required, Ford reasserts its answers to Paragraphs 1 through 996.

18       998.    Plaintiffs plead this Count only in the alternative "to the extent Ford's limited

19   remedies are deemed not to be warranties" under the U.C.C.  *See* FAC ¶ 999.  Because Judge

20   Chen's May 30, 2014 Order did not find that Ford's limited remedies were not warranties under

21   the U.C.C., this Count is no longer operative and Ford need not respond.  To the extent an answer

22   is required, Ford admits, based on information and belief, that Plaintiffs seek to bring this Count

23   on behalf of a putative Pennsylvania Class.

24       999.    Plaintiffs plead this Count only in the alternative "to the extent Ford's limited

25   remedies are deemed not to be warranties" under the U.C.C.  *See* FAC ¶ 999.  Because Judge

26   Chen's May 30, 2014 Order did not find that Ford's limited remedies were not warranties under

27   the U.C.C., this Count is no longer operative and Ford need not respond.  To the extent an answer

28   is required, Ford denies each and every allegation contained in Paragraph 999.

ANSWER TO FIRST AMENDED COMPLAINT
CV 13-3072-EMC

1     1000.   Plaintiffs plead this Count only in the alternative "to the extent Ford's limited

2    remedies are deemed not to be warranties" under the U.C.C.  *See* FAC ¶ 999.  Because Judge

3    Chen's May 30, 2014 Order did not find that Ford's limited remedies were not warranties under

4    the U.C.C., this Count is no longer operative and Ford need not respond.  To the extent an answer

5    is required, Ford denies each and every allegation contained in Paragraph 1000.

6                                   **COUNT V**
                                **FRAUDULENT CONCEALMENT**
7                          **(BASED ON PENNSYLVANIA LAW)**

8     1001.   Ford reasserts its answers to Paragraphs 1 through 1000.

9     1002.   Ford admits, based on information and belief, that Plaintiffs seek to bring this

10   Count on behalf of a putative Pennsylvania Class.

11    1003.   Ford denies each and every allegation contained in Paragraph 1003.

12    1004.   Ford denies each and every allegation contained in Paragraph 1004.

13    1005.   Ford denies each and every allegation contained in Paragraph 1005.

14    1006.   Ford denies each and every allegation contained in Paragraph 1006.

15    1007.   Ford denies each and every allegation contained in Paragraph 1007.

16    1008.   Ford denies each and every allegation contained in Paragraph 1008.

17    1009.   Ford denies each and every allegation contained in Paragraph 1009.

18    1010.   Ford denies each and every allegation contained in Paragraph 1010.

19    1011.   Ford denies each and every allegation contained in Paragraph 1011.

20    1012.   Ford denies each and every allegation contained in Paragraph 1012.

21   **O.      Claims Brought on Behalf of the Texas Class**

22                                   **COUNT I**
                       **VIOLATIONS OF THE DECEPTIVE TRADE PRACTICES ACT**
23                       **(TEX. BUS. & COM. CODE § 17.41, *ET SEQ.*)**

24    1013.   Ford reasserts its answers to Paragraphs 1 through 1012.

25    1014.   Ford admits, based on information and belief, that Plaintiffs seek to bring this

26   Count on behalf of a putative Texas Class.

27    1015.   Ford admits that Ford and Plaintiffs are each a "person" as defined in Tex. Bus. &

28   Com. Code § 17.45(3).  Ford further admits that the Class Vehicles are "goods" as defined in Tex.

ANSWER TO FIRST AMENDED COMPLAINT
CV 13-3072-EMC

1   Bus. & Com. Code § 17.45(1).   Ford further admits that it has engaged in "trade" and

2   "commerce" as defined in Tex. Bus. & Com. Code § 17.45(6).   Ford is without information

3   sufficient to form a belief as to the truth of the allegation that Plaintiffs and the other putative

4   Texas Class members are "consumers" as defined in Tex. Bus. & Com. Code § 17.45(4), and on

5   that basis denies those allegations.   Ford denies each and every other allegation contained in

6   Paragraph 1015.

7        1016.   Ford denies each and every allegation contained in Paragraph 1016.

