# EXHIBIT B

Case3:13-cv-03072-EMC  Document107-2  Filed07/18/14  Page2 of 3



# O'MELVENY & MYERS LLP

| | 1625 Eye Street, NW | |
|---|---|---|
| BEIJING | Washington, D.C. 20006-4001 | NEW YORK |
| BRUSSELS | | SAN FRANCISCO |
| CENTURY CITY | TELEPHONE (202) 383-5300 | SEOUL |
| HONG KONG | FACSIMILE (202) 383-5414 | SHANGHAI |
| JAKARTA† | www.omm.com | SILICON VALLEY |
| LONDON | | SINGAPORE |
| LOS ANGELES | | TOKYO |
| NEWPORT BEACH | | |

July 26, 2013

WRITER'S DIRECT DIAL
(202) 220-5048

**VIA FEDERAL EXPRESS AND EMAIL**

WRITER'S E-MAIL ADDRESS
shammack@omm.com

Matthew D. Schelkopf
Chimicles & Tikellis LLP
361 West Lancaster Avenue
Haverford, PA  19041

Re:  *William Creed Demand Pursuant to Mass. Gen. Laws ch. 93A § 9*

Dear Mr. Schelkopf:

This letter responds to your June 28, 2013 letter regarding William Creed's contention that Ford Motor Company is in violation of Massachusetts General Laws, ch. 93A, § 9.

Although your letter appears to be intended as a pre-suit written demand for relief under Ch. 93A, § 9(3), it does not comply with the statutory requirements for such demands, which require, *inter alia*, that any written demand for relief "reasonably describ[e]" the injury suffered by the claimant. Interpreting that provision, the Supreme Judicial Court has held that it is "essential that the complainant define the injury suffered and the relief demanded in a manner that provides the prospective defendant with an opportunity to review the facts and the law involved to see if the requested relief should be granted or denied and enables him to make a reasonable tender of settlement." *Spring v. Geriatric Auth. of Holyoke*, 475 N.E.2d 727, 736 (1985) (internal quotations omitted).

Despite this requirement, your letter does not describe the injury suffered by Mr. Creed or the relief he demands with sufficient specificity to allow Ford to "review the facts and law involved to see if the requested relief should be granted or denied." Indeed, your letter does not identify *any* injury suffered by Mr. Creed. Instead, it makes vague allusions to "damages suffered or to be suffered." Nowhere does the letter indicate whether Mr. Creed already has suffered damages, and in what amount, or whether, alternatively, he expects to suffer damages in the future. Nor does your letter provide any information about Mr. Creed's experience with his vehicle that could allow Ford to assess whether the relief he requests should be granted. For example, the letter says nothing about the number of times (if any) his SYNC® with MyFord Touch® ("Sync System") has required a repair, what efforts he made to obtain a repair, whether any such repairs were successful, whether he incurred any out-of-pocket expenses for those

† In association with Tumbuan & Partners

O'MELVENY & MYERS LLP
July 26, 2013 - Page 2

repairs, and if so, the amount of those expenses. This information is especially important given that Mr. Creed's vehicle is covered by Ford's 5-year/unlimited mileage extended warranty for the Sync System, and as such it is not readily apparent how the alleged problems with the Sync System could have caused him to incur any out-of-pocket expenses.

Because your letter fails to reasonably describe the injury suffered by Mr. Creed, it "does not satisfy the jurisdictional prerequisite to suit under G.L. c. 93A, § 9." *Spring*, 475 N.E.2d at 736. Nonetheless, Ford is prepared to make a reasonable tender of settlement based on the limited information presented in your letter. Because your letter does not provide Ford with any basis to believe that Mr. Creed incurred any out-of-pocket expenses, and without further information about his experience with his vehicle, Ford does not believe it appropriate to offer a monetary payment. However, in light of Mr. Creed's demand for the "inspection and, as necessary, repair and/or replacement of the Vehicles, Sync System and/or component parts," Ford will agree to arrange for an Authorized Ford Dealer to inspect the Sync System (including its component parts) in Mr. Creed's 2011 Ford Explorer. To the extent the inspection reveals any malfunctions with Mr. Creed's Sync System, the dealer will attempt to remedy the malfunctions by repairing his Sync System as it deems necessary. If the dealer determines Mr. Creed's Sync System cannot be repaired, it will install a replacement Sync System in his vehicle. The repairs to and/or replacement of the Sync System will be performed at no cost to Mr. Creed unless the dealer determines that any malfunctions with Mr. Creed's Sync System were caused by improper use or abuse.

Please let me know within thirty days if this offer is acceptable.

Sincerely,

Scott Hammack