UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE<br><br>MYFORD TOUCH CONSUMER<br>LITIGATION<br>_____/ | No. C-13-3072 EMC<br><br>**ORDER RE PARTIES' JOINT LETTER OF SEPTEMBER 2, 2014**<br><br>**(Docket No. 111)** |

    On September 2, 2014, the parties filed a joint letter describing a discovery dispute regarding Plaintiffs' Requests for Production Nos. 82-84. (Docket No. 111). Those requests for production seek discovery of documents related to Ford's recently announced decision to work with BlackBerry Ltd. to redesign Ford's MyFord Touch (MFT) system to run on Blackberry's QNX operating system. The allegedly defective MFT system at issue in this litigation runs on an operating system designed by Microsoft Corporation.

    Ford objects to Plaintiffs' requests for production on the grounds that the information requested is irrelevant and commercially sensitive. Ford also objects that searching for documents responsive to Plaintiffs' requests would be unduly burdensome. The Court believes that the claimed commercial sensitivity of the requested documents is an insufficient reason for Ford to refuse to produce documents relevant to Plaintiffs' requests: the parties entered into a protective order that provides significant protections for commercially sensitive documents, and prohibits the use or disclosure of such documents outside the context of this litigation. (Docket No. 96). At the same time, the Court recognizes that Plaintiffs' Request for Production No. 82, as currently drafted, calls for the production of documents which are likely irrelevant to the issues in this litigation. That

request calls for "[a]ll documents discussing or relating to the decision to base the next generation MFT system on Blackberry's QNX." (Docket No. 111; Ex. A-6). But only documents discussing Ford's decision to switch to BlackBerry's QNX operating system that also have some connection to Ford's previous Microsoft-based MFT system will be relevant to the issues in this litigation. Documents indicating that Ford decided to switch to QNX because of the price of the QNX software, for instance, are not properly discoverable in this lawsuit.

Put simply, Plaintiffs' Request for Production No. 82 is overbroad because it not limited to documents that somehow relate to both the QNX and Microsoft-supported operating systems, such as documents that compare the features or performance of the two systems. By contrast, Request for Production Nos. 83 and 84 appear reasonable because their respective scope is limited to documents that relate to both the QNX and Microsoft-based MFT systems. As such, Ford shall respond to Plaintiffs' Request for Production Nos. 83 and 84, but will not be required to respond to Request No. 82. Instead, lead counsel are ordered to further meet and confer regarding the appropriate scope of Plaintiffs' discovery requests and the appropriate custodians whose files should be searched for documents relevant to Plaintiffs' revised request(s). Should the parties be unable to agree on an appropriate course of discovery in light of this Court's guidance, the parties may file another joint letter that complies with this Court's Standing Orders on Discovery.

This order disposes of Docket No. 111.

IT IS SO ORDERED.

Dated: September 10, 2014

_____
EDWARD M. CHEN
United States District Judge

2