STEVE W. BERMAN (*pro hac vice*)
HAGENS BERMAN
SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com

ROLAND TELLIS (186269)
MARK PIFKO (228412)
BARON & BUDD, P.C.
15910 Ventura Boulevard, Suite 1600
Encino, California 91436
Telephone: (818) 839-2320
Facsimile: (818) 986-9698
rtellis@baronbudd.com
mpifko@baronbudd.com

*Plaintiffs' Interim Co-Lead Counsel*

*[Additional Counsel listed on
Signature Page]*

ADAM J. LEVITT (*pro hac vice*)
GRANT & EISENHOFER P.A.
30 North LaSalle Street, Suite 1200
Chicago, Illinois 60602
Telephone: (312) 214-0000
Facsimile: (312) 214-0001
alevitt@gelaw.com

JOSEPH G. SAUDER (*pro hac vice*)
MATTHEW D. SCHELKOPF (*pro
hac vice*)
CHIMICLES & TIKELLIS LLP
One Haverford Centre
361 West Lancaster Avenue
Haverford, Pennsylvania 19041
Telephone: (610) 642-8500
Facsimile: (610) 649-3633
JGS@chimicles.com
MDS@chimicles.com

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE<br><br>MYFORD TOUCH CONSUMER LITIGATION | No. 3-13-cv-3072-EMC<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date: October 16, 2014<br>Time: 10:30 A.M.<br>Courtroom: 5, 17th Floor<br>Judge: Hon. Edward M. Chen |

## I.     INTRODUCTORY STATEMENT

Pursuant to the Court's August 7, 2014 Order (Dkt. No. 110) and the Standing Order for all Judges of the Northern District of California, counsel for the parties respectfully submit this Updated Joint Case Management Statement. This is the sixth Case Management Statement; five previous statements were filed with the Court on October 3, 2013 (Dkt. No. 33); January 16, 2014 (Dkt. No. 58); April 17, 2014 (Dkt. No. 82); June 5, 2014 (Dkt. No. 98); and August 7, 2014 (Dkt. No. 109). This Updated Joint Case Management Statement is intended to inform the Court about the status of the pleadings and discovery, and to advise the Court of issues to be presented at the Case Management Conference scheduled for October 16, 2014 at 10:30 a.m.

## II.    JOINT CASE MANAGEMENT STATEMENT

### A.     Motions

On May 30, 2014, this Court ruled on Ford's motion to dismiss, granting it in part and denying it in part (Dkt. No. 97). Following the Court's decision, Plaintiffs elected not to amend their First Amended Complaint (FAC), and proceeded with their prosecution of the action based on the surviving claims. On June 16, 2014, Plaintiff Megan Raney-Aarons filed a notice of voluntarily dismissal (Dkt. No. 100). Ford answered the FAC on July 18, 2014 (Dkt. No. 106).

## III.   STATUS OF DISCOVERY

As previously reported (*see* Dkt. No. 58), the parties participated in a Rule 26(f) conference on November 26, 2013, and exchanged their initial disclosures pursuant to Rule 26(a) on December 13, 2013.

### A.     Production Agreements

The parties have agreed upon the format of production, including reaching agreement on Electronically Stored Information ("ESI") protocols. The parties have also negotiated a general protective order, which this Court entered on May 16, 2014 (Dkt. No. 96). The parties are in the final phases of negotiating a second protective

order that would pertain to "highly confidential information," such as source code data.

**B.    Productions**

Ford has so far produced more than 2,816,550 pages of emails and documents from 21 custodians and more than 271,000 pages of documents from other sources such as Ford's warranty reimbursement, customer contact and technical contact databases.  Ford has represented that it intends to continue its rolling document production in response to Plaintiffs' discovery requests, and it expects that further production to be substantial as well.  To date, Ford has made the following productions:

- Documents pertaining to the named Plaintiffs' vehicles and warranty history (04/03/2014);

- Showroom brochures, owners' manuals, and warranty guides (04/15/2014);

- Additional showroom brochures, owners' manuals, and warranty guides, as well as print/video advertising (5/22/2014);

- Special Service Messages and Technical Service Bulletins (5/27/2014);

- Email and other documents maintained by Document Custodian J. Bragg (5/30/2014);

- Email and other documents maintained by Document Custodian B. Krein (6/5/2014);

- Email and other documents maintained by Document Custodian S. Parsons (6/13/2014);

- Email and other documents maintained by Document Custodian R. Englert (7/3/2014);

- Ford warranty reimbursement records/data (AWS reports) and technical contacts (CQIS reports) (6/19/2014 and 7/16/2014);

