RANDALL W. EDWARDS (S.B. #179053)
redwards@omm.com
KEVIN R. RUBINO (S.B. #255677)
krubino@omm.com
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, CA 94111-3823
Telephone:     (415) 984-8700
Facsimile:     (415) 984-8701

*Attorneys for Defendant*
*FORD MOTOR COMPANY*
*[Additional Counsel listed on Signature Page]*

STEVE W. BERMAN (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile:  (206) 623-0594
steve@hbsslaw.com

*Plaintiffs' Interim Co-Lead Counsel*
*[Additional Counsel listed on Signature Page]*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>MYFORD TOUCH CONSUMER LITIGATION | Case No. CV 13-3072-EMC<br><br>**STIPULATION FOR PROTECTIVE ORDER FOR LITIGATION INVOLVING HIGHLY SENSITIVE INFORMATION, TRADE SECRETS, COMPUTER SOFTWARE, SOURCE CODE AND RELATED INTELLECTUAL PROPERTY**<br><br>Complaint served: November 12, 2013 |

1.      **PURPOSES AND LIMITATIONS**

On May 16, 2014, this Court entered a Stipulated Protective Order covering the disclosure or production of certain confidential documents and information (Doc. 96).  As noted in that Order, disclosure and discovery activity in this action are likely to involve production of certain confidential Source Code, Raw Data, Native Data and related intellectual property for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. This Protective Order is intended to facilitate the Parties' production of certain Source Code and related intellectual property, including but not limited to associated computer software, raw data, binary files, and/or native data ("Source Code and Data"), as well as documents describing or interpreting Source Code and Data, and engineering and technical specifications applicable to Source Code and Data.

Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order for Highly Confidential Information, Trade Secrets, Computer Software, Source Code and Related Intellectual Property ("Stipulation and Order"). The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 14.4 below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

Finally, the parties acknowledge that the schedule for expert reports that was adopted by the Court in its Case Management and Pretrial Order for Jury Trial (Doc. 118) will need to be modified.  Because of the scope of the source code review that the parties agreed to after the submission of their proposed schedule to the Court, Ford will require additional time for the preparation of its expert rebuttal report.  The parties will meet and confer regarding what

1    modification to the schedule is appropriate and submit a request to the Court as soon as

2    practicable.

3    **2.      DEFINITIONS**

4         **2.1.   Challenging Party**: a Party or Non-Party that challenges the designation of

5    information or items under this Order.

6         **2.2.    "CONFIDENTIAL" Information or Items**: information (regardless of how it is

7    generated, stored or maintained) or tangible things that qualify for protection under Federal Rule

8    of Civil Procedure 26(c).  See also paragraphs 2.8 and 2.9 below.

9         **2.3.**   Counsel: Outside Counsel of Record and House Counsel (as well as their support

10   staff).

11        **2.4.**   Designating Party: a Party or Non-Party that designates information or items that it

12   produces in disclosures, in responses to discovery or a subpoena as "HIGHLY CONFIDENTIAL

13   – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE".

14        **2.5.**   Disclosure or Discovery Material: all items or information, regardless of the

15   medium or manner in which it is generated, stored, or maintained (including, among other things,

16   Source Code and Data, testimony, transcripts, and tangible things), that are produced, generated

17   in disclosures or responses to discovery, or otherwise made available for inspection in this matter

18   and designated as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY

19   CONFIDENTIAL – SOURCE CODE".

20        **2.6.**   Expert: a person with specialized knowledge or experience in a matter pertinent to

21   the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or

22   as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's

23   competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party

24   or of a Party's competitor.

25        **2.7.**   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or

26   Items:  extremely sensitive "Confidential Information or Items," disclosure of which to another

27   Party or Non-Party would create a substantial risk of serious harm that could not be avoided by

28   less restrictive means.

STIPULATION FOR PROTECTIVE ORDER
CV 13-3072-EMC

**2.8.** "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items: extremely sensitive confidential materials representing computer code, source code, raw data, or native data and associated intellectual property and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs;  human-readable programming language text that defines software, firmware or electronic hardware descriptions; scripts, assembly, object code; source code listings and descriptions of source code; object codes and listing and descriptions of object code; Hardware Description Language (HDL); Register Transfer Level (RTL) files that describe the hardware design of any ASIC or other chip; similarly sensitive implementation details; programming languages; "include files"; "make files" "link files" and other human-readable text files used in generation and/or building of software directly executed on a microprocessor, microcontroller or DSP disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

**2.9.** House Counsel: attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

**2.10.** Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action and that produces documents in this action, whether in response to a subpoena or otherwise, or whose Confidential Information may be in the possession of a Party pursuant to paragraph 11(b).

