UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

# DISCOVERY STANDING ORDER FOR
# MAGISTRATE JUDGE MARIA-ELENA JAMES
(Revised February 19, 2014)

This standing order informs all parties of the discovery procedures for cases assigned to Magistrate Judge Maria-Elena James or referred for purposes of discovery. This Order addresses all case-related discovery, including that which involves non-parties, and therefore applies whether or not an individual or entity is named in the complaint. Failure to abide by this Standing Order may result in the imposition of sanctions pursuant to Federal Rule of Civil Procedure 16(f) and Civil Local Rule 37-3.

All questions should be directed to Judge James' Courtroom Deputy, Rose Maher, at mejcrd@cand.uscourts.gov or (415) 522-4708.

1.  Parties shall propound discovery in accordance with Federal Rules of Civil/Criminal Procedure and the corresponding Civil/Criminal Local Rules for the Northern District of California. A copy of the Local Rules is available at http://www.cand.uscourts.gov/rules.

2.  No motions to compel shall be considered. Instead, the parties must meet and confer in person for the purpose of resolving all disputes. If unable to resolve any disputes, the parties shall draft and file a jointly-signed letter that contains the following:

    (a)  A cover page with the case caption, an attestation that the parties met and conferred in person in a good faith attempt to resolve their dispute(s) prior to filing the letter, and the signature of both parties or counsel;
    (b)  A joint section setting forth the unresolved dispute, any pertinent factual background, and requested relief; and
    (c)  Each party's position, including citations to relevant legal authority.

    The joint letter shall be limited to five pages, excluding the cover page, and may not be accompanied by exhibits or affidavits other than exact copies of interrogatories, requests for production of documents and/or responses, privilege logs, and relevant deposition testimony. It is preferable that the parties file a separate letter for each dispute.

3.  In the event that the parties are unable to meet and confer as directed above, or a moving party is unable to obtain the opposing party's portion of a joint letter after the meet and confer session, the moving party shall file a written request for a telephonic conference for the purpose of enforcing the Court's meet and confer requirement, or for the Court to fashion an alternative procedure. The written request shall include a declaration which states any attempt to meet and confer and/or obtain the joint letter, the reasons for the inability to comply with the standing order, and (if possible) three dates and times during which all parties are available for a telephonic conference. The moving party may attach exhibits to the declaration, but the declaration and exhibits combined may not exceed

      seven pages.  The Court will not excuse a party from the requisite in-person meeting unless good cause is shown.

4.    In the event that the parties are participating in a deposition or a site inspection and a dispute arises, the parties may contact the courtroom deputy, Rose Maher, to inquire whether Magistrate Judge James is available to address the dispute telephonically.  In the event she is unavailable, the parties shall follow the procedures for requesting a telephonic conference as set forth in paragraph 3 above.  In such a case, the deposition or site inspection shall proceed with objections noted for the record.

5.    No motion for sanctions may be filed until after the moving party has complied with the requirements of paragraphs 2 and 3 above.  Motions for sanctions shall be filed separately, pursuant to Federal Rule 37 and Civil Local Rules 7 and 37-3.

6.    The parties shall comply with Civil Local Rule 6 regarding any requests to change time.

7.    Pursuant to Civil Local Rule 11-4(c), with the exception of communication with the courtroom deputy regarding scheduling, no party may contact the Court ex parte without prior notice to the opposing party.  All communications or questions to the Court shall be presented in writing, properly filed, and include a certification that all parties were served.

8.    The parties do not need to submit chambers copies, with the exception of documents that exceed ten pages when combined.  For these documents only, the submitting party must comply with the timing requirements in Civil Local Rule 5-1(e)(7).  All chambers copies must be double-sided when possible and include (1) the running header created by the ECF system at the top of each page, and (2) exhibits, if any, that are clearly delineated with tabbed dividers.  These printed copies shall be marked "Chambers Copy" and submitted to the Clerk's Office (not chambers), in an envelope marked with "Magistrate Judge James," the case number, and "Chambers Copy."

**IT IS SO ORDERED.**

_____
MARIA-ELENA JAMES
United States Magistrate Judge