STEVE W. BERMAN (*pro hac vice*)
CATHERINE Y.N. GANNON (*pro hac vice*)
HAGENS BERMAN
SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, Washington  98101
Telephone:  (206) 623-7292
Facsimile:   (206) 623-0594
steve@hbsslaw.com

ROLAND TELLIS (186269)
MARK PIFKO (228412)
BARON & BUDD, P.C.
15910 Ventura Boulevard, Suite 1600
Encino, California  91436
Telephone: (818) 839-2320
Facsimile: (818) 986-9698
rtellis@baronbudd.com
mpifko@baronbudd.com

ADAM J. LEVITT (*pro hac vice*)
KYLE MCGEE (*pro hac vice*)
GRANT & EISENHOFER P.A.
30 North LaSalle Street, Suite 1200
Chicago, Illinois  60602
Telephone: (312) 214-0000
Facsimile: (312) 214-0001
alevitt@gelaw.com

JOSEPH G. SAUDER (*pro hac vice*)
MATTHEW D. SCHELKOPF (*pro hac vice*)
CHIMICLES & TIKELLIS LLP
One Haverford Centre
361 West Lancaster Avenue
Haverford, Pennsylvania  19041
Telephone: (610) 642-8500
Facsimile: (610) 649-3633
JGS@chimicles.com
MDS@chimicles.com

*Plaintiffs' Interim Co-Lead Counsel*

*[Additional Counsel listed on
Signature Page]*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE MYFORD TOUCH CONSUMER LITIGATION | No. 13-cv-3072-EMC<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:  January 29, 2015<br>Time: 10:30 A.M.<br>Courtroom: 5, 17th Floor<br>Judge: Hon. Edward M. Chen |

## I.      INTRODUCTORY STATEMENT

Pursuant to the Court's Minute Entry (Dkt. No. 99) and the Standing Order for all Judges of the Northern District of California, counsel for the parties respectfully submit this Updated Joint Case Management Statement. This is the seventh Case Management Statement; six previous statements were filed with the Court on October 3, 2013 (Dkt. No. 33); January 16, 2014 (Dkt. No. 58); April 17, 2014 (Dkt. No. 82); June 5, 2014 (Dkt. No. 98); August 7, 2014 (Dkt. No. 109) and October 9, 2014 (Dkt. No. 114).  This Updated Joint Case Management Statement is intended to inform the Court on the status of the pleadings and discovery.

## II.     JOINT CASE MANAGEMENT STATEMENT

### A.      Motions

On January 13, 2014 Ford filed its Motion to Dismiss (Dkt. No. 56). Plaintiffs filed a Memorandum in Opposition on February 21, 2014 (Dkt. No. 69) and Ford filed its Reply on March 14, 2014 (Dkt. No. 72).  On May 30, 2014 this Court rendered a decision granting in part and denying in part Ford's Motion to Dismiss (Dkt. No. 97).  On June 16, 2014, Plaintiff Megan Raney-Aarons filed a notice of voluntary dismissal (Dkt. No. 100).  Defendant Ford filed an Answer to the FAC on July 18, 2014 (Dkt. No. 106).  Plaintiffs may seek leave to amend pleadings and/or join additional parties prior to the May 8, 2015 deadline stipulated to by the parties and adopted by this Court on October 20, 2014 (Dkt. No. 117).

## III.    STATUS OF DISCOVERY

As previously reported (*see* Dkt. No. 98), the parties participated in a Rule 26(f) conference and exchanged their initial disclosures, pursuant to Rule 26(a).

### A.      Production Agreements

The parties have agreed upon the format of production, including Electronically Stored Information ("ESI"). The parties then negotiated a stipulated general protective order, which this Court entered on May 16, 2014 (Dkt. No. 96).  The parties have also negotiated a stipulated protective order governing highly-sensitive information, trade secrets, computer software, source code and related intellectual property, which this Court entered on November 4, 2014 (Dkt. No. 121).

**B.      Plaintiffs' Productions**

Since June 5, 2014 Plaintiffs have made thirteen (13) productions in response to Ford's discovery requests.  The dates of these productions are as follows: (1) June 27, 2014; (2) July 29, 2014; (3) September 5, 2014; (4) October 7, 2014; (5) October 15, 2014 (6) October 31, 2014; (7) November 14, 2014; (8) December 5, 2014; (9) December 16, 2014; (10) January 2, 2015; (11) January 12, 2015; and two on January 15, 2015.

