STEVE W. BERMAN (*pro hac vice*)
CATHERINE Y.N. GANNON (*pro hac vice*)
HAGENS BERMAN
SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, Washington 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com

ROLAND TELLIS (186269)
BARON & BUDD, P.C.
15910 Ventura Boulevard, Suite 1600
Encino, California 91436
Telephone: (818) 839-2320
Facsimile: (818) 986-9698
rtellis@baronbudd.com
mpifko@baronbudd.com

ADAM J. LEVITT (*pro hac vice*)
GRANT & EISENHOFER P.A.
30 North LaSalle Street, Suite 1200
Chicago, Illinois 60602
Telephone: (312) 214-0000
Facsimile: (312) 214-0001
alevitt@gelaw.com

JOSEPH G. SAUDER (*pro hac vice*)
CHIMICLES & TIKELLIS LLP
One Haverford Centre
361 West Lancaster Avenue
Haverford, Pennsylvania 19041
Telephone: (610) 642-8500
Facsimile: (610) 649-3633
JGS@chimicles.com
MDS@chimicles.com

*Plaintiffs' Interim Co-Lead Counsel*

*[Additional Counsel listed on Signature Page]*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE MYFORD TOUCH CONSUMER LITIGATION | No. 13-cv-3072-EMC<br><br>**STIPULATED VEHICLE INSPECTION PROTOCOL** |

010388-11 773858 V1

The parties to the above-captioned action hereby agree that this Vehicle Inspection Protocol ("Protocol") shall apply to any and all Class Vehicles, as defined in the First Amended Class Action Complaint ("Complaint"), owned or leased by any Named Plaintiff in this action as of the date of this Protocol (the "Subject Vehicles").

## I. NOTICE REQUIREMENTS

1. No fewer than thirty (30) days prior to the sale of any Subject Vehicle or termination of any lease (including through expiration in accordance with a pre-defined lease agreement) associated with any Subject Vehicle, Plaintiffs' Counsel shall notify Defendant Ford Motor Company's ("Ford") Counsel in writing of any Plaintiff's intention to sell or terminate any applicable lease associated with a Subject Vehicle. The parties agree that such notification shall be made by electronic mail.

2. In the event that any Plaintiff breaches the terms of this Protocol by relinquishing possession of a Subject Vehicle without providing the required notice to Ford in accordance with paragraph 1, such Plaintiff is obligated to mitigate the effect of such breach by making all reasonable efforts to enable Ford to conduct an inspection of the Subject Vehicle consistent with the terms of this Protocol. Such Plaintiff agrees to cooperate in good faith in fulfilling any reasonable request made by Ford with respect to procurement of the Subject Vehicle.

3. Ford may, at its election, determine to inspect any Subject Vehicle for which Plaintiffs' Counsel have provided notice in accordance with paragraph 1. If Ford so elects, no more than ten (10) days from receiving the notice specified in paragraph 1, Ford shall provide written notice to Plaintiffs' Counsel indicating its intent to inspect the Subject Vehicle. The parties agree that such notification shall be made by electronic mail. For all other Subject Vehicles, Ford may, at its election, serve notice of its request to inspect a Subject Vehicle at any point during the discovery process of this litigation. Ford reserves its right to notice additional inspections of a Subject Vehicle

if Plaintiffs modify their allegations or disclose new facts regarding their Subject Vehicle and/or the MyFord Touch (or MyLincoln Touch) system after Ford has conducted its initial inspection. Plaintiffs reserve their right to object to any such additional inspection where such modifications to factual allegations or disclosures of new facts are unrelated to the purposes of an inspection.

4. The parties may schedule any inspection noticed under paragraph 3 for a date, time, and location that is convenient to all participants; *provided*, *however*, that any Plaintiff providing notice in accordance with paragraph 1 reserves the right to sell the Subject Vehicle or terminate any applicable lease associated with the Subject Vehicle within thirty (30) days from the date of such notice provided that Plaintiff takes appropriate measures to reasonably ensure that Ford will be able to perform the inspection following the sale or termination of any lease. The parties agree to use all reasonable efforts in good faith to schedule the inspection for a date prior to the expiration of thirty (30) days from the date of notice provided in paragraph 1. The parties further agree that any inspection of a Subject Vehicle will occur at an authorized Ford dealership, as determined by Ford, within a twenty-five-mile radius of the Plaintiff's residence. If no authorized Ford dealership exists within such a radius, the parties shall meet and confer in good faith to identify a mutually agreeable location for the inspection.

