1  RANDALL W. EDWARDS (S.B. #179053)
   redwards@omm.com
2  O'MELVENY & MYERS LLP
   Two Embarcadero Center, 28th Floor
3  San Francisco, CA 94111-3823
   Telephone:    (415) 984-8700
4  Facsimile:    (415) 984-8701

5  BRIAN C. ANDERSON (S.B. #126539)
   banderson@omm.com
6  SCOTT M. HAMMACK (pro hac vice)
   shammack@omm.com
7  DAVID R. DOREY (S.B. #286843)
   ddorey@omm.com
8  O'MELVENY & MYERS LLP
   1625 Eye Street, NW
9  Washington, D.C. 20006-4001
   Telephone:    (202) 383-5300
10 Facsimile:    (202) 383-5414

11 Attorneys for Defendant
   FORD MOTOR COMPANY

12
                **UNITED STATES DISTRICT COURT**
13
               **NORTHERN DISTRICT OF CALIFORNIA**
14
                  **SAN FRANCISCO DIVISION**
15

16
   In re:                                Case No. 3:13-CV-3072-EMC
17
   MYFORD TOUCH CONSUMER              **DEFENDANT FORD MOTOR COMPANY'S**
18 LITIGATION                         **NOTICE OF MOTION AND MOTION TO**
                                       **DISMISS SECOND AMENDED**
19                                     **COMPLAINT; MEMORANDUM OF**
                                       **POINTS AND AUTHORITIES**
20
                                       Hearing Date:   August 20, 2015
21                                     Time:           1:30 p.m.
                                       Judge:          Hon. Edward M. Chen
22                                     Courtroom:      5

23                                     Second Amended Complaint Filed: May 22, 2015

24

25

26

27

28
                                                    FORD'S MOTION TO DISMISS
                                                    SECOND AMENDED COMPLAINT
                                                    NO. CV 13-3072-EMC

## NOTICE OF MOTION AND MOTION TO DISMISS

**TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT on August 20, 2015 at 1:30 p.m., or as soon thereafter as the matter may be heard, in the United States District Court for the Northern District of California, San Francisco Courthouse, located at 450 Golden Gate Avenue, 17th Floor, Courtroom 5, before the Honorable Edward M. Chen, Defendant Ford Motor Company will, and hereby does, move the Court for an order dismissing certain of the claims in Plaintiffs' Second Amended Complaint pursuant to Rules 8(a), 9(b), and 12(b)(6) of the Federal Rules of Civil Procedure. Ford also will, and hereby does, move the Court for an order reaffirming that certain claims that were previously dismissed from the First Amended Complaint also are dismissed from the Second Amended Complaint. Specifically, Ford seeks an order as follows:

1.       Reaffirming that the Nationwide Class claim for violation of the Magnuson-Moss Warranty Act is dismissed for the reasons set forth in the Court's May 14, 2014 Order (ECF No. 97);

2.       Reaffirming that all fraud claims brought by all Plaintiffs who were named in the First Amended Complaint (except for Plaintiff Miller), to the extent those claims are based on an alleged affirmative misrepresentation[1], are dismissed the reasons set forth in ECF No. 97;

3.       Reaffirming that certain claims for breach of express warranty—Arizona Count II, Colorado Count III, Connecticut Count II, New York Count III (only as to Plaintiff Miller), and Texas Count II—are dismissed for the reasons set forth in ECF No. 97;

4.       Reaffirming that certain claims for breach of the implied warranty of merchantability—Arizona Count III, Colorado Count IV, Connecticut Count III, Florida Count III, Iowa Count III, New York Count IV, and Texas Count III—are dismissed for the reasons set forth in ECF No. 97;

5.       Reaffirming that California Count IX is dismissed, except to the extent it is based

---

[1] California Counts I, II, III, and VI, Arizona Count I and V, Colorado Counts I and VI, Connecticut Counts I and V, Florida Counts I and V, Iowa Counts I and V, Massachusetts Counts I and V, New Jersey Counts I and V, New York Counts I, II, and VI, North Carolina Counts I and V, Texas Counts I and V, and Virginia Counts I and V.

on Campaign 12M01, for the reasons set forth in ECF No. 97;

6.      Dismissing California Count V, Arizona Count IV, Colorado Count V, Connecticut Count IV, Florida Count IV, Iowa Count IV, Massachusetts Count IV, New Jersey Count IV, New York Count V, North Carolina Count IV, Ohio Count V, Texas Count IV, Virginia Count IV, and Washington Count IV for failure to allege facts sufficient to state a claim for breach of contract;

7.      Dismissing Ohio Counts I and VI and Washington Count I for failure to plead the existence of any affirmative misrepresentation, to the extent those counts are based on an alleged affirmative misrepresentation;

8.      Dismissing Iowa Counts I and V and Texas Counts I and V (only as to Plaintiff Rodriguez) for failure to allege facts sufficient to state a claim for fraud;

9.      Dismissing Iowa Count I for failure to allege permission to bring the claim from the Iowa Attorney General;

10.     Dismissing Ohio Count II and Washington Count II for failure to allege the existence of any warranty by affirmation, to the extent those counts are based on a warranty by affirmation;

11.     Dismissing Washington Count II for failure to allege facts sufficient to state a claim for breach of express warranty;

12.     Dismissing Washington Count III for failure to allege facts sufficient to state a claim for breach of implied warranty of merchantability;

13.     Dismissing Iowa Count II for failure to allege facts sufficient to state a claim for breach of express warranty with respect to Plaintiff Mitchell's 2014 Lincoln MKZ.

14.     Dismissing Ohio Counts III and IV because those Counts have been abrogated by the Ohio Products Liability Act, Ohio Rev. Code § 2307.71 *et seq.*

FORD'S MOTION TO DISMISS
SECOND AMENDED COMPLAINT
NO. CV 13-3072-EMC

1       This Motion is based on this Notice of Motion and Motion, the accompanying

2   Memorandum of Points and Authorities, any other related documents filed in connection with this

3   motion, the papers and records on file in this action, and such other written and oral argument as

4   may be presented to the Court.

5

6       Dated: June 22, 2015                    O'MELVENY & MYERS LLP

7                                                By:    /s/ Randall W. Edwards
                                                            Randall W. Edwards
8
                                                 Attorneys for Defendant
9                                                Ford Motor Company

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FORD'S MOTION TO DISMISS
SECOND AMENDED COMPLAINT
NO. CV 13-3072-EMC

# TABLE OF CONTENTS

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ............................................................. 1

I.     INTRODUCTION ........................................................................................................ 1

II.    LEGAL STANDARD ................................................................................................. 3

III.   CLAIMS DISMISSED BY THE COURT'S PREVIOUS ORDER ................................ 3

IV.  PLAINTIFFS FAIL TO STATE AN INDEPENDENT CLAIM FOR BREACH OF CONTRACT ....................................................................................................... 4

     A.     Plaintiffs Do Not Identify Any Valid Contract ...................................... 5

     B.     Plaintiffs Have Not Pleaded Facts Indicating How Ford Failed to Honor Its Obligations Under the Purported Contract ........................................... 8

     C.     The Colorado and Texas Plaintiffs Fail to Allege That They Provided the Required Pre-Suit Notice ...................................................................... 9

V.   PLAINTIFFS FAIL TO STATE A VALID CLAIM FOR CERTAIN OF THEIR FRAUD-BASED CAUSES OF ACTION ................................................................. 10

     A.     Plaintiffs Fail to State a Claim for Affirmative Misrepresentation ...................... 10

     B.     Plaintiffs Who Purchased a Second MFT-Equipped Vehicle After Becoming Aware of the Alleged Defects Cannot Assert a Fraud Claim.............. 12

     C.     Plaintiff Mitchell Fails to Allege the Required Authorization from the Iowa Attorney General to Bring a Class Claim Under the ICFA ................................ 13

VI.  CERTAIN OF THE NEW PLAINTIFFS' BREACH OF WARRANTY CLAIMS MUST BE DISMISSED ......................................................................................... 14

