STEVE W. BERMAN (*pro hac vice*)
steve@hbsslaw.com
CATHERINE Y.N. GANNON (*pro hac vice*)
catherineg@hbsslaw.com
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, Washington  98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

*Plaintiffs' Interim Co-Lead Counsel*
*[Additional Counsel listed on Signature Page]*

RANDALL W. EDWARDS (S.B. #179053)
krubino@omm.com
KEVIN R. RUBINO (S.B. #255677)
redwards@omm.com
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, California  94111
Telephone: (415) 984-8700
Facsimile: (415) 984-8701

*Attorneys for Defendant*
*FORD MOTOR COMPANY*
*[Additional Counsel listed on Signature Page]*

STEPHEN M. RUMMAGE
ZANA BUGAIGHIS (S.B. # 257926)
steverummage@dwt.com
zanabugaighis@dwt.com
DAVIS WRIGHT TREMAINE LLP
1201 Third Avenue, Suite 2200
Seattle, Washington  98101
Telephone: (206) 757-8136
Facsimile: (206) 757-7136

*Attorneys for Non-Party*
*MICROSOFT CORPORATION*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE<br><br>MYFORD TOUCH CONSUMER LITIGATION | No. 3-13-cv-3072-EMC<br><br>**STIPULATION FOR PROTECTIVE ORDER FOR LITIGATION INVOLVING HIGHLY SENSITIVE INFORMATION, TRADE SECRETS, COMPUTER SOFTWARE, SOURCE CODE, AND RELATED INTELLECTUAL PROPERTY FOR NON-PARTY, MICROSOFT CORPORATION**<br><br>Hon. Edward M. Chen |

1.     **PURPOSES AND LIMITATIONS**

On May 16, 2014, this Court entered a Stipulated Protective Order covering the disclosure or production of certain confidential documents and information (Dkt. No. 96).  As noted in that Order, disclosure and discovery activity in this action are likely to involve production of certain confidential source code and related intellectual property for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. This Protective Order is intended to facilitate Non-Party Microsoft Corporation's ("Microsoft") production of confidential information, including certain Source Code and Data (defined in Section 2.17, *supra*).

Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order for Highly Confidential Information, Trade Secrets, Computer Software, Source Code and Related Intellectual Property ("Stipulation and Order") for Non-Party, Microsoft.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The parties further acknowledge, as set forth in Section 14.4 below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

2.     **DEFINITIONS**

2.1     Challenging Party:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.2     "CONFIDENTIAL" Information or Items:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).  *See also* Sections 2.8 and 2.9 below.

2.3     Counsel:  Outside Counsel of Record and House Counsel (as well as their support staff).

2.4     Designating Party:  Non-Party Microsoft Corporation to the extent it produces data or documents in this action, whether in response to a subpoena or otherwise, as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.5     Disclosure or Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, Source Code and Data, testimony, transcripts, and tangible things), that are produced, generated in disclosures or responses to discovery, or otherwise made available for inspection in this matter and designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.6     Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee or anticipated employee of a Party or Non-Party Microsoft, (3) is not a past or current employee or anticipated employee of a Party or Non-Party Microsoft's competitor; and (4) has been approved by the Producing Party as provided by Section 7.3.

2.7     "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items:  extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.8     "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items: extremely sensitive confidential materials representing computer code, source code, raw data, or native data and associated intellectual property and associated comments and revision histories, formulas, engineering specifications, bug reports, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs; human-readable programming language text that defines software, firmware or electronic hardware descriptions; scripts, assembly, object code; source code listings and descriptions of source code; object codes and listing and descriptions of object code; Hardware Description Language (HDL); Register

Transfer Level (RTL) files that describe the hardware design of any ASIC or other chip; similarly sensitive implementation details; programming languages; "include files"; "make files," "link files" and other human-readable text files used in the generation and/or building of software directly executed on a microprocessor, microcontroller or DSP, including but not limited to, Source Code Data, the disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.  The parties agree Non-Party Microsoft's Project Studio Bug-Tracking Database and Ford Source Code Depot are "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items.

**2.9**     House Counsel:  attorneys who are employees of a Party or Non-Party to this action.  House Counsel does not include Outside Counsel of Record or any other outside counsel.

