STEVE W. BERMAN (*pro hac vice*)
CATHERINE Y.N. GANNON (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, Washington 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com
catherineg@hbsslaw.com

ROLAND TELLIS (186269)
MARK PIFKO (228412)
BARON & BUDD, P.C.
15910 Ventura Boulevard, Suite 1600
Encino, California 91436
Telephone: (818) 839-2320
Facsimile: (818) 986-9698
rtellis@baronbudd.com
mpifko@baronbudd.com

ADAM J. LEVITT (*pro hac vice*)
KYLE MCGEE (*pro hac vice*)
GRANT & EISENHOFER P.A.
30 North LaSalle Street, Suite 1200
Chicago, Illinois 60602
Telephone: (312) 214-0000
Facsimile: (312) 214-0001
alevitt@gelaw.com

JOSEPH G. SAUDER (*pro hac vice*)
MATTHEW D. SCHELKOPF (*pro hac vice*)
CHIMICLES & TIKELLIS LLP
One Haverford Centre
361 West Lancaster Avenue
Haverford, Pennsylvania 19041
Telephone: (610) 642-8500
Facsimile: (610) 649-3633
JGS@chimicles.com
MDS@chimicles.com

*Plaintiffs' Interim Co-Lead Counsel*

*[Additional Counsel listed on Signature Page]*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE MYFORD TOUCH CONSUMER LITIGATION | No. 13-cv-3072-EMC<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date: July 30, 2015<br>Time: 9:30 A.M.<br>Courtroom: 5, 17th Floor<br>Judge: Hon. Edward M. Chen |

010388-11 743165 v1

## I. INTRODUCTORY STATEMENT

Pursuant to the Court's Minute Entry (Dkt. No. 99) and the Standing Order for all Judges of the Northern District of California, counsel for the parties respectfully submit this Updated Joint Case Management Statement.  This is the eighth Case Management Statement; seven previous statements were filed with the Court on October 3, 2013 (Dkt. No. 33); January 16, 2014 (Dkt. No. 58); April 17, 2014 (Dkt. No. 82); June 5, 2014 (Dkt. No. 98); August 7, 2014 (Dkt. No. 109); October 9, 2014 (Dkt. No. 114), and January 22, 2015 (Dkt. No.129).  This Updated Joint Case Management Statement is intended to inform the Court on the status of the pleadings and discovery.  The parties have been working very cooperatively during the discovery phase of the litigation and have successfully resolved several discovery matters without this Court's intervention.  However, the parties wish to draw to the attention of the Court two outstanding discovery issues on which they seek guidance: (1) permission to extend by one (1) month to August 31, 2015, the deadline for Ford Motor Company ("Ford") to complete its document production (Section II.G) and reset the other class certification deadlines by one (1) month; and (2) whether Plaintiffs' experts are permitted to bring selected peripheral devices into the Ford source code room (Section II.J).

## II. JOINT CASE MANAGEMENT STATEMENT

**A. Motions**

    **1.**    <u>Motion to Dismiss the First Amended Complaint ("FAC")</u>

On January 13, 2014, Ford filed its Motion to Dismiss the FAC (Dkt. No. 56).  Plaintiffs filed a Memorandum in Opposition on February 21, 2014 (Dkt. No. 69), and Ford filed its Reply on March 14, 2014 (Dkt. No. 72).  On May 30, 2014, this Court rendered a decision granting in part and denying in part Ford's Motion to Dismiss (Dkt. No. 97).  Defendant Ford filed an Answer to the FAC on July 18, 2014 (Dkt. No. 106).

