RANDALL W. EDWARDS (S.B. #179053)
redwards@omm.com
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, CA 94111-3823
Telephone:    (415) 984-8700
Facsimile:    (415) 984-8701

BRIAN C. ANDERSON (S.B. #126539)
banderson@omm.com
SCOTT M. HAMMACK (*pro hac vice*)
shammack@omm.com
DAVID R. DOREY (S.B. #286843)
ddorey@omm.com
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, D.C. 20006-4001
Telephone:    (202) 383-5300
Facsimile:    (202) 383-5414

Attorneys for Defendant Ford Motor Company

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>MYFORD TOUCH CONSUMER LITIGATION | Case No. 3:13-cv-3072-EMC<br><br>CLASS ACTION<br><br>**FORD MOTOR COMPANY'S RESPONSE IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE DOCUMENT UNDER SEAL** |

**FORD'S RESPONSE IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL**

Pursuant to Local Rule 7-11 and 79-5, Ford Motor Company joins Plaintiffs' request to seal certain portions of the Third Amended Class Action Complaint ("TAC") (ECF No. 178), although Ford's request narrows the amount of information for which sealing is requested. Ford's narrowed request is limited to information that is highly confidential and commercially sensitive and could cause Ford business harm if publicly filed and therefore become available to Ford's competitors and others. Ford seeks protection only for the limited proposed redactions described below and reflected in the version of the TAC that Ford lodges in conjunction with its response. These proposed redactions are identical to the ones from the Second Amended Class Action Complaint ("SAC") which this Court previously ordered to be sealed. (ECF No. 153.) The attached version of the TAC includes redactions of portions of paragraphs 13, 16, 239, and 262 and the entirety of paragraphs 237-238. Pursuant to Local Rule 79-5(e)(1), Ford also concurrently re-submits the declaration of Ford design analysis engineer Christopher Eikey supporting this sealing request.

Plaintiffs' TAC includes statements from and characterizations of certain documents that Ford produced in discovery subject to a confidentiality designation under the protective order in the case. (ECF No. 96.) Consistent with the protective order and based on Ford's designations, Plaintiffs filed a redacted version of the TAC, lodged an unredacted version of the TAC, and requested that the unredacted version be filed under seal. Ford has carefully reviewed the specific portions of those documents that were quoted or characterized in the TAC and, based on that review, Ford requests protection for only a fraction of the specific statements in Plaintiffs' proposed redactions.

In limiting its request, Ford does not waive the overall confidentiality of the documents from which the other quoted statements were drawn; Ford is simply recognizing that some of the specific limited language quoted in the TAC may not qualify under the confidentiality standards articulated by this Court even if other, unquoted aspects may be confidential. Ford also does not agree that the TAC accurately quotes or characterizes all the cited documents, nor does it agree

1  that all the quotations and descriptions are relevant, necessary or appropriate to include in the
2  TAC — particularly where the Court already ruled on Ford's prior Rule 12 motions.  Despite
3  these concerns, Ford limits its sealing request to the specific statements that involve commercially
4  sensitive information.

5        The limited statements in the TAC that Ford seeks to have sealed are in paragraphs 13, 16,
6  237–39, and 262.  With respect to paragraphs 13, 16, and 237-39, the redacted statements involve
7  product development or testing, or lessons-learned documents that reveal confidential Ford
8  information that could be harmful to Ford's position if competitors learned about Ford's approach
9  and experiences.  The bases for protection are detailed below and in the Eikey declaration.  In
10  addition, paragraph 262 includes specific full names—and in one case a cell phone number—of
11  third parties, including a customer and dealership technicians, that should be redacted for privacy
12  reasons.

13  **I.**　　**LEGAL STANDARD**
14        Rule 26(c) of the Federal Rules of Civil Procedure provides broad discretion for a trial
15  court to permit sealing of documents for, among other reasons, the protection of "a trade secret or
16  other confidential research, development, or commercial information."  Fed. R. Civ. P.
17  26(c)(1)(G).  Where the document sought to be filed under seal is a complaint, courts in this
18  District have ruled that the sealing request should be granted when "compelling reasons" exist for
19  protecting information from public disclosure.  *In re NVIDIA Corp. Derivative Litig.*, 2008 U.S.
20  Dist. LEXIS 120077, at *10–11 (N.D. Cal. Apr. 23, 2008) (*citing Kamakana v. City & Cnty. of*
21  *Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006)); *see also O'Connor v. Uber Techs., Inc.*,
22  2015 WL 355496, at *1 (N.D. Cal. Jan. 27, 2015).  Courts have found that "[o]ne factor that
23  weighs in favor of sealing documents [under the compelling reasons standard] is when the release
24  of the document will cause competitive harm to a business." *Apple v. Samsung*, 727 F.3d 1214,
25  1221–22 (Fed. Cir. 2013); *Apple Inc. v. PsystarCorp.*, 658 F.3d 1150, 1162 (9th Cir. 2011) ("The
26  publication of materials that could result in infringement upon trade secrets has long been
27  considered a factor that would overcome this strong presumption."); *see also Nixon v. Warner*
28  *Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) ("common-law right of inspection has bowed before

the power of a court to insure that its records" are not used as "sources of business information that might harm a litigant's competitive standing").

