RANDALL W. EDWARDS (S.B. #179053)
redwards@omm.com
E. CLAY MARQUEZ (S.B. #268424)
cmarquez@omm.com
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, CA 94111-3823
Telephone:    (415) 984-8700
Facsimile:    (415) 984-8701

BRIAN C. ANDERSON (S.B. #126539)
banderson@omm.com
SCOTT M. HAMMACK (*pro hac vice*)
shammack@omm.com
DAVID R. DOREY (S.B. #286843)
ddorey@omm.com
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, D.C. 20006-4001
Telephone:    (202) 383-5300
Facsimile:    (202) 383-5414

Attorneys for Defendant
FORD MOTOR COMPANY

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>MYFORD TOUCH CONSUMER LITIGATION | Case No. CV 13-3072-EMC<br><br>**FORD MOTOR COMPANY'S OBJECTIONS TO PLAINTIFFS' REPLY EVIDENCE IN SUPPORT OF CLASS CERTIFICATION**<br><br>[Pursuant to Civil L.R. 7-3(d)] |

**[PUBLIC REDACTED VERSION]**

Pursuant to Local Rule 7-3(d), Ford objects to certain new evidence submitted in the Berman Reply Declaration in support of class certification (ECF No. 250) as set forth below:[1]

**Objections to Dan Smith "Surrebuttal" Expert Report (Ex. 4 to Berman Reply Decl.):**

1. Mr. Smith's 93-page "surrebuttal" report improperly includes new opinions not encompassed within the opinions disclosed his opening report. *Tovar v. United States Postal Serv.*, 3 F.3d 1271, 1273 n.3 (9th Cir. 1993) ("[T]o the extent that the [reply] brief presents new information, it is improper."); *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) (new evidence presented in reply should not be considered absent an opportunity to respond):

   a. ███████████████████████████████████████████████████████
   ████████████████████████████████████████████ That opinion is not in his original report. All of Mr. Smith's surrebuttal opinions regarding ██████████
   ████████████████ should be stricken, including ¶¶ 15-18, 21, 23-53 & 185.

   b. Mr. Smith now opines that versions 1.08, 2.03, 2.11, 3.0, 3.2, and 3.5 of the Base Software are "substantively similar." *Id.* ¶ 21. That opinion is not in his original report, which identifies only several "software bugs and design defects that are common across the Base Software." *See* ECF No. 197-8, Ex. 9 ¶ 7.

   c. Mr. Smith now opines that ████████████████████████████
   ████████████████████████████████████████. That opinion is not in his original report, which does not analyze ████████████████████████. In addition, the new opinion lacks foundation. Fed. R. Evid. 701-02.

   d. Mr. Smith now opines that ████████████████████████████
   *E.g., id.* ¶¶ 159, 160, and 162. Mr. Smith asserts that this "re-stat[es] my original opinion," (*id.* ¶ 162), but his original report did not include that opinion. To the contrary, he had proposed ████
   ████████████████████████████████████████
   ██████████████████ ECF No. 197-8, Ex. 9 ¶ 129.

   e. Mr. Smith now opines that his primary criticism of the rearview camera is that it

---

[1] These objections are timely under Local Rule 7-3(d)(1) because Plaintiffs' unredacted reply papers were served via email on May 2, 2016.

1 ███████████████████████. Surrebuttal Rpt. ¶ 93.  But in his original report, Smith instead

2 principally focused on ███████████████████████

3     f.    Mr. Smith now opines that ███████████████

4 ███████████████████████████████████████

5 ███ That opinion is not in his original report which, to the contrary, emphasized ██████

6 ███████████████████████████████████████

7 ███████████████████████████

8     g.    Mr. Smith now opines that the ████████████████

9 ███████████████████████████████████████

10 ███████████ That opinion is not found in his original report which, to the contrary, even

11 expressly ██████████████

12     h.    Mr. Smith now opines that he has identified "a solution to resolve ██████

13 ████████████████████ That opinion is not in his original report.

14     i.    Mr. Smith now opines that ████████████████

15 ███████████████████████████████████████

16 ██████████████████████ That opinion is not in his original report.

