1 | STEVE W. BERMAN (*pro hac vice*)
CATHERINE Y.N. GANNON (*pro hac vice*)
2 | TYLER WEAVER (*pro hac vice*)
CRAIG SPIEGEL (122000)
3 | HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
4 | Seattle, Washington 98101
Telephone: (206) 623-7292
5 | Facsimile: (206) 623-0594
steve@hbsslaw.com
6 | catherineg@hbsslaw.com
tyler@hbsslaw.com
7 | craigs@hbsslaw.com

8 | ROLAND TELLIS (186269)
MARK PIFKO (228412)
9 | BARON & BUDD, P.C.
15910 Ventura Boulevard, Suite 1600
10 | Encino, California 91436
Telephone: (818) 839-2320
11 | Facsimile: (818) 986-9698
rtellis@baronbudd.com
12 | mpifko@baronbudd.com

ADAM J. LEVITT (*pro hac vice*)
JEFFREY A. ALMEIDA (*pro hac vice*)
KYLE MCGEE (*pro hac vice*)
GRANT & EISENHOFER P.A.
30 North LaSalle Street, Suite 1200
Chicago, Illinois 60602
Telephone: (312) 214-0000
Facsimile: (312) 214-0001
alevitt@gelaw.com
jalmeida@gelaw.com
kmcgee@gelaw.com

NICHOLAS E. CHIMICLES (*pro hac vice*)
BENJAMIN F. JOHNS (*pro hac vice*)
CHIMICLES & TIKELLIS LLP
One Haverford Centre
361 West Lancaster Avenue
Haverford, Pennsylvania 19041
Telephone: (610) 642-8500
Facsimile: (610) 649-3633
nick@chimicles.com
benjohns@chimicles.com

13 | *Plaintiffs' Interim Co-Lead Counsel*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE<br><br>MYFORD TOUCH CONSUMER LITIGATION | Case No. 3:13-cv-03072-EMC<br><br>**PLAINTIFFS' OPPOSITION TO FORD MOTOR COMPANY'S ADMINISTRATIVE MOTION FOR LEAVE TO FILE SURREPLY PURSUANT TO CIV. L.R. 7-11**<br><br>Judge:   Hon. Edward M. Chen |

**[REDACTED VERSION]**

1        Ford's motion for leave to file a proposed surreply and supplemental expert reports should be

2   denied.[1]  Ford provides no valid basis for filing those documents, which in any event provide no

3   basis for the Court to deny the motion for class certification.

4   **A.    Ford fails to show good cause for amending the scheduling order.**

5        Ford must show good cause to amend the scheduling order, but its motion does not mention,

6   let alone establish, such good cause.  *See* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified

7   only for good cause and with the judge's consent.").  Ford incorrectly argues that leave to file a sur-

8   reply is "routinely granted when a movant presents new expert opinions, other new evidence, or

9   new arguments for the first time in its reply brief." Mot. at 2.  All of the cases cited by Ford are

10  inapposite, because the moving party in each of those cases submitted *unauthorized* new evidence

11  with a reply.  Here, the stipulated order authorized Plaintiffs to submit expert rebuttal reports with

12  their reply brief in support of class certification.  ECF No. 186.  That order does not authorize Ford

13  to file a surreply or supplemental expert reports.  If Ford had wanted the opportunity to respond to

14  those documents, it should have made that argument when the stipulation was entered.  Now, Ford

15  must show good cause but fails even to discuss that controlling standard.

16  **B.    Plaintiffs' reply and rebuttal expert reports constitute proper rebuttal.**

17       Plaintiffs' reply brief and rebuttal expert reports do not contain unauthorized new evidence,

18  as Ford contends.  In *Kirola v. City & County of San Francisco*, 2010 U.S. Dist. LEXIS 7355

19  (N.D. Cal. Jan. 29, 2010), this Court allowed the plaintiffs to conduct site inspections, rejecting the

20  City's position that the site inspections " may not be properly characterized as needed for the rebut-

21  tal." *Id*. at *6.  This Court explained that "courts have permitted additional data to be used in a

22  rebuttal report so long as it is of the same subject matter." *Id*.  And this Court stated that "[r]ebuttal

23  disclosure is not automatically excluded solely because it includes evidence that was absent in the

24  original expert disclosure." *Id*.  As shown below, all of Plaintiffs' expert rebuttal reports constitute

25  proper rebuttal testimony, so that Ford's motion for leave should be denied.

