1  STEVE W. BERMAN (*pro hac vice*)
   CRAIG SPIEGEL (122000)
2  CATHERINE Y.N. GANNON (*pro hac vice*)
   TYLER WEAVER (*pro hac vice*)
3  HAGENS BERMAN SOBOL SHAPIRO LLP
   1918 Eighth Avenue, Suite 3300
4  Seattle, Washington 98101
   Telephone: (206) 623-7292
5  Facsimile: (206) 623-0594
   steve@hbsslaw.com
6  catherineg@hbsslaw.com
   tyler@hbsslaw.com
7  craigs@hbsslaw.com

8  ROLAND TELLIS (186269)
   MARK PIFKO (228412)
9  BARON & BUDD, P.C.
   15910 Ventura Boulevard, Suite 1600
10 Encino, California 91436
   Telephone: (818) 839-2320
11 Facsimile: (818) 986-9698
   rtellis@baronbudd.com
12 mpifko@baronbudd.com

ADAM J. LEVITT (*pro hac vice*)
JEFFREY A. ALMEIDA (*pro hac vice*)
KYLE MCGEE (*pro hac vice*)
GRANT & EISENHOFER P.A.
30 North LaSalle Street, Suite 2350
Chicago, Illinois 60602
Telephone: (312) 214-0000
Facsimile: (312) 214-0001
alevitt@gelaw.com
jalmeida@gelaw.com
kmcgee@gelaw.com

NICHOLAS E. CHIMICLES (*pro hac vice*)
BENJAMIN F. JOHNS (*pro hac vice*)
CHIMICLES & TIKELLIS LLP
One Haverford Centre
361 West Lancaster Avenue
Haverford, Pennsylvania 19041
Telephone: (610) 642-8500
Facsimile: (610) 649-3633
nick@chimicles.com
benjohns@chimicles.com

13 *Plaintiffs' Interim Co-Lead Counsel*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE<br><br>MYFORD TOUCH CONSUMER LITIGATION | Case No. 3:13-cv-03072-EMC<br><br>**PLAINTIFFS' OPPOSITION TO FORD MOTOR COMPANY'S MOTION FOR ADMINISTRATIVE RELIEF UNDER CIV. L.R. 7-11 TO MODIFY MERITS EXPERT AND SUMMARY JUDGMENT DEADLINES**<br><br>Judge:        Hon. Edward M. Chen |

1   Ford's motion for modification of the deadlines for expert reports and summary judgment
2   motions should be denied. Ford must show good cause for modification of the scheduling order.
3   *See* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's
4   consent."). Ford's motion does not mention, let alone establish, good cause, although its proposed
5   order contains the unexplained statement that the motion is being granted for "good cause." Ford's
6   failure to address the controlling standard means that its motion should be denied on that basis
7   alone.
8   Ford's motion fails substantively as well, since its arguments do not remotely establish good
9   cause. First, Ford erroneously contends that the deadlines must be moved because "Plaintiffs'
10  motion is complex, seeking certification of 12 putative state law classes comprising of 37 causes of
11  action." Mot. at 1. Ford does not even try to show how that alleged complexity affects any expert's
12  report. Ford does not dispute that the substantive claims for the various classes are *identical*, so
13  expert reports will be identical for all putative classes, regardless of whether the class certification
14  motion is granted in full or in part. None of the experts proffered by the parties regarding class
15  certification gave different opinions regarding the various proposed classes, and Ford does not
16  provide the slightest reason to believe that expert merits reports could possibly differ depending on
17  which classes are certified.
18  Ford's second reason for its proposed schedule modification also fails to establish good
19  cause. Ford states that it "submitted objections to certain of Plaintiffs' evidence, include [sic] *Dau-*
20  *bert* objections related to opinions of three of Plaintiffs' experts, and Plaintiffs sought to exclude
21  opinions of one of Ford's experts." Mot. at 1. But Ford does not explain why its *Daubert* motions
22  to exclude the opinions of three of Plaintiffs' experts has *any* effect on the expert merits reports
23  Ford will file. Plaintiffs believe that Ford's *Daubert* motions are meritless, and Plaintiffs are
24  prepared to file their expert merits reports on August 1, thereby complying with the current dead-
25  line. So Ford has no basis at all, let alone good cause, to seek modification of the scheduling order
26  based on its own *Daubert* motions. And Ford does not explain how or why Plaintiffs' *Daubert*
27  motion might affect any merits report Ford may proffer. Even if there were some possibility that
28  this Court's ruling on Plaintiffs' single *Daubert* motion would affect one of Ford's merits reports,

that mere possibility does not justify modifying the schedule as to all merits experts and summary judgment motions. Ford can seek limited relief if there is an actual effect on one of its expert merits reports, but there is no good cause for wholesale modification of deadlines for expert reports and summary judgment motions based on Ford's speculation that one of its expert merits report might be affected.

