| | |
|---|---|
| RANDALL W. EDWARDS (S.B. #179053) | WARREN E. PLATT (S.B. #154086) |
| redwards@omm.com | wplatt@swlaw.com |
| E. CLAY MARQUEZ (S.B. #268424) | SNELL & WILMER LLP |
| cmarquez@omm.com | Plaza Tower |
| O'MELVENY & MYERS LLP | 600 Anton Boulevard, Suite 1400 |
| Two Embarcadero Center, 28th Floor | Costa Mesa, CA 92626 |
| San Francisco, CA 94111-3823 | Telephone: (714) 427-7000 |
| Telephone: (415) 984-8700 | Facsimile: (714) 427-7799 |
| Facsimile: (415) 984-8701 | |

BRIAN C. ANDERSON (S.B. #126539)
banderson@omm.com
SCOTT M. HAMMACK (pro hac vice)
shammack@omm.com
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, D.C. 20006-4001
Telephone: (202) 383-5300
Facsimile: (202) 383-5414

Attorneys for Defendant Ford Motor Company

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>MYFORD TOUCH CONSUMER LITIGATION | Case No. 3:13-cv-3072-EMC<br><br>CLASS ACTION<br><br>**DECLARATION OF CHRISTOPHER EIKEY IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL**<br><br>**[Pursuant to Civil L.R. 7-11 and 79-5]** |

# DECLARATION OF CHRISTOPHER EIKEY

I, Christopher Eikey, declare as follows:

1. My name is Christopher Eikey. I am a Design Analysis Engineer for Ford Motor Company ("Ford") and have been employed in various positions by Ford for more than 16 years.

2. I am over 18 years old. If called as a witness, I could and would testify under oath to the facts stated in this declaration.

3. The facts stated in this declaration are based upon my personal knowledge or on my research and review of records and information currently maintained in the ordinary course of business by Ford. The facts stated in this declaration are also based upon my review of certain documents produced in the instant litigation, including discovery responses, expert reports, and declarations.

4. In this declaration, I discuss certain proprietary, trade secret, and confidential information of Ford. I do not intend, and Ford has not authorized me, to waive any protections or privileges Ford may have as to proprietary, trade secret, or confidential information, or to waive Ford's attorney-client privilege as to any of its communications or waive the work product immunity developed in anticipation of or in response to litigation. I intend only to describe certain factual matters that are pertinent to this declaration.

5. As part of my job responsibilities and duties, and based on my background and experience with Ford, I am familiar with various types of engineering, quality and other analysis-related documents that Ford generates in its normal course of business, including communications between Ford and its suppliers related to such activities. I am also familiar with the types of documents and information that Ford deems confidential and commercially sensitive business information, the public disclosure of which could cause competitive harm to Ford.

6. This declaration is in support of Plaintiffs Administrative Motion to File Documents Under Seal pursuant to Civil Local Rules 7-11 and 79-5 ("Motion to Seal"). I understand that Plaintiffs' Motion to Seal requests that certain exhibits referred to in Plaintiffs' Opposition to Ford's Motion for Summary Judgment and attached to the Declaration of Steve W. Berman in support

1

DECLARATION OF CHRISTOPHER EIKEY IN
SUPPORT OF PLAINTIFFS' ADMINISTRATIVE
MOTION TO FILE DOCUMENTS UNDER SEAL
CV 13-3072-EMC

1 thereof be sealed in their entirety in order to maintain their confidentiality and protect the
2 commercially sensitive information contained therein.

3     7.    I have reviewed the exhibits (Ex. Nos. 23–25) that are the subject of Plaintiffs'
4 Motion to Seal. They are documents that Ford produced in this litigation that were designated as
5 Confidential pursuant to a Stipulated Protective Order because they discuss confidential and
6 commercially sensitive business information of Ford.

7     8.    I also understand and have confirmed that each of the exhibits that are the subject of
8 Plaintiffs' Motion to Seal were previously attached to the Declaration of Steve W. Berman in
9 Support of Plaintiffs' Motion for Class Certification, at which time I submitted a declaration in
10 support of maintaining their confidentiality in order to protect the commercially sensitive
11 information contained therein. These exhibits were ordered sealed by this Court on May 16, 2016,
12 pursuant to a separate administrative motion to seal submitted by Plaintiffs in connection with their
13 motion for class certification filing.

14     9.    I submit this declaration to explain the confidential nature of the information
15 redacted from Ford's Motion for Summary Judgment and the exhibits described above.

16     10.    Exhibit Numbers 23–25 include detailed, confidential information regarding Ford's
17 internal product development process and engineering and analysis methodologies, including the
18 precise results of testing and validation for specific technical issues, the quantified efficacy of
19 certain software updates, factors affecting internal performance projections, collected rates of
20 warranty service, and collected rates of particular consumer concerns related to the MyFord Touch
21 System.

22     11.    It is appropriate that each of the exhibits listed above be sealed entirely, consistent
23 with the Court's prior sealing order regarding the same.

24     12.    The automotive industry is highly competitive. The above-described information is
25 maintained confidentially by Ford to protect its processes for developing, testing, and improving
26 products and features and responding to customer concerns and technical issues. This type of
27 information is commercially sensitive business information that is not made available to the general

products and features and responding to customer concerns and technical issues. This type of information is commercially sensitive business information that is not made available to the general public or to Ford's competitors. Its disclosure would cause Ford harm by providing its competitors with processes Ford employs, analysis Ford conducts, lessons that Ford learned as one of the first developers of this type of product. If the above documents were public, Ford's competitors and other third parties would learn sensitive details about Ford's product performance, the reaction of Ford's customers to specific aspects of Ford's products, and how Ford intends to respond to customer satisfaction. It would cause Ford competitive harm by giving third parties (including individuals responsible for competitive decision-making) insights into confidential and sensitive aspects of Ford's operations, allowing these third parties to potentially gain an unfair advantage in dealings with and against Ford.

13. It is Ford's policy to keep these kinds of information confidential. I understand that the information reflected in the three exhibits was shared only with those Ford personnel who needed the information to perform their jobs, and for one document was specifically flagged as "confidential" by Ford personnel at the time the document was created.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on November 28, 2017.

_____
Christopher Eikey

3

DECLARATION OF CHRISTOPHER EIKEY IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL
CV 13-3072-EMC

OMM_US:76021132.2