UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE<br><br>MYFORD TOUCH CONSUMER<br><br>LITIGATION<br><br>. | Case No. 13-cv-03072-EMC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL; AND DENYING FORD'S ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL WITHOUT PREJUDICE**<br><br>Docket Nos. 384, 392, 394 |

Plaintiffs move to file certain portions of their proposed trial plan and supporting exhibits under seal because they have been designated confidential by Ford. *See* Docket No. 384. Ford has submitted a declaration in support of sealing. *See* Eikey Decl. (Docket No. 387). In light of the Court's analysis below, Ford's subsequently filed administrative motions to seal materials attached to its decertification motion and pretrial memorandum are denied without prejudice; Ford shall re-file those requests to the extent it still has a basis for doing so in light of the Court's holding below.

A trial plan is more than tangentially related to the merits so Ford must demonstrate "a compelling reason" and articulate a "factual basis" in support of sealing which does not rely on "hypothesis or conjecture." *See Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1096-97 (9th Cir. 2016) (quotation omitted); *see also* Docket No. 373. A reason is compelling if, among other things, it "might be used to gratify private spite or promote public scandal, to circulate libelous statements, or as sources of business information that might harm a litigant's competitive standing." *Id.* at 1097 (quotations and citations omitted). If a compelling reason is found, then the court must "conscientiously balance the competing interests of the public and the party who seeks

to keep certain judicial records secret," and only if the private interest overbears the public's may the record be sealed. *Id.* at 1097 (quotation omitted). Moreover, the Court has previously warned Ford that "[t]he supporting declaration should provide a *detailed* explanation of the Court of the asserted basis for confidentiality." *See* Docket No. 350 (emphasis added).

Ford falls short of its burden here. The exhibits sought to be sealed are hundreds of pages long but the supporting declaration simply refers to them by exhibit number, often in groups, and makes highly general assertions that, for example, they "include information about Ford's confidential internal product development processes and engineering analysis, including discussions regarding Ford's suppliers and communications with Ford's suppliers about such processes and analysis." Eikey Decl. ¶ 15 (describing exhibits 1 and 2).

Even if these broad references were sufficient, they are not convincing. Exhibits 1 and 2 contain comments of Ford engineer criticizing the performance and reliability of a software development company to whom Ford had outsourced development of MyFord Touch. Such criticism may be a kind of "analysis," but that does not convert it into confidential information entitled to be sealed. Even if it did, the public obviously has a strong interest in these materials because they relate directly to the merits of whether MyFord Touch was defective. Ford cannot stake out a litigation position that the software was not defective and then seek to conceal records where its employees, engineers, and executives expressed the contrary view. Further, to the extent Ford seeks to seal information about how it investigated MFT errors and attempted to address them, that relates to key merits issues about the sufficiency of Ford's attempted fixes. The Court therefore denies the request to seal the quoted portions of Plaintiffs' proposed trial brief (Eikey Decl. ¶¶ 10-14) and Exhibits 1, 2, 3, 4, 5, 8,11, 12, 13, 14, 15, 25, 26, 27, 28, 29, 30, 31, 33, 34, 36, 37, 38, 40, 42, 43, 44, 46, 47,[1] 48, 49, 50, 51, 52,and 53. The portions of Exhibit 7 quoted by Plaintiffs in their trial plan should not be sealed, but the remainder may remain under seal. Exhibits 32 may remain under seal.

---

[1] With respect to the e-mail thread in Exhibit 47, only those portions discussing the MyFord Touch system (directly or indirectly, as highlighted by Plaintiffs) should be filed without redactions. There is no apparent public interest in portions of the e-mail thread related to personal matters.

The redactions to nearly the entirety of the expert reports of Daniel Smith, Exhibits 9 and 10, are patently overbroad. The parties must meet-and-confer and Ford should designate only those portions that reveal specific characteristics of Ford's proprietary source code (*e.g.*, such as the content of the source code or the file tree) for sealing; the remainder (reflecting only Smith's analysis or opinions, or general statements about Ford's source code without revealing its proprietary contents) should not be sealed. The request to seal Smith's testimony (Exs. 35 and 54) is denied because no confidential or proprietary information is revealed.

Ford also argues that Exhibits 6 and 39 "include confidential information regarding Ford's internal 14D methodology and engineering process regarding specific technical issues for the My Ford Touch system, root cause, testing, validation, and resolution." Eikey Decl. ¶ 18. But the specific technical issues related to the My Ford Touch, their root cause, and so on, are all key merits issues in the case. Ford argues only that the "14D methodology" itself is confidential, but does not explain what portions of the exhibit reveal that methodology—as opposed to Ford's views regarding the key merits issues. The exhibits are merely generic forms with Ford's diagnoses of MFT-related problems, for which there are no compelling reasons to seal; even if there were, at this stage of proceedings, the public interest outweighs Ford's private interest.

Plaintiffs shall re-file their pretrial memorandum and attached exhibits consistent with this order by March 15, 2018.

Ford's administrative motions to file their motion for partial decertification and pretrial memorandum under seal are **DENIED** without prejudice to re-filing by March 9, 2018 to the extent it has a basis for requesting sealing in light of the Court's holding above.

This order disposes of Docket Nos. 384, 392, and 394.

**IT IS SO ORDERED**.

Dated: March 2, 2018

_____
EDWARD M. CHEN
United States District Judge

3