| | |
|---|---|
| RANDALL W. EDWARDS (S.B. #179053)<br>redwards@omm.com<br>E. CLAY MARQUEZ (S.B. #268424)<br>cmarquez@omm.com<br>O'MELVENY & MYERS LLP<br>Two Embarcadero Center, 28th Floor<br>San Francisco, CA 94111-3823<br>Telephone: (415) 984-8700<br>Facsimile: (415) 984-8701 | WARREN E. PLATT (S.B. #154086)<br>wplatt@swlaw.com<br>SNELL & WILMER LLP<br>Plaza Tower<br>600 Anton Boulevard, Suite 1400<br>Costa Mesa, CA 92626<br>Telephone: (714) 427-7000<br>Facsimile: (714) 427-7799 |

BRIAN C. ANDERSON (S.B. #126539)
banderson@omm.com
SCOTT M. HAMMACK (*pro hac vice*)
shammack@omm.com
DAVID R. DOREY (S.B. #286843)
ddorey@omm.com
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, D.C. 20006-4001
Telephone: (202) 383-5300
Facsimile: (202) 383-5414

Attorneys for Defendant
FORD MOTOR COMPANY

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>MYFORD TOUCH CONSUMER LITIGATION | Case No. CV 13-3072-EMC<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Judge: Hon. Edward M. Chen<br>Trial: May 11, 2018 |

Pursuant to the Court's Order, ECF No. 403, counsel for the parties respectfully submit this Joint Case Conference Management Statement in advance of the March 29, 2018 Case Management Conference.

## I. STATUS OF THE LITIGATION

The Parties have continued work on pre-trial obligations. They met-and-conferred on March 13, 2018 regarding the subjects that will be covered in the Joint Pretrial Conference Statement, and they have had numerous other communications related to specific evidentiary and other pre-trial issues.

In accordance with the Court's direction, the Parties each are submitting on March 21 their proposed key jury instructions and special verdict forms for phase one of the class trial in this action. The Parties will be prepared to address those issues at the March 29 conference.

In addition, the notice administrator, JND Class Action Administration, advised on March 20, 2018 that it had identified an additional two opt-outs that had not been previously processed by JND. This brings the total number of opt-outs to 431.

Consistent with this Court's Civil Pretrial Instructions, the Parties met and conferred on March 19 about issues related to potential classwide settlement, and the Parties will have further communications on the subject.

## II. FORD'S MOTION FOR DECERTIFICATION

The Parties have fully briefed Ford's motion for pretrial decertification of certain claims. ECF Nos. 393, 409, and 415. The motion is set for hearing on March 29. Ford's motion seeks decertification only of (1) the certified express warranty claims under California and Washington law; (2) the certified Massachusetts Consumer Protection Act claim (which is the only certified class that would occur in phase two of the class trial in this case); and (3) all class claims of used-vehicle purchasers. Except with respect to the used-vehicle purchaser issue, the certified implied warranty claims and the certified Ohio negligence claim are not the subject of Ford's pretrial decertification motion.

## III. TRIAL WITNESS PRESENTATION ISSUE

The Parties have further met-and-conferred regarding anticipated witnesses. They have

one dispute related to the timing and sequence of Ford employee witnesses, as described below.

Plaintiffs' position: Plaintiffs have requested that Ford produce five key witnesses -- Gary Jablonksi, Michelle Moody, John Schneider, Mike Westra, and Ken Williams -- to testify live in Plaintiffs' case in chief. Plaintiffs are willing to provide Ford with reasonable notice regarding the dates such witnesses would need to appear at trial so as to avoid any scheduling concerns. Additionally, in accordance with this Court's local rules[1], following Plaintiffs' examination, Ford can examine such witnesses without having to call them again in Ford's case in chief.

As described in Ford's section, below, Ford has advised Plaintiffs that Ford intends to call certain witnesses live for its case in chief, and Ford has made an offer to make them available to testify live in Plaintiffs' case in chief *but only* if Ford is permitted to examine such witnesses *first* and only subject to agreeable scheduling for each witness. In other words, Ford desires to reverse the customary order of proof at trial to allow Ford to act as the Plaintiff and examine its own witnesses first, before allowing Plaintiffs to do so. Ford has offered no credible rationale for such a reversal. Plaintiffs have the burden of proof at trial and are entitled to present their evidence before Ford's case in chief. Reversing the order of examination, as Ford proposes, does nothing to alleviate any scheduling demands on the witnesses or otherwise prejudice Ford's ability to defend itself.