8        1017.   Ford denies each and every allegation contained in Paragraph 1017.

9        1018.   Ford denies each and every allegation contained in Paragraph 1018.

10        1019.   Ford denies each and every allegation contained in Paragraph 1019.

11        1020.   Ford denies each and every allegation contained in Paragraph 1020, including its

12   subparts.

13        1021.   Ford denies each and every allegation contained in Paragraph 1021.

14        1022.   Ford denies each and every allegation contained in Paragraph 1022.

15        1023.   Ford denies each and every allegation contained in Paragraph 1023.

16        1024.   Ford denies each and every allegation contained in Paragraph 1024.

17        1025.   Ford is without information sufficient to form a belief as to the truth of the

18   allegation that Plaintiffs will send a copy of the FAC to the Texas Consumer Protection Division,

19   and on that basis denies those allegations.   Ford denies each and every other allegation contained

20   in Paragraph 1025.

21        1026.   Ford denies each and every allegation contained in Paragraph 1026.

22        1027.   Ford denies each and every allegation contained in Paragraph 1027.

23
                            **COUNT II**
                **BREACH OF EXPRESS WARRANTY**
24                **(TEX. BUS. & COM. CODE § 2.313)**

25        1028.   Ford avers that the allegations contained in Paragraph 1028 were dismissed by

26   Judge Chen's May 30, 2014 Order, and as such require no response.

27        1029.   Ford avers that the allegations contained in Paragraph 1029 were dismissed by

28   Judge Chen's May 30, 2014 Order, and as such require no response.

1       1030.   Ford avers that the allegations contained in Paragraph 1030 were dismissed by

2   Judge Chen's May 30, 2014 Order, and as such require no response.

3       1031.   Ford avers that the allegations contained in Paragraph 1031 were dismissed by

4   Judge Chen's May 30, 2014 Order, and as such require no response.

5       1032.   Ford avers that the allegations contained in Paragraph 1032 were dismissed by

6   Judge Chen's May 30, 2014 Order, and as such require no response.

7       1033.   Ford avers that the allegations contained in Paragraph 1033 were dismissed by

8   Judge Chen's May 30, 2014 Order, and as such require no response.

9       1034.   Ford avers that the allegations contained in Paragraph 1034 were dismissed by

10   Judge Chen's May 30, 2014 Order, and as such require no response.

11       1035.   Ford avers that the allegations contained in Paragraph 1035 were dismissed by

12   Judge Chen's May 30, 2014 Order, and as such require no response.

13       1036.   Ford avers that the allegations contained in Paragraph 1036 were dismissed by

14   Judge Chen's May 30, 2014 Order, and as such require no response.

15       1037.   Ford avers that the allegations contained in Paragraph 1037 were dismissed by

16   Judge Chen's May 30, 2014 Order, and as such require no response.

17       1038.   Ford avers that the allegations contained in Paragraph 1038 were dismissed by

18   Judge Chen's May 30, 2014 Order, and as such require no response.

19       1039.   Ford avers that the allegations contained in Paragraph 1039 were dismissed by

20   Judge Chen's May 30, 2014 Order, and as such require no response.

21       1040.   Ford avers that the allegations contained in Paragraph 1040 were dismissed by

22   Judge Chen's May 30, 2014 Order, and as such require no response.

23       1041.   Ford avers that the allegations contained in Paragraph 1041 were dismissed by

24   Judge Chen's May 30, 2014 Order, and as such require no response.

25       1042.   Ford avers that the allegations contained in Paragraph 1042 were dismissed by

26   Judge Chen's May 30, 2014 Order, and as such require no response.

27       1043.   Ford avers that the allegations contained in Paragraph 1043 were dismissed by

28   Judge Chen's May 30, 2014 Order, and as such require no response.

**COUNT III**
**BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY**
**(TEX. BUS. & COM. CODE § 2.314)**

1044.  Ford avers that the allegations contained in Paragraph 1044 were dismissed by Judge Chen's May 30, 2014 Order, and as such require no response.