- Email and other documents maintained by Document Custodians N. Gabrielli and M. Schanerberger (7/22/2014);

- Email and other documents maintained by Document Custodians H. Ahmed; K. Christianson; H. Elzein; F. Frischmuth; M. Fromman; K. Goebel; J. Green (8/5/2014);

- Email and other documents maintained by Document Custodians J. Huling; C. Kopeika; S. Livernois; M. Moody; A. Philliben; M. Porter (8/15/2014);

- Email and other documents maintained by Document Custodians K. Williams and S. Talukder (9/4/2014);

- Re-production, in native format, of warranty reimbursement records (AWS reports) and technical contacts (CQIS reports) (9/24/2014); and

- Customer contacts to Ford Customer Service (FMC360 database) through May 1, 2013 (10/1/2014).

Since June 5, 2014, Plaintiffs have made four productions in response to Ford's discovery requests (June 27, 2014, July 29, 2014, September 5, 2014, and October 7, 2014). Plaintiffs intend to make their fifth production on or before October 15, 2014, and Plaintiffs will continue to make supplemental productions, if/as necessary. Non-Party Microsoft Corporation also made a production on June 24, 2014, pursuant to a subpoena Plaintiffs served on Microsoft on February 26, 2014.

On July 28, 2014, Plaintiff Avedisian served his Supplemental Responses and Objections to Ford's First Set of Interrogatories. On that same date, Plaintiffs also informed Ford that Plaintiffs Zuchowksi, Battle, and Ervin intend to serve interrogatory responses as soon as practicable. Plaintiffs have stated that they intend to produce these interrogatory responses by August 31, 2014. On August 25, 2014, Plaintiff Ervin served his Supplemental Responses and Objections to Ford's First Set of Interrogatories. Plaintiffs Zuchowski and Battle intend to serve their interrogatory responses by October 31, 2014, or will move to withdraw from this litigation.

## C. Plaintiffs' Second Set of Requests for Production

On February 26, 2014, Plaintiffs served Ford with a Second Set of Requests for Production of Documents. The documents requested relate to press reports suggesting that Ford will base its next generation of MFT systems on Blackberry's QNX

software, and include any communications with Blackberry regarding the Microsoft-based MFT system, as well as any documents that reflect key differences in properties between Blackberry's QNX and Microsoft's MFT systems.

On April 1, 2014, Ford served its Responses and Objections to Plaintiffs' Second Set of Requests for Production of Documents.  On May 27, 2014 Ford advised Plaintiffs that it intended to stand on its objections of relevancy and burden, but that it would make an effort to keep looking for responsive documents.  Having reached an impasse with respect to Ford's compliance with its discovery obligations concerning Plaintiffs' Second Set of Requests for Production of Documents, on September 2, 2014, the parties, submitted a joint letter to the Court, outlining their respective positions regarding those discovery requests (Dkt. No. 111).  On September 10, 2014, the Court issued an Order resolving the dispute (Dkt. No. 113).  Pursuant to the Court's September 10, 2014 Order, the parties further met and conferred regarding the proper scope of Request for Production No. 82 (from Plaintiffs' Second Set of Requests for Production of Documents) on September 19, 2014.  Consistent with the parties' discussion, Ford intends to respond to the revised request no later than October 23, 2014.  Ford has further agreed that the Court's September 10, 2014 Order requires Ford to produce documents responsive to Requests for Production No. 83 and 84 as served.

**D.     Plaintiffs' Third Set of Requests for Production**

On September 19, 2014, Plaintiffs served Ford with their Third Set of Requests for Production of Documents.  Plaintiffs' Third Set of Requests for Production seeks five categories of documents regarding Ford's cost and pricing of the MFT system. Ford's response to Plaintiffs' Third Set of Requests for Production is due by October 20, 2014.

**E.    Vehicle Inspection Protocol**

The parties are in the final phases of negotiating a Vehicle Inspection Protocol which shall apply to all Class Vehicles owned or leased by any Named Plaintiff in this action at the time the Protocol is executed.

**F.    Ford's Request to Inspect Plaintiffs' Peripheral Devices**

On August 20, 2014, Ford issued a Request for Production of Devices for Inspection to Plaintiff Russ Rizzo, seeking production of Plaintiff Rizzo's peripheral devices for Ford's inspection thereof.  Plaintiff Rizzo served responses and objections to Ford's request on September 5, 2014.  In his response, Plaintiff Rizzo objected to producing his peripheral devices to Ford on privacy, undue burden, overbreadth, harassing, and privilege grounds, and did not produce the devices for inspection.