**2.11.** Outside Counsel of Record: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

**2.12.** Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

**2.13.** Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

**2.14.** Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and

STIPULATION FOR PROTECTIVE ORDER
CV 13-3072-EMC

organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15.   Protected Material: any Disclosure or Discovery Material that is designated as " "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or as "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.16.   Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party or allowed inspection of Source Code and Data pursuant to paragraph 9 below.

**3.**      **SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

**4.**      **DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or

STIPULATION FOR PROTECTIVE ORDER
CV 13-3072-EMC

reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.  See also paragraph 15.

**5.    DESIGNATING PROTECTED MATERIAL**

    **5.1.    Exercise of Restraint and Care in Designating Material for Protection.** Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

    Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

    If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

    **5.2.    Manner and Timing of Designations.** Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed, produced or otherwise made available.

    **Designation in conformity with this Order requires**:

        (a)    **for information in documentary form** (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the

STIPULATION FOR PROTECTIVE ORDER
CV 13-3072-EMC

1  Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate

2  markings in the margins) and must specify, for each portion, the level of protection being

3  asserted.

4        With the exception of Source Code and Data as outlined in Section 9, a Party or Non-

5  Party that makes original documents or  materials available for inspection need not designate

6  or mark them for protection until after the inspecting Party has indicated which material it

7  would like copied and produced. During the inspection and before the designation, all of the

8  documents or material made available for inspection shall be deemed "HIGHLY

9  CONFIDENTIAL – ATTORNEYS' EYES ONLY" or " HIGHLY CONFIDENTIAL –

10  SOURCE CODE". After the inspecting Party has identified the documents it wants copied and

11  produced, the Producing Party must determine which documents, or portions thereof, qualify

12  for protection under this Order. Then, before producing the specified documents, the

13  Producing Party must affix the appropriate legend ("HIGHLY CONFIDENTIAL –

14  ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE) to each

15  page that contains Protected Material.   If only a portion or portions of the material on a page

16  qualifies for protection, the Producing Party also must clearly identify the protected portion(s)

17  (e.g., by making appropriate markings in the margins) and must specify, for each portion, the

18  level of protection being asserted.

19      (b)    **for testimony given in deposition or in other pretrial or trial**

20  **proceedings,** that the Designating Party identify on the record, before the close of the deposition,

21  hearing, or other proceeding, all protected testimony and specify the level of protection being

22  asserted. When it is impractical to identify separately each portion of testimony that is entitled to

23  protection and it appears that substantial portions of the testimony may qualify for protection, the

24  Designating Party may invoke on the record (before the deposition, hearing, or other proceeding

25  is concluded) a right to have up to 21 days from the availability of the transcript to identify the

26  specific portions of the testimony as to which protection is sought and to specify the level of

27  protection being asserted. Only those portions of the testimony that are appropriately designated

28  for protection within the 21 days shall be covered by the provisions of this Stipulated Protective

1   Order. Alternatively, a Designating Party may specify, at the deposition or up to 21 days

2   afterwards if that period is properly invoked, that the entire transcript shall be treated as

3   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL –

4   SOURCE CODE". If Non-Party "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

5   or "HIGHLY CONFIDENTIAL – SOURCE CODE" is used or any substantive portion of

6   Protected Material is disclosed during a deposition, the Receiving Party shall send the Non-Party

7   the deposition transcript and the Non-Party shall have 21 days from its receipt of the transcript to

8   identify the specific portions of the testimony as to which protection is sought and to specify the

9   level of protection being asserted.

10         Parties shall give the other parties notice if they reasonably expect a deposition, hearing

11   or other proceeding to include Protected Material so that the other parties can ensure that only

12   authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound"

13   (Exhibit A) are present at those proceedings. At the request of the Designating Party, persons

14   not permitted access to Disclosure and Discovery Materials under the terms of this Protective

15   Order shall not be present at depositions while the Designating Party's Disclosure and

16   Discovery Material is discussed or otherwise disclosed. The use of a document as an exhibit at

17   a deposition shall not in any way affect its designation as "HIGHLY CONFIDENTIAL –

18   ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL SOURCE CODE."