Over the past several months the parties have been diligently cooperating on finalizing Plaintiffs' production efforts.  At this time, Plaintiffs' production is substantially complete. Ford has sent several letters regarding the status of Plaintiffs' production and Plaintiffs have responded to every request by Ford for clarification or further production of documents.  Initially, Plaintiffs provided a single set of objections and responses on behalf of all the named Plaintiffs. At Ford's Request, Plaintiffs are preparing individualized Responses to Ford's First Set of Requests for Production for each Plaintiff.  Plaintiffs have agreed to produce the individualized Responses by January 31, 2015 for the Plaintiffs who were deposed prior to December 19, 2014, and by February 28, 2015 for the remaining Plaintiffs.[1]  The parties agree to meet and confer if Plaintiffs determine that they will be unable to meet these deadlines.

**C.      Defendant's Productions**

As of January 22, 2014, Ford has produced more than 3.9 million pages of documents comprised of the following:

- Documents pertaining to the named Plaintiffs' vehicles and warranty history (04/03/2014);
- Showroom brochures, owners' manuals, and warranty guides (04/15/2014);
- Additional showroom brochures, owners' manuals, and warranty guides, as well as print/video advertising (5/22/2014);
- Special Service Messages and Technical Service Bulletins (5/27/2014);
- Email and other documents maintained by Document Custodian J. Bragg (5/30/2014);
- Email and other documents maintained by Document Custodian B. Krein (6/5/2014);

---

[1] For any Plaintiff whose deposition is scheduled to occur before February 28, Plaintiffs have agreed to provide the individualized Response no later than two weeks before the scheduled date of the deposition.

JOINT CASE MANAGEMENT STATEMENT - 2
Case No.: 13-cv-3072-EMC

- Email and other documents maintained by Document Custodian S. Parsons (6/13/2014);

- Email and other documents maintained by Document Custodian R. Englert (7/3/2014);

- Ford warranty reimbursement records/data (AWS reports) and technical contacts (CQIS reports) (6/19/2014 and 7/16/2014);

- Email production for Document Custodians N. Gabrielli and M. Schanerberger (7/22/2014);

- Email and other documents maintained by  Document Custodians H. Ahmed; K. Christianson; H. Elzein; F. Frischmuth; M. Fromman; K. Goebel; J. Green (8/5/2014);

- Email and other documents maintained by  Document Custodians J. Huling; C. Kopeika; S. Livernois; M. Moody; A. Philliben; M. Porter (8/15/2014);

- Email and other documents maintained by Document Custodians K.Williams and S. Talukder (9/4/2014);

- Re-production, in native format, of warranty reimbursement records (AWS reports) and technical contacts (CQIS reports) (9/24/2014);

- Customer contacts to Ford Customer Service (FMC360 database) through May 1, 2013 (10/1/2014);

- Email and other documents maintained by Document Custodians J. Huber; T. Carmean; K. Williams (replacement); S. Talukder (replacement) (10/10/14);

- Email and other documents maintained by Document Custodians H. Younes; D. Brown; A. Murray (11/04/14);

- Email and other documents maintained by Document Custodians R. Sokel; M. Logli; K. Manley; B. Marcinkowski; M. Sheahan; D. Pope (12/01/14);

- Ford warranty reimbursement records/data (AWS reports) and technical contacts (CQIS reports) from May 2, 2013 to September 1, 2014 (12/05/14); and

- Email and other documents maintained by Document Custodians S. Livernois; R. LaFaive; E. Foley; J. Schneider; G. Sherwal; J. Ostrowski; D. Gersabeck; K. Goebel; R. Case; R. Eaton (12/19/14).

Ford has also supplemented its production efforts by circulating updated vehicle records and other responsive documents pertaining to Plaintiff Miller-Jones (Nov. 6); Plaintiff Rosser (Nov. 11); Plaintiff Creed (Nov. 11 and 17); Plaintiff Rizzo (Nov. 13); Plaintiff Whalen (Dec. 11); Plaintiff Watson (Dec. 12 and 16); Plaintiff Miller (Dec 12 and Jan 15); Plaintiff Matlin (Dec 12); Plaintiff Ervin (Jan 7) and Plaintiff Purcell (Jan. 7).  Ford's document production efforts are ongoing and Ford expects to make an additional document production on or about January 22, 2015, with additional productions every two to three weeks thereafter.  *See also* Sections G and I below.