## II. INSPECTION CONDUCT

5. At any vehicle inspection noticed and scheduled in accordance with the paragraphs of Section I, Plaintiffs will ensure that the Subject Vehicle is transported to the agreed inspection location at the agreed date and time. At or before the inspection, Plaintiffs will provide any information, including any applicable passwords, required to operate their MyFord Touch (or MyLincoln Touch) systems. The Plaintiff that owns or leases the Subject Vehicle may, but need not, be present at the inspection. Counsel for Plaintiffs and Ford shall be entitled to be present at the inspection. An inspector engaged by Plaintiff and/or Plaintiffs' Counsel may be present at the

STIPULATED VEHICLE INSPECTION PROTOCOL - 2
Case No.: 13-cv-3072-EMC
010388-11 773858 V1

inspection, but shall not interfere with Ford's inspection. If Plaintiffs' Counsel present at the inspection believes that certain conduct is not permissible under the terms of this Protocol, he or she shall inform Ford's Counsel.

6. In no event shall Ford or any representative of Ford communicate during the inspection with the Plaintiff owning or leasing the Subject Vehicle regarding the Plaintiff's vehicle without the authorization of Plaintiffs' Counsel. This paragraph shall not bar employees of the Ford dealership or any representatives of Ford from communicating with Plaintiff regarding purely logistical issues concerning the inspection, such as providing directions to the dealership or pointing Plaintiff to the location of the inspection at the dealership.

7. The scope of the inspection shall be limited to the MyFord Touch (or, if applicable, MyLincoln Touch) system installed in the Subject Vehicle, including any hardware, installed optional features or systems related to the MyFord Touch (or MyLincoln Touch) systems and/or related to any of the problems Plaintiffs contend are related to their MyFord Touch (or MyLincoln Touch) systems. The parties agree that this scope is not intended to exclude inspection of hardware or features related to the MyFord Touch (or MyLincoln Touch) system, including, but not limited to, the touchscreen hardware, voice-recognition hardware, rearview camera hardware, climate control hardware, and steering wheel controls. The parties further agree that this scope is not intended to exclude inspection of any other parts related to the problems Plaintiffs contend are related to their MyFord Touch (or MyLincoln Touch) systems. The parties further agree that this scope is intended to exclude inspection of hardware or features unrelated to the MyFord Touch (or MyLincoln Touch) systems or to the problems Plaintiffs contend are related to their MyFord Touch (or MyLincoln Touch) systems, which typically include, without limitation, the engine block, transmission, drivetrain, wheels, tires, brakes, and chassis, as well as the contents of any closed compartments, including glove box and trunk.

STIPULATED VEHICLE INSPECTION PROTOCOL - 3
Case No.: 13-cv-3072-EMC
010388-11 773858 V1

8. Plaintiffs agree that Ford may download any information it deems relevant from Plaintiffs' MyFord Touch (or MyLincoln Touch) systems, with the condition that Ford provide Plaintiffs' Counsel with complete copies of any and all information obtained from a Plaintiff's MyFord Touch (or MyLincoln Touch) system within fourteen (14) days of the inspection. Plaintiffs' Counsel likewise agrees to provide Ford with complete copies of any and all information they have obtained from a Plaintiff's MyFord Touch (or MyLincoln Touch) system in connection with any inspection within fourteen (14) days of such inspection.

9. Ford or its representatives and Plaintiffs' Counsel or its representatives may take photographs, video recordings, and sound recordings during the inspection, and agree to produce to one another copies of any photographs, video recordings, or sound recordings taken during the inspection within thirty (30) days of such inspection. Any person taking video or sound recordings during the inspection must notify all participants prior to initiating recording.

10. Pursuant to the Court's November 12, 2014 Discovery Order ("Nov. 12 Order") (Dkt. No. 125), the parties shall produce their factual findings (*i.e.*, other than expert analyses) by April 30, 2015 for any inspection conducted prior to March 31, 2015; and no later than 45 days from the date of any subsequent inspection; *provided that*, in the event Ford requires additional time to provide such findings to Plaintiffs, Ford shall request (by email or letter) Plaintiffs' agreement to extend this deadline, which agreement Plaintiffs shall not unreasonably withhold. Plaintiffs shall have thirty (30) days from receipt of Ford's inspection findings to notify Ford whether a Plaintiff disputes Ford's findings from an inspection on the grounds that Ford used a personal electronic device other than the specific one used by the named Plaintiff. Within thirty (30) days of any such notification, that Plaintiff shall, upon Ford's request, submit their personal electronic device(s) for inspection with their Subject Vehicle at a date, time, and location that is convenient to all participants.

11. Any damage resulting from the conduct of Ford's inspector or any other person acting on Ford's behalf at the inspection shall be the sole responsibility of Ford. Prior to removing any hardware from a Subject Vehicle during an inspection, Ford's inspector or other representative agrees to secure the consent of Plaintiffs' Counsel or their representative, which consent shall not unreasonably be withheld.