     A.     Plaintiffs Fail to Identify Any Statements Outside the Limited Warranty That Could Give Rise to a Warranty by Affirmation Claim................................ 14

     B.     Plaintiff Kirchoff's Breach of Express Warranty Claim Fails Because He Has Not Alleged That He Was Aware of the Terms of Ford's Limited Warranty Before Purchasing His Vehicle ........................................................ 15

     C.     Plaintiff Kirchoff's Claim for Breach of Implied Warranty Is Barred by Lack of Privity .................................................................................... 15

     D.     Plaintiff Mitchell Cannot Bring a Breach of Warranty Claim for His Newly Purchased Vehicle ............................................................................... 16

VII.  PLAINTIFF MISKELL'S TORT CLAIMS HAVE BEEN ABROGATED BY THE OHIO PRODUCTS LIABILITY ACT ................................................................. 16

VIII. CONCLUSION ...................................................................................................... 17

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Alston v. Massachusetts*,
661 F. Supp. 2d 117 (D. Mass. 2009) ................................................................. 6, 8

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ...................................................................................... 3

*Babb v. Regal Marine Indus., Inc.*,
2015 WL 786857 (Wash. Ct. App. Feb. 24, 2015)....................................... 15, 16

*Baber v. First Republic Grp., L.L.C.*,
2008 WL 2356868 (N.D. Iowa June 6, 2008) ....................................................... 12

*Baertschi v. Jordan*,
413 P.2d 657 (Wash. 1966) ................................................................................ 11

*Baughn v. Honda Motor Co.*,
727 P.2d 655 (Wash. 1986) ................................................................................ 15

*Beauty Mfg. Solutions Corp. v. Ashland, Inc.*,
848 F. Supp. 2d 663 (N.D. Tex. 2012)................................................................... 9

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)............................................................................................ 3

*Cadle Co. v. Castle*,
913 S.W.2d 627 (Tex. App. 1995) ........................................................................ 6

*CDF Firefighters v. Maldonado*,
158 Cal. App. 4th 1226 (2008)............................................................................. 8

*Chilton v. Homestead, LC*,
79 Va. Cir. 708 (Va. Cir. Ct. 2008) ..................................................................... 6

*Comm'r of Labor v. C.J.M. Servs., Inc.*,
842 A.2d 1124 (Conn. 2004)............................................................................... 6

*Darush L.L.C. v. Macy's Inc.*,
2012 U.S. Dist. LEXIS 92380 (D.N.J. July 3, 2012)............................................. 6

*Doty v. Fellhauer Elec., Inc.*,
888 N.E.2d 1138 (Ohio Ct. App. 2008) .............................................................. 16

*Fink v. Time Warner Cable*,
810 F. Supp. 2d 633 (S.D.N.Y. 2011).............................................................. 6, 8

*Haskins v. Symantec Corp.*,
2013 U.S. Dist. LEXIS 169865 (N.D. Cal. Dec. 1, 2013) ..................................... 6

*Hodges v. Apple Inc.*,
2013 U.S. Dist. LEXIS 179143 (N.D. Cal. Dec. 19, 2013) ................................ 7, 8

*Hotchkiss v. Int'l Profit Assocs., Inc.*,
854 N.W.2d 73 (Iowa Ct. App. 2014).................................................................. 6

# TABLE OF AUTHORITIES
**(continued)**

Page

*Huffman v. Electrolux N. Am., Inc.*,
   961 F. Supp. 2d 875 (N.D. Ohio 2013) ................................................................. 16

*In re Metawave Commc'ns Corp. Sec. Litig.*,
   298 F. Supp. 2d 1056 (W.D. Wash. 2003) ........................................................... 11

*In re Splash Tech. Holdings, Inc. Sec. Litig.*,
   160 F. Supp. 2d 1059 (N.D. Cal. 2001) ............................................................... 11

*Int'l Tech. Instruments, Inc. v. Eng'g Measurements Co.*,
   678 P.2d 558 (Colo. App. 1983) ............................................................................. 9

*Jones v. Zearfoss*,
   456 S.W.3d 618 (Tex. App. 2015) ........................................................................ 12

*JSC Neftegas–Impex v. Citibank, N.A.*,
   365 S.W.3d 387 (Tex. App. 2011) ........................................................................ 13

*Kearns v. Ford Motor Co.*,
   567 F.3d 1120 (9th Cir. 2009) ........................................................................ 3, 11

*Kelley v. Metro. Life Ins. Co.*,
   2013 U.S. Dist. LEXIS 154239 (S.D. Fla. Oct. 28, 2013) ...................................... 6

*Kelly v. Elec. Arts, Inc.*,
   __ F. Supp. 3d __, 2014 WL 5361641 (N.D. Cal. Oct. 20, 2014) ......................... 12

*Kerzman v. NCH Corp.*,
   2007 WL 765202 (W.D. Wash. Mar. 9, 2007) ..................................................... 15

*Landskroner v. Landskroner*,
   797 N.E.2d 1002 (Ohio Ct. App. 2003) ................................................................. 6

*Lebeau v. Lembo Corp.*,
   2008 U.S. Dist. LEXIS 121668 (N.D. Ohio Sept. 15, 2008) ................................ 17

*Lehrer v. DSHS*,
   5 P.3d 722 (Wash. Ct. App. 2000) ......................................................................... 6

*Lopez v. Nissan N. Am.*,
   201 Cal. App. 4th 572 (2011) ................................................................................ 7

*Marshall v. Hyundai Motor Am.*,
   51 F. Supp. 3d 451 (S.D.N.Y. 2014) ...................................................................... 7

*McKell v. Wash. Mut., Inc.*,
   142 Cal. App. 4th 1457 (2006) .............................................................................. 6

*Oswell v. Morgan Stanley Dean Witter & Co.*,
   2007 U.S. Dist. LEXIS 44315 (D.N.J. June 18, 2007) ........................................... 7

*Page v. Select Portfolio Servicing, Inc.*,
   2013 WL 4679428 (M.D.N.C. Aug. 30, 2013), *report and recommendation*
   *adopted*, 2013 WL 5462282 (M.D.N.C. Sept. 30, 2013) ....................................... 8

**TABLE OF AUTHORITIES**
(continued)

Page

*Palmco Corp. v. Am. Airlines, Inc.*,
  983 F.2d 681 (5th Cir. 1993) ................................................................................ 9

*Perez v. Ocwen Loan Servicing, LLC*,
  2011 U.S. Dist. LEXIS 73769 (S.D. Cal. July 8, 2011) ......................................... 7

*Pollmann v. Belle Plaine Livestock Auction, Inc.*,
  567 N.W.2d 405 (Iowa 1997) ............................................................................... 13

*Quill v. Albert M. Higley Co.*,
  26 N.E.3d 1187 (Ohio Ct. App. 2014) ................................................................. 16

*Repwest Ins. Co. v. Praetorian Ins. Co.*,
  890 F. Supp. 2d 1168 (D. Ariz. 2012) ............................................................... 6, 8

*Rice v. Sunbeam Prods., Inc.*,
  2013 WL 146270 (C.D. Cal. Jan. 7, 2013) ............................................................ 4

*Riverside Nat'l Bank v. Lewis*,
  572 S.W.2d 553 (Tex. Civ. App. 1978) .............................................................. 12

*Sinclair v. Mobile 360, Inc.*,
  2007 WL 2344813 (W.D.N.C. Aug. 14, 2007) ...................................................... 6

*Thompson v. Rockford Mach. Tool Co.*,
  744 P.2d 357 (Wash. Ct. App. 1987) ................................................................... 14

*Vavak v. Abbott Labs., Inc.*,
  2011 U.S. Dist. LEXIS 155962 (C.D. Cal. Mar. 7, 2011) ...................................... 6

*W. Convenience Stores, Inc. v. Suncor Energy U.S.A., Inc.*,
  970 F. Supp. 2d 1162 (D. Colo. 2013) ................................................................... 6