**2.10**     Non-Party:  the only Non-Party subject to this protective order is non-party Microsoft Corporation to the extent it produces documents in this action in response to a subpoena or otherwise.

**2.11**     Outside Counsel of Record:  attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

**2.12**     Party:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

**2.13**     Producing Party:  Non-Party Microsoft Corporation to the extent it produces or allows inspection of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" materials.

**2.14**     Professional Vendors:  persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

**2.15**     Protected Material:  any Disclosure or Discovery Material that is designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or as "HIGHLY CONFIDENTIAL – SOURCE CODE."

**2.16**    Receiving Party:  a Party that receives or is allowed inspection of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or as "HIGHLY CONFIDENTIAL – SOURCE CODE" materials.

**2.17**    Source Code and Data:  source code and related intellectual property, including, but not limited to, associated computer software, raw data, binary files, and/or native data, as well as documents describing or interpreting that information, and engineering and technical specifications applicable to that information.

**3.    <u>SCOPE</u>**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information:  (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.  Any use of Protected Material at trial shall be governed by a separate agreement or order.

**4.    <u>DURATION</u>**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.  *See also* Section 14.

**5.    DESIGNATING PROTECTED MATERIAL**

      **5.1    Exercise of Restraint and Care in Designating Material for Protection.**  When designating information or items for protection under this Order, the Designating Party must take care to limit any such designation to specific material that qualifies under the appropriate standards.  To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

      Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

      If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

      **5.2    Manner and Timing of Designations.**  Except as otherwise provided in this Order (*see, e.g.*, second paragraph of Section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed, produced or otherwise made available.

      **Designation in conformity with this Order requires:**

      **(a)    For information in documentary form** (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" to each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

The Producing Party may make original documents or materials available for inspection and not need to designate or mark them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the documents or material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE") to each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

**(b)** **For testimony given in deposition or in other pretrial or trial proceedings**, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted.  When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 21 days from the availability of the transcript to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted.  Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Stipulated Protective Order.  Alternatively, a Designating Party may specify, at the deposition or up to 21 days after receipt of the transcript, that the entire transcript shall be treated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE."  If "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL –

1   SOURCE CODE" is used or any substantive portion of Protected Material is disclosed during a

2   deposition, the Receiving Party shall send the Designating Party the deposition transcript and the

3   Designating Party shall have 21 days from its receipt of the transcript to identify the specific

4   portions of the testimony as to which protection is sought and to specify the level of protection

5   being asserted.

6       Parties shall give the Designating Party and other parties notice if they reasonably expect a

7   deposition, hearing or other proceeding to include Protected Material so that the other parties can

8   ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to

9   Be Bound" (Exhibit A) are present at those proceedings.  At the request of the Designating Party,

10  persons not permitted access to Disclosure and Discovery Materials under the terms of this

11  Protective Order shall not be present at depositions while the Designating Party's Disclosure and

12  Discovery Material is discussed or otherwise disclosed.  The use of a document as an exhibit at a

13  deposition shall not in any way affect its designation as "HIGHLY CONFIDENTIAL –

14  ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL SOURCE CODE."

15      Transcripts containing Protected Material shall have an obvious legend on the title page

16  that the transcript contains Protected Material, and the title page shall be followed by a list of all

17  pages (including line numbers as appropriate) that have been designated as Protected Material and

18  the level of protection being asserted by the Designating Party.  The Designating Party, or

19  Receiving Party if counsel for the Designating Party is absent, shall inform the court reporter of

20  these requirements.  Any transcript that is prepared before the expiration of a 21-day period for

21  designation shall be treated during that period as if it had been designated "HIGHLY

22  CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE

23  CODE" in its entirety unless otherwise agreed.  After the expiration of that period, the transcript

24  shall be treated only as actually designated.

25      **(c)**     **For information produced in some form other than documentary and for any**

26  **other tangible items**, that the Producing Party affix in a prominent place on the exterior of the

27  container or containers in which the information or item is stored, including the review room if

28  applicable, the legend "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or

"HIGHLY CONFIDENTIAL – SOURCE CODE." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

**5.3**   **Inadvertent Failures to Designate.** If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## 6.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

**6.1**   **Timing of Challenges.** Any Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

**6.2**   **Meet and Confer.** The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging, by Bates number, and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific section of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first

1    or establishes that the Designating Party has failed to participate in the meet and confer process in

2    a timely manner.