    **2.**    <u>Motion to Dismiss the Second Amended Complaint ("SAC")</u>

On May 8, 2015, with Ford's consent, Plaintiffs filed a Second Amended Complaint that included two additional plaintiffs and introduced selected claims (Dkt. No. 154).  On June 22, 2015, Ford filed its Motion to Dismiss the Second Amended Complaint (Dkt. No. 157).  Plaintiffs filed a

1  Memorandum in Opposition on July 13, 2015 (Dkt. No. 165) and Ford will file its Reply brief on

2  July 24, 2015.  A hearing on this motion is currently scheduled for August 27, 2015.

3        **3.**      Voluntary Dismissals

4  On June 16, 2014, Plaintiff Megan Raney-Aarons filed a notice of voluntary dismissal (Dkt.

5  No. 100).  On February 5, 2015, Plaintiffs Art Avedisian, Angela Battle, Grif Rosser, and Jason

6  Zuchowski filed a stipulation and proposed order of voluntary dismissal, which this Court entered on

7  February 6, 2015 (Dkt. No. 134).  On July 14, 2015, Plaintiffs Makowski and Oremland also filed a

8  stipulation and proposed order of voluntary dismissal, which this Court entered on July 16, 2015

9  (Dkt. No. 167).

10 **III.**      **STATUS OF DISCOVERY**

11 As previously reported (*see* Dkt. No. 98), the parties participated in a Rule 26(f) conference

12 and exchanged their initial disclosures, pursuant to Rule 26(a).

13 **A.**      **Production Agreements**

14 The parties have agreed upon the format of production, including Electronically Stored

15 Information ("ESI").  The parties then negotiated a stipulated general protective order, which this

16 Court entered on May 16, 2014 (Dkt. No. 96).  The parties have also negotiated a stipulated

17 protective order governing highly-sensitive information, trade secrets, computer software, source

18 code and related intellectual property, which this Court entered on November 4, 2014 (Dkt. No. 121).

19 The parties have also negotiated a stipulated protective order regarding the production of highly

20 confidential source code materials from non-party Microsoft Corporation ("Microsoft"), which this

21 Court entered on July 17, 2015 (Dkt. No. 169).

22 **B.**      **Plaintiffs' Productions**

23 Since June 5, 2014, Plaintiffs have made more than 20 productions in response to Ford's

24 discovery requests.  At this time, Plaintiffs' production is substantially complete and there are no

25 outstanding issues to be resolved.

26 **C.**      **Defendant's Productions**

27 In response to Plaintiffs' discovery requests and the Parties' negotiated Custodian List of

28 over 100 individuals (*See* Section G), Ford engaged in significant document collection and

production efforts and, as of July 22, 2015, has produced more than 5.9 million pages of documents. These documents include the following:

- Documents pertaining to the named Plaintiffs' vehicles and warranty history (04/03/2014);
- Showroom brochures, owners' manuals, and warranty guides (04/15/2014);
- Additional showroom brochures, owners' manuals, and warranty guides, as well as print/video advertising (05/22/2014);
- Special Service Messages and Technical Service Bulletins (05/27/2014);
- Email and other documents maintained by Document Custodian J. Bragg (05/30/2014);
- Email and other documents maintained by Document Custodian B. Krein (06/05/2014);
- Email and other documents maintained by Document Custodian S. Parsons (06/13/2014);
- Email and other documents maintained by Document Custodian R. Englert (07/03/2014);
- Ford warranty reimbursement records/data (AWS reports) and technical contacts (CQIS reports) (06/19/2014 and 07/16/2014);
- Email production for Document Custodians N. Gabrielli and M. Schanerberger (07/22/2014);
- Email and other documents maintained by Document Custodians H. Ahmed; K. Christianson; H. Elzein; F. Frischmuth; M. Fromman; K. Goebel; and J. Green (08/05/2014);
- Email and other documents maintained by Document Custodians J. Huling; C. Kopeika; S. Livernois; M. Moody; A. Philliben; and M. Porter (08/15/2014);
- Email and other documents maintained by Document Custodians K.Williams and S. Talukder (09/04/2014);
- Re-production, in native format, of warranty reimbursement records (AWS reports) and technical contacts (CQIS reports) (09/24/2014);
- Customer contacts to Ford Customer Service (FMC360 database) through May 1, 2013 (10/01/2014);
- Email and other documents maintained by Document Custodians J. Huber; T. Carmean; K. Williams (replacement); and S. Talukder (replacement) (10/10/2014);
- Email and other documents maintained by Document Custodians H. Younes; D. Brown; and A. Murray (11/04/2014);
- Documents pertaining to Plaintiff Miller-Jones (11/06/2014);
- Documents pertaining to Plaintiff Rosser (11/11/2014); Plaintiff Creed (11/11/2014 and 11/17/2014); and Plaintiff Rizzo (11/13/2014);
- Email and other documents maintained by Document Custodians R. Sokel; M. Logli; K. Manley; B. Marcinkowski; M. Sheahan; and D. Pope (12/01/2014);