## II. COMPELLING REASONS EXIST TO SEAL THE LIMITED CONFIDENTIAL INFORMATION FORD SEEKS TO PROTECT.

The redacted portions of the TAC that Ford seeks to seal are identical to the portions in the SAC which this Court previously ordered to be sealed. (ECF No. 153.) These paragraphs contain highly confidential and commercially sensitive information about Ford's internal procedures and product development. As the accompanying declaration from Ford design analysis engineer Chris Eikey explains, the release of these documents would cause Ford competitive harm by giving third parties (including individuals responsible for competitive decision-making) insights into confidential and sensitive aspects of Ford's operations, allowing these third parties to potentially gain an unfair advantage in dealings with and against Ford. (*See* Declaration of Christopher Eikey in Support of Plaintiffs' Administrative Motion to File Documents Under Seal ¶¶ 6–12.)[1]

This type of information is regularly sealed because disclosure could cause competitive harm. For example, in *Kowalsky v. Hewlett-Packard Co.*, 2012 U.S. Dist. LEXIS 34597 (N.D. Cal. Mar. 14, 2012), the court sealed proposed redactions regarding Hewlett Packard's "product development information" finding that their disclosure "could harm HP's competitive advantage in the marketplace." *Id*. at *4. The court also sealed in their entirety several documents pertaining to HP's "product testing and evaluation process." *Id*. at *10–11. Similarly, in *Network Appliance, Inc. v. Sun Microsystems Inc*., 2010 U.S. Dist. LEXIS 21721 (N.D. Cal. Mar. 10, 2010), the court sealed information that related to Sun Microsystem's business strategies that

---

[1] While the Eikey declaration cites to paragraphs in the SAC, those identical paragraphs appear in the TAC with different numeration as set forth below:

| SAC ¶ No. | TAC ¶ No. |
|---|---|
| 13 | 13 |
| 16 | 16 |
| 254 | 237 |
| 255 | 238 |
| 256 | 239 |

"were not widely distributed even within the Sun organization," based on the fact that Sun "would be harmed by the disclosure of this information." *Id*. at *8–9. The court in that case also ordered sealed several internal emails that include "technical aspects" of the product at issue "that were written with the expectation that they would remain confidential." *Id*. at *9.

The same reasoning applies to the redactions that Ford proposes here. As the TAC says, the MyFord Touch "was hailed as state-of-the-art" when it was first released because Ford was a "first-mover" in this area. (TAC ¶ 4.) Some of these redactions seek to protect information that would reveal Ford's procedures for developing this feature, including the stages in Ford's internal product development cycle and results of Ford's internal analysis of that product. (Eikey Decl. ¶¶ 7–11.) Some redactions also include specific descriptions of technical issues encountered by Ford and the judgment of Ford's engineers regarding their root cause or lessons learned related to the development. (*Id*.) Filing this information in the public domain would provide competitors following Ford into this market with information that Ford had to learn through experience. (*Id*. ¶ 12.) In addition, the public disclosure of this limited additional information would not materially improve the public's understanding of the parties' dispute. Finally, Ford seeks for privacy reasons to redact the name and any identifying information for third-parties—a customer and dealership technicians—that were excerpted from documents that Ford produced to Plaintiffs. (*See* TAC ¶ 262.)

### III.  CONCLUSION

For the reasons stated above and in the declaration of Christopher Eikey, Ford respectfully requests that the Court order the unredacted portions of the version of the TAC to be filed under seal to protect from public disclosure the portions of TAC paragraphs 13, 16, 237-239, and 262 that are redacted from the version Ford lodged with the Court.

| | | |
|---|---|---|
| 1 | Dated: October 8, 2015 | O'MELVENY & MYERS LLP |
| 2 | | |
| 3 | | By: /s/ Randall W. Edwards |
| | | Randall W. Edwards |
| 4 | | |
| 5 | | Attorneys for Defendant Ford Motor Company |