17 2.    Mr. Smith's Surrebuttal Report includes assertions about Ford's expert Dr. Kelly that are

18 untrue and should be excluded under Fed. R. Evid. 401-03 & 701-02.

19     a.    Mr. Smith falsely states that "Dr. Kelly testified that he doesn't know much about

20 ███████████████████████████████████████

21 Dr. Kelly never said that he does not know much about ████████ Dr. Kelly testified at the cited

22 page that he has ██████████████████████████

23 ███████████████████████████████████████

24     b.    Mr. Smith falsely states that ██████████████████

25 ███████████████████████████████████████

26 ███████████████████████████████████████

27 ███ Dr. Kelly actually testified that Mr. Smith was merely speculating that ██████

28 ███████████████████████████████████████

1  Dr. Kelly also stated (¶ 320) that Mr. Smith had no basis to conclude that other manufacturers

2  ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

**Objections to Craig Rosenberg Rebuttal Expert Report (Ex. 6 to Berman Reply Decl.):**

1.  Dr. Rosenberg's new opinions (pp. 6 & 31) that there is a "relatively equal distribution of bugs, lag, and human factors across the MFT system" and "the distribution of these system flaws are present across all features" should be excluded as new opinions not in his opening report. *Provenz*, 102 F.3d at 1483; *Tovar*, 3 F.3d at 1273 n.3.  The opinions also lack foundation and any disclosed scientific basis.  Fed. R. Evid. 701-02; *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589, 597 (1993); *Claar v. Burlington N. R.R.*, 29 F.3d 499, 502 (9th Cir. 1994) ("mere[ly] subjective beliefs or unsupported speculation" fails *Daubert* standard).

2.  Dr. Rosenberg's new opinion (pp. 14-15) that ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ should be excluded as a new opinion not in his opening report.  The opinion also lacks foundation because he admittedly did not examine any software versions included in the class other than version 3.5.  Fed. R. Evid. 701(a), 702(b)-(d); *see also* ECF No. 226 at Ex. 62 (Rosenberg Tr. at 44:14-22, stating that he only reviewed MFT versions 3.5.1 and 3.7).

3.  Dr. Rosenberg's new opinion (p.31) that "potential owners and lessees had insufficient disclosure on the serious deficiencies of the MFT system prior to purchase" should be excluded as a new opinion not in his opening report.  The opinion also lacks foundation because he offers no basis having for any expertise regarding disclosures.  *Daubert v. Merrell Dow Pharms., Inc.*, 43 F.3d 1311, 1315 (9th Cir. 1995) ("*Daubert II*").  In addition, Dr. Rosenberg offers no scientifically recognized basis for his subjective opinion about disclosures.  Fed. R. Evid. 701-02.

4.  Dr. Rosenberg's new opinion (p.31) that named plaintiffs' different uses all resulted in dissatisfaction "validates their generalizability to the [putative] class" should be excluded as a new opinion not in his opening report.  The opinion also lacks foundation under Fed. R. Evid. 701-02.  He previously testified that he was offering no opinion on whether there was widespread mistrust or dislike of the MFT system. (Rosenberg Tr. at 63:8-21)

5.  Dr. Rosenberg's opinion (p.25) that it was ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

1 ▓ lacks foundation and offers only speculation, even though he had access to the surveys'
2 methodology and results and to declarations from Ford and Morpace (the survey company) about
3 the surveys' accuracy and methodology. Fed. R. Evid. 701-02.
4 6.     Like his initial report, Dr. Rosenberg's entire rebuttal report should be excluded because it
5 contains opinions that do not fit Plaintiffs' breach-of-warranty and concealment theories of the
6 case. Fed. R. Evid. 401-02, 702; *Comcast Corp. v. Behrend*, 133 S. Ct. 1426, 1433–35 (2013).