---

[1] Plaintiffs do not oppose a five-page surreply that solely addresses Plaintiffs' argument that the expert report of Ford's expert, Dr. Wood, should be stricken under *Daubert* but ask that the Court limit Ford's surreply to that issue and not allow a supplemental supporting report by Dr. Wood.

**1.     Dan Smith has not issued improper "new opinions."**

Ford erroneously claims it is entitled to extra briefing and expert reports in part because Dan Smith allegedly created "new opinions" on rebuttal. Ford first incorrectly asserts that Mr. Smith never opined before his rebuttal report that MFT's software architecture was ███████ ████████████████████████████████████. ECF No. 255-4 ("Obj.") ¶ 1.a. Ford is wrong. Mr. Smith stated in his opening report that ████████████████████████████████████ ████████████████████████████████████ ECF No. 197-8, Ex. 9 ("Smith Rpt.") ¶ 7. The defects discussed included that the Base Software was ████████████████ █████████████. *Id.* ¶¶ 137-138. Any question about Mr. Smith's opinion was answered when he testified at his deposition, in response to direct questions on this point, that the Base Software is ████████████████████████████████████ Ex. A ("Smith Tr.") at 90:24-91:13 (emphasis added).[2] Following the deposition, Ford requested and received a list of documents Mr. Smith relied on for his opinion as to software architecture. Ex. B. And even if Mr. Smith had not made his opinion clear before, it is proper rebuttal to ████████████████████████████████████ ████████████████████████ ECF No. 244, Ex. 7 ("Kelly Rpt.") ¶ 4.a; *see also id.* ¶¶ 4.b, 156.

Ford also tries to exclude evidence that MFT's architecture was ██████ Obj. ¶ 1.a. (seeking to strike Smith Rpt. ¶¶ 23-53). But that evidence directly rebuts Dr. Kelly's claim that Mr. Smith had no evidence that the architecture was ██████ and Dr. Kelly's claim that ██ ████████████████████████████████ Kelly Rpt. ¶ 328. The same is true of Ford's objections to Mr. Smith's opinions that versions of the Base Software are ████████████████ and that ██ ████████████████████████████████ Obj. ¶¶ 1.b, 1.c. These rebut Dr. Kelly's opinion that the software ████████████████████████████ Kelly Rpt. ¶¶ 4.a, 127-146.

Ford next erroneously argues that Mr. Smith's rebuttal opinion on ████████████████ ████ is new. Obj. ¶ 1.d. Mr. Smith's opening report states that ████████████████████ ████████████████████████████ Smith Rpt. ¶¶ 127-129. This is consistent with his rebuttal testimony that Ford should have ████████████████████████████████

---

[2] Exhibits A-C are attached to the Declaration of Steve W. Berman in Support of Plaintiffs' Opposition to Ford's Administrative Motion for Leave to File Surreply, filed concurrently herewith.

1    ██████████ ECF No. 248-4, Ex. 4 ("Smith Rebuttal") ¶¶ 130, 162.  His further state-
2    ments rebut Dr. Kelly's assertion that Mr. Smith's opinions are inconsistent.  *Id.* ¶¶ 158-161.[3]
3    Nor is there any "new opinion" about hardware design problems with rearview cameras.
4    Obj. ¶ 1.c.  Mr. Smith opined that ████████████████████████████████
5    ████████████.  Smith Rpt. ¶¶ 103-104.  There was extensive discussion of this issue at his
6    deposition.  Smith Tr. at 224:4-232:18.  Ford also incorrectly claims that Mr. Smith's opinion
7    about ██████████████████████████████████████.  Obj. ¶ 1.f.  The opinions in his
8    rebuttal report directly rebut specific items that Dr. Kelly raised in his report.  Smith Rebuttal ¶¶
9    71, 72, 74.  Mr. Smith says Dr. Kelly is unpersuasive on those points.  There is no new opinion.
10   Mr. Smith also did not state a new opinion that a ██████████████████████
11   ██.  Obj. ¶ 1.g.  His opening report defined a ██████████████████████████
12   ██████████████████████ Smith Rpt. ¶ 31.  At deposition, he testified about this
13   precise issue, and clearly stated that ██████████████████████████.  Smith Tr. at 247:12-
14   248:5.  And there is no "new opinion" regarding a solution for a ████████████.  Obj.
15   ¶ 1.h.  Mr. Smith states that he identified a solution for the defect to rebut Dr. Kelly's claim that
16   Mr. Smith was speculating.  Kelly Rpt. ¶ 234; Smith Rebuttal ¶¶ 75-85.  And Mr. Smith's opin-
17   ion as to differences in how the Base Software performed rebuts Ford's contention that ████
18   ██████████████████████████████████████████████████████████████
19   Smith Rebuttal ¶ 205.  It was not in his opening report but properly rebuts Ford's assertions.[4]