Finally, Ford's motion should be denied because Ford ignores the strong possibility that the pretrial conference and trial dates would have to be moved if its motion were granted. For example, if this Court were to issue the class certification ruling on August 15, the deadline for filing reply memoranda in support of summary judgment motions would not be until December 22, 2016.[1] The hearing on summary judgment motions would likely not be held until mid-January to late-January 2017, particularly given the holidays. A ruling might not issue until March 2017. But the pretrial conference is set for March 28, 2017, and the current case management and pretrial order requires the parties to confer at least 42 days before the pretrial conference to confer regarding: (1) preparation and content of the joint pretrial conference statement; (2) preparation and exchange of pretrial materials; and (3) settlement of the action. But under Ford's proposal, this Court likely will not issue a summary judgment ruling by February 14, 2017, which is 42 days before the scheduled pretrial conference. As a result, Ford's proposed modification of the scheduling order would likely result in a need to change the dates for the final pretrial conference and trial.

Given Ford's failure to establish good cause, and the likelihood that Ford's proposed modification would result in a new trial date, Ford's motion should be denied.

---

[1] If the Court entered the class certification ruling on August 15, the following deadlines would result from Ford's proposal: merits expert reports due 28 days later, on September 12; rebuttal merits expert reports due 38 days later, on October 20; summary judgment motions due 21 days later, on November 10; oppositions to summary judgment motions due 28 days later, on December 8; and replies in support of summary judgment motions due 14 days later, on December 22.

PLAINTIFFS' OPPOSITION TO FORD'S
MOTION TO MODIFY DEADLINES – 2                                          Case No. 3:13-cv-03072-EMC
010388-11 885754 V1

| | | |
|---|---|---|
| 1 | DATED:  July 13, 2016 | HAGENS BERMAN SOBOL SHAPIRO LLP |
| 2 | | By: /s/ Steve W. Berman |
| | | Steve W. Berman (*pro hac vice*) |

DATED:  July 13, 2016		HAGENS BERMAN SOBOL SHAPIRO LLP

By: */s/ Steve W. Berman*
Steve W. Berman (*pro hac vice*)
Catherine Y.N. Gannon (*pro hac vice*)
Tyler Weaver (*pro hac vice*)
Craig R. Spiegel (122000)
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
E-mail:  steve@hbsslaw.com
E-mail:  catherineg@hbsslaw.com
E-mail:  tyler@hbsslaw.com
E-mail:  craigs@hbsslaw.com

Adam J. Levitt (*pro hac vice*)
Jeffrey A. Almeida (*pro hac vice*)
Kyle McGee (*pro hac vice*)
GRANT & EISENHOFER P.A.
30 North LaSalle Street, Suite 2350
Chicago, IL  60602
Telephone:  (312) 214-0000
Facsimile:  (312) 214-0001
E-mail:  alevitt@gelaw.com
E-mail:  jalmeida@gelaw.com
E-mail:  kmcgee@gelaw.com

Roland Tellis (186269)
Mark Pifko (228412)
BARON & BUDD, P.C.
15910 Ventura Boulevard, Suite 1600
Encino, CA  91436
Telephone:  (818) 839-2320
Facsimile:  (818) 986-9698
E-mail:  rtellis@baronbudd.com
E-mail:  mpifko@baronbudd.com

Nicholas E. Chimicles (*pro hac vice*)
Benjamin F. Johns (*pro hac vice*)
CHIMICLES & TIKELLIS LLP
One Haverford Centre
361 West Lancaster Avenue
Haverford, Pennsylvania 19041
Telephone:  (610) 642-8500
Facsimile:  (610) 649-3633
E-mail:  nick@chimicles.com
E-mail:  benjohns@chimicles.com

*Plaintiffs' Interim Co-Lead Counsel*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and accurate copy of the foregoing was filed electronically via the Court's ECF system, on July 13, 2016. Notice of electronic filing will be sent to all parties by operation of the Court's electronic filing system.

DATED: July 13, 2016                     HAGENS BERMAN SOBOL SHAPIRO LLP

                                         By:   */s/ Steve W. Berman*
                                               STEVE W. BERMAN