By imposing unreasonable conditions on the live examination of its witnesses, Ford is essentially requiring Plaintiffs to rely only on deposition designations of such witnesses in Plaintiffs' case in chief, while Ford retains the ability to examine such witnesses live in Ford's case in chief. Ford's witnesses cannot be "unavailable" for Plaintiffs' case in chief, but "available" for Ford's. The spirt of Federal Rule 32, as well as basic notions of fairness and efficiency, preclude Ford from doing so. *See R.B. Matthews, Inc. v. Transamerica Transportation Services Inc.*, 945 F.2d 269, 273 (9th Cir. 1991) ("By denying RBM's requests to produce Reed and White as live witnesses, TTS engaged in gamesmanship, forcing RBM to rely

---

[1] Chen, J., "Guidelines for Trial in Civil Cases - Jury & Bench," Witnesses at ¶ 3. "Parties are expected to cooperate with each other in the scheduling and production of witnesses. Witnesses may be taken out of order if necessary. Every effort shall be made to avoid calling a witness twice (as an adverse witness and later as a party's witness)."

- 2 -

JOINT CASE MANAGEMENT STATEMENT
NO. CV 13-3072-EMC

on depositions. The district court did not abuse its discretion when it forced TTS to rely on deposition testimony as well. If TTS had truly wished to present the live testimony of White and Reed, it could have done so by making those witnesses available when RBM requested that they be produced.").

Plaintiffs seek an Order requiring Ford witnesses Gary Jablonksi, Michelle Moody, John Schneider, Mike Westra, and Ken Williams to be examined either: (1) by deposition designations/counter designations by *both* parties or (2) live by *both* parties, without altering the order of proof.

Ford's position: Ford has three principal concerns with Plaintiffs' demand. First, Ford believes that it would be inequitable and unfairly disruptive to its ability to present an efficient and effective defense if essentially all of its employee witnesses are required to attend live to first be cross-examined in Plaintiffs' case, despite Fed. R. Civ. P. 32 not requiring that for Ford to be permitted to call them in its defense case. Second, Ford is concerned that requiring Ford to bring essentially all of its employee witnesses in Plaintiffs' case for cross-examination first would be disruptive and unduly burdensome for Ford and for the individual witnesses' schedules because of the uncertainty of the scheduling and the likely need for the witnesses to waste time on stand-by in Plaintiffs' case. Third, Ford is concerned that, in any event, no witness should have to testify live twice, and the scope of the examinations should not be restricted based on who calls the witness first.

Ford offered two proposals, which Plaintiffs have thus far rejected but which Ford believes would strike an equitable balance. (1) Plaintiffs can examine those witnesses live in Ford's case, after Ford's examination, without restriction limiting the scope of Plaintiffs' cross examination to the scope of Ford's direct, and without Ford moving for nonsuit before Plaintiffs' examination of Ford's witnesses are complete; or (2) Ford will bring those witnesses live before Plaintiffs rest their case, ***provided that*** Plaintiffs provide reasonable notice of the specific trial date for testimony (and reasonable flexibility by Plaintiffs on sequence) so that any such Ford witness would not have to wait excessively in San Francisco for the time to be called as a witness and further ***provided that*** Ford be permitted to examine its company witnesses first.

Finally, Ford advised Plaintiffs that starting on May 23, one of Ford's experts, Dr. Paul Taylor, has a family conflict involving international travel through the remainder of the now-anticipated trial period. As such, Ford requests that Ford be permitted to call Dr. Taylor as a witness out of order so he can complete his testimony on or before May 22. Plaintiffs do not object to Dr. Taylor being called out of order,[2] as long as Dr. Taylor is called after Plaintiffs' liability experts are called and on a date on or before May 22 that is agreeable to Plaintiffs.

## IV. TRIAL LENGTH AND TIMING

The Parties have considered further the appropriate trial length for phase one of the class trial, as well as the timing of phase two of the class trial.

<u>Ford's position</u>: Ford believes that phase one of the class trial should be set for three weeks, consistent with its initial estimate at the March 7, 2018 hearing. This requested period reflects Ford's present intention to call five or six Ford employee witnesses, one third-party witness of Ford's vendor MORPACE, and five experts in its case; the requested period also reflects Ford's understanding that there would be twelve plaintiffs, four experts, and up to ten possible Ford witnesses in Plaintiffs' case (with many of the Ford employee witnesses overlapping with those Ford presently expects to call). Ford further believes that phase two of the class trial should be held at some future time after the completion of phase one, to allow the parties to take stock to determine what is the most efficient way to proceed with any post-phase-one matters. To the extent that Ford's decertification motion is granted with respect to the Massachusetts Consumer Protection Act claim, phase two would not involve trial of classwide issues.