1045.  Ford avers that the allegations contained in Paragraph 1045 were dismissed by Judge Chen's May 30, 2014 Order, and as such require no response.

1046.  Ford avers that the allegations contained in Paragraph 1046 were dismissed by Judge Chen's May 30, 2014 Order, and as such require no response.

1047.  Ford avers that the allegations contained in Paragraph 1047 were dismissed by Judge Chen's May 30, 2014 Order, and as such require no response.

1048.  Ford avers that the allegations contained in Paragraph 1048 were dismissed by Judge Chen's May 30, 2014 Order, and as such require no response.

1049.  Ford avers that the allegations contained in Paragraph 1049 were dismissed by Judge Chen's May 30, 2014 Order, and as such require no response.

**COUNT IV**
**BREACH OF CONTRACT/COMMON LAW WARRANTY**
**(BASED ON TEXAS LAW)**

1050.  Plaintiffs plead this Count only in the alternative "to the extent Ford's limited remedies are deemed not to be warranties" under the U.C.C.  *See* FAC ¶ 1052.  Because Judge Chen's May 30, 2014 Order did not find that Ford's limited remedies were not warranties under the U.C.C., this Count is no longer operative and Ford need not respond.  To the extent an answer is required, Ford reasserts its answers to Paragraphs 1 through 1049.

1051.  Plaintiffs plead this Count only in the alternative "to the extent Ford's limited remedies are deemed not to be warranties" under the U.C.C.  *See* FAC ¶ 1052.  Because Judge Chen's May 30, 2014 Order did not find that Ford's limited remedies were not warranties under the U.C.C., this Count is no longer operative and Ford need not respond.  To the extent an answer is required, Ford admits, based on information and belief, that Plaintiffs seek to bring this Count on behalf of a putative Texas Class.

1052.  Plaintiffs plead this Count only in the alternative "to the extent Ford's limited

ANSWER TO FIRST AMENDED COMPLAINT
CV 13-3072-EMC

1   remedies are deemed not to be warranties" under the U.C.C. *See* FAC ¶ 1052. Because Judge

2   Chen's May 30, 2014 Order did not find that Ford's limited remedies were not warranties under

3   the U.C.C., this Count is no longer operative and Ford need not respond. To the extent an answer

4   is required, Ford denies each and every allegation contained in Paragraph 1052.

5      1053. Plaintiffs plead this Count only in the alternative "to the extent Ford's limited

6   remedies are deemed not to be warranties" under the U.C.C. *See* FAC ¶ 1052. Because Judge

7   Chen's May 30, 2014 Order did not find that Ford's limited remedies were not warranties under

8   the U.C.C., this Count is no longer operative and Ford need not respond. To the extent an answer

9   is required, Ford denies each and every allegation contained in Paragraph 1053.

10
11
**COUNT V**
**FRAUD BY CONCEALMENT**
**(BASED ON TEXAS LAW)**

12     1054. Ford reasserts its answers to Paragraphs 1 through 1053.

13     1055. Ford admits, based on information and belief, that Plaintiffs seek to bring this

14  Count on behalf of a putative Texas Class.

15     1056. Ford denies each and every allegation contained in Paragraph 1056.

16     1057. Ford denies each and every allegation contained in Paragraph 1057.

17     1058. Ford denies each and every allegation contained in Paragraph 1058.

18     1059. Ford denies each and every allegation contained in Paragraph 1059.

19     1060. Ford denies each and every allegation contained in Paragraph 1060.

20     1061. Ford denies each and every allegation contained in Paragraph 1061.