The parties have met and conferred, but they anticipate that this dispute may require judicial resolution and intend to submit a further joint discovery letter to the Court for its consideration and adjudication.  The parties also may submit a joint letter in which Plaintiffs seek a protective order pertaining to Ford's ability, or lack thereof, to inspect Plaintiffs' peripheral devices in this litigation.

**IV.    PROPOSED DISCOVERY AND TRIAL SCHEDULE**

The parties propose the following discovery and trial schedule:

The parties do not agree that Named Plaintiff-Specific Summary Judgment Motions are permissible in this action.

Plaintiffs' Position:  Plaintiffs note that paragraph No. 9 in the Court's Standing Order states that, "Each party or side is limited to filing one summary judgment motion.  Any party wishing to exceed this limit must request leave of the Court." *See* Civil Standing Order – General, U.S. District Judge Edward M. Chen at ¶ 9. Accordingly, Plaintiffs believe multiple, successive Plaintiff-specific summary judgment motions are impermissible and inappropriate, as well as an inefficient use of judicial and litigant resources.  Ford will have ample opportunity to include any such

Plaintiff-specific issues in a single motion, which Plaintiffs believe should be filed according to the schedule set forth below.

Ford's Position:  Ford is not seeking "multiple, successive Plaintiff-specific summary judgment motions;" rather, Ford is seeking the right to submit one motion seeking summary judgment on named plaintiff-specific issues without prejudicing its ability in the event that a class is certified to later file a second summary judgment motion, if appropriate, on class-wide issues.   Ford believes this approach would be more efficient because resolution of a summary judgment motion focusing on named plaintiff-specific issues could streamline the issues to be considered at class certification by eliminating certain claims or state-specific proposed classes.   Were a class to be certified, Ford may have an additional basis to move for summary judgment on a class-wide basis.  Requiring Ford to include these arguments in a pre-certification motion for summary judgment would prejudice Ford because a decision on the merits before a decision on class certification could allow absent class members to take advantage of a favorable resolution by remaining in the class, while avoiding the risk of an unfavorable decision by opting out of the class.

| EVENT | DATE/DEADLINE |
|---|---|
| Substantial Completion of Document Production | March 31, 2015 |
| Privilege Logs Produced | On a rolling basis, but no later than 45 days after production is substantially complete |
| Deadline to Seek Leave to Amend Pleadings and/or Join Additional Parties | May 8, 2015 |
| Fact Discovery Completion | October 9, 2015 |
| Motion for Class Certification and Plaintiffs' Rule 26(a)(2) Class Certification Expert Disclosures/Reports | On or before October 16, 2015 |
| Opposition to Motion for Class Certification and Defendant's Rule 26(a)(2) Class Certification Expert | Seven weeks after Plaintiffs file their opening class certification motion papers |

| | |
|---|---|
| Disclosures/Reports | |
| Reply in Support of Motion for Class Certification and Plaintiffs' Class Certification Rebuttal Expert Disclosures/Reports | Seven weeks after Ford files its opposition papers responding to Plaintiffs' opening class certification motion |
| Hearing on Motion for Class Certification | To be scheduled by the Court |
| Named Plaintiff-Specific Summary Judgment Motions, if permitted by the Court | On or before October 16, 2015 |
| Named Plaintiff-Specific Summary Judgment Opposition, if Named Plaintiff-Specific Summary Judgment Motions are permitted by the Court | Four weeks after filing of motion |
| Named Plaintiff-Specific Summary Judgment Reply, if Named Plaintiff-Specific Summary Judgment Motions are permitted by the Court | Four weeks after filing of opposition |
| Hearing on Named Plaintiff-Specific Summary Judgment Motions, if Named Plaintiff-Specific Summary Judgment Motions are permitted by the Court | To be scheduled by the Court |
| Plaintiffs' Rule 26(a)(2) Expert Disclosures/Reports | To be scheduled following decision on class certification |
| Defendant's Rule 26(a)(2) Expert Disclosures/Reports | To be scheduled following decision on class certification |
| Plaintiffs' Rebuttal Expert Disclosures/Reports | To be scheduled following decision on class certification |
| Expert Discovery Complete | To be scheduled following decision on class certification |
| Summary Judgment (and *Daubert*) Motions | To be scheduled following decision on class certification |
| Summary Judgment (and *Daubert*) Oppositions | To be scheduled following decision on class certification |
| Summary Judgment (and *Daubert*) Replies | To be scheduled following decision on class certification |
| Preliminary Pretrial Conference | To be scheduled by the Court |
| Rule 26(a)(3) Disclosures | To be scheduled at the Preliminary Pretrial Conference |
| Motions *in Limine* and any Oppositions thereto | To be scheduled at the Preliminary Pretrial Conference |