19         Transcripts containing Protected Material shall have an obvious legend on the title page

20   that the transcript contains Protected Material, and the title page shall be followed by a list of

21   all pages (including line numbers as appropriate) that have been designated as Protected

22   Material and the level of protection being asserted by the Designating Party. The Designating

23   Party shall inform the court reporter of these requirements. Any transcript that is prepared

24   before the expiration of a 21-day period for designation shall be treated during that period as if

25   it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or

26   "HIGHLY CONFIDENTIAL – SOURCE CODE" in its entirety unless otherwise agreed. After

27   the expiration of that period, the transcript shall be treated only as actually designated.

28

STIPULATION FOR PROTECTIVE ORDER
CV 13-3072-EMC

   (c) **for information produced in some form other than documentary and for any other tangible items**, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE". If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

   **5.3.** **Inadvertent Failures to Designate**. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**6.** **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

   **6.1.** **Timing of Challenges**. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

   **6.2.** **Meet and Confer**. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation, by bates number, it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to

STIPULATION FOR PROTECTIVE ORDER
CV 13-3072-EMC

1   review the designated material, to reconsider the circumstances, and, if no change in designation

2   is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to

3   the next stage of the challenge process only if it has engaged in this meet and confer process first

4   or establishes that the Designating Party has failed to participate in the meet and confer process in

5   a timely manner.

6        **6.3.**    **Judicial Intervention**. If the Parties cannot resolve a challenge without court

7   intervention, the Designating Party shall file and serve a motion to retain confidentiality under

8   Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days

9   of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer

10  process will not resolve their dispute, whichever is later.  Each such motion must be accompanied

11  by a competent declaration affirming that the movant has complied with the meet and confer

12  requirements imposed in the preceding paragraph. Failure by the Designating Party to make such

13  a motion including the required declaration within 21 days (or 14 days, if applicable) shall

14  automatically waive the confidentiality designation for each challenged designation. In addition,

15  the Challenging Party may file a motion challenging a confidentiality designation at any time if

16  there is good cause for doing so, including a challenge to the designation of a deposition

17  transcript or any portions thereof. Any motion brought pursuant to this provision must be

18  accompanied by a competent declaration affirming that the movant has complied with the meet

19  and confer requirements imposed by the preceding paragraph.

20       The burden of persuasion in any such challenge proceeding shall be on the Designating

21  Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose

22  unnecessary expenses and burdens on other parties) may expose the Challenging Party to

23  sanctions. Unless the Designating Party has waived the confidentiality designation by failing

24  to file a motion to retain confidentiality as described above, all parties shall continue to afford

25  the material in question the level of protection to which it is entitled under the Producing

26  Party's designation until the court rules on the challenge.

27

28

STIPULATION FOR PROTECTIVE ORDER
CV 13-3072-EMC

**7.     ACCESS TO AND USE OF PROTECTED MATERIAL**

     **7.1.     Basic Principles.** A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 15 below (FINAL DISPOSITION).

     Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order. The Receiving Party agrees to store any electronic Protected Material in password-protected form.

     **7.2.     Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items**. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" "HIGHLY CONFIDENTIAL – SOURCE CODE" only to:

     (a)     the Receiving Party's Outside Counsel of Record in this action, as well as employees of Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

     (b)     Experts (as defined in this Order) of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.3(a)(2), below, have been followed;

     (c)     the court and its personnel;

     (d)     court reporters and their staff, professional jury or trial consultants,[1] and

---

[1] The parties also agree to allow disclosure of information not only to professional jury or trial consultants, but also to mock jurors, to further trial preparation. In that situation, the parties will

STIPULATION FOR PROTECTIVE ORDER
CV 13-3072-EMC

1  Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have

2  signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

3           (e)      during their depositions, witnesses in the action to whom disclosure is

4  reasonably necessary and who have signed the "Acknowledgement and Agreement to be Bound"

5  (Exhibit A), unless otherwise agreed to by the Designating Party or ordered by the court,

6  provided, however, that Protected Material may not be disclosed to a deposition witness under

7  this subparagraph (e) unless the Producing Party receives written notice fourteen (14) days before

8  the scheduled deposition of the identity of any deponent in whose deposition Plaintiffs reasonably

9  believe they will use the Producing Party's Protected Materials and seven (7) days advance notice

10  of the content of the Protected Material sought to be used. The Producing Party may challenge

11  the disclosure of the Protected Material to the deposition witness pursuant to the dispute

12  resolution procedure and timeframes set forth in Paragraph 6 whereby the Producing Party is the

13  "Challenging Party" and the deposing Party is the "Designating Party." Pages of transcribed

14  deposition testimony or exhibits to depositions that reveal Protected Material must be separately

15  bound by the court reporter and may not be disclosed to anyone except as permitted under this

16  Stipulated Protective Order; and

17           (f)      the author or recipient of a document containing the information or a

18  custodian or other person who otherwise actually or is reasonably expected to have possessed or

19  known the information before disclosure in the context of this litigation.