**D.      Non-Party Productions**

Non-party Microsoft Corporation also made two productions, dated June 24, 2014 and January 2, 2015.

Non-party Blackberry Ltd. and Plaintiffs are finalizing the terms of Blackberry's document collection and production efforts, and Blackberry is expected to begin producing documents responsive to Plaintiffs' subpoena during the month of January 2015.

**E.      Plaintiffs' Second Set of Requests for Production**

On February 26, 2014, Plaintiffs served Ford with a Second Set of Requests for Production of Documents. On April 1, 2014, Ford served its Responses and Objections to Plaintiffs' Second Set of Requests for Production of Documents.  On September 10, 2014, this Court ordered Ford to respond to Plaintiffs' Request for Production Nos. 83 and 84 (Dkt. No. 113) and instructed lead counsel to further meet and confer regarding the appropriate scope of Request No. 82. On September 23, 2014, Plaintiffs served, via letter, a Revised Request for Production No. 82.  Ford served its response and objection to this Request on October 20, 2014.

As of the date of filing, Ford's search efforts for documents responsive to this set of discovery are ongoing.  While Ford has not produced any documents specifically in response to Plaintiffs' Second Set of Requests for Production, Ford believes that some of the Custodian documents produced in response to Plaintiffs' First Request for Production of Documents are also responsive to this set.

**F.      Plaintiffs' Third Set of Requests for Production**

On September 19, 2014, Plaintiffs served Ford with their Third Set of Requests for Production of Documents. The Third Set of Requests for Production seeks five categories of documents regarding Ford's cost and pricing of the MFT system.  Ford requested a one-week extension to respond on October 23, 2014, which was granted by Plaintiffs. Ford served its Responses to Plaintiffs' Third Set of Document Requests on October 30, 2014.

As of the date of filing, Ford's search efforts for documents responsive to this set of discovery are ongoing.  Ford has not produced any documents in response to Plaintiffs' Third Set of

1   Requests for Production.  However, Ford anticipates that it will make a production in response to

2   these Requests within the next 30 days.

3   **G.      Plaintiffs' Request for Additional Custodian Files**

4            Based on Plaintiffs' ongoing review of Ford's production, Plaintiffs believe that a search of

5   certain additional custodians would lead to the identification of relevant documents responsive to

6   Plaintiffs' Requests for Production.  On November 4, 2014, Plaintiffs wrote to Ford requesting that

7   Ford perform searches for relevant documents for 40 additional  custodians ("Original Letter").

8   Plaintiffs also requested more information on how Ford intends to perform a search of relevant

9   shared drives (*e.g.*, Sharepoint) or other repositories (*e.g.*, GIVIS) that may also contain documents

10  responsive to Plaintiffs' Request for Production.  The Parties are working cooperatively regarding

11  the production of documents from the November 4 custodian request.  Due to the additional

12  custodian requests, Ford also communicated to Plaintiffs that it may not be in a position to

13  substantially complete its document production for the additional custodians identified in the

14  Original Letter by March 31, 2015.

15           Plaintiffs also requested five (5) additional custodians on January 15, 2015 ("Second Letter").

16  Ford is in the process of  evaluating Plaintiffs' request and will respond accordingly.

17  **H.      Vehicle Inspection Protocol**

18           The Vehicle Inspection Protocol ("Protocol") will apply to any and all inspections of Class

19  Vehicles owned or leased by any named Plaintiff in this action at the time the Protocol is executed,

20  regardless of whether Plaintiffs or Ford conducts the inspection, so long as such inspection is

21  conducted for the purposes of this litigation.  On November 5, 2014, the parties submitted a joint

22  letter regarding the use of Plaintiffs' peripheral devices during the vehicle inspections (Dkt. No.

23  122).  On November 12, 2014, Magistrate Judge James issued the following Order (Dkt. No. 125):

24  "Plaintiffs do not need to provide their personal electronic devices to Ford for inspection at this time.