12. Ford or its representatives may test drive a Subject Vehicle during the inspection. In any test drive of a Subject Vehicle during the inspection, the Subject Vehicle shall be operated by Ford's inspector, and Counsel for the parties shall be permitted to accompany Ford's inspector.

13. In no event shall any inspection conducted under the terms of this Protocol exceed one day in duration.

### III. USE OF INFORMATION OBTAINED DURING INSPECTION

14. The parties agree that any and all information, including documents, photographs, video recordings, and sound recordings, obtained by any party during an inspection under the terms of this Protocol shall presumptively be considered "CONFIDENTIAL" discovery material in accordance with the Protective Order entered in this action for a period ending thirty (30) days following production of such material. During that period, the parties will meet and confer to determine which, if any, of those materials shall be considered "Confidential" for the duration of the litigation. If the parties are unable to reach agreement regarding the "Confidential" designation of this material, the parties shall follow the procedures set forth in Section 3(e) of the May 16, 2014 Protective Order (Dkt. No. 96). No party or other person, including any Ford dealership, is permitted to use any information obtained during such an inspection for any purpose other than to prosecute or defend against the claims asserted in this action without consent from counsel from the opposing party.

STIPULATED VEHICLE INSPECTION PROTOCOL - 5
Case No.: 13-cv-3072-EMC
010388-11  773858 V1

15. The parties agree that any notes or other writings taken or prepared by or for a testifying expert witness or non-testifying expert in connection with any inspection need not be disclosed by any party and are outside the scope of permissible discovery.

16. No party waives any objection to any use, including admissibility of evidence and relevance, of any information, including documents, photographs, video recordings, and sound recordings, obtained by any party during an inspection under the terms of this Protocol in connection with this action. All such objections are expressly preserved by all parties.

IT IS SO STIPULATED.

DATED: April 13, 2015

Plaintiffs' Counsel:

/s/ Adam J. Levitt
Adam J. Levitt
GRANT & EISENHOFER P.A.
30 North LaSalle Street, Suite 1200
Chicago, Illinois 60602
Telephone: 312-214-0000
Facsimile: 312-214-0001
alevitt@gelaw.com

/s/ Steve W. Berman
Steve W. Berman
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, Washington 98101
Telephone: 206-623-7292
Facsimile: 206-623-0594
steve@hbsslaw.com

/s/ Roland Tellis
Roland Tellis
BARON & BUDD, P.C.
15910 Ventura Boulevard, Suite 1600
Encino, California 91436
Telephone: 818-839-2320
Facsimile: 818-986-9698
rtellis@baronbudd.com

/s/ Joseph G. Sauder
Joseph G. Sauder
CHIMICLES & TIKELLIS LLP
One Haverford Centre
361 West Lancaster Avenue
Haverford, Pennsylvania 19041
Telephone: 610-642-8500
Facsimile: 610-649-3633
JGS@chimicles.com

STIPULATED VEHICLE INSPECTION PROTOCOL - 6
Case No.: 13-cv-3072-EMC
010388-11 773858 V1

Ford's Counsel:

| /s/ Randall W. Edwards | /s/ Janet L. Conigliaro |
|---|---|
| Randall W. Edwards | Janet L. Conigliaro |
| O'MELVENY & MYERS LLP | DYKEMA GOSSETT PLLC |
| Two Embarcadero Center, 28th Floor | 400 Renaissance Center |
| San Francisco, California 94111 | Detroit, Michigan 48243 |
| Telephone: 415-984-8700 | Telephone: 313-568-5372 |
| Facsimile: 415-984-8701 | Facsimile: 855-262-6803 |
| redwards@omm.com | jconigliaro@dykema.com |

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated: 4/13/15

GRANTED
Judge Edward M. Chen

THE HONORABLE EDWARD M. CHEN
United States District Judge

STIPULATED VEHICLE INSPECTION PROTOCOL - 7
Case No.: 13-cv-3072-EMC
010388-11  773858 V1

## **ATTESTATION PURSUANT TO LOCAL RULE 5-1(i)(3)**

I, Steve W. Berman, am the ECF User whose identification and password are being used to file the foregoing document. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that all signatories have concurred in this filing.

Dated: April 13, 2015         /s/ Steve W. Berman
                              Steve W. Berman

STIPULATED VEHICLE INSPECTION PROTOCOL - 8
Case No.: 13-cv-3072-EMC
010388-11  773858 V1

**CERTIFICATE OF SERVICE**

I hereby certify that on April 13, 2015, I electronically filed the foregoing document using the CM/ECF system which will send notification of such filing to the email addresses registered in the CM/ECF system.

Dated: April 13, 2015 /s/ Steve W. Berman
  Steve W. Berman

STIPULATED VEHICLE INSPECTION PROTOCOL - 9
Case No.: 13-cv-3072-EMC
010388-11 773858 V1