*Wegner v. Pella Corp.*,
  2015 U.S. Dist. LEXIS 60927 (D.S.C. May 5, 2015) .......................................... 14

*Wilden Clinic, Inc. v. City of Des Moines*,
  229 N.W.2d 286 (Iowa 1975) ............................................................................... 13

*Wilson v. Hewlett-Packard Co.*,
  668 F.3d 1136 (9th Cir. 2012) .............................................................................. 12

*Wingate Inns Int'l, Inc. v. Cypress Ctr. Hotels, LLC*,
  2012 U.S. Dist. LEXIS 179345 (D.N.J. Dec. 19, 2012) ........................................ 6

**STATUTES**

15 U.S.C. § 2310(a)(3) ................................................................................................ 4

Colo. Rev. Stat. 4-2-607(3)(a) ..................................................................................... 9

Iowa Code § 714H.1 *et seq.* ...................................................................................... 13

Iowa Code § 714H.7 ................................................................................................... 14

iv

**TABLE OF AUTHORITIES**
(continued)

Page

Ohio Rev. Code § 2307.71 *et seq.* ............................................................................................ 16

Ohio Rev. Code § 2307.71(B)..................................................................................................... 16

Tex. Bus. & Com. Code Ann. § 2.607(c) ..................................................................................... 9

**RULES**

Fed. R. Civ. P. 8(a) ...................................................................................................................... 7

Fed. R. Civ. P. 9(b)................................................................................................................ 3, 11

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.     INTRODUCTION

Plaintiffs' Second Amended Complaint ("SAC") includes new claims that are not viable given Plaintiffs' factual allegations and the governing law.  Plaintiffs reframed their previous "Breach of Contract/Breach of Common Law Warranty" claims into new "Breach of Contract" claims brought under the laws of each of the fourteen states in which a named plaintiff resides.  However, these new breach of contract claims fail because the SAC does not identify the contract(s) at issue, let alone its essential terms, or say how those terms were breached.  The SAC also adds two new named plaintiffs (Miskell and Kirchoff), including one from a state that is new to this litigation (Washington).  Both of these Plaintiffs assert affirmative misrepresentation claims without identifying any potentially actionable affirmative representation by Ford, and Plaintiff Kirchoff asserts warranty claims that are barred because he was not aware of Ford's warranty and because he lacks privity with Ford.  The SAC further alleges new facts related to purchases of additional vehicles equipped with MyFord Touch ("MFT") or MyLincoln Touch ("MLT") systems by Plaintiffs Rodriguez and Mitchell that foreclose their fraud-based claims and fail to support claims for breach of warranty.  Finally, Plaintiff Mitchell and Miskell assert other claims that are barred by statutes of their states.

This motion focuses on pleading deficiencies the Court did not address in response to Ford's Motion to Dismiss the First Amended Complaint ("FAC").  Ford asks the Court to confirm that the claims it previously dismissed, but that Plaintiffs reassert in the SAC, remain dismissed.  Attached hereto as Exhibit A is a chart showing claims asserted in the SAC, specifying the claims (either new claims or previously dismissed claims) to which this motion does, and does not, pertain.

Contract claims:  Plaintiffs' new breach of contract claims fail for all Plaintiffs because they do not allege facts establishing that a contract existed between them and Ford, identifying the contract terms they contend Ford breached, or explaining how Ford breached the contract.  Plaintiffs' "breach of contract" claims appear to be a re-casting of their fraudulent concealment allegation, without specifying any connection to an actual "contract."  Lacking the necessary

1

1  factual allegations to establish a breach of contract claim, those claims are untenable. In addition,

2  the claims by the Plaintiffs from Colorado and Texas are flawed because they failed to provide

3  Ford with the required pre-suit notice of their claims.

4      <u>Fraud-based claims</u>: The affirmative misrepresentation claims of the two new named

5  Plaintiffs fail for the same reason this Court dismissed similar claims by all but one of the original

6  Plaintiffs. Plaintiffs Kirchoff and Miskell identify no potentially actionable misrepresentations

7  made to them by Ford. Plaintiff Miskell does not even try to craft such an allegation, while

8  Plaintiff Kirchoff's vague reference to advertisements and an alleged statement by unidentified

9  persons at a dealership lack the requisite specificity and explanation of how they were false.

10  Additionally, the fraud-based claims of Plaintiffs Rodriguez and Mitchell must be dismissed

11  based on their new allegations that they each purchased a second vehicle equipped with an MFT

12  system long after they became aware of the supposed problems with the MFT system. Their

13  subsequent purchase of a second vehicle containing an MFT system they supposedly already

14  knew to be defective undermines their ability to prove the element of materiality; specifically,

15  they cannot credibly contend that the supposedly undisclosed defects in the MFT system were

16  "material facts" that would have prevented them from buying their MFT-equipped vehicles had

17  they known about them before their initial vehicle purchase. Finally, Plaintiff Mitchell's putative

18  class claim under the Iowa Consumer Frauds Act fails because he does not allege that he obtained

19  the required authorization from the Iowa Attorney General to bring a class claim under that Act.

20      <u>Warranty claims</u>: The two new Plaintiffs' breach of warranty claims have several flaws.

21  Like all the named plaintiffs in the FAC, Plaintiffs Kirchoff and Miskell identify no affirmations

22  (beyond Ford's Limited Warranty) that constitute a "warranty," and thus their attempted

23  warranty-by-affirmation allegations fail. They should be dismissed. Plaintiff Kirchoff cannot

24  maintain a breach of express warranty claim based on Ford's Limited Warranty because he has

25  not alleged that he was aware of its terms before he purchased his vehicle. He also cannot assert

26  a claim for breach of implied warranty because he is not in privity with Ford and is not a third-

27  party beneficiary under Washington law. In addition to the flaws in these two new Plaintiffs'

28  claims, Plaintiff Mitchell cannot state a claim for breach of express warranty with respect to his

FORD'S MOTION TO DISMISS
SECOND AMENDED COMPLAINT
NO. CV 13-3072-EMC

1   2014 Lincoln MKZ because he has not sought any repairs to its MLT system.

2       <u>Tort claims</u>: Plaintiff Miskell's claims for breach of implied warranty in tort and

3   negligence both fail because they have been abrogated by the Ohio Products Liability Act.

4   **II.**    **LEGAL STANDARD**

5       "To survive a motion to dismiss, a complaint must contain sufficient factual matter,

6   accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556

7   U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  While

8   well-pleaded factual content is accepted as true for purposes of determining whether the

9   complaint states a plausible claim for relief, the Court should not accept legal conclusions

10  couched as factual allegations or "[t]hreadbare recitals of the elements of a cause of action,

11  supported by mere conclusory statements."  *Id.* (quoting *Twombly*, 550 U.S. at 555).  In addition,

12  claims that "sound in fraud," including Plaintiffs' fraudulent concealment and statutory claims

13  premised on fraud allegations, must meet the heightened pleading requirements of Federal Rule

14  of Civil Procedure 9(b), as described more fully below.  *See Kearns v. Ford Motor Co.*, 567 F.3d

15  1120, 1125 (9th Cir. 2009).

16  **III.**    **CLAIMS DISMISSED BY THE COURT'S PREVIOUS ORDER**

17      Plaintiffs' SAC reasserts claims that were dismissed by this Court's Order Granting in

18  Part and Denying in Part Defendant's Motion to Dismiss (ECF No. 97 (May 30, 2014) (the

19  "Order")).  Plaintiffs state that they have included these claims in the SAC for the sole purpose of

20  preserving their appeal rights and do not contest that they have been dismissed.  (*See. e.g.*, SAC

21  ¶ 422 ("While this claim was dismissed pursuant to Judge Chen's May 30, 2014 Order, plaintiffs

22  include it here to preserve the claim for appeal.").)  As part of a stipulation in which Ford agreed

23  not to oppose Plaintiffs' filing of the SAC, the parties agreed that "[t]he arguments Ford made in

24  its Motion to Dismiss the First Amended Complaint (ECF No. 56), as well as this Court's rulings

25  on those arguments (ECF No. 97) shall be deemed applicable to those same claims made in the

26  SAC and are preserved without Ford being required to repeat the same arguments in a new

27  motion filed in response to the SAC pursuant to Fed. R. Civ. P. 12."  (ECF No. 149.)