3        **6.3    Judicial Intervention.**  If the Parties cannot resolve a challenge without court

4    intervention, the Designating Party shall file and serve a motion to retain confidentiality under

5    Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days

6    of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer

7    process will not resolve their dispute, whichever is later.  Each such motion must be accompanied

8    by a competent declaration affirming that the movant has complied with the meet and confer

9    requirements imposed in the preceding section.  Failure by the Designating Party to make such a

10   motion including the required declaration within 21 days (or 14 days, if applicable) shall

11   automatically waive the confidentiality designation for each challenged designation.  In addition,

12   the Challenging Party may file a motion challenging a confidentiality designation at any time if

13   there is good cause for doing so, including a challenge to the designation of a deposition transcript

14   or any portions thereof.  Any motion brought pursuant to this provision must be accompanied by a

15   competent declaration affirming that the movant has complied with the meet and confer

16   requirements imposed by the preceding section.

17       The burden of persuasion in any such challenge proceeding shall be on the Designating

18   Party.  Frivolous challenges and those made for an improper purpose (*e.g.*, to harass or impose

19   unnecessary expenses and burdens on other parties) may expose the Challenging Party to

20   sanctions.  Unless the Designating Party has waived the confidentiality designation by failing to

21   file a motion to retain confidentiality as described above, all parties shall continue to afford the

22   material in question the level of protection to which it is entitled under the Producing Party's

23   designation until the Court rules on the challenge.

24   **7.    ACCESS TO AND USE OF PROTECTED MATERIAL**

25       **7.1    Basic Principles.**  A Receiving Party may use Protected Material that is disclosed

26   or produced by Non-Party Microsoft in connection with this case only for prosecuting, defending,

27   or attempting to settle this litigation.  Such Protected Material may be disclosed only to the

28   categories of persons and under the conditions described in this Order.  When the litigation has

STIPULATION FOR PROTECTIVE ORDER        - 9 -
No. 3:10-md-2143 RS
010388-11  794216 V1

1    been terminated, a Receiving Party must comply with the provisions of Section 14 below (FINAL

2    DISPOSITION).

3            Protected Material must be stored and maintained by a Receiving Party at a location and in

4    a secure manner that ensures that access is limited to the persons authorized under this Order.

5    The Receiving Party agrees to store any electronic Protected Material in password-protected form.

6        **7.2    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"**

7    **and "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items.**  Unless

8    otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving

9    Party may disclose any information or item designated "HIGHLY CONFIDENTIAL –

10   ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" only to:

11           (a)    The Receiving Party's Outside Counsel of Record in this action, as well as

12   employees of Outside Counsel of Record to whom it is reasonably necessary to disclose the

13   information for this litigation and who have signed the "Acknowledgment and Agreement to Be

14   Bound" that is attached hereto as Exhibit A;

15           (b)    Experts (as defined in this Order) of the Receiving Party (1) to whom

16   disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment

17   and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in Section

18   7.3(a)(2), below, have been followed;

19           (c)    The Court and its personnel;

20           (d)    Court reporters and their staff, professional jury or trial consultants,[1] and

21   Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have

22   signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

23           (e)    During their depositions, witnesses in the action to whom disclosure is

24   reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound"

25   (Exhibit A), unless otherwise agreed to by the Designating Party or ordered by the Court,

26   provided, however, that Protected Material may not be disclosed to a deposition witness under

---

27   [1] The parties also agree to allow disclosure of information not only to professional jury or trial
     consultants, but also to mock jurors, to further trial preparation.  In that situation, the parties will
28   draft a simplified, precisely tailored Undertaking for mock jurors to sign.

1   this subsection (e) unless the Designating Party receives written notice fourteen (14) days before

2   the scheduled deposition of the identity of any deponent in whose deposition Plaintiffs reasonably

3   believe they will use the Designating Party's Protected Materials and seven (7) days advance

4   notice of the content of the Protected Material sought to be used.  The Designating Party may

5   challenge the disclosure of the Protected Material to the deposition witness pursuant to the dispute

6   resolution procedure and timeframes set forth in Section 6 whereby the Designating Party is the

7   "Challenging Party" and the deposing Party is the "Designating Party."  Pages of transcribed

8   deposition testimony or exhibits to depositions that reveal Protected Material must be separately

9   bound by the court reporter and may not be disclosed to anyone except as permitted under this

10  Stipulated Protective Order; and

11          (f)     the author or recipient of a document containing the information or a

12  custodian or other person who otherwise actually or is reasonably expected to have possessed or

13  known the information before disclosure in the context of this litigation.