JOINT CASE MANAGEMENT STATEMENT - 3
Case No.: 13-cv-3072-EMC
010388-11 743165 v1

- Ford warranty reimbursement records/data (AWS reports) and technical contacts (CQIS reports) from May 2, 2013, to September 1, 2014 (12/05/2014);
- Documents pertaining to Plaintiff Whalen (12/11/2014); Plaintiff Miller and Plaintiff Matlin (12/12/2015); and Plaintiff Watson (12/12/2014 and 12/16/2014);
- Email and other documents maintained by Document Custodians S. Livernois; R. LaFaive; E. Foley; J. Schneider; G. Sherwal; J. Ostrowski; D. Gersabeck; K. Goebel; R. Case; and R. Eaton (12/19/2014);
- Documents pertaining to Plaintiff Ervin and Plaintiff Purcell (01/07/2015);
- Documents pertaining to Plaintiff Miller (01/15/2015);
- Source Code related handbooks and manuals (01/19/2015);
- Engineering, material and technical specifications regarding the MFT System (01/22/2015);
- Documents pertaining to Plaintiff Connell (01/23/2015);
- Materials related to Ford's inspections of Plaintiffs' vehicles (01/27/2015);
- Additional Special Service Messages and Technical Service Bulletins regarding the MFT System (01/29/2015);
- Email and other documents maintained by Document Custodian Mike Westra; additional Source Code related materials (02/03/2015);
- Email and other documents maintained by Document Custodians Steve Fritschen and Jeff Ostrowski (02/04/2015);
- Documents pertaining to Plaintiff Thomas-Marsky (02/10/2015);
- Additional materials related to Ford's inspections of Plaintiffs' vehicles (02/11/2015);
- Email and other documents maintained by Document Custodians David Knapp and Rita LaFaive (02/16/2015);
- Documents pertaining to Plaintiff Fink (02/19/2015);
- Additional materials related to Ford's inspections of Plaintiffs' vehicles (02/25/2015);
- Additional documents pertaining to Plaintiff Thomas-Marsky (02/27/2015);
- Additional documents pertaining to Plaintiffs Fink and Connell (03/06/2015 and 03/10/2015);
- Additional materials related to Ford's inspections of Plaintiffs' vehicles (03/11/2015);
- HMI Pricing Strategy documents and email and other documents maintained by Document Custodian David Orris (03/13/2015);
- Email and other documents maintained by Document Custodians Ali Ghoul, Tony Deddeh, Jagadish Rangaswamy, Laura Michaels, Shormin Talukder, Mike Westra and David Orris (03/13/2015);
- Additional documents pertaining to Plaintiffs Rodriguez, Ervin, D'Anguanno and Matlin (04/02/2015 and 04/07/2015);