7 **Objections to Stefan Boedeker Rebuttal Expert Report (Ex. 41 to Berman Reply Decl.):**
8 1.     Mr. Boedeker's rebuttal report (¶¶ 65 & 71, and App'x Table 2) includes an entirely new
9 opinion purporting to present ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. It should be excluded
10 as an improper reply opinion. *Provenz*, 102 F.3d at 1483; *Tovar*, 3 F.3d at 1273 n.3. This
11 ▓▓▓▓▓▓▓▓▓▓ also lacks any reliable scientific basis because it fails to report the statistical
12 significance (or lack thereof) of his estimates. Fed. R. Evid. 702; *Jones v. United States*, 933 F.
13 Supp. 894, 900 (N.D. Cal. 1996), *aff'd*, 127 F.3d 1154 (9th Cir. 1997). Finally, it should be
14 excluded because it does not fit Plaintiffs' allegations of uniform classwide impact. Fed. R. Evid.
15 401-02, 702; *Comcast*, 133 S. Ct. at 1433-35. Even according to Mr. Boedeker's analysis, ▓
16 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
17 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. This disproves the classwide impact Plaintiffs assert.
18 2.     Mr. Boedeker's Rebuttal Report ¶ 14 cites new authorities as support for his conjoint
19 analysis approach. This new evidence should be stricken as improper reply. *Provenz*, 102 F.3d at
20 1483.

21 **Objections to Misleading Cites to Paul Taylor Depo. (Ex. 13 to Steve Berman Reply Decl.)**
22 1.     In their Reply, Plaintiffs also provide incomplete and potentially misleading descriptions
23 of the deposition testimony of Ford's expert, Dr. Paul Taylor. Ford objects to Plaintiffs' use of
24 this testimony absent an opportunity for Ford to respond; "when one party has made use of a
25 portion of a document, such that misunderstanding or distortion can be averted only through
26 presentation of another portion," the other party may submit other parts that provide clarification
27 and context. *United States v. Collicott*, 92 F.3d 973, 983 (9th Cir. 1996) (internal quotation
28 omitted); *cf.* Fed. R. Evid. 106; *Aslani v. Sparrow Health Sys.*, 2009 U.S. Dist. LEXIS 102142, at

1 | *72-74 (W.D. Mich. Nov. 3, 2009).

2 |       Plaintiffs cite Dr. Taylor's testimony about limitations in his warranty-data analysis that

3 | ███

4 | ███

5 | ECF No. 250, Ex. 13 (Taylor Depo. at 288).  But contrary to Plaintiffs' assertion, there is nothing

6 | "misleading" about Dr. Taylor's analysis, which is explicit about what it included.  Further, as a

7 | legal matter, ███ is irrelevant for the purpose it was offered because Plaintiffs' warranty

8 | claims require presentation of the vehicle to the dealer for *repairs*, not responding to an invitation

9 | to obtain an update Ford voluntarily offered.  Fed. R. Evid. 403, 601.  Plaintiffs also have no basis

10 | to attack as "misleading" the failure to include supposed dealer visits that resulted in no warranty

11 | service; visits without warranty service necessarily could not have been considered in Dr.

12 | Taylor's analysis of Ford's warranty records.  *Id*.

13 |       Plaintiffs also argue that Dr. Taylor "admitted that MFT has safety implications" but still

14 | denied an unreasonable safety risk ███

15 | ███ Dr. Taylor's cited testimony is incomplete

16 | and taken out of context, and Ford objects to Plaintiffs' citations.  Fed. R. Evid. 106, 401-03.  Dr.

17 | Taylor's full testimony makes clear that while acknowledging that features like a rear-view

18 | camera can improve safety, his opinion about the lack of an unreasonable safety risk relies on

19 | quantifiable and ascertainable measures of safety, *i.e.*, actual accident data, and not merely

20 | ███ as Plaintiffs state.  ECF

21 | No. 250, Ex. 13 (Taylor Depo. at 133, 177-78, 224-225, 227).  Plaintiffs' questioning of Dr.

22 | Taylor based on hypotheticals and facts not in evidence, to which Ford objected, should be

23 | excluded.  Fed. R. Evid. 401-03, 702.

25 | Dated: May 12, 2016             O'MELVENY & MYERS LLP

26 |                             By: */s/ Randall W. Edwards*

27 |                                  Randall W. Edwards

28 |                Attorneys for Defendant Ford Motor Company