20   **C.    Mr. Boedeker's and Dr. Arnold's rebuttal reports do not contain improper "new evidence."**

21   Ford incorrectly contends that Mr. Boedeker's ██████████████████████ is "new evi-
22   dence."  Surreply at 7:19.  Mr. Boedeker's analysis properly rebuts Dr. Singer's flawed conclusions
23   by identifying and correcting the errors in Dr. Singer's model.  Ford contends that Mr. Boedeker's

---

[3] Ford also claims ¶ 129 of Mr. Smith's opening report describes ██████████████████████
██████████████ Obj. ¶ 1.d.  It says no such thing.

[4] Ford contends Mr. Smith mischaracterized Dr. Kelly's positions on MISRA, Obj. ¶¶ 2.a, 2.b., but they are reasonable interpretations of what Dr. Kelly said.  *See, e.g.*, Ex. C ("Kelly Tr.") at 144:16-145:21 (██████████████████████████████); Kelly Rpt. ¶¶ 319-320 (accusing Mr. Smith of ██████████████████████).

PLAINTIFFS' OPPOSITION TO FORD'S
MOTION FOR LEAVE TO FILE SURREPLY – 3                                    Case No. 3:13-cv-03072-EMC
010388-11 871351 V1

1   re-analysis of Dr. Singer's regression is unreliable because he ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

2   ▓▓▓▓▓▓▓▓▓▓▓▓▓  Surreply at 7:21. But that rebuttal testimony is not improper "new evidence" that

3   allows Ford an opportunity to correct errors in Dr. Singer's analysis. Mr. Boedeker's criticisms

4   relate to Dr. Singer having improperly ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓,

5   rather than making appropriate ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

6   ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓  Accordingly, Mr. Boedeker did not make ▓▓▓

7   ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓  but rather showed that Dr. Singer's errors affected the outcome of

8   the analysis. That is entirely proper rebuttal testimony, not improper "new evidence."

9   　　　Similarly, Ford's discussion of cases where Dr. Singer's analysis was criticized by other

10  courts is not authorized by L.R. 7-3(d). Those cases were decided before Ford filed its Opposition

11  to class certification. Dr. Singer and Ford knew or should have known about those cases before he

12  provided his expert report. Ford's decision not to address those cases in its Opposition does not

13  entitle it to a surreply. Ford also uses its proposed surreply to address *Tyson Foods, Inc. v. Boua-*

14  *phakeo*, 136 S. Ct. 1036 (2016). But L.R. 7-3(d)(2) states that if a judicial opinion is published after

15  an opposition is filed, counsel may only provide a copy of the opinion without comment.[6]

16  　　　Finally, there is no basis for a surreply to respond to Dr. Arnold's rebuttal report. In fact,

17  Ford's motion does not even mention Dr. Arnold. Nonetheless, Ford argues in its proposed surreply

18  that "willingness to pay is the hallmark of economic price analysis." Surreply at 6. Dr. Arnold

19  disagrees, and in so arguing, Ford is not responding to "new" evidence but instead seeks to reargue

20  its position and cite irrelevant new case law.[7]

---

[5] Dr. Singer also ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓). Finally, Dr. Singer's data ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

[6] Ford's argument that *Tyson* is limited to an FLSA case where a defendant was required to , but did not, maintain records is incorrect. If *Tyson* were limited to FLSA cases, *Comcast* would be limited to antitrust cases. And a "wrongdoer is not entitled to complain that [damages] cannot be measured with the [] precision that would be possible if the case, which he alone is responsible for making, were otherwise." *Story Parchment Co. v. Paterson Parchment Paper Co.*, 282 U.S. 555, 563 (1931) (cited by *Comcast Corp. v. Behrend*, 133 S. Ct. 1426, 1433 (2013)).

[7] Ford's proposed surreply discusses *Dzieciolowski v. DMAX Ltd.*, No. 2:15-cv-02443, ECF No. 102 (C.D. Cal. Apr. 27, 2016 ), but L.R. 7-3(d)(2) does not allow comment on new opinions.