<u>Plaintiffs' position</u>: Plaintiffs anticipate calling twelve plaintiffs, four experts, four Ford 30(b)(6) witnesses, and up to six Ford fact witnesses for phase one. Given the number of witnesses, Plaintiffs believe that phase one of the class trial should be set for three weeks. Plaintiffs also believe that phase two of the class trial should be held at some future time after the completion of phase one.

---

[2] Subject to the Court's approval.

## V. UPCOMING CASE EVENTS

| EVENT | DATE/DEADLINE |
|---|---|
| Exchange of Motions *in Limine* | March 23, 2018 |
| Exchange of Oppositions to Motions *in Limine* | March 30, 2018 |
| Joint Pretrial Conference Statement; Pretrial Statement to Jury/Jury Instructions/ Verdict Form/Sets of Marked Exhibits/Trial Brief / Trial Plan | April 9, 2018 |
| Final Pretrial Conference | April 24, 2018 |
| Trial Date | May 11, 2018 |

Dated: March 21, 2018

HAGENS BERMAN SOBOL SHAPIRO LLP

By:    */s/ Steve W. Berman*
Steve W. Berman (*pro hac vice*)
Catherine Y.N. Gannon (*pro hac vice*)
Craig R. Spiegel (122000)
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
E-mail: steve@hbsslaw.com
E-mail: catherineg@hbsslaw.com
E-mail: craigs@hbsslaw.com

Adam J. Levitt (*pro hac vice*)
John E. Tangren (*pro hac vice*)
DICELLO LEVITT & CASEY LLC
Ten North Dearborn Street, Eleventh Floor
Chicago, IL 60602
Telephone: (312) 214-7900
alevitt@dlcfirm.com
jtangren@dlcfirm.com

| | |
|---|---|
| | Roland Tellis (186269)<br>Mark Pifko (228412)<br>BARON & BUDD, P.C.<br>15910 Ventura Boulevard, Suite 1600<br>Encino, CA 91436<br>Telephone: (818) 839-2320<br>Facsimile: (818) 986-9698<br>E-mail: rtellis@baronbudd.com<br>E-mail: mpifko@baronbudd.com |
| | Nicholas E. Chimicles (*pro hac vice*)<br>Benjamin F. Johns (*pro hac vice*)<br>CHIMICLES & TIKELLIS LLP<br>One Haverford Centre<br>361 West Lancaster Avenue<br>Haverford, Pennsylvania 19041<br>Telephone: (610) 642-8500<br>Facsimile: (610) 649-3633<br>E-mail: nick@chimicles.com<br>E-mail: benjohns@chimicles.com |
| | *Class Counsel* |
| Dated: March 21, 2018 | O'MELVENY & MYERS LLP<br><br>By:  */s/ Randall W. Edwards*<br>Randall W. Edwards<br>O'MELVENY & MYERS LLP<br>Two Embarcadero Center, 28th Floor<br>San Francisco, CA 94111<br>Telephone: (415) 984-8700<br>Facsimile: (415) 984-8701<br>E-mail: redwards@omm.com |
| | Warren E. Platt<br>SNELL & WILMER LLP<br>Plaza Tower<br>600 Anton Boulevard, Suite 1400<br>Costa Mesa, CA 92626<br>Telephone: (714) 427-7000<br>Facsimile: (714) 427-7799<br>Email: wplatt@swlaw.com |
| | Janet. L. Conigliaro *(pro hac vice)*<br>DYKEMA GOSSETT PLLC<br>400 Renaissance Center<br>Detroit, MI 48243<br>Telephone: (313) 568-5372<br>E-mail: jconigliaro@Dykema.com |
| | *Attorneys for Defendant*<br>*FORD MOTOR COMPANY* |

## ATTESTATION PURSUANT TO LOCAL RULE 5-1(i)(3)

I, Randall W. Edwards, am the ECF User whose identification and password are being used to file the foregoing document. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that all signatories have concurred in this filing.

Dated: March 21, 2018                    O'MELVENY & MYERS LLP

                                         By:    */s/ Randall W. Edwards*
                                                Randall W. Edwards