21     1062. Ford denies each and every allegation contained in Paragraph 1062.

22     1063. Ford denies each and every allegation contained in Paragraph 1063.

23  **P.     Claims Brought on Behalf of the Virginia Class**

24
25
**COUNT I**
**VIOLATIONS OF THE VIRGINIA CONSUMER PROTECTION ACT**
**(VA. CODE ANN. §§ 59.1-196, *ET SEQ.*)**

26     1064. Ford reasserts its answers to Paragraphs 1 through 1063.

27     1065. Ford admits, based on information and belief, that Plaintiffs seek to bring this

28  Count on behalf of a putative Virginia Class.

1    1066.  Ford denies each and every allegation contained in Paragraph 1066.

2    1067.  Ford denies each and every allegation contained in Paragraph 1067.

3    1068.  Ford denies each and every allegation contained in Paragraph 1068.

4    1069.  Ford denies each and every allegation contained in Paragraph 1069.

5    1070.  Ford denies each and every allegation contained in Paragraph 1070.

6    1071.  Ford denies each and every allegation contained in Paragraph 1071.

7    1072.  Ford denies each and every allegation contained in Paragraph 1072.

8                              **COUNT II**
                 **BREACH OF EXPRESS WARRANTY**
9                     **(VA. CODE ANN. § 8.2-313)**

10   1073.  Ford reasserts its answers to Paragraphs 1 through 1072.

11   1074.  Ford admits, based on information and belief, that Plaintiffs seek to bring this

12   Count on behalf of a putative Virginia Class.

13   1075.  Ford admits that it is a merchant with respect to motor vehicles within the meaning

14   of Va. Code Ann. § 8.2-104(1).

15   1076.  Ford denies each and every allegation contained in Paragraph 1076, except Ford

16   admits that Paragraph 1076 accurately quotes a portion of its New Vehicle Limited Warranty.

17   1077.  Ford denies each and every allegation contained in Paragraph 1077.

18   1078.  Ford denies each and every allegation contained in Paragraph 1078.

19   1079.  Ford denies each and every allegation contained in Paragraph 1079.

20   1080.  Ford denies each and every allegation contained in Paragraph 1080.

21   1081.  Ford denies each and every allegation contained in Paragraph 1081.

22   1082.  Ford denies each and every allegation contained in Paragraph 1082.

23   1083.  Ford denies each and every allegation contained in Paragraph 1083.

24   1084.  Ford denies each and every allegation contained in Paragraph 1084.

25   1085.  Ford denies each and every allegation contained in Paragraph 1085.

26   1086.  Ford admits, based on information and belief, that Paragraph 1086 identifies

27   additional and/or alternative remedies asserted by Plaintiffs.  Ford denies that they are entitled to

28   such remedies.

1087.   Ford denies each and every allegation contained in Paragraph 1087.

1088.   Ford denies each and every allegation contained in Paragraph 1088.

**COUNT III**
**BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY**
**(VA. CODE ANN. § 8.2-314)**

1089.   Ford reasserts its answers to Paragraphs 1 through 1088.

1090.   Ford admits, based on information and belief, that Plaintiffs seek to bring this Count on behalf of a putative Virginia Class.

1091.   Ford admits that it is a merchant with respect to motor vehicles within the meaning of Va. Code Ann. § 8.2-104(1).

1092.   Ford denies each and every allegation contained in Paragraph 1092.

1093.   Ford denies each and every allegation contained in Paragraph 1093.

1094.   Ford denies each and every allegation contained in Paragraph 1094.

1095.   Ford denies each and every allegation contained in Paragraph 1095.

**COUNT IV**
**BREACH OF CONTRACT/COMMON LAW WARRANTY**
**(BASED ON VIRGINIA LAW)**

1096.   Plaintiffs plead this Count only in the alternative "to the extent Ford's limited remedies are deemed not to be warranties" under the U.C.C.  *See* FAC ¶ 1098.  Because Judge Chen's May 30, 2014 Order did not find that Ford's limited remedies were not warranties under the U.C.C., this Count is no longer operative and Ford need not respond.  To the extent an answer is required, Ford reasserts its answers to Paragraphs 1 through 1095.