| Joint Pretrial Order | To be scheduled at the Preliminary Pretrial Conference |
|---|---|
| Final Pretrial Conference | To be scheduled at the Preliminary Pretrial Conference |
| Filings Prior to Trial | 15 days before commencement of trial (if the Court has fixed a trial date), or 30 days after the filing of the Joint Pretrial Order (if the Court has not fixed a trial date) |
| Trial Ready Date | To be determined at the Final Pretrial Conference |

The proposed schedule above is subject to revision based on the progress of fact discovery.  Any change to the above schedule will require approval of the Court.

Plaintiffs currently estimate that a trial of class-wide issues would take one to two weeks, and Ford's position is that it is very difficult to estimate, before deposition discovery and decisions on class certification and summary judgment the length of trial, but believes a full trial on all issues could take at least four weeks.  The parties will update the Court as discovery progresses.


DATED:  October 9, 2014          HAGENS BERMAN SOBOL SHAPIRO LLP

By _____/s/Steve W. Berman_____
Steve W. Berman (*pro hac vice*)
Catherine Y.N. Gannon (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 8th Avenue, Suite 3300
Seattle, WA  98101
Telephone:  (206) 623-7292
steve@hbsslaw.com
catherineg@hbsslaw.com

1   Jeff D. Friedman (173886)
2   Shana E. Scarlett (217895)
    715 Hearst Avenue, Suite 202
3   Berkeley, California  94710
4   Telephone:  (510) 725-3000
    jefff@hbsslaw.com
5   shanas@hbsslaw.com

6   Adam J. Levitt (*pro hac vice*)
7   Kyle McGee (*pro hac vice*)
8   GRANT & EISENHOFER P.A.
    30 North LaSalle Street, Suite 1200
9   Chicago, Illinois  60602
10  Telephone:  (312) 214-0000
    Facsimile:  (312) 214-0001
11  alevitt@gelaw.com
12  kmcgee@gelaw.com

13  Roland Tellis (186269)
14  Mark Pifko (228412)
    BARON & BUDD, P.C.
15  15910 Ventura Boulevard, Suite 1600
16  Encino, California  91436
    Telephone:  (818) 839-2320
17  rtellis@baronbudd.com
18  mpifko@baronbudd.com

19  Joseph G. Sauder (*pro hac vice*)
20  Matthew D. Schelkopf (*pro hac vice*)
    CHIMICLES & TIKELLIS LLP
21  One Haverford Centre
22  361 West Lancaster Avenue
    Haverford, Pennsylvania  19041
23  Telephone:  (610) 642-8500
24  JGS@chimicles.com
    mds@chimicles.com
25

26  *Plaintiffs' Interim Co-Lead Counsel*

27

28

JOINT CASE MANAGEMENT STATEMENT      - 9 -
Case No.: 13-cv-3072-EMC
010388-11  725002 V1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

/s/ Randall W. Edwards
Randall W. Edwards (179053)
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, California  94111
Telephone: (415) 984-8700
redwards@omm.com

Janet. L. Conigliaro (pro hac vice)
DYKEMA GOSSETT PLLC
400 Renaissance Center
Detroit, Michigan  48243
Telephone: (313) 568-5372
Jconigliaro@Dykema.com

Attorneys for Defendant
FORD MOTOR COMPANY

1

## <u>ATTESTATION PURSUANT TO LOCAL RULE 5-1(i)(3)</u>

2          I, Steve W. Berman, am the ECF User whose identification and password are

3    being used to file the foregoing document. In compliance with Civil Local Rule 5-

4    1(i)(3), I hereby attest that all signatories have concurred in this filing.

5

6          Dated:  October 9, 2014

7                                              */s/Steve W. Berman*
                                              Steve W. Berman
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify the on October 9, 2014, I electronically filed the foregoing

document using the CM/ECF system which will send notification of such filing to the

email addresses registered in the CM/ECF system, as denoted on the Electronic Mail

Notice List, and I hereby certify that I have caused to be mailed a paper copy of the

foregoing document via the United States Postal Service to the non-CM/ECF

participants indicated on the Manual Notice List generated by the CM/ECF system.


Dated:  October 9, 2014

/s/Steve W. Berman_____
Steve W. Berman