20      **7.3.**   Procedures for Approving or Objecting to Disclosure of "HIGHLY

21  CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL –

22  SOURCE CODE" Information or Items to Experts.

23           (a)      Unless otherwise ordered by the court or agreed to in writing by the

24  Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any

25  information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS'

26  EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" pursuant to paragraph 7.2(c)

27

28  draft a simplified, precisely tailored Undertaking for mock jurors to sign.

STIPULATION FOR PROTECTIVE ORDER
CV 13-3072-EMC

first must make a written request to the Designating Party that (1) identifies the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years,[2] and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.[3]

(b)     A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Expert unless, within 14 days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c)     A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven (7) days of the written objection. If no agreement is reached, the Party

---

[2] If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement. If the Expert knows that he or she is presently working for a competitor of the Designating Party but that he or she is under a duty not to disclose that fact, the Expert should not seek to obtain access to information designated "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL - SOURCE CODE."

[3] An Expert shall not undertake work prior to the termination of the litigation if acceptance of that work that could foreseeably result in an improper use of the Designating Party's "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL - SOURCE CODE" information or exposure of that information to a competitor of the Designating Party.

STIPULATION FOR PROTECTIVE ORDER
CV 13-3072-EMC

1    seeking to make the disclosure to the Expert may file a motion as provided in Civil Local Rule 7

2    (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the court

3    to do so. Any such motion must describe the circumstances with specificity, set forth in detail the

4    reasons why the disclosure to the Expert is reasonably necessary, assess the risk of harm that the

5    disclosure would entail, and suggest any additional means that could be used to reduce that risk.

6    In addition, any such motion must be accompanied by a competent declaration describing the

7    parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and

8    confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal

9    to approve the disclosure.

10         In any such proceeding, the Designating Party opposing disclosure to the Expert shall

11   bear the burden of proving that the risk of harm that the disclosure would entail (under the

12   safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material

13   to its Expert.

14   **8.    PROSECUTION BAR**

15         Absent written consent from the Producing Party, any individual who receives access to

16   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY

17   CONFIDENTIAL – SOURCE CODE" information shall not be involved in the prosecution of

18   patents or patent applications relating to software or hardware design for an interactive system

19   similar to the MFT system at issue in this case or subject to discovery in this case, or for a

20   patent or patent application broad enough to read on the MFT system at issue or subject to

21   discovery in this case, before any foreign or domestic agency, including the United States

22   Patent and Trademark Office ("the Patent Office").[4] For purposes of this paragraph,

23   "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise

24   affecting the scope or maintenance of patent claims.[5] To avoid any doubt, "prosecution" as

25

26   _____

     [4] It may be appropriate under certain circumstances to require Outside and House Counsel who
27   receive access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information to
     implement an "Ethical Wall."

28   [5] Prosecution includes, for example, original prosecution, reissue and reexamination proceedings.

STIPULATION FOR PROTECTIVE ORDER
                                                                         CV 13-3072-EMC

1    used in this paragraph does not include representing a party challenging a patent before a

2    domestic or foreign agency (including, but not limited to, a reissue protest, ex parte

3    reexamination or inter parties reexamination). This Prosecution Bar shall begin when access to

4    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY

5    CONFIDENTIAL – SOURCE CODE" information is first received by the affected individual

6    and shall end two (2) years after final termination of this action.

7    **9.     SOURCE CODE AND DATA**

8          (a)     To the extent production of source code becomes necessary in this case, a

9    Producing Party may designate source code as "HIGHLY CONFIDENTIAL - SOURCE CODE"

10   if it comprises or includes confidential, proprietary or trade secret source code.

11         (b)     Protected Material designated as "HIGHLY CONFIDENTIAL – SOURCE

12   CODE" shall be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL –

13   ATTORNEYS' EYES ONLY" information including the Prosecution Bar set forth in Paragraph

14   8, and may be disclosed only to the individuals to whom "HIGHLY CONFIDENTIAL –

15   ATTORNEYS' EYES ONLY" information may be disclosed, as set forth in Paragraphs 7.2 and

16   7.3.