25  However, if any named plaintiff disputes Ford's findings from an inspection on the grounds that Ford

26  used a phone other than the specific one used by the named plaintiff, that plaintiff must then submit

27  their personal device for inspection, subject to an appropriate protective order regarding the scope

28  and conditions of inspection."  The parties are now finalizing the remaining terms of the Protocol.

JOINT CASE MANAGEMENT STATEMENT - 5
Case No.: 13-cv-3072-EMC

To date, Ford has performed an inspection of two vehicles: one belonging to Plaintiff Creed on January 14, 2015; and the other belonging to Plaintiff Rizzo earlier in 2014.[2]

**I.      Source Code Data Review**

On November 4, 2014, this Court entered the Stipulated Protective Order Governing Highly-Sensitive Information, Trade Secrets, Computer Software, Source Code And Related Intellectual Property ("Stipulated Highly Confidential Protective Order") (Dkt. No. 121).  Pursuant to the Stipulated Highly Confidential Protective Order, Ford made its Source Code Data available for review on January 20, 2015.  Plaintiffs' source code consultants are currently reviewing approximately 140 GB of Source Code Data.  On January 20, 2015, one additional document production was made available for review during the Source Code Data Review.

**IV.      DEPOSITIONS**

To date, Ford has taken the deposition of the following nine (9) named Plaintiffs: Plaintiff Miller-Jones (Nov. 7); Plaintiff Center for Defensive Driving (Nov. 11); Plaintiff Rosser (Nov. 13); Plaintiff Rizzo (Nov. 15); Plaintiff Creed (Nov. 19); Plaintiff Whalen (Dec. 11); Plaintiff Watson (Dec. 18); Plaintiff Purcell (Jan. 16), and Plaintiff Miller (Jan. 17).  Plaintiffs intend to provide an initial list identifying selected deponents in the near future.

**V.      ALTERNATIVE DISPUTE RESOLUTION (ADR)**

Pursuant to this Court's Case Management and Pretrial Order of October 20, 2014 (Dkt. No. 118), the Parties were directed to confer with their clients regarding pre-class certification ADR options, and to file a joint letter by November 6, 2014 if ADR referral (including the possibility of a settlement conference before a magistrate judge) was desired.  Plaintiffs are prepared to engage in classwide settlement discussions at this time and continue to be available and willing to participate in any pre-class certification ADR referral.  Ford is prepared to engage in settlement discussions to resolve the claims of the named Plaintiffs but does not believe that classwide settlement discussions would be productive.

---

[2] After Plaintiff Rizzo terminated his lease, and turned his vehicle over to a Ford dealer, Ford conducted an inspection of Plaintiff Rizzo's vehicle in 2014, to which Ford declined to invite Plaintiffs' counsel. Plaintiffs later had an opportunity on January 19, 2015 to inspect Plaintiff Rizzo's vehicle with counsel for Ford present.

## VI.   DISCOVERY AND TRIAL SCHEDULE

On October 9, 2014, the Parties filed a Case Management Statement (Dkt. No. 114), which proposed a Discovery and Trial Schedule.  On October 20, 2014, this Court largely adopted that proposed Discovery and Trial Schedule (Dkt. No. 118) by setting the dates set forth below.  Since the Court's October 20, 2014 Order, the parties have identified additional custodians who may have responsive documents.  Although the parties propose an additional 120 days to complete the document production, the parties believe this will require only a one month delay in the fact discovery deadline.  In addition, since the Court's October 20, 2014 Order, the parties have agreed that the scope of the review of source code will be expanded and that consequently Ford's experts should be permitted 14 weeks to respond to Plaintiffs' experts' reports.  Below is a proposed schedule that takes into account these changes.