28  Accordingly, Ford expressly incorporates those arguments by reference here, and requests that the

FORD'S MOTION TO DISMISS
SECOND AMENDED COMPLAINT
NO. CV 13-3072-EMC

1    Court reaffirm the dismissal of the claims in the SAC that were previously dismissed pursuant to

2    its May 30, 2014 Order.

3        Specifically, this Court should reaffirm that the following claims are dismissed:  violation

4    of the Magnuson-Moss Warranty Act brought by all Plaintiffs[1]; fraud claims based on affirmative

5    misrepresentation brought by all Plaintiffs except Plaintiff Miller; the claims for breach of express

6    warranty brought by Plaintiffs D'Aguanno, Sheerin, Makowski, Miller[2], Ervin, and Rodriguez;

7    the claims for breach of implied warranty of merchantability brought by Plaintiffs D'Aguanno,

8    Sheerin, Makowski, Oremland, Mitchell, Miller, Purcell, Ervin, and Rodriguez; violation of the

9    California Secret Warranty Law, Cal. Civ. Code § 1795.90 *et seq.* to the extent not based on

10   Campaign 12M01, brought by Plaintiffs Whalen, Watson, Thomas-Maskrey and The Center for

11   Defensive Driving.  (*See* Exhibit A (listing claims for which Ford requests this Court reaffirm

12   dismissal).)

13   **IV.    PLAINTIFFS FAIL TO STATE AN INDEPENDENT CLAIM FOR BREACH OF**
14   **CONTRACT**

15       For each of fourteen states covered by the SAC's claims, the SAC asserts a new cause of

16   action for "breach of contract"; but the SAC lacks the factual allegations necessary to state such

17   claims.  It appears that the new breach of contract claims replace the "breach of

18   contract/common-law warranty" claims that had been pled in the FAC "in the alternative" to the

---

[1] This Court previously dismissed the Magnuson-Moss claims without prejudice for failure to
follow the required informal dispute resolution process.  Plaintiffs generally do not attempt to
cure this deficiency in the SAC.  Plaintiff Creed added an allegation that he submitted a claim to
the Better Business Bureau to initiate a lemon law proceeding against Ford (SAC ¶ 123), but he
does not allege that he notified Ford before initiating the BBB process that he was asserting class
claims, as would be required to permit a subsequent Magnuson-Moss class action.  *See* 15 U.S.C.
§ 2310(a)(3).

[2] Unlike the other Plaintiffs, Plaintiff Miller attempts to revive his breach of express warranty
claim by alleging for the first time that he "notified the sales manager, the concierge and Mr. Nick
D'Andrea at Park Ford of problems he was experiencing but they failed to address his
concerns." (SAC ¶ 143.)  Miller does not allege that he actually sought a repair for these
concerns, in contrast with the allegations in the SAC by ***every other plaintiff*** who claims to have
brought their vehicle in for a repair.  (*E.g.*, *id.* ¶ 167 (Miskell).)  Given that context, Miller's
allegation that he simply discussed his problems with employees of a dealer is insufficient to
show that he provided Ford with the required adequate opportunity to repair his vehicle.  *See Rice
v. Sunbeam Prods., Inc.*, 2013 WL 146270, at *1, 11-12 (C.D. Cal. Jan. 7, 2013) (merely
complaining about a product is not sufficient to avail a buyer of the remedy in repair-or-replace
warranty, and forecloses claim that the warranty failed of its essential purpose).

FORD'S MOTION TO DISMISS
SECOND AMENDED COMPLAINT
NO. CV 13-3072-EMC

1    extent that Ford's New Vehicle Limited Warranty was deemed not to be a warranty under the

2    relevant state's commercial code.  (*E.g.*, FAC ¶ 356.)  In the Order, this Court did not expressly

3    rule on the viability of each of these "alternative" causes of action premised on alleged failures to

4    repair vehicles, but, in any event, these new breach of contract claims in the SAC are different

5    from those in the FAC and suffer from different infirmities that warrant dismissal of the claims.

6    In particular, the SAC does not allege facts establishing a valid contract between Ford and

7    Plaintiffs and fails to identify any action by Ford that breached such a contract.  Moreover, with

8    respect to the Colorado and Texas Plaintiffs, the SAC fails to allege they gave Ford the required

9    pre-suit notice.

10        ### A.        Plaintiffs Do Not Identify Any Valid Contract

11            The first and most fundamental problem with Plaintiffs' new breach of contract claims is

12   that they do not allege facts establishing any "contract" between them and Ford.  The alleged

13   contract is not the vehicle's Limited Warranty; the SAC contains separate claims for alleged

14   breach of express warranty and the breach of contract claims do not refer to the warranty or allege

15   that the breach was the failure to repair or honor the warranty.  Instead, the alleged breach of

16   contract appears to be based on the sale or lease of the vehicle after Ford's alleged failure to

17   disclose alleged defects.  (*E.g.*, SAC ¶ 356.)  Specifically, in its breach of contract claims, the

18   SAC makes the conclusory allegation that "[e]ach and every sale or lease of a Class Vehicle

19   constitutes a contract between Ford and the purchaser or lessee."  (*Id.*)  Nowhere do Plaintiffs

20   describe any of the terms of this supposed contract or identify any provision of such a legal

21   agreement that Ford allegedly breached.  Indeed, the asserted legal conclusion that the vehicle

22   sale or lease constitutes a contract between Ford and the Plaintiff is contradicted by the express

23   factual allegations of each named Plaintiff that he, she, or it purchased the vehicle from a dealer.

24   (*E.g.*, SAC ¶ 23 (Whalen)[3].)

25            It is axiomatic that a breach of contract claim requires the existence of an enforceable

26   contract made between the plaintiff and defendant.  As one court stated, "to plead a contract . . .,

27   _____

28   [3] *See also id.* at ¶¶ 36, 49, 59, 66, 73, 79, 88, 94, 103, 125, 132, 141, 148, 156, 164, 171, 180,
     188, 195, 203 (allegations pertaining to each other named plaintiff).

FORD'S MOTION TO DISMISS
SECOND AMENDED COMPLAINT
NO. CV 13-3072-EMC

1   plaintiff must allege the substance of its relevant terms." *McKell v. Wash. Mut., Inc.*, 142 Cal.

2   App. 4th 1457, 1489 (2006) (citation omitted).[4]   "[T]he mere mention of a contract(s) in the

3   complaint does not provide sufficient facts . . . ." *Darush L.L.C. v. Macy's Inc.*, 2012 U.S. Dist.

4   LEXIS 92380, at *6 (D.N.J. July 3, 2012) (dismissing a breach of contract claim).   Likewise, bare

5   legal assertions that a contract exists are insufficient absent factual allegations showing the

6   contract existed and establishing its essential terms. *Vavak v. Abbott Labs., Inc.*, 2011 U.S. Dist.