14      **7.3     Procedures for Approving or Objecting to Disclosure of "HIGHLY**

15  **CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL –**

16  **SOURCE CODE" Information or Items to Experts.**

17          (a)     Unless otherwise ordered by the Court or agreed to in writing by the

18  Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any

19  information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS'

20  EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" pursuant to Section 7.2(c)

21  first must make a written request to the Designating Party that (1) identifies the general categories

22  of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY

23  CONFIDENTIAL – SOURCE CODE" information that the Receiving Party seeks permission to

24  disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her

25  primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's

26  current employer(s), (5) identifies each person or entity from whom the Expert has received

27  compensation or funding for work in his or her areas of expertise or to whom the expert has

28  provided professional services, including in connection with a litigation, at any time during the

preceding five years,[2] and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.[3]

(b)      A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Expert unless, within 14 days of delivering the request, the Party receives a written objection from the Designating Party.  Any such objection must set forth in detail the grounds on which it is based.

(c)      A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven (7) days of the written objection.  If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the Court to do so.  Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and

[2] If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the Expert must provide whatever information can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.  If the Expert knows that he or she is presently working for a competitor of the Designating Party but that he or she is under a duty not to disclose that fact, the Expert shall not seek to obtain access to information designated "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL - SOURCE CODE."

[3] The Expert shall supplement this list as needed to ensure it remains accurate. An Expert shall not undertake work prior to the termination of the litigation if acceptance of that work that could foreseeably result in an improper use of the Designating Party's "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL - SOURCE CODE" information or exposure of that information to a competitor of the Designating Party.

1    confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal

2    to approve the disclosure.

3           In any such proceeding, the Designating Party opposing disclosure to the Expert shall bear

4    the burden of proving that the risk of harm that the disclosure would entail (under the safeguards

5    proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

6    **8.      PROSECUTION BAR**

7           Absent written consent from the Producing Party, any individual who receives access to

8    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL –

9    SOURCE CODE" information shall not be involved in the prosecution of patents or patent

10   applications relating to software or hardware design for an interactive system similar to the MFT

11   system at issue in this case or subject to discovery in this case, or for a patent or patent application

12   broad enough to read on the MFT system at issue or subject to discovery in this case, before any

13   foreign or domestic agency, including the United States Patent and Trademark Office ("the Patent

14   Office").  For purposes of this paragraph, "prosecution" includes directly or indirectly drafting,

15   amending, advising, or otherwise affecting the scope or maintenance of patent claims.[4]  To avoid

16   any doubt, "prosecution" as used in this paragraph does not include representing a party

17   challenging a patent before a domestic or foreign agency (including, but not limited to, a reissue

18   protest, ex parte reexamination or inter parties reexamination).  This Prosecution Bar shall begin

19   when access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY

20   CONFIDENTIAL – SOURCE CODE" information is first received by the affected individual and

21   shall end two (2) years after final termination of this action.

22   **9.      SOURCE CODE AND DATA**

23          (a)     A Producing Party may designate material as "HIGHLY CONFIDENTIAL -

24   SOURCE CODE" if it comprises "HIGHLY CONFIDENTIAL – SOURCE CODE" Information

25   or Items as defined in Section 2.8.

26

27   _____

28          [4] Prosecution includes, for example, original prosecution, reissue and reexamination
     proceedings.