JOINT CASE MANAGEMENT STATEMENT - 4
Case No.: 13-cv-3072-EMC
010388-11 743165 v1

- Email and other documents maintained by Document Custodian Gary Jablonski (04/10/2015);
- Additional documents pertaining to plaintiffs Rodriguez, Matlin, CDD, Miller, Connell, Creed, Rizzo, Thomas-Marsky, Watson and Sheer (04/17/2015, 04/29/2015, 05/01/2015, 05/13/2015 and 05/26/2015);
- Documents pertaining to proposed new Plaintiffs Mitchell, Miskell and Kirchoff (05/22/2015);
- Email and other documents maintained by Document Custodians Doron Elliot, Gary Jablonski, Ken Williams and Haithem Younes (05/27/2015);
- Additional materials related to Ford's inspections of Plaintiffs' vehicles (06/04/2015 and 06/15/2015);
- Email and other documents maintained by Document Custodian Dennis Curlew (06/04/2015);
- Engineering/material illustration drawing pertaining to the MFT System (06/09/2015);
- Email and other documents maintained by Document Custodians Al Murray, Anthony Colarossi, Bonnie Marcinkowski, David Orris, Donna Pope, Doron Elliot; Gary Jablonksi, Haithem Younes, Henry Huang, Isidro Garcia, JT Berkley, Karen Manley, Ken Williams, Melissa Sheahan; Michael Horace, Mike Westra, Mike Dube, Mike Jansen, Sandy Cheatham, Shormin Talukder, Steve Livernois and Tim Carmean (06/18/2015);
- Email and other documents maintained by Document Custodians Jennifer Brace, Chuck Broadwater, Tim Carmean, Michael Horace, and Joe Sanctorum (06/14/2015);
- Documents pertaining to proposed new Plaintiff Kirchoff (06/26/2015);
- CCRG File 13-0620-03; email and other documents maintained by Document Custodians Bennie Fowler and Hau Thai-tang (07/02/2015);
- Additional documents pertaining to Plaintiff Miskell (07/09/2015); and
- Email and other documents maintained by Document Custodians Mike Berardi, Joe Hinrichs, Raj Nair, John Schneider, Jim Saad and Christine Stasiw-Lazarchuk; and other marketing department related documents (07/21/2015).

Given the very large number of custodians and Ford departments, the numerous and broad document categories, and the high volume of potentially relevant documents to review and, as appropriate, produce, Ford is not yet substantially complete with its document production in response to Plaintiffs' requests despite Ford's diligent and significant efforts to date. Accordingly, Ford is requesting a 31-day extension, until August 31, 2015, to substantially complete its document production. Ford expects to make an additional production of documents during the week of July 27, 2015, and additional weekly productions through August 31, 2015. In addition, because Plaintiffs

1  have not yet identified the Ford employee fact witnesses they intend to depose, Ford reserves the
2  right to supplement its document production as to any of those intended witnesses. *See also* Sections
3  G and I below.

4  **D.     Non-Party Productions**

5  Plaintiffs are currently seeking production from three non-parties to this litigation pursuant to
6  three different subpoenas: Microsoft; BSquare Corporation; and Vector CanTech, Inc. These
7  productions pertain mostly to source code materials, which require review outside of the Ford source
8  code room in San Francisco. The review of BSquare Corporation materials took place July 13-14,
9  2015. The review of the Vector CanTech, Inc. materials took place July 15-17, 2015. The Microsoft
10 review began on July 21, 2015, and is still ongoing.

11 Non-party Microsoft also made two document productions, dated June 24, 2014, and January
12 2, 2015. Non-party Blackberry Ltd. has also produced documents responsive to Plaintiffs' subpoena
13 during February-March 2015 and there are no outstanding issues.

14 While Ford has not received copies of the third-party productions as of July 23, 2015, they
15 have been identified and Plaintiffs will be producing the documents associated with these
16 productions shortly. Plaintiffs and Ford are also working cooperatively on facilitating Ford's access
17 to non-party source code materials to which Plaintiffs have had access.

18 **E.     Plaintiffs' Second Set of Requests for Production**

19 On February 26, 2014, Plaintiffs served Ford with a Second Set of Requests for Production of
20 Documents. On April 1, 2014, Ford served its Responses and Objections. On September 10, 2014,
21 this Court ordered Ford to respond to Plaintiffs' Request Nos. 83 and 84 (Dkt. No. 113) and
22 instructed lead counsel to further meet and confer regarding the appropriate scope of Request No. 82.
23 On September 23, 2014, Plaintiffs served, via letter, a Revised Request No. 82. Ford served its
24 response and objection to this Request on October 20, 2014. Certain of the documents that Ford has
25 already produced are responsive to Plaintiffs' Second Request for Production in addition to the First
26 Request for Production. Ford has identified a sampling of bates ranges for Plaintiffs and, to the
27 extent Plaintiffs have any concerns, the Parties will continue to meet and confer on this topic.
28

JOINT CASE MANAGEMENT STATEMENT - 6
Case No.: 13-cv-3072-EMC
010388-11 743165 v1

**F.     Plaintiffs' Third Set of Requests for Production**

On September 19, 2014, Plaintiffs served Ford with their Third Set of Requests for Production of Documents. The Third Set of Requests for Production seeks five categories of documents regarding Ford's cost and pricing of the MFT system. Ford requested a one-week extension to respond on October 23, 2014, which was granted by Plaintiffs. As a result, Ford served its Responses to Plaintiffs' Third Set of Requests for Production on October 30, 2014.