PLAINTIFFS' OPPOSITION TO FORD'S  
MOTION FOR LEAVE TO FILE SURREPLY – 4                           Case No. 3:13-cv-03072-EMC  
010388-11  871351 V1

**D.  Dr. Rosenberg did not provide "new evidence" in his rebuttal report.**

Ford's objections to Dr. Rosenberg's rebuttal report are meritless. What Ford claims is "new" opinion is either contained in his original report or properly responds to the opinions of Ford's expert, Dr. Wood. For example, Dr. Rosenberg's initial report showed that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, and his rebuttal explained that all of them are ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ECF No. 248-7, Ex. 6 (Rosenberg Rebuttal) at 7. Contrary to Ford's contention, Dr. Rosenberg's initial report did discuss ▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *See* ECF No. 203-2, Ex. 8-Part 1 ("Rosenberg Report") at 67 (§ 4.1), 76 (§ 4.5). His opinions about the sufficiency of disclosures about MFT deficiencies is in response to Wood's opinions about the same. And his rebuttal of the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ is consistent with the points cited above and in his rebuttal report. *See id.* at 10, 14-15. In short, Dr. Rosenberg's rebuttal report does not provide any basis to grant Ford's motion for leave.

**E.  Plaintiffs' discussion of Dr. Taylor's work does not support Ford's motion.**

Ford claims that it should be allowed to file a surreply based on (1) a comment in a footnote in Plaintiffs' reply brief on a peripheral issue concerning Ford's expert, Dr. Taylor, and (2) Plaintiffs' submission of evidence demonstrating that Ford and Dr. Taylor were wrong that ▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Mot. at 4. No reply brief is warranted on a side issue in a footnote, and the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮  As for Ford's contention that Plaintiffs have "misstate[d]" the record as to Dr. Taylor, even Ford's objections make clear that the full record is already before the Court to review. Obj. at 5.

## II.  CONCLUSION

Ford's motion should be denied. But if the Court grants Ford's motion to file a surreply and new expert opinions, Plaintiffs should be granted leave to file a five-page responsive brief and two-page expert declarations responsive to Ford's proposed supplemental expert reports. Plaintiffs bear the burden in seeking class certification, and should be afforded the last word in briefing.

| | | |
|---|---|---|
| 1 | DATED:  May 16, 2016 | HAGENS BERMAN SOBOL SHAPIRO LLP |
| 2 | | By: /s/ Steve W. Berman |

Steve W. Berman (*pro hac vice*)
Catherine Y.N. Gannon (*pro hac vice*)
Tyler Weaver (*pro hac vice*)
Craig R. Spiegel (122000)
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
E-mail:  steve@hbsslaw.com
E-mail:  catherineg@hbsslaw.com
E-mail:  tyler@hbsslaw.com
E-mail:  craigs@hbsslaw.com

Adam J. Levitt (*pro hac vice*)
Jeffrey A. Almeida (*pro hac vice*)
Kyle McGee (*pro hac vice*)
GRANT & EISENHOFER P.A.
30 North LaSalle Street, Suite 1200
Chicago, IL  60602
Telephone:  (312) 214-0000
Facsimile:  (312) 214-0001
E-mail:  alevitt@gelaw.com
E-mail:  jalmeida@gelaw.com
E-mail:  kmcgee@gelaw.com

Roland Tellis (186269)
Mark Pifko (228412)
BARON & BUDD, P.C.
15910 Ventura Boulevard, Suite 1600
Encino, CA  91436
Telephone:  (818) 839-2320
Facsimile:  (818) 986-9698
E-mail:  rtellis@baronbudd.com
E-mail:  mpifko@baronbudd.com

Nicholas E. Chimicles (*pro hac vice*)
Benjamin F. Johns (*pro hac vice*)
CHIMICLES & TIKELLIS LLP
One Haverford Centre
361 West Lancaster Avenue
Haverford, Pennsylvania 19041
Telephone:  (610) 642-8500
Facsimile:  (610) 649-3633
E-mail:  nick@chimicles.com
E-mail:  benjohns@chimicles.com

*Plaintiffs' Interim Co-Lead Counsel*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and accurate copy of the foregoing was filed electronically via the Court's ECF system, on May 16, 2016. Notice of electronic filing will be sent to all parties by operation of the Court's electronic filing system.

DATED:  May 16, 2016                    HAGENS BERMAN SOBOL SHAPIRO LLP

                                        By:    */s/ Steve W. Berman*
                                               STEVE W. BERMAN