1097.   Plaintiffs plead this Count only in the alternative "to the extent Ford's limited remedies are deemed not to be warranties" under the U.C.C.  *See* FAC ¶ 1098.  Because Judge Chen's May 30, 2014 Order did not find that Ford's limited remedies were not warranties under the U.C.C., this Count is no longer operative and Ford need not respond.  To the extent an answer is required, Ford admits, based on information and belief, that Plaintiffs seek to bring this Count on behalf of a putative Virginia Class.

1098.   Plaintiffs plead this Count only in the alternative "to the extent Ford's limited remedies are deemed not to be warranties" under the U.C.C.  *See* FAC ¶ 1098.  Because Judge

1   Chen's May 30, 2014 Order did not find that Ford's limited remedies were not warranties under

2   the U.C.C., this Count is no longer operative and Ford need not respond.  To the extent an answer

3   is required, Ford denies each and every allegation contained in Paragraph 1098.

4        1099.   Plaintiffs plead this Count only in the alternative "to the extent Ford's limited

5   remedies are deemed not to be warranties" under the U.C.C.  *See* FAC ¶ 1098.  Because Judge

6   Chen's May 30, 2014 Order did not find that Ford's limited remedies were not warranties under

7   the U.C.C., this Count is no longer operative and Ford need not respond.  To the extent an answer

8   is required, Ford denies each and every allegation contained in Paragraph 1099.

9        1100.   Plaintiffs plead this Count only in the alternative "to the extent Ford's limited

10  remedies are deemed not to be warranties" under the U.C.C.  *See* FAC ¶ 1098.  Because Judge

11  Chen's May 30, 2014 Order did not find that Ford's limited remedies were not warranties under

12  the U.C.C., this Count is no longer operative and Ford need not respond.  To the extent an answer

13  is required, Ford denies each and every allegation contained in Paragraph 1100.

14                                    **COUNT V**
                              **FRAUDULENT CONCEALMENT**
15                              **(BASED ON VIRGINIA LAW)**

16       1101.   Ford reasserts its answers to Paragraphs 1 through 1100.

17       1102.   Ford admits, based on information and belief, that Plaintiffs seek to bring this

18  Count on behalf of a putative Virginia Class.

19       1103.   Ford denies each and every allegation contained in Paragraph 1103.

20       1104.   Ford denies each and every allegation contained in Paragraph 1104.

21       1105.   Ford denies each and every allegation contained in Paragraph 1105.

22       1106.   Ford denies each and every allegation contained in Paragraph 1106.

23       1107.   Ford denies each and every allegation contained in Paragraph 1107.

24       1108.   Ford denies each and every allegation contained in Paragraph 1108.

25       1109.   Ford denies each and every allegation contained in Paragraph 1109.

26       1110.   Ford denies each and every allegation contained in Paragraph 1110.

27       1111.   Ford denies each and every allegation contained in Paragraph 1111.

28       1112.   Ford denies each and every allegation contained in Paragraph 1112.

ANSWER TO FIRST AMENDED COMPLAINT
                                                    CV 13-3072-EMC

1

### REQUEST FOR RELIEF

2          Ford admits, based on information and belief, that Page 197 of the First Amended Class

3   Action Complaint identifies the relief sought by Plaintiffs.  Ford denies that Plaintiffs or members

4   of the putative classes are entitled to any such relief.

5

### AFFIRMATIVE DEFENSES

6          Ford incorporates by reference into each of the affirmative defenses below, as if fully set

7   forth therein, its responses to the allegations contained in Paragraphs 1 through 1112, as set forth

8   above.  Ford, not being fully advised of all the circumstances surrounding the allegations set forth

9   in Plaintiffs' First Amended Class Action Complaint, states and reserves the affirmative defenses

10   that the claims of Plaintiffs are or may be barred, in whole or in part, for the bases set out below.