17         (c)     Source Code and Data made available for inspection pursuant to this

18   Protective Order shall be made as follows:

19         (c)(1)   Ford Source Code and Data made available for inspection will be

20   provided in a format allowing it to be reasonably reviewed and searched, during normal business

21   hours or at other mutually agreeable times.  The Parties agree to provide reasonable notice to each

22   other as to availability and anticipated time frame for each such review session.  This will allow

23   the  Parties to work out any logistical concerns with setting up the computers, loading the source

24   code for review or otherwise making the review room accessible to the Receiving Party.  Such

25   inspection will take place at O'Melveny's (Ford's Outside Counsel and counsel of record) office

26   in San Francisco, California.  Ford agrees to this location to the extent Plaintiffs do not require

27   technical assistance or support from Ford during the course of their review.  Ford reserves the

28

right to object to this location should technical assistance or support be required by any of its employees during the course of any source code review by Plaintiffs.

(c)(1)(A)   Ford Source Code and Data shall be made available for inspection on 3-4 secured computers in a secured room without Internet access. The 3-4 computers will be connected through a LAN network.  Each computer will be equipped with a non-network printer, keyboard, mouse and two external monitors. One computer will be installed as a bench set-up. The programs installed on these computers will allow Receiving Party's Experts to perform a visual inspection of the code, as well as to compile the source code into a binary product in order to: (1) verify the accuracy of the source code, and (2) locate, test and fix certain lines of source code where alleged defects may be suspected.  Receiving Party shall not copy, remove, or otherwise transfer any portion of the source code onto any recordable media or recordable device, with the exception of the Receiving Party Expert's back-up work product, which will be saved only for disaster recovery purposes and which may not be removed from the source data room by the Receiving Party. Access to the secured room will be limited to individuals subjected to this Protective Order.

(c)(1)(B)   Receiving Party's Experts intend to draft their expert report while in the source code data room.  Receiving Party's Experts are permitted to bring into the source code data room notes reflecting their research related to their inspection and analysis. They may not remove any written notes or other work product from the source code data room. Should circumstances arise which necessitate that a portion of written notes be removed from the source code data room for a limited amount of time, the Parties agree to Meet and Confer regarding an exception to this rule.  All notebooks, draft expert reports, as well as any printed source code pages will be maintained in a fireproof safe in the source code data room to which only Receiving Party's Experts have access.

(c)(1)(C)   A muted video camera monitored by the Producing Party or its Experts positioned in a way to as not show any computer screen or work product of any Expert will monitor the activities of the Receiving Party's representatives during any source

1  code review, but only to ensure that there is no unauthorized recording, copying, or transmission

2  of the source code.

3             (c)(2)   If a Non-Party is to produce Source Code and Data, they may

4  designate the location for an appropriate inspection.

5             (c)(3)   The Parties' discussions regarding certain technical and logistical

6  details related to the production of source code and other intellectual property are ongoing.  The

7  Parties will continue to negotiate in good faith in an effort to resolve these issues without the

8  intervention of the Court.

9             (d)     The Receiving Party may request paper copies of limited portions of source

10  code that are reasonably necessary for the preparation of court filings, pleadings, expert reports,

11  or other papers, or for deposition or trial, but shall not request paper copies for the purposes of

12  reviewing the source code. The Producing Party shall provide all such source code in paper form

13  including bates numbers and the label "HIGHLY CONFIDENTIAL - SOURCE CODE." The

14  Producing Party may challenge the amount of source code requested in hard copy form pursuant

15  to the dispute resolution procedure and timeframes set forth in Paragraph 6 whereby the

16  Producing Party is the "Challenging Party" and the Receiving Party is the "Designating Party" for

17  purposes of dispute resolution.  The burden shall be on the Receiving Party to demonstrate that

18  such printed portions are no more than is reasonably necessary for a permitted purpose and not

19  merely printed for the purposes of review and analysis elsewhere.  Printed source code shall be

20  subject to a cap of (a) twenty (20) contiguous pages of code in 12 point Courier font and (b) one

21  hundred (100) total pages of code in 12 point Courier font.  While the parties do not anticipate

22  any need to exceed this cap, the Receiving Party may request to do so pursuant to the dispute

23  resolution procedure and timeframes set forth in Paragraph 6, but must demonstrate compelling

24  reasons that the additional pages are necessary to the preparation of their testimony, not just the

25  review of the code, and that the request is narrowly tailored to that need.  The Producing Party

26  may, at its election, make copies on non-copyable paper.  To the extent the Producing Party

27  provides printed copies on copyable paper, the Receiving Party's Counsel may make no more

28  than three (3) additional paper copies of any portions of the code received from the Producing

STIPULATION FOR PROTECTIVE ORDER
CV 13-3072-EMC

party, not including copies attached to court filings or used at depositions, and shall designate these paper copies on Plaintiffs' access record as per paragraph 9(f).