| EVENT | CURRENT DATE / DEADLINE | PROPOSED DATE / DEADLINE |
|---|---|---|
| Substantial Completion of Document Production | March 31, 2015 | July 31, 2015 |
| Privilege Logs Produced | On a rolling basis, but no later than 45 days after production is substantially complete | On a rolling basis, but no later than 45 days after production is substantially complete |
| Deadline to Seek Leave to Amend Pleadings and/or Join Additional Parties | May 8, 2015 | May 8, 2015 |
| Fact Discovery Completion | October 9, 2015 | November 9, 2015 |
| Motion for Class Certification and Plaintiffs' Rule 26(a)(2) Class Certification Expert Disclosures/Reports | On or before October 16, 2015 | On or before December 16, 2015 |
| Opposition to Motion for Class Certification and Defendant's Rule 26(a)(2) Class Certification Expert Disclosures/Reports | Seven weeks after Plaintiffs file their opening class certification motion papers | Fourteen weeks after Plaintiffs file their opening class certification motion papers (March 23, 2016) |
| Reply in Support of Motion for Class Certification and Plaintiffs' Class Certification Rebuttal Expert Disclosures/Reports | Seven weeks after Ford files its opposition papers responding to Plaintiffs' opening class certification motion | Seven weeks after Ford files its opposition papers responding to Plaintiffs' opening class certification motion (May 11, 2016) |
| Hearing on Motion for Class Certification | February 11, 2016 at 1:30 p.m. | May 26, 2016 |
| Opening Expert Reports | March 17, 2016 | June 23, 2016 |

| EVENT | CURRENT DATE / DEADLINE | PROPOSED DATE / DEADLINE |
|---|---|---|
| Rebuttal Expert Reports | April 21, 2016 | September 29, 2016 |
| Expert Discovery Complete | May 26, 2016 | November 1, 2016 |
| Last Date to Hear Dispositive Motion | June 9, 2016 at 1:30 p.m. | December 22, 2016 |
| Final Pretrial Conference | September 20, 2016 at 2:30 p.m. | March 29, 2017 |
| Trial Ready Date | October 17, 2016 at 8:30 a.m. | April 24, 2017 |

DATED:  January 22, 2015                  HAGENS BERMAN SOBOL SHAPIRO LLP


By ____/s/Steve W. Berman____
STEVE W. BERMAN

Steve W. Berman (*pro hac vice*)
Catherine Y.N. Gannon (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 8th Avenue, Suite 3300
Seattle, WA  98101
Telephone:  (206) 623-7292
Facsimile:  (206) 623-0594
steve@hbsslaw.com
catherineg@hbsslaw.com

Jeff D. Friedman (173886)
Shana E. Scarlett (217895)
715 Hearst Avenue, Suite 202
Berkeley, CA  94710
Telephone:  (510) 725-3000
Facsimile:  (510) 725-3001
jefff@hbsslaw.com
shanas@hbsslaw.com

Adam J. Levitt (*pro hac vice*)
Kyle McGee (*pro hac vice*)
GRANT & EISENHOFER P.A.
30 North LaSalle Street, Suite 1200
Chicago, IL  60602
Telephone:  (312) 214-0000
Facsimile:  (312) 214-0001
alevitt@gelaw.com

Roland Tellis (186269)
Mark Pifko (228412)
BARON & BUDD, P.C.
15910 Ventura Boulevard, Suite 1600
Encino, CA  91436
Telephone:  (818) 839-2320
Facsimile:  (818) 986-9698
rtellis@baronbudd.com
mpifko@baronbudd.com

Joseph G. Sauder (*pro hac vice*)
Matthew D. Schelkopf (*pro hac vice*)
CHIMICLES & TIKELLIS LLP
One Haverford Centre
361 West Lancaster Avenue
Haverford, PA  19041
Telephone:  (610) 642-8500
Facsimile:  (610) 649-3633
JGS@chimicles.com

***Plaintiffs' Interim Co-Lead Counsel***

*/s/ Randall W. Edwards*
Randall W. Edwards (179053)
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, CA 94111-3823
Telephone: (415) 984-8700
Facsimile: (415) 984-8701
redwards@omm.com

Janet. L. Conigliaro *(pro hac vice)*
DYKEMA GOSSETT PLLC
400 Renaissance Center
Detroit, Michigan 48243
Telephone: (313) 568-5372
Jconigliaro@Dykema.com

***Attorneys for Defendant***
***FORD MOTOR COMPANY***

**<u>FILER'S ATTESTATION</u>**

Pursuant to Local Rule 5–1(i)(3), I hereby attest that the other signatory listed, on whose behalf the filing is submitted, concurs in the filing's content and has authorized the filing.


Dated:  January 22, 2015                    Randall W. Edwards
                                            O'MELVENY & MYERS LLP


                                            By:     /s/ Randall W. Edwards
                                                       Randall W. Edwards