7   LEXIS 155962, at *14-15 (C.D. Cal. Mar. 7, 2011) (dismissing a breach of contract claim).[5]

8   _____

9   [4] *See also, e.g.*, **(Arizona)**:  *Repwest Ins. Co. v. Praetorian Ins. Co.*, 890 F. Supp. 2d 1168, 1183 (D. Ariz. 2012) (dismissing a breach of contract claim because "Plaintiff must allege the existence of a contract, the terms of the contract that Defendant has breached, and the damages

10   suffered from that breach."); **(Colorado)**:  *W. Convenience Stores, Inc. v. Suncor Energy U.S.A., Inc.*, 970 F. Supp. 2d 1162, 1182 (D. Colo. 2013) ("[T]o establish a claim for breach of contract

11   under Colorado law, [plaintiff] must show: (i) the existence of an enforceable contract; (ii) that it rendered the performance that was required by the contract or that it was excused from such

12   performance; (iii) that  [defendant] failed to substantially perform its obligations under the contract; and (iv) resultant damages."); **(Connecticut)**:  *Comm'r of Labor v. C.J.M. Servs., Inc.*,

13   842 A.2d 1124, 1131 (Conn. 2004) ("A bald assertion that the defendant has a contractual obligation, without more, is insufficient to survive a motion to strike . . . .") (citation omitted);

14   **(Florida)**:  *Kelley v. Metro. Life Ins. Co.*, 2013 U.S. Dist. LEXIS 154239, at *6 (S.D. Fla. Oct. 28, 2013) (dismissing a breach of contract claim for "lack[ing] detail regarding the essential

15   terms" of the contract); **(Iowa)**: *Hotchkiss v. Int'l Profit Assocs., Inc.*, 854 N.W.2d 73, at *20-21 (Iowa Ct. App. 2014) ("To succeed on a breach of contract claim, the plaintiff must show: . . . the

16   terms and conditions of the contract . . . ."); **(Massachusetts)**: *Alston v. Massachusetts*, 661 F. Supp. 2d 117, 124 (D. Mass. 2009) ("To properly allege a breach of contract under Massachusetts

17   law, a plaintiff must allege the terms of the contract and what obligations the parties owed to one another under the contract."); **(New Jersey)**:  *Wingate Inns Int'l, Inc. v. Cypress Ctr. Hotels, LLC*,

18   2012 U.S. Dist. LEXIS 179345, at *26 (D.N.J. Dec. 19, 2012) (dismissing a contract claim because the claimant did not "identify the portions of the contract that were allegedly breached to

19   satisfy Federal Rule of Civil Procedure 8(a)(2)"); **(New York)**:  *Fink v. Time Warner Cable*, 810 F. Supp. 2d 633, 644-45 (S.D.N.Y. 2011) ("[A] breach of contract claim will be dismissed where

20   a plaintiff fails to allege the essential terms of the parties' purported contract, including the specific provisions of the contract upon which liability is predicated."); **(North Carolina)**:

21   *Sinclair v. Mobile 360, Inc.*, 2007 WL 2344813, at *6 (W.D.N.C. Aug. 14, 2007) ("To allege a claim for a breach of contract, a plaintiff must allege facts showing the existence of a valid

22   contract, and facts showing there has been a breach of the terms of the contract.") (citation omitted); **(Ohio)**:  *Landskroner v. Landskroner*, 797 N.E.2d 1002, 1010 (Ohio Ct. App. 2003)

23   ("[A] breach of contract action is pleaded by stating the terms of the contract . . . ."); **(Texas)**: *Cadle Co. v. Castle*, 913 S.W.2d 627, 630-31 (Tex. App. 1995) (plaintiffs must plead "a

24   contractual relationship between the parties, and the substance of the contract which supports the pleader's right to recover."); **(Virginia)**:  *Chilton v. Homestead, LC*, 79 Va. Cir. 708, 726 (Va.

25   Cir. Ct. 2008) (dismissing a breach of contract claim when "Plaintiffs have failed to allege facts sufficient" to establish a written or oral contract, or "provide[d] any factual basis in support of

26   reasonably certain, definite, and complete provisions" of such a contract); **(Washington)**: *Lehrer v. DSHS*, 5 P.3d 722, 727 (Wash. Ct. App. 2000) ("[A] plaintiff in a contract action must prove a

27   valid contract between the parties, breach, and resulting damage.")).

28   [5] *See also, e.g.*, *Haskins v. Symantec Corp.*, 2013 U.S. Dist. LEXIS 169865, at *32-34 (N.D. Cal. Dec. 1, 2013) (dismissing a breach of contract claim by a software purchaser against a

FORD'S MOTION TO DISMISS
SECOND AMENDED COMPLAINT
NO. CV 13-3072-EMC

1    Applying this principle, courts reject breach of contract claims premised on mere

2    dissatisfaction with a purchased product absent factual allegations that the seller or manufacturer

3    agreed that the product would meet any particularized expectations.  In a case facing a claim

4    premised on a similar theory as advanced here, Judge Orrick found that plaintiff "fail[ed] to

5    adequately plead a breach of contract" by alleging that every purchase of a certain computer

6    constituted a contract that the computer be defect-free.  *Hodges v. Apple Inc.*, 2013 U.S. Dist.

7    LEXIS 179143, at *31-33 (N.D. Cal. Dec. 19, 2013).  The court noted that plaintiff received the

8    computer, but "cannot point to a single instance in which Apple offered to sell him . . . [a

9    computer] free from defects . . . . Without pointing to such an offer and a promise made based

10   upon that offer, his [breach of contract] claim necessarily fails."  *Id.*  Other courts have likewise

11   dismissed claims premised on allegations of this sort.  *Lopez v. Nissan N. Am.*, 201 Cal. App. 4th

12   572, 596 (2011) (finding that manufacturers do not "breach[] any contractual obligations to

13   consumers" when consumers bargain for a product but can "present[] no evidence that this is not

14   what they received"); *Marshall v. Hyundai Motor Am.*, 51 F. Supp. 3d 451 (S.D.N.Y. 2014)

15   (dismissing a breach of contract claim because plaintiffs' broad allegations that Hyundai would

16   repair any defects were insufficient).  Similarly, here Plaintiffs allege without supporting facts

17   that when they acquired their vehicles from an independent dealer or other party, "each and every

18   sale or lease of a Class Vehicle constitutes a contract between Ford and the purchaser or lessee"

19   that was breached when Plaintiffs received vehicles containing an allegedly defective MFT

20   system.  (*E.g.*, SAC ¶ 356.)  Plaintiffs do not identify any specific offer by Ford with respect to

21   the Class Vehicles or any specific contractual terms agreed by Ford and Plaintiffs.

22   Plaintiffs' conclusory allegations fall short of even the liberal pleading standards of Rule

23   8(a) because they are insufficient to give Ford notice of the specific contract that Plaintiffs claim

24   exists between Ford and all indirect purchasers who acquired vehicles from various dealerships.

25   ───────────────────────────

26   manufacturer when "Plaintiff has not attached what she alleges to be her contract with Defendant, nor set out its terms verbatim in the complaint"); *Perez v. Ocwen Loan Servicing, LLC*, 2011 U.S. Dist. LEXIS 73769, at *5 (S.D. Cal. July 8, 2011) (holding that "Plaintiff's breach of contract

27   claim fails to satisfy the pleading standard of Rule 8(a)" because he "alleges breach of contract without identifying any contractual provisions."); *Oswell v. Morgan Stanley Dean Witter & Co.*,

28   2007 U.S. Dist. LEXIS 44315, at *14 (D.N.J. June 18, 2007).