1     (b)     Protected Material designated as "HIGHLY CONFIDENTIAL – SOURCE

2    CODE" shall be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL –

3    ATTORNEYS' EYES ONLY" information including the Prosecution Bar set forth in Section 8,

4    and may be disclosed only to the individuals to whom "HIGHLY CONFIDENTIAL –

5    ATTORNEYS' EYES ONLY" information may be disclosed, as set forth in Sections 7.2 and 7.3.

6     (c)     Designation and Production of "HIGHLY CONFIDENTIAL – SOURCE CODE":

7     (c)(1)  Any material produced in this action and designated "HIGHLY

8    CONFIDENTIAL – SOURCE CODE" will be made available for inspection on a secured

9    computer in a secured room in Microsoft's outside counsel's Seattle office.  The computer will be

10    equipped with a keyboard, mouse and two external monitors ("Stand-Alone Computer").  The

11    programs installed on the computer will allow the Receiving Party's Experts to perform a visual

12    inspection of the Microsoft material designated "HIGHLY CONFIDENTIAL – SOURCE

13    CODE."  Under no circumstances shall the Receiving Party or anyone acting on behalf of the

14    Receiving Party seek or implement the compiling of source code or the installation of any

15    software on the secured computers.  Access to the secured room will be limited to individuals

16    subjected to this Protective Order.

17     (c)(2)  Non-Party Microsoft shall make the Stand-Alone Computers available in

18    the Seattle area offices of Microsoft's outside counsel on ten (10) business days' notice.  No

19    recordable media or recordable devices, including without limitation, sound recorders, cellular

20    telephones, peripheral equipment, cameras, CDs, DVDs, portable hard drives, thumb drives or

21    any other drives of any kind, or printers shall be permitted into the room containing the Stand-

22    Alone Computer.

23     (c)(3)  Microsoft may visually monitor the activities of the Receiving Party's

24    representatives during any source code inspection through a video camera set not to record sound,

25    but only to ensure that no unauthorized electronic records of the code or unauthorized information

26    concerning the code are being created or transmitted in any way.  The video camera will be

27    installed at such an angle that it will not be able to capture the images on the computer monitor.

28

1   Experts are also permitted to angle their notebooks in such a way to prevent the video camera

2   from capturing the contents of the notebooks.

3           (c)(4)   The Receiving Party's Experts are permitted to bring into the review room

4   in Seattle notes reflecting their research related to their inspection and analysis as provided in

5   section 9(f).

6           (c)(5)   Under no circumstances will the Receiving Party or anyone acting on

7   behalf of the Receiving Party move any copies or portions of source code outside the United

8   States.

9           (d)   The Receiving Party may request to print limited portions of source code that are

10   reasonably necessary for the preparation of court filings, pleadings, expert reports, or other

11   papers, or for deposition or trial, but shall not request paper copies for the purposes of reviewing

12   the source code.  The Producing Party shall provide all such source code in paper form including

13   Bates numbers and the label "HIGHLY CONFIDENTIAL – SOURCE CODE."  The Producing

14   Party may challenge the amount of source code requested in hard copy form pursuant to the

15   dispute resolution procedure and timeframes set forth in Section 6 whereby the Producing Party is

16   the "Challenging Party" and the Receiving Party is the "Designating Party" for purposes of

17   dispute resolution.  The burden shall be on the Receiving Party to demonstrate that such printed

18   portions are no more than is reasonably necessary for a permitted purpose and not merely printed

19   for the purposes of review and analysis elsewhere.  Printed source code shall be subject to a cap

20   of (a) twenty (20) contiguous pages of code in 12 point Courier font and (b) one hundred seventy-

21   five (175) total pages of code in 12 point Courier font.  While the parties do not anticipate any

22   need to exceed this cap, the Receiving Party may request to do so pursuant to the dispute

23   resolution procedure and timeframes set forth in Section 6, but must demonstrate compelling

24   reasons that the additional pages are necessary to the preparation of their testimony, and not being

25   used for the review of the code, and that the request is narrowly tailored to that need.  The

26   Producing Party may, at its election, make copies on non-copyable paper.  To the extent the

27   Producing Party provides printed copies on copyable paper, the Receiving Party's Counsel may

28   make no more than three (3) additional paper copies of any portions of the code received from the

1  Producing party, not including copies attached to court filings or used at depositions, and shall

2  designate these paper copies on Plaintiffs' access record as per Section 9(f).