On March 13, 2015, Plaintiffs received Ford's first production pursuant to these Requests. It consisted of around 40 documents, representing approximately 240 pages. On June 4, 2015, Plaintiffs received a second production of around 60 documents, representing approximately 500 pages.

It is the position of Plaintiffs that this production is deficient, while it is Ford's position that it believes the production of these documents is substantially complete but that it will confirm whether it has any additional responsive documents to produce. A meet and confer will take place within the next week to better confirm that the Parties have the same understanding for documents being sought.

**G.     Plaintiffs' Request for Additional Custodian Files**

On November 4, 2014, Plaintiffs sent Ford a list of 40 proposed custodians. On January 16, 2015, Plaintiffs supplemented that list with an additional 5 custodians (collectively "Plaintiffs' Custodian Requests").

Plaintiffs received specific responses from Ford regarding Plaintiffs' Custodian Requests on January 9, 2015, April 17, 2015, and May 21, 2015, and estimate the total count of Custodians at Issue with relevant documents will be between 100-105. The number of Custodians at Issue reflects the Plaintiffs' custodian requests, as well as additional custodians that Ford has provided over the past 12-14 months as part of its responses to Plaintiffs' First, Second and Third Requests for Production. The Parties have exchanged verbal and written communications regarding the Custodians at Issue. Plaintiffs sent Ford a letter on July 20, 2015, regarding the status of certain Custodian productions, to which Ford is preparing a response. The Parties will continue their meet and confer efforts on this topic.

JOINT CASE MANAGEMENT STATEMENT - 7
Case No.: 13-cv-3072-EMC
010388-11  743165 v1

As a courtesy, Plaintiffs have no objection to a one (1) month extension of time for the substantial completion of document production, to August 31, 2015, provided that the rest of the class certification deadlines are also extended by one (1) month to provide Plaintiffs with the same amount of time between deadlines. Please see Section VI below for estimated dates.

**H.	Vehicle Inspection Protocol**

The Vehicle Inspection Protocol ("Protocol") applies to any and all inspections of Class Vehicles owned or leased by any named Plaintiff in this action at the time the Protocol is executed, regardless of whether Plaintiffs or Ford conducts the inspection, so long as such inspection is conducted for the purposes of this litigation. The parties have finalized the remaining terms of the Protocol, which was entered by this Court on April 13, 2015 (Dkt No. 141).

By July 31, 2015, Ford will have performed inspections of all vehicles relating to the named Plaintiffs, notwithstanding Plaintiffs Mitchell and Kirchoff. The parties anticipate that these inspections will be completed by the end of August 2015.

**I.	Ford's Response to Plaintiffs' First Set of Interrogatory Requests**

Plaintiffs served Ford with Plaintiffs' First Set of Interrogatory Requests on May 15, 2015. These Interrogatories related to the pricing of the MFT system, as well as more information on how Ford can identify and communicate with MFT customers. Ford provided its Responses to Plaintiffs' First Set of Interrogatories on June 24, 2015. Plaintiffs and Ford plan to meet and confer on this topic in the near future.

**J.	Source Code Data Review**

<u>Status of source code review</u>

On November 4, 2014, this Court entered the Stipulated Protective Order Governing Highly-Sensitive Information, Trade Secrets, Computer Software, Source Code and Related Intellectual Property ("Stipulated Highly Confidential Protective Order") (Dkt. No. 121). Pursuant to the Stipulated Highly Confidential Protective Order, Ford made its Source Code Data available for review beginning on January 20, 2015 ("Ford Source Code Room"). Plaintiffs' source code consultants are currently reviewing approximately 140 GB of Source Code Data. Plaintiffs' source code consultants are also reviewing non-party source code materials such as the TestTrack and

Project Studio Bug Databases, the MFT Source Code Repository and the source code for the VMCU processor which is located on the MFT APIM apparatus.