11   In asserting these affirmative defenses, Ford does not assume the burden of proof on any issue as

12   to which the burden properly falls on Plaintiffs.

13          1.          Plaintiffs' First Amended Class Action Complaint fails to state a claim against

14   Ford upon which relief can be granted.

15          2.          The claims of Plaintiffs and members of the putative classes, in whole or in part,

16   may not be adjudicated in this Court because venue is improper as to all Plaintiffs and putative

17   class members who did not purchase or lease their Class Vehicle in this District or did not do so

18   based on (allegedly wrongful) actions by Ford in this District.

19          3.          The claims of Plaintiffs and members of the putative classes are barred by the

20   terms of the applicable limited warranties sold with their vehicles.

21          4.          The warranty claims of Plaintiffs and members of the putative classes are barred

22   because the terms of the applicable limited warranties sold with their vehicles expressly

23   disclaimed all other warranties, including any implied warranties.

24          5.          The claims of Plaintiffs and members of the putative classes are, in whole or in

25   part, preempted by the National Traffic and Motor Vehicle Safety Act, 49 U.S.C. §§ 30118, *et*

26   *seq.*

27          6.          The claims of Plaintiffs and members of the putative classes are barred by a lack of

28   standing because they have no cognizable injury with respect to such claims.

ANSWER TO FIRST AMENDED COMPLAINT
CV 13-3072-EMC

7.      The claims of Plaintiffs and members of the putative classes are barred, in whole or in part, by the equitable doctrine of unclean hands and similar rules requiring Plaintiffs to do equity to obtain relief.

8.      The claims of Plaintiffs and members of the putative classes are barred, in whole or in part, by the equitable doctrines of waiver, acquiescence, laches, and/or estoppel, in that, including without limitation, Plaintiffs unreasonably delayed in bringing their claims.

9.      Certain claims of certain Plaintiffs and members of the putative classes, including, but not limited to, the fraudulent concealment claims brought by Plaintiffs Battle, Avedisian, and Connell; the Iowa Consumer Fraud Act claim brought by Plaintiff Mitchell; the claims under New York General Business Law § 349 and New York General Business Law § 350 brought by Plaintiff Purcell; the Texas Deceptive Trade Practices Act claim brought by Plaintiff Rodriguez; and the claim under the Virginia Consumer Protection Act brought by Plaintiff Connell,  are barred, in whole or in part, by the applicable statutes of limitations.

10.      The claims of Plaintiffs and members of the putative classes, including, but not limited to Plaintiff Makowski, who have previously resolved claims against Ford regarding the MyFord Touch system, are barred by the doctrines of *res judicata*, collateral estoppel, and/or other similar doctrines.

11.      The claims of Plaintiffs and members of the putative classes are barred, in whole or in part, by release as to those claims.

12.      The claims of Plaintiffs and members of the putative classes are barred, in whole or in part, because they failed to mitigate their damages and/or took unreasonable, unnecessary, and/or unduly expensive actions in purported mitigation, and Ford is not responsible therefor.

13.      The claims of Plaintiffs and members of the putative classes are barred to the extent that the business practices alleged were carried out for legitimate business reasons.

14.      The claims of Plaintiffs and members of the putative classes are barred, in whole or in part, by the Due Process Clauses of the Constitution of the United States and the constitutions of the various states under whose laws Plaintiffs bring their claims.

15.      The claims of Plaintiffs and members of the putative classes are barred, in whole

ANSWER TO FIRST AMENDED COMPLAINT
CV 13-3072-EMC

or in part, if they have failed to give timely and sufficient notice of breach or of other noncompliance, as is required by relevant statutes, customs, or legal principles.