(e)     Access to and review of the HIGHLY CONFIDENTIAL – SOURCE CODE shall be strictly for the purpose of investigating, prosecuting, and defending the claims and defenses at issue in this Action.  No person shall review or analyze any HIGHLY CONFIDENTIAL – SOURCE CODE for purposes unrelated to this Action, nor may any person use any knowledge gained as a result of reviewing HIGHLY CONFIDENTIAL – SOURCE CODE in this Action in any other pending or future dispute, proceeding, patent prosecution, or litigation.

(f)     The Receiving Party shall maintain a record of any individual who has inspected any portion of the source code in electronic or paper form. This record should include (1) the identity of each person granted access to the source code in either electronic or paper form; (2) each date when such access was granted; and (3) each paper copy made of any portion of the source code, including a designation of the portion(s) of code copied.  The Receiving Party shall maintain all paper copies of any printed portions of the source code in a secured, locked area at Plaintiffs' counsel's office. The paper copies maintained by the Receiving Party must be kept in a fireproof safe when not in use. The Receiving Party shall not create any electronic or other images of the paper copies and shall not convert any of the information contained in the paper copies into any electronic format. The Receiving Party shall only make additional paper copies if such additional copies are (1) necessary to prepare court filings, pleadings, or other papers (including a testifying expert's expert report), subject to the provisions and restrictions of section 14.1,  (2) necessary for deposition, or (3) otherwise necessary for the preparation of its case. Any paper copies used during a deposition shall be retrieved by the Producing Party at the end of each day and must not be given to or left with a court reporter or any other individual.[6]

(g)     Nothing herein shall be deemed a waiver of a party's right to object to the production of specific HIGHLY CONFIDENTIAL – SOURCE CODE.  Absent a subsequent and

---

[6] The Receiving Party shall provide notice to the Producing Party before including "HIGHLY CONFIDENTIAL – SOURCE CODE" information in a court filing, pleading, or expert report.

STIPULATION FOR PROTECTIVE ORDER
CV 13-3072-EMC

1  specific court or agency order, nothing herein shall obligate a party to breach any non-party

2  license agreement relating to such HIGHLY CONFIDENTIAL – SOURCE CODE.

3        (h)      Nothing herein shall be deemed a waiver of any non-party's right to object

4  to the production of specific HIGHLY CONFIDENTIAL – SOURCE CODE or object to the

5  manner of any such production.

6  **10.      PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN**

7  **OTHER LITIGATION**

8        If a Party is served with a subpoena or a court order issued in other litigation that

9  compels disclosure of any information or items designated in this action as "HIGHLY

10  CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL –

11  SOURCE CODE" that Party must:

12        (a)      promptly notify in writing the Designating Party. Such notification shall

13  include a copy of the subpoena or court order;

14        (b)      promptly notify in writing the party who caused the subpoena or order to

15  issue in the other litigation that some or all of the material covered by the subpoena or order is

16  subject to this Protective Order. Such notification shall include a copy of this Stipulated

17  Protective Order; and

18        (c)      cooperate with respect to all reasonable procedures sought to be pursued by

19  the Designating Party whose Protected Material may be affected.

20        If the Designating Party timely seeks a protective order, the Party served with the

21  subpoena or court order shall not produce any information designated in this action as

22  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY

23  CONFIDENTIAL – SOURCE CODE" before a determination by the court from which the

24  subpoena or order issued, unless the Party has obtained the Designating Party's permission.

25  The Designating Party shall bear the burden and expense of seeking protection in that court of

26  its confidential material – and nothing in these provisions should be construed as authorizing

27  or encouraging a Receiving Party in this action to disobey a lawful directive from another

28  court.

STIPULATION FOR PROTECTIVE ORDER
CV 13-3072-EMC

**11.     A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

    (a)     The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE.". Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

    (b)     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

    (b)(1)   promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

    (b)(2)   promptly provide the Non-Party with a copy of this Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

    (b)(3)   make the information requested available for inspection by the Non-Party.

    (c)     If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

STIPULATION FOR PROTECTIVE ORDER
CV 13-3072-EMC

(d)      A Non-Party's use of this Protective Order to protect its "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information does not entitle that Non-Party access to "HIGHLY CONFIDENITAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information produced by any Party in this case.