FORD'S MOTION TO DISMISS
SECOND AMENDED COMPLAINT
NO. CV 13-3072-EMC

1

### B.   Plaintiffs Have Not Pleaded Facts Indicating How Ford Failed to Honor Its Obligations Under the Purported Contract

2

Plaintiffs also have failed to allege facts showing how Ford breached the terms of the

3

alleged, undefined contract(s).  Plaintiffs seeking to bring a breach of contract claim must present

4

factual allegations establishing defendant's breach of the terms of the contract.  *See, e.g.*, *CDF*

5

*Firefighters v. Maldonado*, 158 Cal. App. 4th 1226, 1239 (2008).[6]  It is insufficient to state in

6

merely conclusory terms that defendant breached a contract without identifying the term that was

7

breached and how it was breached.  *See, e.g.*, *Hodges*, 2013 U.S. Dist. LEXIS 179143, at *31-33;

8

*Repwest Ins. Co. v. Praetorian Ins. Co.*, 890 F. Supp. 2d 1168, 1183 (D. Ariz. 2012) (dismissing a

9

breach of contract claim for failing to allege breach of contract "with any detail, but rather

10

making conclusory assertions that Defendant [ ] breached a contract it had with Plaintiff.");

11

*Alston v. Massachusetts*, 661 F. Supp. 2d 117, 124 (D. Mass. 2009) ("[Plaintiffs] simply assert

12

that [defendant] has breached a contract, without giving any facts about the terms or obligations

13

created by this alleged contract. Without this basic information, [plaintiffs] fail to 'plausibly'

14

claim a breach of contract violation . . . ."); *Page v. Select Portfolio Servicing, Inc.*, 2013 WL

15

4679428, at *3 (M.D.N.C. Aug. 30, 2013) ("Plaintiffs do not allege the existence of a contract

16

between them and Defendants, nor do they allege any specific contract terms which were

17

breached by Defendants. These allegations are not consistent with any theory of liability and

18

obviously fall far short of the line of 'plausibility of entitle[ment] to relief.") (citations omitted),

19

*report and recommendation adopted*, 2013 WL 5462282 (M.D.N.C. Sept. 30, 2013); *Fink v. Time*

20

*Warner Cable*, 810 F. Supp. 2d 633, 645 (S.D.N.Y. 2011) (holding that the plaintiffs' "simple

21

characterization of the nature of the promise, and the equally simplistic allegations that [the

22

d]efendant failed to perform, [were] insufficient to make the requisite plausible factual

23

demonstration of the basis of [the p]laintiffs' claim").

24

Plaintiffs say that the sale or lease of an allegedly "defective Class Vehicle" constitutes

25

the breach (*e.g.*, SAC ¶ 356), but they do not identify how such sale or lease violated any contract

26

term.  Likewise, Plaintiffs contend that the supposed contract was breached by Ford's alleged

27

---

28

[6] *See also supra* note 4 (collecting cases).

FORD'S MOTION TO DISMISS
SECOND AMENDED COMPLAINT
NO. CV 13-3072-EMC

1   misrepresentations and purported failure to disclose the existence of a defect (*id.*), but do not

2   plead facts showing that any alleged non-disclosure breached any term of any contract.  Further,

3   Plaintiffs do not allege any misrepresentations at all, as this Court already noted in the Order.

4   (*See* Order at 10-11.)  Without any facts to support their conclusory assertion of breach, Plaintiffs

5   fail to state a claim for breach of contract.

6          **C.     The Colorado and Texas Plaintiffs Fail to Allege That They Provided the
              Required Pre-Suit Notice**

7

8          An additional deficiency dooms the breach of contract claims of the Colorado Plaintiff

9   (Sheerin) and Texas Plaintiffs (Ervin and Rodriguez).  These Plaintiffs did not allege that they

10  provided the requisite pre-suit notice to Ford of the alleged breach of contract.  This Court

11  previously dismissed with prejudice the express warranty claims of the Colorado and Texas

12  Plaintiffs for failure to provide notice.  *See* Order at 40-41, 44-45.  These same Plaintiffs'

13  allegations of breach of contract likewise are insufficient because any alleged breach of contract

14  is governed by the same U.C.C. provisions that require such notice in breach of warranty claims.

15         As this Court previously held, Texas and Colorado law both require a buyer to give notice

16  to a remote manufacturer before filing a lawsuit.  In ruling on a breach of contract claim, the Fifth

17  Circuit has held that, "[u]nder Texas law, a buyer, upon accepting tender, must notify the seller of

18  any breach 'within a reasonable time after he discovers any breach . . . or be barred from any

19  remedy.'"  *Palmco Corp. v. Am. Airlines, Inc.*, 983 F.2d 681, 684 (5th Cir. 1993) (quoting Tex.

20  Bus. & Com. Code Ann. § 2.607(c)); *see also Beauty Mfg. Solutions Corp. v. Ashland, Inc.*, 848

21  F. Supp. 2d 663, 669-70 (N.D. Tex. 2012) (requiring notice for breach of contract claim).  As in

22  the initial Complaint, Plaintiffs Rodriguez and Ervin do not allege that they provided any such

23  notice to Ford (*see* SAC ¶¶ 171-87), and accordingly their claims must be dismissed.

24         Similarly, under Colorado law, a plaintiff is required at a minimum to give notice of an

25  alleged breach of contract to the seller.  *See Int'l Tech. Instruments, Inc. v. Eng'g Measurements*

26  *Co.*, 678 P.2d 558, 561 (Colo. App. 1983) (finding that for a breach of contract claim "the buyer

27  must within a reasonable time after he discovers or should have discovered any breach, notify the

28  seller of breach or be barred from any remedy . . . ." (quoting Colo. Rev. Stat. 4-2-607(3)(a)).

1    Plaintiff Sheerin does not allege that he brought his vehicle in for repairs or that he provided any

2    notice of the alleged breach of contract to Ford or any of its dealers (*see* SAC ¶¶ 73-78), and thus

3    his claim also should be dismissed.

4    **V.       PLAINTIFFS FAIL TO STATE A VALID CLAIM FOR CERTAIN OF THEIR
              FRAUD-BASED CAUSES OF ACTION**

5

6              **A.       Plaintiffs Fail to State a Claim for Affirmative Misrepresentation**

7              This Court previously dismissed the affirmative misrepresentation claims of all but one

8    Plaintiff, noting that, "[t]his is not a case where, *e.g.*, Ford made an affirmative representation that

9    the MFT system was defect free."  (Order at 11.)  Although these claims were dismissed without

10   prejudice, the SAC does not attempt to cure Plaintiffs' failure to identify any affirmative

11   misrepresentations made by Ford.  Accordingly, the Court should re-affirm its dismissal of the

12   affirmative misrepresentation claims brought by all Plaintiffs who were named in the FAC with

13   the exception of Plaintiff Miller.  Like these other Plaintiffs, new Plaintiff Miskell has not

14   identified any statements made by Ford other than those that Court previously found to be

15   insufficient to plead a claim of affirmative misrepresentation.  (*See id.* at 10-14.)  As such, his

16   affirmative misrepresentation claims brought under Ohio law (Ohio Counts I and VI[7]) must also

17   be dismissed under the reasoning of the Court's prior Order.

18             The other new Plaintiff, Kirchoff, alleges that unnamed "sales representatives at Bickford

19   Ford" informed him that "Ford had made significant improvements to the MyFord Touch

20   system," and that he saw unidentified advertisements "stating that Ford had made significant

21   upgrades and corrections to the system between the 2012 and 2013 model years."  (SAC ¶ 207.)

22   Neither of these statements are of the type that could give rise to a claim of fraud for at least three

23   reasons.

24

25

26   [7] Like all the other Plaintiffs whose claims for fraudulent concealment were dismissed to the
     extent they were based on an alleged affirmative misrepresentation (*see* Order at 31), Plaintiff
27   Miskell's claim of fraudulent concealment (Ohio Count VI) is based in part on alleged
     unspecified affirmative misrepresentations (*see* SAC ¶¶ 922-23, 927-28) and likewise should be
28   dismissed in part.

FORD'S MOTION TO DISMISS
SECOND AMENDED COMPLAINT
NO. CV 13-3072-EMC

First, Plaintiff Kirchoff's allegations fail to meet the heightened standard for pleading affirmative fraud required by Rule 9(b), which requires Plaintiffs to identify the "*who*, what, *when*, where and *how* of the misconduct charged." *Kearns*, 567 F.3d at 1126 (emphasis added). Plaintiffs allege only that the statement Kirchoff encountered was made by unidentified "sales representatives at Bickford Ford"; they do not allege that the statement was made by Ford, nor do they identify when the statement was made or even that Plaintiff Kirchoff encountered this representation prior making his decision to purchase his vehicle. Similarly, Plaintiffs do not identify the actual language of the advertisements Kirchoff viewed, much less where and when he encountered them, or that the advertisements were made by Ford (as opposed to independent dealers).