3      (e)      Receiving Party's Counsel shall securely maintain all printed copies of code in a

4  locked room or cabinet within the secure source code review room provided by Ford Motor

5  Company in San Francisco ("Ford Source Code Room") when not in use and shall destroy those

6  copies as soon as they are no longer needed.  Storage of all printed copies of code will be

7  pursuant to Section 9(c)(1)(b) of the Stipulation For Protective Order For Litigation Involving

8  Highly Sensitive Information, Trade Secrets, Computer Software, Source Code And Related

9  Intellectual Property, which was entered by this Court on November 4, 2014 (Dkt. No. 121)

10  ("Highly Confidential Protective Order").  The Parties also agree that the application of Section

11  9(c)(1)(b) of the Highly Confidential Protective Order is modified to require that the Parties

12  receive Microsoft's written consent before removing any printed copies of code subject to this

13  Order from the Ford Source Code Room.  A Receiving Party's Expert preparing or submitting a

14  report may keep within the Ford Source Code Room a paper copy of those portions of the code

15  pertinent to the report and anticipated testimony subject to the following conditions: (1) Plaintiffs

16  shall disclose the location of the Ford Source Code Room and the specific security precautions to

17  be taken and shall not allow code to be stored at the Ford Source Code Room until Microsoft has

18  approved the security precautions, which Microsoft shall not unreasonably withhold; (2)

19  Plaintiffs' Counsel shall keep a log of the transmission of any paper copies of the code provided

20  to the Receiving Party's Expert; (3) the Receiving Party's Expert shall not copy the printed copies

21  of the code, which must be securely maintained in a locked cabinet in the Ford Source Code

22  Room accessible only to Ford Motor Company's outside counsel, as well as the Receiving Party's

23  Expert and any staff working on this matter who have signed the form attached hereto as Exhibit

24  A and otherwise comply with Section 3 above; (4) upon service or submission of the final report

25  necessitating the code, the Receiving Party's Expert shall return all paper copies of the code to

26  Receiving Party's Counsel; (5) Receiving Party's Counsel shall certify it has received all paper

27  copies of the code from the Receiving Party's Expert; and (6) upon completion of the Receiving

28  Party's Expert's work, the Receiving Party's Expert shall certify that all paper copies of the code

1    provided to the Receiving Party's Expert have been returned to Receiving Party's Counsel or

2    destroyed.  Receiving Party may not convert paper copies of the code into electronic format

3    (including for emailing), except as needed for filing or service of papers (including reports of

4    Receiving Party's Experts and discovery responses), motions, exhibits and pleadings (all made

5    under seal), or trial or hearing presentation, in which case such electronic copies of the code may

6    be used only for those purposes.  Paper copies of the code may not themselves be copied, except

7    for use as exhibits for a deposition, expert report, motion, filing, hearing or trial.  If Microsoft

8    provided copies on non-copyable paper, Receiving Party's Counsel may request an additional

9    copy for those uses.

10           Receiving Party's Experts may take notes of their inspection of source code and may take

11    the notes with them from the secure room but cannot use their note taking to copy any portion(s)

12    of the source code (or make the substantive equivalent of a copy of the source code (or any

13    portion(s) thereof) into the notes that is greater than two (2) contiguous lines of code.  Any and all

14    notes or other documents, including any report(s) or any portions of any report(s) prepared by an

15    Receiving Party's Expert as a result of the inspection, shall be designated "HIGHLY

16    CONFIDENTIAL – SOURCE CODE."  Any deposition testimony concerning Microsoft's

17    software code shall also be designated as "HIGHLY CONFIDENTIAL – SOURCE CODE."

18           Access to and review of the "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be

19    strictly for the purpose of investigating, prosecuting, and defending the claims and defenses at

20    issue in this Action.  No person shall review or analyze any "HIGHLY CONFIDENTIAL –

21    SOURCE CODE" for purposes unrelated to this Action, nor may any person use any knowledge

22    gained as a result of reviewing "HIGHLY CONFIDENTIAL – SOURCE CODE" in this Action

23    in any other pending or future dispute, proceeding, patent prosecution, or litigation.