The parties have worked collaboratively to resolve numerous novel technical issues that have arisen related to that review. The parties have succeeded in doing so without Court involvement.

<u>Peripheral Device Proposal</u>

On July 1, 2015, Plaintiffs wrote to Ford regarding a proposal to introduce peripheral devices into the Ford Source Code Room ("Peripheral Device Proposal"), attached as Exhibit A to this Joint Case Management Statement. The interaction of the MFT system and peripheral devices is an important issue for Plaintiffs' claims. The prospect of allowing peripheral devices in the source code room raises further novel questions, with the parties agreeing both that Plaintiffs have a legitimate interest in testing the MFT software with peripheral devices and that Ford has a legitimate interest in ensuring that the use of peripheral devices does not create additional risks of disclosure or loss of protections or secrecy related to Ford's software or products. The parties have recently engaged in further meet and confers and are hopeful to resolve this issue without Court intervention. To the extent that they are unable to do so, they will seek guidance from the Court regarding balancing the parties' concerns.

## IV. DEPOSITIONS

### A. Plaintiff Depositions

To date, Ford has taken the deposition of all named Plaintiffs, other than Plaintiff Kirchoff, whose deposition is scheduled for August 6, 2015.

### B. 30(b)(6) Depositions

On May 4, 2015, Plaintiffs served onto Ford a Notice of Deposition to Ford Motor Company pursuant to FRCP 30(b)(6). This notice listed approximately 40 topics for examination. The Parties have had verbal and written communication regarding the scope of the intended examination. On July 1, 2015, Ford responded by identifying one (1) designee and thereafter identified its five (5) designees on July 16, 2015, and it has provided proposed dates for several witnesses. Plaintiffs and Ford are working cooperatively on determining a schedule for these depositions during the upcoming months.

JOINT CASE MANAGEMENT STATEMENT - 9
Case No.: 13-cv-3072-EMC
010388-11  743165 v1

C.     **Fact Depositions**

Plaintiffs are examining the list of Rule 30(b)(6) deponents to determine what efficiencies, if any, can be made before presenting Ford with a list of fact witnesses requested for deposition. Plaintiffs expect to provide Ford with this list shortly.  Plaintiffs and Ford are working cooperatively on determining a schedule for these depositions during the upcoming months.  Plaintiffs anticipate that the number of fact depositions is likely to exceed the limit of 10 depositions as set out in FRCP 30(a)(2)(A)(i).

V.     **ALTERNATIVE DISPUTE RESOLUTION (ADR)**

Plaintiffs are still prepared to engage in class-wide settlement discussions at this time and continue to be available and willing to participate in any pre-class certification ADR referral.  Ford is prepared to engage in settlement discussions to resolve the claims of the named Plaintiffs but does not believe that class-wide settlement discussions would be productive.

VI.    **DISCOVERY AND TRIAL SCHEDULE**

On January 30, 2015, this Court set forth the below dates regarding the Discovery and Trial Schedule.  Ford is requesting a one (1) month extension, to August 31, 2015, for substantial completion of its document production.  As a courtesy, Plaintiffs do not object to this objection, but only if the time remaining between class certification deadlines stays the same (*i.e.*, a one (1) month extension is granted to Plaintiffs' Rule 26(a)(2) reports, motion for class certification, opposition, reply and hearing).

| EVENT | CURRENT DATE/ DEADLINE | PROPOSED DATE/ DEADLINE |
|---|---|---|
| Substantial Completion of Document Production | July 31, 2015 | August 31, 2015 |
| Privilege Logs Produced | On a rolling basis, but no later than 45 days after production is substantially complete | *No change* |
| Fact Discovery Completion | 101 days after substantial completion of document production (November 9, 2015) | 101 days after substantial completion of document production (est. December 9, 2015) |
| Plaintiffs' Rule 26(a)(2) Class Certification Expert | October 28, 2015 | est. November 28, 2015 |