16.     The claims of Plaintiffs and members of the putative classes may be barred, in whole or in part, from recovery due to the intervening negligence or intentional actions or non-actions of another party.

17.     The claims of Plaintiff and members of the putative classes may be barred to the extent that the vehicles' component parts are designed, assembled, and distributed by persons for whom Ford has no legal responsibility.

18.     The claims of Plaintiffs and members of the putative classes are barred, in whole or in part, if the alleged problems in their vehicles involved an intervening cause or were attributable, in whole or in part, to a cause other than the purported vehicle defects alleged by the First Amended Class Action Complaint.

19.     The claims of Plaintiffs and members of the putative classes are barred, in whole or in part, if they have made statements or taken actions which estop them from asserting their claims.

20.     The claims of Plaintiffs and members of the putative classes are barred, in whole or in part, on the ground that they are subject to the defense of accord and satisfaction.

21.     Certain claims of certain Plaintiffs and members of the putative classes, including, but not limited to, the Massachusetts Consumer Protection Act claim brought by Plaintiff Creed, are barred, in whole or in part, because they failed to comply with the pre-litigation notice and demand requirements of certain statutes under which they have asserted claims.

22.     Any recovery for the claim for violations of the Massachusetts Consumer Protection Act, Mass. Gen. Laws ch. 93A, brought by Plaintiff Creed and members of the putative classes is limited to the relief tendered by Ford in its written tender of settlement pursuant to Mass. Gen. Laws ch. 93A § 9(3).

23.     To the extent that Plaintiffs seek punitive damages, without qualification or limitation, this claim violates Ford's right to due process under the United States Constitution and constitutions of the various states under whose laws Plaintiffs bring their claims.

24.     Imposition of punitive damages against Ford in this case would violate the Commerce Clause, Article I, Section 8 of the United States Constitution, because an award of punitive damages would constitute an undue and unreasonable burden on interstate commerce.

25.     Imposition of punitive damages against Ford in this case would violate the Contracts Clause, Article I, Section 10 of the United States Constitution, because an award of punitive damages would impair the contractual obligations of any contracts involving the Plaintiffs or others claimed to be members of the purported class and Ford.

26.     Plaintiffs have failed to state a claim for injunction insofar as they seek to enjoin alleged events that have already transpired without the requisite showing of threatened future harm or continuing violation.

27.     Plaintiffs' claims may be subject to contractual provisions that require the claims asserted herein to be resolved through arbitration.

28.     The First Amended Class Action Complaint fails to describe the claims asserted against Ford with sufficient particularity to permit Ford to ascertain what other defenses may exist.  Ford therefore reserves the right to assert all defenses which may pertain to the First Amended Class Action Complaint once the precise nature of such claims has been ascertained.

WHEREFORE, Ford prays that the Court determine and adjudge:

a.     That this suit cannot be maintained as a class action;

b.     That Plaintiffs' First Amended Class Action Complaint be dismissed on the merits;

c.     That Plaintiffs take nothing by the First Amended Class Action Complaint;

d.     That Ford be awarded its costs, disbursements, and attorneys' fees and expenses incurred herein; and

e.     That Ford be awarded such other and further relief as the Court may deem proper.

ANSWER TO FIRST AMENDED COMPLAINT
CV 13-3072-EMC

Dated:  July 18, 2014                    O'MELVENY & MYERS LLP


                                         By:   /s/ Randall W. Edwards
                                               Randall W. Edwards

                                         Attorneys for Defendant Ford Motor Company

1

## **JURY DEMAND**

2

Ford demands trial by jury on all issues so triable.

3

Dated:  July 18, 2014                              O'MELVENY & MYERS LLP

4

5

By:   /s/ Randall W. Edwards_____

6
                                              Randall W. Edwards

7
Attorneys for Defendant Ford Motor Company

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ANSWER TO FIRST AMENDED COMPLAINT
CV 13-3072-EMC