## 12.      UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 13.      INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

(a)      Inadvertent or unintentional production of documents or information containing information that should have been designated as attorney client privileged or work product immunity, or any other applicable privilege or immunity shall not be deemed a waiver in whole or in part of the Party's claims of privilege.  Pursuant to FED. R. EVID. 502(b)-(d), if a Party has inadvertently or unintentionally produced information subject to a claim of immunity or privilege, upon written request made by the Producing Party within twenty-one (21) days of discovery, all copies of such information shall be returned to the Producing Party within seven (7) business days of such request unless the Receiving Party intends to challenge the Producing Party's assertion of privilege or immunity. If a Receiving Party objects to the return of such information within the seven (7) business day period described above, the Producing Party may move the Court for an order compelling the return of such information. Pending the Court's ruling, a Receiving Party must sequester the inadvertently or unintentionally produced documents in a sealed envelope and shall not make any use of such information.

STIPULATION FOR PROTECTIVE ORDER
CV 13-3072-EMC

1    (b)    Inadvertent or unintentional production of documents or information

2    containing information which should have been designated as Confidential or "Highly

3    Confidential" shall not be deemed a waiver in whole or in part of the Party's claims of

4    confidentiality. If a Party has inadvertently or unintentionally produced information which should

5    have been designated as Confidential, the Producing Party will notify the Receiving Party within

6    twenty-one (21) days of discovery of the inadvertent production and request that the Confidential

7    designation be applied to such documents or information. If a Receiving Party objects to the

8    Producing Party's Confidentiality designation, it will notify the Producing Party of its objections

9    in writing within seven (7) business days of receipt of the notification described above. Within

10   seven (7) business days, the Producing Party may then move the Court for an order compelling

11   the protection of such information. Pending the Court's ruling, a Receiving Party must maintain

12   the documents as Confidential under the terms of this Order.

13   **14.    MISCELLANEOUS**

14   **14.1.   Right to Further Relief**. Nothing in this Order abridges the right of any person to

15   seek its modification by the court in the future.

16   **14.2.   Right to Use Own Information**. Nothing in this Order shall limit any Party's

17   right to disclose to any person, or use for any purpose, its own information, Source Code and

18   Data.

19   **14.3.   Not Applicable to Trial**.  This Order does not apply to the offer of or admission

20   into evidence of Source Code and Data or their content at trial or in any evidentiary hearing, nor

21   does it apply for any other purpose under the Federal Rules of Evidence.  Such evidentiary issues

22   should be raised as a separate matter upon the motion of any party at the time of trial or

23   evidentiary hearing.

24   **14.4.   Right to Assert Other Objections**. By stipulating to the entry of this Protective

25   Order no Party waives any right it otherwise would have to object to disclosing or producing any

26   information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no

27   Party waives any right to object on any ground to the use in evidence of any of the material

28   covered by this Protective Order, including but not limited to objections that the material is

STIPULATION FOR PROTECTIVE ORDER
                                          CV 13-3072-EMC

1  irrelevant or fails to meet the test for admissibility under *Daubert v. Merrell Dow*

2  *Pharmaceuticals, Inc.*, 509 U.S. 579, 592–93 (1993).

3      **14.5.    Filing Protected Material**. Without written permission from the Designating

4  Party or a court order secured after appropriate notice to all interested persons, a Party may not

5  file in the public record in this action any Protected Material. A Party that seeks to file under seal

6  any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be

7  filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material

8  at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request

9  establishing that the Protected Material at issue is privileged, protectable as a trade secret, or

10 otherwise entitled to protection under the law. If a Receiving Party's request to file Protected

11 Material under seal pursuant to Civil Local Rule 79-5(e) is denied by the court, then the

12 Receiving Party may file the Protected Material in the public record pursuant to Civil Local Rule

13 79-5(e)(2) unless otherwise instructed by the court.

14 **15.    FINAL DISPOSITION**

15      Within 60 days after the final disposition of this action, as defined in paragraph 4, each

16 Receiving Party must return all Protected Material to the Producing Party or destroy such

17 material. As used in this subdivision, "all Protected Material" includes all copies, abstracts,

18 compilations, summaries, and any other format reproducing or capturing any of the Protected

19 Material. Whether the Protected Material is returned or destroyed, the Receiving Party must

20 submit a written certification to the Producing Party (and, if not the same person or entity, to

21 the Designating Party) by the 60-day deadline that (1) identifies (by category, where

22 appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the

23 Receiving Party has not retained any copies, abstracts, compilations, summaries or any other

24 format reproducing or capturing any of the Protected Material. Notwithstanding this provision,

25 Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition,

26 and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert

27 reports, attorney work product, and consultant and expert work product, even if such materials