Second, Plaintiffs do not allege facts that establish the falsity of these alleged statements. To the contrary, the SAC acknowledges that Ford made improvements to the MFT system shortly before Plaintiff Kirchoff purchased his vehicle in February 2013. (*See* SAC ¶¶ 10, 284 (noting 20% decrease in "things-gone-wrong-rate" in late 2012).) Obviously a fraud claim cannot be based on a true statement. *See Baertschi v. Jordan*, 413 P.2d 657, 660 (Wash. 1966) ("It is well settled law in this state that in order to recover for fraud, the following must be proved: (1) a representation of an existing fact; (2) its materiality; (3) its falsity . . . .").

Third, even if the statements were false, they are insufficient to sustain a claim for fraud because they are so vague that no reasonable consumer would rely on them. *See In re Metawave Commc'ns Corp. Sec. Litig.*, 298 F. Supp. 2d 1056, 1090 (W.D. Wash. 2003) (statement that business operates "operate more efficiently" was mere puffery); *In re Splash Tech. Holdings, Inc. Sec. Litig.*, 160 F. Supp. 2d 1059, 1076 (N.D. Cal. 2001) (characterizing product line as "improved" is puffery). In an analogous fact pattern, a Judge Illston held that statements that a software manufacturer was in a "much better state" for a next-generation transition and that its software had "largely been de-risked" are "a non-actionable vague expression of corporate

1  optimism and puffery upon which no reasonable investor would rely." *Kelly v. Elec. Arts, Inc.*,

2  __ F. Supp. 3d __, 2014 WL 5361641, at *7 (N.D. Cal. Oct. 20, 2014).[8]

3        For these reasons, Plaintiff Kirchoff's affirmative misrepresentation claims must also be

4  dismissed in addition to Plaintiff Miskell's.

5        **B.**    **Plaintiffs Who Purchased a Second MFT-Equipped Vehicle After Becoming Aware of the Alleged Defects Cannot Assert a Fraud Claim**

6

7        The SAC added allegations that Plaintiffs Rodriguez and Mitchell each purchased a

8  second vehicle equipped with a MFT system after they became aware of alleged problems with

9  the system in the first vehicles they bought.  These second vehicle purchases defeat their fraud-

10  based claims both for their initial vehicle and for their subsequent vehicle.[9]

11        As to each of their purchases of their first MFT-equipped vehicle, the new allegations

12  mean that Plaintiffs Rodriguez and Mitchell cannot colorably contend that Ford's alleged

13  fraudulent omissions were material.  To the contrary, both Plaintiffs chose to purchase their

14  second vehicles despite their belief that their MFT systems were defective.  To adequately plead

15  fraudulent omission claims, these Plaintiffs must state sufficient factual allegations from which

16  the Court may reasonably infer that Ford knew, at the time of sale, a material fact of which

17  Plaintiffs were unaware.  *See Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1145-47 (9th Cir.

18  2012).[10]  "[M]ateriality in an action for fraud depends upon whether the contract would have been

19  made notwithstanding the representations."  *Riverside Nat'l Bank v. Lewis*, 572 S.W.2d 553, 558

20  (Tex. Civ. App. 1978); *see also Wilden Clinic, Inc. v. City of Des Moines*, 229 N.W.2d 286, 292

21

22  _____

   [8] Given its vague reference to "significant improvements," Plaintiff Kirchoff's allegation differs

23  substantially from the statement Plaintiff Miller allegedly encountered that this Court found could ground an affirmative fraud claim:  "that Ford had corrected **any defects** in [MFT]."  (Order at 10 (emphasis added).)

24  [9] This includes Iowa Count I (Consumer Frauds Act), Iowa Count V (fraudulent concealment),

25  Texas Count I (Deceptive Trade Practices Act), and Texas Count V (fraud by concealment).

   [10] *See also, e.g.*, (**Iowa**):  *Baber v. First Republic Grp., L.L.C.*, 2008 WL 2356868, at *23 (N.D.

26  Iowa June 6, 2008) ("[I]n the case of an alleged fraudulent non-disclosure or concealment, the first element is that the defendant concealed a material fact when under a legal duty to disclose

27  that fact."); (**Texas**):  *Jones v. Zearfoss*, 456 S.W.3d 618, 623 (Tex. App. 2015) ("A material misrepresentation is an element common to causes of action for DTPA, common law fraud,

28  statutory fraud, and negligent misrepresentation.").

FORD'S MOTION TO DISMISS
SECOND AMENDED COMPLAINT
NO. CV 13-3072-EMC

1   (Iowa 1975) ("[A] fact is material when it influences a person to enter into a contract, when it

2   deceives him and induces him to act, or when without it the transaction would not have

3   occurred.") (citation omitted).

4           Plaintiffs Mitchell and Rodriguez acknowledge that they were aware of the alleged MFT

5   problems at the time they purchased their second MFT-equipped vehicle. Plaintiff Mitchell

6   purchased a 2014 Lincoln MKZ equipped with MLT in January 2014 several months *after* he

7   filed this lawsuit against Ford and more than three years after he bought his first vehicle, a 2011

8   Lincoln MKX. (SAC ¶ 101.) And Plaintiff Rodriquez bought a MFT-equipped 2012 Ford

9   Explorer more than six months after he bought his first vehicle, a 2012 Ford Focus (*id.* ¶¶ 171,

10  178), even though he allegedly started experiencing problems with the MFT system "almost

11  immediately following the purchase" of his 2012 Ford Focus. (*Id.* ¶ 173.) These facts preclude

12  Plaintiffs as a matter of law from establishing a required element of fraud: that Ford's alleged

13  omissions were material to the purchase of their vehicles (*e.g.*, they would not have bought a

14  vehicle with a MFT system if Ford had disclosed the alleged defects in the system). Even

15  believing the MFT system was "defective," they purchased another MFT-equipped vehicle

16  anyway.

17          In addition, neither Plaintiff Rodriguez nor Plaintiff Mitchell can demonstrate the

18  justifiable reliance necessary to sustain a fraud claim with respect their second vehicle; they were

19  armed with actual knowledge of the alleged problems at the time of purchase.[11]

20  **C.      Plaintiff Mitchell Fails to Allege the Required Authorization from the Iowa
            Attorney General to Bring a Class Claim Under the ICFA**

22          Plaintiff Mitchell cannot state a class claim for a violation of the Iowa Consumer Frauds

23  Act, Iowa Code § 714H.1 *et seq.* ("ICFA"), because that statute requires a plaintiff to first obtain

24  authorization to file such a claim as a class action from the Iowa Attorney General. *See* Iowa

---

[11] *See* (**Texas**): *JSC Neftegas–Impex v. Citibank, N.A.*, 365 S.W.3d 387, 407-09 (Tex. App. 2011) ("For purposes of a fraud claim, a party cannot justifiably rely on a representation when that party has actual knowledge before its reliance of that representation's falsity."); (**Iowa**): *Pollmann v. Belle Plaine Livestock Auction, Inc.*, 567 N.W.2d 405, 410 (Iowa 1997) ("Reliance is not justified if the person receiving the information knows or in the exercise of ordinary care should know that the information is false.").

FORD'S MOTION TO DISMISS
SECOND AMENDED COMPLAINT
NO. CV 13-3072-EMC

1   Code § 714H.7 ("A class action lawsuit alleging a violation of this chapter shall not be filed with

2   a court unless it has been approved by the attorney general."); *see also Wegner v. Pella Corp.*,

3   2015 U.S. Dist. LEXIS 60927, at *19 (D.S.C. May 5, 2015) (recognizing ICFA notification

4   requirement).  Plaintiff Mitchell failed to plead that he has obtained the required permission from

5   the Iowa Attorney General, and as such, his ICFA claim must be dismissed.