24           (f)     The Receiving Party shall maintain a record of any individual who has inspected

25    any portion of the source code in electronic or paper form.  This record should include (1) the

26    identity of each person granted access to the source code in either electronic or paper form; (2)

27    each date when such access was granted; and (3) each paper copy made of any portion of the

28    source code, including a designation of the portion(s) of code copied.  Subject to the provisions of

Section 9(e), the Receiving Party shall maintain all paper copies of any printed portions of the source code in a secured, locked area in the Ford Source Code Room.  The paper copies maintained by the Receiving Party must be kept in a fireproof safe when not in use.  The Receiving Party shall not create any electronic or other images of the paper copies and shall not convert any of the information contained in the paper copies into any electronic format.  The Receiving Party shall only make additional paper copies if such additional copies are (1) necessary to prepare court filings, pleadings, or other papers (including a testifying expert's expert report), subject to the provisions and restrictions of Section 14.1, (2) necessary for deposition, or (3) otherwise necessary for the preparation of its case.  Any paper copies used during a deposition shall be retrieved by the Producing Party at the end of each day and must not be given to or left with a court reporter or any other individual.[5]

(g)      Nothing herein shall be deemed a waiver of a Microsoft's right to object to the production of specific "HIGHLY CONFIDENTIAL – SOURCE CODE."  Absent a subsequent and specific court or agency order, nothing herein shall obligate a party to breach any non-party license agreement relating to such "HIGHLY CONFIDENTIAL – SOURCE CODE."

**10.      PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" that Party must:

(a)      Promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

(b)      Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

(c)     Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## 11.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 12.     INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

(a)     Inadvertent or unintentional production of documents or information containing information that should have been designated as attorney client privileged or work product immunity, or any other applicable privilege or immunity shall not be deemed a waiver in whole or in part of the Party's claims of privilege.  Pursuant to Fed. R. Evid. 502(b)-(d), if a Party has inadvertently or unintentionally produced information subject to a claim of immunity or privilege, upon written request made by the Designating Party within twenty-one (21) days of discovery, all copies of such information shall be returned to the Designating Party within seven (7) business days of such request unless the Receiving Party intends to challenge the Producing Party's

assertion of privilege or immunity.  If a Receiving Party objects to the return of such information within the seven (7) business day period described above, the Producing Party may move the Court for an order compelling the return of such information.  Pending the Court's ruling, a Receiving Party must sequester the inadvertently or unintentionally produced documents in a sealed envelope and shall not make any use of such information.

      (b)     Inadvertent or unintentional production of documents or information containing information which should have been designated as Confidential or "Highly Confidential" shall not be deemed a waiver in whole or in part of the Party's claims of confidentiality.  If a Party has inadvertently or unintentionally produced information which should have been designated as Confidential, the Producing Party will notify the Receiving Party within twenty-one (21) days of discovery of the inadvertent production and request that the Confidential designation be applied to such documents or information.  If a Receiving Party objects to the Producing Party's Confidentiality designation, it will notify the Producing Party of its objections in writing within seven (7) business days of receipt of the notification described above.  Within seven (7) business days, the Producing Party may then move the Court for an order compelling the protection of such information.  Pending the Court's ruling, a Receiving Party must maintain the documents as Confidential under the terms of this Order.

## 13.   MISCELLANEOUS

      **13.1**    **Right to Further Relief.**  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

      **13.2**    **Right to Use Own Information.**  Nothing in this Order shall limit any Party's right to disclose to any person, or use for any purpose, its own information, Source Code and Data.

      **13.3**    **Not Applicable to Trial.**  This Order does not apply to the offer of or admission into evidence of Source Code and Data or their content at trial or in any evidentiary hearing, nor does it apply for any other purpose under the Federal Rules of Evidence.  Such evidentiary issues should be raised as a separate matter upon the motion of any party at the time of trial or evidentiary hearing.

**13.4** <u>**Right to Assert Other Objections.**</u>  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to the use in evidence of any of the material covered by this Protective Order, including, but not limited to, objections that the material is irrelevant or fails to meet the test for admissibility under *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 592-93 (1993).

**13.5** <u>**Filing Protected Material.**</u>  Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law.  If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(e) is denied by the Court, then the Receiving Party may file the Protected Material in the public record pursuant to Civil Local Rule 79-5(e)(2) unless otherwise instructed by the Court.

**14.**  <u>**FINAL DISPOSITION**</u>

Within 60 days after the final disposition of this action, as defined in Section 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or

1  capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to

2  retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts,

3  legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work

4  product, and consultant and expert work product, even if such materials contain Protected

5  Material.  Any such archival copies that contain or constitute Protected Material remain subject to

6  this Protective Order as set forth in Section 4 (DURATION).