JOINT CASE MANAGEMENT STATEMENT - 10
Case No.: 13-cv-3072-EMC
010388-11  743165 v1

| EVENT | CURRENT DATE/ DEADLINE | PROPOSED DATE/ DEADLINE |
|---|---|---|
| Disclosures/Reports | | |
| Motion for Class Certification | 49 days after Rule 26(a)(2) reports (December 16, 2015) | 49 days after Rule 26(a)(2) reports (est. January 16, 2015) |
| Opposition to Motion for Class Certification and Defendant's Rule 26(a)(2) Class Certification Expert Disclosures/Reports | 49 days after motion for class certification (February 4, 2016) | 49 days after motion for class certification (est. March 4, 2016) |
| Reply in Support of Motion for Class Certification and Plaintiffs' Class Certification Rebuttal Expert Disclosures/Reports | 49 days after opposition and Defendant's 26(a)(2) reports (March 24, 2016) | 49 days after opposition and Defendant's 26(a)(2) reports (est. April 24, 2016) |
| Hearing on Motion for Class Certification | 14 days after reply (April 7, 2016) | 14 days after reply (est. May 7, 2016) |
| Non-Expert Discovery Cut-off | June 9, 2016 | N/A[1] |
| Opening Expert Reports | June 9, 2016 | *No change* |
| Rebuttal Expert Reports | June 30, 2016 | *No change* |
| Expert Discovery Complete | July 21, 2016 | *No change* |
| Last Date to Hear Dispositive Motion | August 4, 2016 | *No change* |
| Final Pretrial Conference | October 18, 2016 | *No change* |
| Trial Ready Date | November 14, 2016 | *No change* |

DATED:  July 23, 2015

*Plaintiffs' Counsel:*

/s/ Steve W. Berman
Steve W. Berman
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, Washington  98101
Telephone:  206-623-7292
Facsimile:  206-623-0594
steve@hbsslaw.com

/s/ Adam J. Levitt
Adam J. Levitt
GRANT & EISENHOFER P.A.
30 North LaSalle Street, Suite 1200
Chicago, Illinois  60602
Telephone:  312-214-0000
Facsimile:  312-214-0001
alevitt@gelaw.com

---

[1] A separate "Non-Expert Discovery Cut-off" deadline is not necessary in light of the "Fact Discovery Completion" deadline noted above.

JOINT CASE MANAGEMENT STATEMENT - 11
Case No.: 13-cv-3072-EMC
010388-11 743165 v1

/s/ Roland Tellis
Roland Tellis
BARON & BUDD, P.C.
15910 Ventura Boulevard, Suite 1600
Encino, California  91436
Telephone:  818-839-2320
Facsimile:  818-986-9698
rtellis@baronbudd.com

/s/ Joseph G. Sauder
Joseph G. Sauder
CHIMICLES & TIKELLIS LLP
One Haverford Centre
361 West Lancaster Avenue
Haverford, Pennsylvania  19041
Telephone:  610-642-8500
Facsimile:  610-649-3633
JGS@chimicles.com

*Ford's Counsel:*

/s/ Randall W. Edwards
Randall W. Edwards
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, California  94111
Telephone:  415-984-8700
Facsimile:  415-984-8701
redwards@omm.com

/s/ Janet L. Conigliaro
Janet L. Conigliaro
DYKEMA GOSSETT PLLC
400 Renaissance Center
Detroit, Michigan  48243
Telephone:  313-568-5372
Facsimile:  855-262-6803
jconigliaro@dykema.com

JOINT CASE MANAGEMENT STATEMENT - 12
Case No.: 13-cv-3072-EMC
010388-11  743165 v1

**ATTESTATION PURSUANT TO LOCAL RULE 5-1(i)(3)**

I, Steve W. Berman, am the ECF User whose identification and password are being used to file the foregoing document.  In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that all signatories have concurred in this filing.

Dated: July 23, 2015          /s/ Steve W. Berman
                                Steve W. Berman

**CERTIFICATE OF SERVICE**

I hereby certify that on July 23, 2015, I electronically filed the foregoing document using the CM/ECF system which will send notification of such filing to the email addresses registered in the CM/ECF system.

Dated: July 23, 2015            /s/ Steve W. Berman
                                   Steve W. Berman