28

STIPULATION FOR PROTECTIVE ORDER
CV 13-3072-EMC

1   contain Protected Material. Any such archival copies that contain or constitute Protected

2   Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

3

4   Dated:  October 31, 2014

By: /s/ Randall W. Edwards
RANDALL W. EDWARDS (S.B. #179053)
5   redwards@omm.com
O'MELVENY & MYERS LLP
6   Two Embarcadero Center, 28th Floor
San Francisco, CA 94111-3823
7   Telephone:  (415) 984-8700
Facsimile:  (415) 984-8701
8

9   By: /s/ Janet L. Conigliaro
JANET L. CONIGLIARO (admitted *pro hac vice*)
10   Jconigliaro@Dykema.com
DYKEMA GOSSETT PLLC
11   400 Renaissance Center
Detroit, Michigan 48243
12   Telephone: (313) 568-5372

13   ***Attorneys for Defendant***
14   ***FORD MOTOR COMPANY***

15

16   By: /s/  Steve W. Berman
Steve W. Berman (*pro hac vice*)
17   HAGENS BERMAN SOBOL SHAPIRO LLP
1918 8th Avenue, Suite 3300
18   Seattle, Washington  98101
Tel: (206) 623-7292
19   Fax: (206) 623-0594
steve@hbsslaw.com
20

21   Jeff D. Friedman (CSB No. 173886)
Shana E. Scarlett (CSB No. 217895)
22   715 Hearst Avenue, Suite 202
Berkeley, California  94710
23   Tel: (510) 725-3000
Fax: (510) 725-3001
24   jefff@hbsslaw.com
shanas@hbsslaw.com
25

26   Adam J. Levitt (*pro hac vice*)
GRANT & EISENHOFER P.A.
27   30 North LaSalle Street, Suite 1200
Chicago, Illinois  60602
28

- 23 -

STIPULATION FOR PROTECTIVE ORDER
CV 13-3072-EMC

Tel:  (312) 214-0000
Fax:  (312) 214-0001
alevitt@gelaw.com

Roland Tellis (186269)
Mark Pifko (228412)
BARON & BUDD, P.C.
15910 Ventura Boulevard, Suite 1600
Encino, California  91436
Tel: (818) 839-2320
Fax: (818) 986-9698
rtellis@baronbudd.com
mpifko@baronbudd.com

Joseph G. Sauder (*pro hac vice*)
Matthew D. Schelkopf (*pro hac vice*)
CHIMICLES & TIKELLIS LLP
One Haverford Centre
361 West Lancaster Avenue
Haverford, Pennsylvania  19041
Tel: (610) 642-8500
Fax: (610) 649-3633
JGS@chimicles.com

***Plaintiffs' Interim Co-Lead Counsel***

STIPULATION FOR PROTECTIVE ORDER
CV 13-3072-EMC

1

## **FILER'S ATTESTATION**

2          Pursuant to Local Rule 5–1(i)(3), I hereby attest that the other signatory listed, on whose

3   behalf the filing is submitted, concurs in the filing's content and has authorized the filing.

4

5

6          Dated:  October 31, 2014

                                                    O'MELVENY & MYERS LLP

7

8                                                   By:     /s/ Randall W. Edwards

9                                                           Randall W. Edwards

10                                                  Attorney for Defendant Ford Motor Company

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATION FOR PROTECTIVE ORDER
CV 13-3072-EMC

1    IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

2    PURSUANT TO STIPULATION, IT IS SO ORDERED.

3

4    DATED:_____ 11/4/14

5                                          _____

6                                          The Honorable Edward M. Chen
                                           United States District Judge
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



STIPULATION FOR PROTECTIVE ORDER
                                           CV 13-3072-EMC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re:<br><br>MYFORD TOUCH CONSUMER LITIGATION | Case No. CV 13-3072-EMC<br><br>Complaint served:   November 12, 2013<br><br>**CLASS ACTION**<br><br>**DISCOVERY MATTER**<br><br>**ACKNOWLEDGMENT AND**<br>**AGREEMENT TO BE BOUND** |

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I,_____ [print   or   type   full   name],   of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on [date] in the case of [insert formal name of the case and the number and initials assigned to it by the court]. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

ACKNOWLEDGMENT AND AGMT. TO BE
BOUND (EX. A TO PROTECTIVE ORDER)
CV 13-3072-EMC

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and telephone

number] as my California agent for service of process in connection with this action or any

proceedings related to enforcement of this Stipulated Protective Order.


Date:_____

City and State where sworn and signed:_____

Printed name:_____
                              [printed name]

Signature:   _____
                              [signature]