6   **VI.     CERTAIN OF THE NEW PLAINTIFFS' BREACH OF WARRANTY CLAIMS**
        **MUST BE DISMISSED**

7

        **A.     Plaintiffs Fail to Identify Any Statements Outside the Limited Warranty That**
8       **Could Give Rise to a Warranty by Affirmation Claim**

9              In its prior Motion to Dismiss, Ford argued that Plaintiffs did not allege a warranty by

10  affirmation because Plaintiffs failed to plead any terms of such a warranty, much less the "exact

11  terms" required to state a claim.  (ECF No. 56 at 32-35 (citing cases for each jurisdiction).)  As

12  noted in Ford's Reply Brief (ECF No. 72 at 20), Plaintiffs conceded the argument by stating

13  nothing in their Opposition to dispute Ford's argument.  Given this posture, the Court not

14  surprisingly stated in the Order that "the only express warranty at issue is that contained in Ford's

15  limited warranty . . . ."  (Order at 32.)  Nonetheless, the SAC now repeats the previously

16  dismissed warranty-by-affirmation theory with respect to the existing Plaintiffs, and includes

17  similar allegations on behalf of the newly added Plaintiffs Kirchoff and Miskell that Ford

18  breached certain unspecified warranties that "were made, *inter alia*, in advertisements, on

19  websites operated by Ford and in uniform statements provided by Ford to be made by salespeople

20  made."  (*See* SAC ¶¶ 896, 1051; *see also id.* at ¶¶ 897, 899, 1050, 1054.)  This Court should

21  dismiss their breach of warranty claims to the extent they are based on statements other than

22  Ford's Limited Warranty for the same reasons Ford detailed in its first Motion to Dismiss.  *See*

23  *also Thompson v. Rockford Mach. Tool Co.*, 744 P.2d 357, 364 (Wash. Ct. App. 1987)

24  (dismissing breach of express warranty claim where defendant never made any affirmations of

25  fact regarding the product).

26

27

28

FORD'S MOTION TO DISMISS
SECOND AMENDED COMPLAINT
NO. CV 13-3072-EMC

1

2

### B.   Plaintiff Kirchoff's Breach of Express Warranty Claim Fails Because He Has Not Alleged That He Was Aware of the Terms of Ford's Limited Warranty Before Purchasing His Vehicle

3      Plaintiff Kirchoff's breach of express warranty claim based on Ford's Limited Warranty

4   also fails.  The Washington Supreme Court has held that while "the UCC does not require a

5   plaintiff to show reliance on the manufacturer's statements, he or she must at least be aware of

6   such representations to recover for their breach."  *Baughn v. Honda Motor Co.*, 727 P.2d 655, 669

7   (Wash. 1986); *see also Kerzman v. NCH Corp.*, 2007 WL 765202, at *7 (W.D. Wash. Mar. 9,

8   2007).  Plaintiff Kirchoff's claim should therefore be dismissed because he does not allege that he

9   was aware of the terms of Ford's Limited Warranty before purchasing his vehicle.  (*See* SAC

10   ¶¶ 1044-61.)

11

12

### C.   Plaintiff Kirchoff's Claim for Breach of Implied Warranty Is Barred by Lack of Privity

13      Plaintiff Kirchoff cannot state a claim for breach of the implied warranty of

14   merchantability because he is not in privity with Ford.  A claim for breach of implied warranty

15   under Washington law requires the plaintiff to have purchased the warranted product directly

16   from the warrantor.  *See Babb v. Regal Marine Indus., Inc.*, 2015 WL 786857, at *5 (Wash. Ct.

17   App. Feb. 24, 2015) (the "claim for breach of implied warranty of merchantability fails as a

18   matter of law because there is no privity . . . .").  Plaintiff Kirchoff has not alleged that he

19   purchased any product directly from Ford Motor Company.  Instead, he claims that he purchased

20   his vehicle from Bickford Ford, an independent dealer.  (*See* SAC ¶ 203.)

21      Plaintiff Kirchoff cannot salvage his claim by contending that he qualifies for an

22   exception to the privity requirement for third-party beneficiaries.  In ruling on Ford's initial

23   Motion to Dismiss, this Court previously found that the California and North Carolina Plaintiffs

24   had sufficiently pled facts to avail themselves of the third-party beneficiary exception to the

25   privity requirement under the law of those states.  (Order at 50-53.)  However, Plaintiff Kirchoff

26   cannot meet the different test to decide who is a third-party beneficiary under Washington law.

27   Washington's "sum of the interaction" test looks at "whether the manufacturer was sufficiently

28   involved in the transaction (including post-sale) with the remote purchaser to warrant

15

1   enforcement of an implied warranty." *See Babb*, 2015 WL 786857, at *3. The only interaction

2   Plaintiff Kirchoff allegedly had with Ford was several calls with Ford's customer service hotline

3   after he purchased his vehicle. (*See* SAC ¶ 206.) This is insufficient to make him a third-party

4   beneficiary. *See Babb*, 2015 WL 786857, at *5 ("[T]he extent of the interaction between Regal

5   and Babb was a series of post-sale phone calls related to the repair of a boat that Regal did not

6   build specifically for Babb.") As such, the lack of privity defeats Plaintiff Kirchoff's implied

7   warranty claim.

8           D.      **Plaintiff Mitchell Cannot Bring a Breach of Warranty Claim for His Newly**
                    **Purchased Vehicle**
9

10          As described above, Plaintiff Mitchell purchased a 2014 Lincoln MKZ *after* he filed the

11   FAC in this litigation. *See* SAC ¶ 101. Although that vehicle is included in Plaintiffs' putative

12   "Iowa Class" (*see id.* at ¶ 291), plaintiff Mitchell cannot state any breach of warranty claim on

13   which relief can be granted with respect to that vehicle because he never sought or obtained a

14   repair to its MLT (*see id.* at ¶ 101). (*See* Order at 33-35 (dismissing four breach of warranty

15   claims where plaintiffs failed to allege that their MFT had been repaired).)

16   **VII.    PLAINTIFF MISKELL'S TORT CLAIMS HAVE BEEN ABROGATED BY THE**
             **OHIO PRODUCTS LIABILITY ACT**
17

18          Plaintiff Miskell's claims for "breach of implied warranty in tort" and "negligence" under

19   Ohio law must be dismissed because they have been superseded by the Ohio Products Liability

20   Act ("OPLA"). *See* Ohio Rev. Code § 2307.71 *et seq.* When it enacted the OPLA, "the Ohio

21   Assembly closed the loophole on product liability claims seeking economic loss for damages to

22   the product itself." *Quill v. Albert M. Higley Co.*, 26 N.E.3d 1187, 1195 (Ohio Ct. App. 2014).

23   OPLA expressly states that it was "intended to abrogate ***all*** common law product liability claims

24   or causes of action." Ohio Rev. Code § 2307.71(B); s*ee also Doty v. Fellhauer Elec., Inc.*, 888

25   N.E.2d 1138, 1142 (Ohio Ct. App. 2008). These abrogated common law claims include both

26   breach of implied warranty in tort and negligence. *See Huffman v. Electrolux N. Am., Inc.*, 961 F.

27   Supp. 2d 875, 880 (N.D. Ohio 2013) ("Accordingly, it is now settled that the scope of a 'products

28   liability claim,' as defined by OPLA, includes common-law negligence claims seeking

1   compensatory damages."); *Lebeau v. Lembo Corp.*, 2008 U.S. Dist. LEXIS 121668, at *9-10

2   (N.D. Ohio Sept. 15, 2008) (OPLA preempts claims for implied warranty in tort that accrued after

3   April 7, 2005).  The Court has not previously considered the impact of the OPLA, but it is

4   dispositive of these two Ohio-law tort claims.

5   **VIII.   <u>CONCLUSION</u>**

6          For each of these foregoing reasons, Plaintiffs' claims should be dismissed or reaffirmed

7   as being dismissed.  *See also* Exhibit A (setting forth which claims should be dismissed and

8   which should be reaffirmed as dismissed).

9

10      Dated:  June 22, 2015                O'MELVENY & MYERS LLP

11                                           By:___/s/ Randall W. Edwards_____
                                                      Randall W. Edwards
12
                                             Attorneys for Defendant
13                                           Ford Motor Company

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FORD'S MOTION TO DISMISS
SECOND AMENDED COMPLAINT
NO. CV 13-3072-EMC