7  DATED:  July 16, 2015

8

9  *Plaintiffs' Counsel:*

10  /s/ Steve W. Berman                           /s/ Adam J. Levitt
    Steve W. Berman                               Adam J. Levitt
11  HAGENS BERMAN SOBOL SHAPIRO LLP               GRANT & EISENHOFER P.A.
12  1918 Eighth Avenue, Suite 3300                30 North LaSalle Street, Suite 1200
    Seattle, Washington  98101                    Chicago, Illinois  60602
13  Telephone:  206-623-7292                      Telephone:  312-214-0000
    Facsimile:  206-623-0594                      Facsimile:  312-214-0001
14  steve@hbsslaw.com                             alevitt@gelaw.com

15  /s/ Roland Tellis                             /s/ Joseph G. Sauder
    Roland Tellis                                 Joseph G. Sauder
16  BARON & BUDD, P.C.                            CHIMICLES & TIKELLIS LLP
17  15910 Ventura Boulevard, Suite 1600           One Haverford Centre
    Encino, California  91436                     361 West Lancaster Avenue
18  Telephone:  818-839-2320                      Haverford, Pennsylvania  19041
    Facsimile:  818-986-9698                      Telephone:  610-642-8500
19  rtellis@baronbudd.com                         Facsimile:  610-649-3633
                                                  JGS@chimicles.com
20

21  *Ford's Counsel:*

22  /s/ Randall W. Edwards                        /s/ Janet L. Conigliaro
    Randall W. Edwards                            Janet L. Conigliaro
23  O'MELVENY & MYERS LLP                         DYKEMA GOSSETT PLLC
24  Two Embarcadero Center, 28th Floor            400 Renaissance Center
    San Francisco, California  94111              Detroit, Michigan  48243
25  Telephone:  415-984-8700                      Telephone:  313-568-5372
    Facsimile:  415-984-8701                      Facsimile:  855-262-6803
26  redwards@omm.com                              jconigliaro@dykema.com

27

28

1

*Microsoft's Counsel:*

2

Stephen M. Rummage
Zana Bugaighis (S.B. # 257926)

3

DAVIS WRIGHT TREMAINE LLP
1201 Third Avenue, Suite 2200

4

Seattle, Washington  98101-3045

Telephone: (206) 757-8136

5

Facsimile: (206) 757-7136

6

steverummage@dwt.com
zanabugaighis@dwt.com

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## [PROPOSED] ORDER

2

PURSUANT TO STIPULATION, IT IS SO ORDERED.

3

4

5

6

Dated:_____7/17/15_____



M. Chen

ge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## ATTESTATION PURSUANT TO LOCAL RULE 5-1(i)(3)

I, Steve W. Berman, am the ECF User whose identification and password are being used to file the foregoing document.  In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that all signatories have concurred in this filing.

Dated: July 16, 2015                    /s/ Steve W. Berman
                                        Steve W. Berman

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

   I hereby certify that on July 16, 2015, I electronically filed the foregoing document using the CM/ECF system which will send notification of such filing to the email addresses registered in the CM/ECF system.

   Dated: July 16, 2015     /s/ Steve W. Berman
                  Steve W. Berman

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

IN RE

MYFORD TOUCH CONSUMER
LITIGATION

No. 3-13-cv-3072-EMC

Complaint served:  November 12, 2013

**CLASS ACTION**

**DISCOVERY MATTER**

**ACKNOWLEDGMENT AND**
**AGREEMENT TO BE BOUND**

---

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I,_____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury

that I have read in its entirety and understand the Stipulated Protective Order that was issued by the

United States District Court for the Northern District of California on [date] in the case of [insert

formal name of the case and the number and initials assigned to it by the court].  I agree to comply

with and to be bound by all the terms of this Stipulated Protective Order and I understand and

acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of

contempt.  I solemnly promise that I will not disclose in any manner any information or item that is

subject to this Stipulated Protective Order to any person or entity except in strict compliance with the

provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Northern District of California for the purpose of enforcing the terms of this Stipulated Protective

Order, even if such enforcement proceedings occur after termination of this action.

ACKNOWLEDGEMENT AND AGMT. TO BE BOUND
(EX. A TO PROTECTIVE ORDER) - 1
Case No.: 13-cv-3072-EMC

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and telephone number] as

my California agent for service of process in connection with this action or any proceedings related

to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____

Printed name: _____
                         [printed name]

Signature: _____
                         [signature]