# EXHIBIT 1

## PRELIMINARY JURY INSTRUCTIONS

### INSTRUCTION NO. ___
### DUTY OF THE JURY (COURT READS INSTRUCTIONS AT THE BEGINNING OF TRIAL BUT DOES NOT PROVIDE WRITTEN COPIES)

Members of the jury: You are now the jury in this case. It is my duty to instruct you on the law.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

At the end of the trial I will give you final instructions. It is the final instructions that will govern your duties.

Please do not read into these instructions, or anything I may say or do, that I have an opinion regarding the evidence or what your verdict should be.

**Authority:**

Ninth Circuit Manual of Model Civil Jury Instructions § 1.3.

1

# INSTRUCTION NO. ___
# CLAIMS AND DEFENSES

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

Plaintiffs Jennifer Whalen, the Center for Defensive Driving, Richard Decker Watson, Darcy Thomas-Maskrey, William Creed, Joshua Matlin, Russ Rizzo, Daniel Fink, Jerome Miskell, Henry Miller-Jones, Jason Connell, and Leif Kirchoff (for purposes of these instructions, I will refer to them collectively as the "Plaintiffs") claim that Defendant Ford Motor Company (I will refer to it as "Ford") sold Plaintiffs certain Ford and Lincoln vehicles which contained a defective voice activated and touch screen communication system known as "MyFord Touch" or "MyLincoln Touch."  Ford refers to the system as an "infotainment" system which was intended to control the operation of devices, like mobile phones, and to connect the driver to in-vehicles systems such as navigation, communications, rearview camera, entertainment and climate control.  The system was also intended to detect and report a vehicle accident so emergency service providers can respond immediately.

Plaintiffs are seeking damages from Ford in an amount equal to the average amount consumers paid for the MyFordTouch and MyLincoln Touch system. Plaintiffs have the burden of proving their claims.

Ford denies Plaintiffs' claims, denies liability and denies that Plaintiffs are entitled to any damages.

2

**Authority:**

Ninth Circuit Manual of Model Civil Jury Instructions § 1.5 (modified).

**INSTRUCTION NO. ___**
**"CLASS ACTION" DEFINED**

This case involves a class action lawsuit.  A class action is a civil lawsuit that has been brought by one or more plaintiffs on behalf of a larger group of people who have similar legal claims.  All of these people together are called a "class." The Plaintiffs I identified earlier have been appointed by this Court to represent all the other class members in this case.

In a class action, the claims of many individuals can be resolved at the same time instead of requiring each class member to sue separately.  Because of the large number of claims that are at issue in this case, not everyone in the class will testify.  You may assume that the evidence at this trial applies to all class members. All members of the class will be bound by the results of this trial.

In this case, there are seven classes which consist of: All persons or entities who purchased or leased a Ford or a Lincoln vehicle in California, Washington, Massachusetts, New Jersey, North Carolina, Ohio and Virginia from Ford or through a Ford dealership before August 9, 2013, which vehicles were equipped with a MyFord Touch or MyLincoln Touch system. These vehicles will be referred to as the "Class Vehicles."

**Authority:**
CACI 115 (modified)

4

**INSTRUCTION NO. ___**
**OUTLINE OF TRIAL**

Trials proceed in the following way:  First, each side may make an opening statement.  An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

The Plaintiffs will then present evidence, and counsel for Ford may cross-examine.  Then Ford may present evidence, and counsel for the Plaintiffs may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

**Authority:**
Ninth Circuit Manual of Model Civil Jury Instructions § 1.21 (modified).

# INSTRUCTION NO. ___

## BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE

When a party has the burden of proving any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

**Authority:**

Ninth Circuit Manual of Model Civil Jury Instructions § 1.6.

**INSTRUCTION NO. ___**

**WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

1. the sworn testimony of any witness;

2. the exhibits that are admitted into evidence;

3. any facts to which the lawyers have agreed; and

4. any facts that I may instruct to accept as proved.

**Authority:**

Ninth Circuit Manual of Model Civil Jury Instructions § 1.9.

7

# INSTRUCTION NO. ___
# WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence.  Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

1.      Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses.  What they may say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2.      Questions and objections by lawyers are not evidence.  Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by the Court's ruling on it.

3.      Testimony that is excluded or stricken, or that you are instructed to disregard, is not evidence and must not be considered.  In addition, some evidence may be received only for a limited purpose; when I instruct you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

4.      Anything you may see or hear when the Court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

**Authority:**

Ninth Circuit Manual of Model Civil Jury Instructions § 1.10.

## INSTRUCTION NO. ___
## EVIDENCE FOR LIMITED PURPOSE

Some evidence may be admitted only for a limited purpose.

When I instruct you that an item of evidence has been admitted only for a limited purpose, you must consider it only for that limited purpose and not for any other purpose.

**Authority:**

Ninth Circuit Manual of Model Civil Jury Instructions § 1.11.

## INSTRUCTION NO. ___
## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

**Authority:**

Ninth Circuit Manual of Model Civil Jury Instructions § 1.12.

**INSTRUCTION NO. ___**
**RULING ON OBJECTIONS**

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered, and the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence.  That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

**Authority:**
Ninth Circuit Manual of Model Civil Jury Instructions § 1.13.

## INSTRUCTION NO. ___
## CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1. the opportunity and ability of the witness to see or hear or know the things testified to;

2. the witness's memory;

3. the witness's manner while testifying;

4. the witness's interest in the outcome of the case, if any;

5. the witness's bias or prejudice, if any;

6. whether other evidence contradicted the witness's testimony;

7. the reasonableness of the witness's testimony in light of all the evidence; and

8. any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said.  Sometimes different witnesses will give different versions of what happened.  People often forget things or make mistakes in what they remember.  Also, two people may see the same event but remember it differently.  You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness

12

said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

**Authority:**

Ninth Circuit Manual of Model Civil Jury Instructions § 1.14.

# INSTRUCTION NO. ___
# CONDUCT OF THE JURY

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty.  Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media.  This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last.  But, if you are asked or approached in any way about your jury service or anything about this

case, you must respond that you have been ordered not to discuss the matter and report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.  Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial.  Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors.  If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court.  Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process.  If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process.  Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial.  Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the court immediately.

**Authority:**

Ninth Circuit Manual of Model Civil Jury Instructions § 1.15.

# INSTRUCTION NO. ___
# PUBLICITY DURING TRIAL

If there is any news media account or commentary about the case or anything to do with it, you must ignore it.  You must not read, watch or listen to any news media account or commentary about the case or anything to do with it. The case must be decided by you solely and exclusively on the evidence that will be received in the case and on my instructions as to the law that applies.  If any juror is exposed to any outside information, please notify me immediately.

**Authority:**

Ninth Circuit Manual of Model Civil Jury Instructions § 1.16.

## INSTRUCTION NO. ___
## NO TRANSCRIPT AVAILABLE TO JURY

I urge you to pay close attention to the trial testimony as it is given. During deliberations you will not have a transcript of the trial testimony.

**Authority:**

Ninth Circuit Manual of Model Civil Jury Instructions § 1.17.

**INSTRUCTION NO. ___**

**TAKING NOTES**

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you go to the jury room to decide the case. Do not let notetaking distract you. When you leave, your notes should be left in the jury room. No one will read your notes. Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of other jurors.

**Authority:**

Ninth Circuit Manual of Model Civil Jury Instructions § 1.18.

**INSTRUCTION NO. \_\_\_**

**BENCH CONFERENCES AND RECESSES**

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess.  Please understand that while you are waiting, we are working.  The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum.  I may not always grant an attorney's request for a conference.  Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

**Authority:**

Ninth Circuit Manual of Model Civil Jury Instructions § 1.20

# INSTRUCTION NO. ___
# STIPULATIONS OF FACT

The parties have agreed to certain facts [to be placed in evidence as Exhibit ___] [that will be read to you].  You must therefore treat these facts as having been proved.

**Authority:**

Ninth Circuit Manual of Model Civil Jury Instructions § 2.2.

# INSTRUCTION NO. ___
## DEPOSITION IN LIEU OF LIVE TESTIMONY

A deposition is the sworn testimony of a witness taken before trial.  The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded.  When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.

The deposition of [*name of witness*] was taken on [*date*].  Insofar as possible, you should consider deposition testimony, presented to you in court in lieu of live testimony, in the same way as if the witness had been present to testify.

**Authority:**

Ninth Circuit Manual of Model Civil Jury Instructions § 2.4.

# INSTRUCTION NO. ___
## IMPEACHMENT EVIDENCE—WITNESS

The evidence that a witness lied under oath on a prior occasion, may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

**Authority:**

Ninth Circuit Manual of Model Civil Jury Instructions § 2.9.

# INSTRUCTION NO. ___
# USE OF INTERROGATORIES

Evidence will now be presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side.  These answers were given in writing and under oath before the trial in response to questions that were submitted under established court procedures.  You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

**Authority:**

Ninth Circuit Manual of Model Civil Jury Instructions § 2.11.

# INSTRUCTION NO. ___
## USE OF REQUESTS FOR ADMISSION

Evidence [will now be] [was] presented to you in the form of admissions to the truth of certain facts.  These admissions were given in writing before the trial, in response to requests that were submitted under established court procedures.  You must treat these facts as having been proved.

**Authority:**

Ninth Circuit Manual of Model Civil Jury Instructions § 2.12.

**INSTRUCTION NO. ___**

**EXPERT OPINION**

You will hear testimony from Dr. Jonathan Arnold, Dr. Craig Rosenberg, Stefan Boedeker, and Dan Smith and [*insert Defendants' experts*], who testified to opinions and the reasons for their opinions.  This opinion testimony is allowed, because of the education or experience of these witnesses.

Such opinion testimony should be judged like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

**Authority:**

Ninth Circuit Manual of Model Civil Jury Instructions § 2.13 (modified)

**INSTRUCTION NO. \_\_\_**

**CHARTS AND SUMMARIES RECEIVED IN EVIDENCE**


Certain charts and summaries may be admitted into evidence to illustrate information brought out in the trial.  Charts and summaries are only as good as the testimony or other admitted evidence that supports them.  You should, therefore, give them only such weight as you think the underlying evidence deserves.


**Authority:**

Ninth Circuit Manual of Model Civil Jury Instructions § 2.15.

27

# INSTRUCTION NO. ___
## EVIDENCE IN ELECTRONIC FORMAT

Those exhibits received in evidence that are capable of being displayed electronically will be provided to you in that form, and you will be able to view them in the jury room.  A computer, projector, printer and accessory equipment will be available to you in the jury room.

A court technician will show you how to operate the computer and other equipment; how to locate and view the exhibits on the computer; and how to print the exhibits.  You will also be provided with a paper list of all exhibits received in evidence.  You may request a paper copy of any exhibit received in evidence by sending a note through the clerk.  If you need additional equipment or supplies or if you have questions about how to operate the computer or other equipment, you may send a note to the clerk, signed by your foreperson or by one or more members of the jury.  Do not refer to or discuss any exhibit you were attempting to view.

 If a technical problem or question requires hands-on maintenance or instruction, a court technician may enter the jury room with the clerk present for the sole purpose of assuring that the only matter that is discussed is the technical problem. When the court technician or any non-juror is in the jury room, the jury shall not deliberate.  No juror may say anything to the court technician or any non-juror other than to describe the technical problem or to seek information about operation of the equipment.  Do not discuss any exhibit or any aspect of the case.

The sole purpose of providing the computer in the jury room is to enable jurors to view the exhibits received in evidence in this case.  You may not use the

computer for any other purpose.  At my direction, technicians have taken steps to ensure that the computer does not permit access to the Internet or to any "outside" website, database, directory, game, or other material.  Do not attempt to alter the computer to obtain access to such materials.  If you discover that the computer provides or allows access to such materials, you must inform the court immediately and refrain from viewing such materials. Do not remove the computer or any electronic data from the jury room, and do not copy any such data.

**Authority:**

Ninth Circuit Manual of Model Civil Jury Instructions § 2.16.

**INSTRUCTION NO. ___**

**DUTY OF JURY (COURT READS AND PROVIDES**

**WRITTEN INSTRUCTIONS AT END OF CASE)**

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you on the law that applies to this case.

A copy of these instructions will be sent to the jury room for you to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

**Authority:**

Ninth Circuit Manual of Model Civil Jury Instructions § 1.3.

30

**INSTRUCTION NO. ___**

**LIABILITY OF CORPORATIONS**

Under the law, a corporation is considered to be a person.  It can only act through its employees, agents, directors, or officers.  Therefore, a corporation is responsible for the acts of its employees, agents, directors, and officers performed within the scope of authority.

**Authority:**

Ninth Circuit Manual of Model Civil Jury Instructions § 4.2.

# INSTRUCTION NO. ___

## BREACH OF IMPLIED WARRANTY UNDER
## CALIFORNIA SONG-BEVERLY CONSUMER WARRANTY ACT

Plaintiffs Jennifer Whalen, the Center for Defensive Driving, and Darcy Thomas-Maskrey claim that the MyFord Touch and MyLincoln Touch systems in the Class Vehicles were not of the quality that a buyer or lessee would reasonably expect at time of purchase.  Under the California Song-Beverly Consumer Warranty Act, this is known as a "breach of an implied warranty of merchantability."

In the case of automobiles, the implied warranty of merchantability can be breached even if a car provides transportation from point A to point B.  In this regard, a car can be unmerchantable even if it can be used to provide basic transportation when a defect in the car presents symptoms in a persistent manner than can be said to impair the car's safety, reliability or operability over an extended period of time.

The implied warranty of merchantability means that the car should be safe, reliable and substantially free of defects. Reliability, operability and substantial freedom from defects are each independent grounds for demonstrating unmerchantability.

A safety concern can exist where a defect involves driver distraction, driver panic, and vehicle performance, or impairs the driver's ability to operate the car safely. A safety concern can exist even without an actual injury to a consumer.

To establish this claim, Plaintiffs must prove all of the following:

1. That Plaintiffs purchased or leased a Class Vehicle manufactured by Ford;

2.  That at the time of purchase or lease, Ford was in the business of manufacturing the Class Vehicles; and

3.  That the MyFord Touch and MyLincoln Touch systems were either:

    a.  not of the same quality as those generally acceptable in the automobile trade; or

    b.  not fit for the ordinary purposes for which the system is used; or

    c.  posed a safety concern in the Class Vehicles; or

    d.  rendered the Class Vehicles unreliable; or

    e.  made it so the Class Vehicles were not substantially free of defects.

**Authority:**

CACI 3210 (modified); *See In re MyFord Touch Consumer Litigation*, 2018 WL 887534 (N.D. Cal. February 14, 2018); *Isip v. Mercedes-Benz USA, LLC*, 155 Cal. App. 4th 19 (2007); *Brand v. Hyundai Motor Corp.,* 226 Cal. App. 4th 1538 (2014); *Callaway, et al. v. Mercedes-Benz USA, LLC, et al.*, Case No. 8:14-cv-02011-JVS-DFM (C.D. Cal. May 12, 2016); *Doyle v. Chrysler Grp. LLC*, 2014 WL 3361770 at * 7 (C.D. Cal. July 3, 2014); *Troup v. Toyota Motor Corp.*, 545 Fed. Appx. 668 (9th Cir. 2013); *Guido v. L'Oreal USA, Inc.*, 2013 WL 3353857 (C.D. Cal. July 1, 2013); *Sharma v. BMW of North America LLC,* 2016 WL 4395470 (N.D. Cal. Aug. 18, 2016).

## INSTRUCTION NO. ___

## BREACH OF IMPLIED WARRANTY UNDER

## CALIFORNIA COMMERCIAL CODE  § 2314

Plaintiffs Jennifer Whalen, the Center for Defensive Driving, Richard Decker Watson and Darcy Thomas-Maskrey claim that the MyFord Touch and MyLincoln Touch systems in the Class Vehicles were not of the quality that a buyer or lessee would reasonably expect at time of purchase.  Under the California Commercial Code, this is known as a "breach of an implied warranty of merchantability."

In the case of automobiles, the implied warranty of merchantability can be breached even if a car provides transportation from point A to point B.  In this regard, a car can be unmerchantable even if it can be used to provide basic transportation when a defect in the car presents symptoms in a persistent manner than can be said to impair the car's safety, reliability or operability over an extended period of time.

The implied warranty of merchantability means that the car should be safe, reliable and substantially free of defects. Reliability, operability and substantial freedom from defects are each independent grounds for demonstrating unmerchantability.

A safety concern can exist where a defect involves driver distraction, driver panic and vehicle performance, or impairs the driver's ability to operate the car safely. A safety concern can exist even without an actual injury to a consumer.

To establish this claim, Plaintiffs must prove all of the following:

1. That Plaintiffs purchased or leased a Class Vehicle manufactured by Ford;

2. That at the time of purchase or lease, Ford was in the business of manufacturing the Class Vehicles;

3. That the MyFord Touch and MyLincoln Touch systems were either:

    a. not of the same quality as those generally acceptable in the automobile trade; or

    b. not fit for the ordinary purposes for which the system is used; or

    c. posed a safety concern in the Class Vehicles; or

    d. rendered the Class Vehicles unreliable; or

    e. made it so the Class Vehicles were not substantially free of defects.

4. That Plaintiffs took reasonable steps to notify Ford within a reasonable time that the MyFord Touch and MyLincoln Touch systems in the Class Vehicles did not have the expected quality;

5. That Plaintiffs were harmed; and

6. That the failure of the MyFord Touch and MyLincoln Touch systems in the Class Vehicles to meet the expected level of quality was a substantial factor in causing Plaintiffs' harm.

**Authority:**

CACI 1231 (modified); Cal. Com. Code § 2314; Merchantability defined, Cal. Com. Code § 2314(2)(c). *See In re MyFord Touch Consumer Litigation*, 2018 WL 887534 (N.D. Cal. February 14, 2018); *Isip v. Mercedes-Benz USA, LLC*, 155 Cal. App. 4th 19 (2007); *Brand v. Hyundai Motor Corp.,* 226 Cal. App. 4th 1538 (2014); *Callaway, et al. v. Mercedes-Benz USA, LLC, et al.*, Case No. 8:14-cv-02011-JVS-DFM (C.D. Cal. May 12, 2016); *Doyle v. Chrysler Grp. LLC*, 2014 WL 3361770 at * 7 (C.D. Cal. July 3, 2014); *Troup v. Toyota Motor Corp.*, 545 Fed. Appx. 668 (9th Cir. 2013); *Guido v. L'Oreal USA, Inc.*, 2013 WL 3353857

(C.D. Cal. July 1, 2013); *Sharma v. BMW of North America LLC,* 2016 WL
4395470 (N.D. Cal. Aug. 18, 2016).

# INSTRUCTION NO. ___
## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY UNDER MASSACHUSETTS LAW (MASS. GEN. LAWS CH. 106, § 2-314)

Plaintiff Creed claims that the MyFord Touch and MyLincoln Touch systems in the Class Vehicles were not of the quality that a buyer or lessee would reasonably expect at time of purchase.  Under Massachusetts law, this known as a "breach of an implied warranty of merchantability."

To be merchantable, the goods must be at least fit for the ordinary purposes for which such goods are used.  In the case of automobiles, the implied warranty of merchantability can be breached even if a car provides transportation from point A to point B.  In this regard, a car can be unmerchantable even if it can be used to provide basic transportation when a defect presents symptoms in a persistent manner than can be said to impair safety, reliability or operability over an extended period of time.

The implied warranty of merchantability means that the car should be safe, reliable and substantially free of defects. Reliability, operability and substantial freedom from defects are each independent grounds for demonstrating unmerchantability.

A safety concern can exist where a defect involves driver distraction, driver panic, and vehicle performance, or impairs the driver's ability to operate the vehicle safely. A safety concern can exist even without an actual injury to a consumer.

Therefore, to establish this claim under Massachusetts law, Plaintiff must prove all of the following:

1. That Plaintiff purchased or leased a Class Vehicle manufactured by Ford;

2. That at the time of purchase or lease, Ford was in the business of manufacturing the Class Vehicles;

3. That the MyFord Touch and MyLincoln Touch systems were either:

   a. not of the same quality as those generally acceptable in the automobile trade; or

   b. not fit for the ordinary purposes for which the system is used; or

   c. posed a safety concern in the Class Vehicles; or

   d. rendered the Class Vehicles unreliable; or

   e. made it so the Class Vehicles were not substantially free of defects; and

4. The defect in the MyFord Touch and MyLincoln Touch systems existed at the time of the sale or lease, and proximately caused the damages complained of.

**Authority:**

Mass. Model Jury Instructions § 14.3.5 (modified); Mass. Gen. Laws Ch. 106, § 2-314. *See In re MyFord Touch Consumer Litigation*, 2018 WL 887534 (N.D. Cal. Feb. 14, 2018); *Giesen v. Herb Chambers of Sudbury, Inc.*, 2015 WL 12697648 (D. Mass. May 13, 2015); *Ron Bouchard's Auto Store, Inc. v. Godfrey Trust*, 2005 WL 2978744 (Mass. App. Div. Oct. 24, 2005); *Lopatofsky v. Resort Transportation, Inc.*, 1995 WL 617663 (Mass. App. Div. Oct. 17, 1995).

# INSTRUCTION NO. ___

# BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY UNDER
# NEW JERSEY LAW (N.J. STAT. ANN. § 12A:2-314)

Plaintiffs Matlin and Rizzo claim that the MyFord Touch and MyLincoln Touch systems in the Class Vehicles were not of the quality that a buyer or lessee would reasonably expect at time of purchase.  Under New Jersey law, this known as a "breach of an implied warranty of merchantability."

To be merchantable, the goods must be at least fit for the ordinary purposes for which such goods are used. In the case of automobiles, the implied warranty of merchantability can be breached even if a car provides transportation from point A to point B.  In this regard, a car can be unmerchantable even if it can be used to provide basic transportation when a defect presents symptoms in a persistent manner than can be said to impair safety, reliability or operability over an extended period of time.

The implied warranty of merchantability means that the car should be safe, reliable and substantially free of defects. Reliability, operability and substantial freedom from defects are each independent grounds for demonstrating unmerchantability.

A safety concern can exist where a defect involves driver distraction, driver panic, and vehicle performance, or impairs the driver's ability to operate the vehicle safely. A safety concern can exist even without an actual injury to a consumer.

Under New Jersey law, the implied warranty that comes with the purchase of a car is a guarantee that the automobile will operate in a safe condition and substantially free of defects.

To establish this claim, Plaintiffs must prove all of the following:

1. That Plaintiffs purchased or leased a Class Vehicle manufactured by Ford;

2. That at the time of purchase or lease, Ford was in the business of manufacturing the Class Vehicles; and

3. That the MyFord Touch and MyLincoln Touch systems were either:

   a. not of the same quality as those generally acceptable in the automobile trade; or

   b. not fit for the ordinary purposes for which the system is used; or

   c. posed a safety concern in the Class Vehicles; or

   d. rendered the Class Vehicles unreliable; or

   e. made it so the Class Vehicles were not substantially free of defects.

**Authority:**

N.J. Stat. Ann. § 12A:2-314. *See In re MyFord Touch Consumer Litigation*, 2018 WL 887534 (N.D. Cal. February 14, 2018); *Bang v. BMW of North America, LLC*, 2016 WL 7042071 (D. N.J. Dec. 1, 2016); *Cox v. Chrysler Group, LLC*, 2015 WL 5771400 (D. N.J. Sep. 30, 2015); *Nelson v. Nissan North America, Inc.*, 894 F. Supp. 2d 558 (D. N.J. 2012); *Henderson v. Volvo Cars of North America, LLC*, 2010 WL 2925913 (D. N.J. Jul. 21, 2010).

# INSTRUCTION NO. ___

# BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY UNDER

# NORTH CAROLINA LAW (N.C. GEN. STAT. § 25-2-314)

Plaintiff Fink claims that the MyFord Touch and MyLincoln Touch systems in the Class Vehicles were not of the quality that a buyer or lessee would reasonably expect at time of purchase.  Under North Carolina law, this known as a "breach of an implied warranty of merchantability."

In the case of automobiles, the implied warranty of merchantability can be breached even if a car provides transportation from point A to point B.  In this regard, a car can be unmerchantable even if it can be used to provide basic transportation when a defect presents symptoms in a persistent manner than can be said to impair safety, reliability or operability over an extended period of time.

The implied warranty of merchantability means that the car should be safe, reliable and substantially free of defects. Reliability, operability and substantial freedom from defects are each independent grounds for demonstrating unmerchantability.

A safety concern can exist where a defect involves  driver distraction, driver panic and vehicle performance, or impairs the driver's ability to operate the vehicle safely. A safety concern can exist even without an actual injury to a consumer.

To establish this claim, Plaintiff must prove all of the following:

1.  That Plaintiff purchased or leased a Class Vehicle manufactured by Ford;

2.  That at the time of purchase or lease, Ford was in the business of manufacturing the Class Vehicles;

3.  That the MyFord Touch and MyLincoln Touch systems were either:

      a.  not of the same quality as those generally acceptable in the automobile trade; or

      b.  not fit for the ordinary purposes for which the system is used; or

      c.  posed a safety concern in the Class Vehicles; or

      d.  rendered the Class Vehicles unreliable; or

      e.  made it so the Class Vehicles were not substantially free of defects;

4. The defect in the MyFord Touch and MyLincoln Touch systems proximately caused Plaintiff's injury; and

5. Plaintiff gave timely notice to Ford.

**Authority:**

NC Pattern Jury Inst. - Civ. 741.20 (modified); N.C. Gen. Stat. § 25-2-314. *See In re MyFord Touch Consumer Litigation*, 2018 WL 887534 (N.D. Cal. Feb. 14, 2018); *Carlson v. General Motors Corp.*, 883 F.2d 287 (4th Cir. 1989); *Bussian v. DaimlerChrysler Corp.*, 411 F. Supp. 2d 614, 623 (M.D. N.C. 2006); *Wright v. T & B Auto Sales, Inc.*, 72 N.C. App. 449 (1985).

# INSTRUCTION NO. ___
# BREACH OF IMPLIED WARRANTY OF  MERCHANTABILITY
# UNDER OHIO LAW

Plaintiff Miskell claims that the MyFord Touch and MyLincoln Touch systems in the Class Vehicles were not of the quality that a buyer or lessee would reasonably expect at time of purchase.  Under Ohio law, this known as a "breach of an implied warranty of merchantability."

Ohio law imposes liability upon a manufacturer or a seller for breach of an implied representation that a product is of good and merchantable quality, fit and safe for its ordinary intended use.  A product is considered defective if it is not of good and merchantable quality, fit and safe for its ordinary intended use.

In the case of automobiles, the implied warranty of merchantability can be breached even if a car provides transportation from point A to point B.  In this regard, a car can be unmerchantable even if it can be used to provide basic transportation when a defect presents symptoms in a persistent manner than can be said to impair safety, reliability or operability over an extended period of time.

The implied warranty of merchantability means that the car should be safe, reliable and substantially free of defects. Reliability, operability and substantial freedom from defects are each independent grounds for demonstrating unmerchantability.

A safety concern can exist where a defect involves driver distraction, driver panic and vehicle performance, or impairs the driver's ability to operate the vehicle safely. A safety concern can exist even without an actual injury to a consumer.

43

To establish this claim, Plaintiff must prove all of the following:

1. That Plaintiff bought a Class Vehicle manufactured by Ford;

2. That at the time of purchase, Ford was in the business of manufacturing the Class Vehicles;

3. That the MyFord Touch and MyLincoln Touch systems were either:

    a. not of the same quality as those generally acceptable in the automobile trade; or

    b. not fit for the ordinary purposes for which the system is used; or

    c. posed a safety concern in the Class Vehicles; or

    d. rendered the Class Vehicles unreliable; or

    e. made it so the Class Vehicles were not substantially free of defects;

4. The Class Vehicles contained a defect in the MyFord Touch and MyLincoln Touch systems when they left Ford's possession;

5. The defect in the MyFord Touch and MyLincoln Touch systems was the direct and proximate cause of Plaintiff's injuries; and

6. Plaintiff gave timely notice to Ford.


**Authority:**

1 CV Ohio Jury Instructions 451.17 (modified); *See In re MyFord Touch Consumer Litigation*, 2018 WL 887534 (N.D. Cal. Feb. 14, 2018); *Mooradian v. FCA US, LLC*, 2017 WL 4869060 (N.D. Ohio Oct. 27,  2017); *Caterpillar Fin. Servs. Corp. v. Harold Tatman & Son's Ents., Inc.*, 50 N.E. 3d 955 (Ohio App. 4 Dist. 2015); *In re Ford Motor Co., Spark Plug and 3-Valve Engine Products Liability Litigation*, 2014 WL 3778592 (N.D. Ohio Jul. 30, 2014);

*In re Porsche Cars North America, Inc.,* 880 F. Supp. 2d 801 (S.D. Ohio 2012); *Risner v. Regal Marine Industries, Inc.*, 2013 WL 1758876, at *14 (S.D. Ohio Apr. 24, 2013); *White v. DePuy, Inc.*, 718 N.E. 2d 450 (Ohio App. 12 Dist. 1998).

# INSTRUCTION NO. ___

# BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

# UNDER VIRGINIA LAW (VA. CODE ANN. § 8.2-314)

Plaintiffs Connell and Miller-Jones claim that the MyFord Touch and MyLincoln Touch systems in the Class Vehicles were not of the quality that a buyer or lessee would reasonably expect at time of purchase.  Under Virginia law, this known as a "breach of an implied warranty of merchantability."

In the case of automobiles, the implied warranty of merchantability can be breached even if a car provides transportation from point A to point B.  In this regard, a car can be unmerchantable even if it can be used to provide basic transportation when a defect presents symptoms in a persistent manner than can be said to impair safety, reliability or operability over an extended period of time.

The implied warranty of merchantability means that the car should be safe, reliable and substantially free of defects. Reliability, operability and substantial freedom from defects are each independent grounds for demonstrating unmerchantability.

A safety concern can exist where a defect involves  driver distraction, driver panic and vehicle performance, or impairs the driver's ability to operate the vehicle safely. A safety concern can exist even without an actual injury to a consumer.

To establish this claim, Plaintiffs must prove all of the following:

1. That Plaintiffs purchased or leased a Class Vehicle manufactured by Ford;

2. That at the time of purchase or lease, Ford was in the business of manufacturing the Class Vehicles;

3. That the MyFord Touch and MyLincoln Touch systems were either:

46

    a.  not of the same quality as those generally acceptable in the automobile trade; or

    b.  not fit for the ordinary purposes for which the system is used; or

    c.  posed a safety concern in the Class Vehicles; or

    d.  rendered the Class Vehicles unreliable; or

    e.  made it so the Class Vehicles were not substantially free of defects. and

4. That Plaintiffs gave timely notice to Ford.

**Authority:**

V.A. Code Ann. § 8.2-314. *See In re MyFord Touch Consumer Litigation*, 2018 WL 887534 (N.D. Cal. Feb. 14, 2018); *Carlson v. General Motors Corp.*, 883 F.2d 287 (4th Cir. 1989); *Whitaker v. Hyundai Motor Company*, 2017 WL 3197243 (W.D. Va. Jul. 27, 2017).

**INSTRUCTION NO. ___**
**NOTIFICATION/REASONABLE TIME**


If certain Plaintiffs were required to notify Ford that the MyFord Touch and MyLincoln Touch system in the Class Vehicles did not have the expected quality or are not suitable, they were to do so within a reasonable time after they discovered or should have discovered this. A reasonable time depends on the circumstances of the case. In determining whether notice was given within a reasonable time, you must apply a more relaxed standard to a retail consumer than you would to a merchant buyer.  A buyer notifies a seller by taking such steps as may be reasonably required to inform the seller, regardless of whether the seller actually receives the notice.


**Authority:**

CACI 1243 (modified)

48

**INSTRUCTION NO. \_\_\_**

**BREACH OF EXPRESS WARRANTY UNDER THE
CALIFORNIA SONG-BEVERLY CONSUMER WARRANTY ACT –
(CAL. CIV. CODE §§ 1791.2 & 1793.2(D))**

Plaintiffs Jennifer Whalen, the Center for Defensive Driving, Richard Decker Watson and Darcy Thomas-Maskrey claim that Ford failed to promptly repurchase or replace the Class Vehicle after a reasonable number of repair opportunities.  Under California law, this is known as "breach of express warranty."  To establish this claim, Plaintiffs must prove all of the following:

1. That Plaintiffs purchased or leased a Class Vehicle manufactured by Ford;

2. That Ford gave Plaintiffs a written Limited Warranty;

3. That the MyFord Touch and MyLincoln Touch systems in the Class Vehicles had a defect that was covered by the warranty and that substantially impaired its use, value, or safety to a reasonable person in Plaintiffs' situation.  In deciding whether a reasonable person would believe that the defect in the MyFord Touch and MyLincoln Touch systems in the Class Vehicle substantially impaired the Class Vehicle's use, value, or safety, you may consider, among other factors, the following:

   a. The nature of the defect;

   b. The cost and length of time required for repair;

   c. Whether past repair attempts have been successful;

   d. The degree to which the vehicle could be used while awaiting repair; and

   e. The availability and cost of comparable transportation during the repairs.

49

4. That Plaintiffs delivered the Class Vehicle to Ford or its authorized repair facility for repair of the defect in the MyFord Touch or MyLincoln Touch systems;

5. That Ford or its authorized repair facility failed to repair the MyFord Touch or MyLincoln Touch systems in the Class Vehicles to match the written warranty after a reasonable number of opportunities to do so; and

6. That Ford did not promptly replace or buy back the Class Vehicles.

It is not necessary for Plaintiffs to prove the cause of a defect in the Class Vehicles.

**Authority:**

CACI 3201, 3204 (modified); *See In re MyFord Touch Consumer Litigation*, 2018 WL 887534 (N.D. Cal. Feb. 14, 2018); *Brand v. Hyundai Motor Corp.,* 226 Cal. App. 4th 1538  (2014); *Callaway, et al. v. Mercedes-Benz USA, LLC, et al.*, Case No. 8:14-cv-02011-JVS-DFM (C.D. Cal. May 12, 2016); *Doyle v. Chrysler Grp. LLC*, 2014 WL 3361770 (C.D. Cal. Jul. 3, 2014); *Troup v. Toyota Motor Corp.*, 545 Fed. Appx. 668 (9th Cir. 2013); *Sharma v. BMW of North America LLC,* 2016 WL 4395470 (N.D. Cal. Aug. 18, 2016).

## INSTRUCTION NO. ___
## "REPAIR OPPORTUNITIES" EXPLAINED

Each time a Class Vehicle was presented to Ford or its authorized repair facility for repair counts as an opportunity to repair, even if it did not do any repair work. In determining whether Ford had a reasonable number of opportunities to fix the Class Vehicles, you should consider all the circumstances surrounding each repair visit.  Ford or its authorized repair facility must have been given at least two opportunities to fix the Class Vehicles.

**Authority:**

CACI 3202 (modified)

# INSTRUCTION NO. ___

## BREACH OF EXPRESS WARRANTY UNDER

## WASHINGTON LAW (REV. CODE WASH. § 62A.2-313)

An express warranty is any affirmative fact, promise, or description that relates to products or goods, which becomes the basis of the bargain. The products or goods must conform to the affirmative fact, promise, or description.

Plaintiff Kirchoff claims that Ford breached its Limited Warranty because Ford and/or its dealers were ultimately unable to fix the problems with Plaintiff's MyFord Touch system, and thus the warranty failed of its essential purpose. Plaintiff also claims that the Limited Warranty of repair and/or adjustments to defective parts fails in its essential purpose because the contractual remedy is insufficient to make Plaintiff whole and because Ford has failed and/or has refused to adequately provide the promised remedies within a reasonable time.

To establish this claim, Plaintiff must prove all of the following:

1. That Ford expressly warranted that the Class Vehicles were covered by Ford's Limited Warranty;

2. That the Limited Warranty formed the basis of the bargain; and

3. That the Class Vehicles do not conform to the Limited Warranty.

**Authority:**

Rev. Code Wash. § 62A.2-313 (modified).

# INSTRUCTION NO. ___
## NEGLIGENCE UNDER OHIO LAW

Plaintiff Miskell claims that Ford owed Class Members a duty to design and manufacture the Class Vehicles in such a way as to ensure that the MyFord Touch and MyLincoln Touch systems in the Class Vehicles worked reasonably well and presented no significant risks to the safe operation of the vehicles.  Plaintiff also claims that Ford breached this duty by negligently designing and/or manufacturing the MyFord Touch and MyLincoln Touch systems.

Negligence is a failure to use ordinary care. Every person is required to use ordinary care to avoid injuring another person's property.  Ordinary care is the care that a reasonably careful person would use under the same or similar circumstances.  In deciding whether ordinary care was used, you must consider whether a defendant should have foreseen under the circumstances that the likely result of an act or failure to act would cause damages.  The test for foreseeability is not whether a person should have foreseen the damages exactly as it happened. The test is whether under the circumstances a reasonably careful person would have anticipated that an act or failure to act would likely cause damages.

A duty can be established by common law, legislative enactment, or based on the facts and circumstance of the case.  A defendant's duty to plaintiff depends upon the relationship between the parties and the foreseeability of injury to someone in plaintiff's position. Injury is foreseeable if a defendant knew or should have known that its act was likely to result in harm to someone. In order to owe a duty of care, it is not necessary that the defendant foresee harm in the precise form in which it occurred. Rather, it is sufficient if defendant's action or inaction

53

was likely to result in an injury to someone.  Moreover, manufacturers have a duty to design a product that is reasonably safe for its intended use, and for other uses which are foreseeably probable.

Under Ohio law, negligence is established where a person has knowledge of a latent defect rendering a product unsafe and fails to provide a warning of such a defect.

To establish this claim, Plaintiff must prove all of the following:

1. That Ford owed a duty to Plaintiff as a consumer of the Class Vehicles to design and manufacture a Class Vehicle that presented no significant risks to its safe operation;

2. That Ford breached its duty to Plaintiff to design and manufacture a Class Vehicle that is reasonably safe because the Class Vehicles contained a defect in the MyFord Touch and MyLincoln Touch system that poses an unreasonable safety risk;

3. That had Plaintiff known that the Class Vehicles contained a defect in the MyFord Touch and MyLincoln Touch systems that poses an unreasonable safety risk, he would not have purchased the Class Vehicle; and

4. That as a result of Ford's negligence, Plaintiff was damaged because of his Class Vehicle's loss of value.

**Authority:**

1 CV Ohio Jury Instructions 401.01 (modified); 1 CV Ohio Jury Instructions 401.07 (modified); *In re MyFord Touch Consumer Litigation*, 2018 WL 8875344 (N.D. Cal. Feb. 14, 2018); *Smrtka v. Boote*, 88 N.E. 3d 465 (Ohio App. 9 Dist. 2017); *Luthman v. Minster Supply Co.*, 2008 WL 169999, at *5 (Ohio App. 3 Dist.

Jan. 22, 2008); *Lewis v. Newburg Supermarket*, 1998 WL 655491 (Ohio App. 8 Dist. Sep. 24, 1998).

**INSTRUCTION NO. ___**

**DAMAGES—PROOF**

It is the duty of the Court to instruct you about the measure of damages.  By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for Plaintiffs, you must determine their damages, if any. Plaintiffs have the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate Plaintiffs for any injury you find was caused by Ford. You should consider the following: Plaintiffs seek damages equal to the average amount consumers paid for the MyFord Touch and MyLincoln Touch systems.

It is for you to determine what damages, if any, have been proved.  Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

**Authority:**

Ninth Circuit Manual of Model Civil Jury Instructions § 5.1 (modified)

# INSTRUCTION NO. ___
## DUTY TO DELIBERATE

Before you begin your deliberations, elect one member of the jury as your presiding juror.  The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so.  Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**Authority:**

Ninth Circuit Manual of Model Civil Jury Instructions § 3.1.

**INSTRUCTION NO. ___**

**CONSIDERATION OF EVIDENCE—CONDUCT OF THE JURY**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone or electronic means, via email, via text messaging, or any Internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media.  This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it[, although I have no information that there will be news reports about this case]; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any

investigation or in any other way try to learn about the case on your own.  Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial.  Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court.  Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process.  If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process.  Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial.  Remember, you have taken an oath to follow the rules, and it is very
important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings[, and a mistrial could result that would require the entire trial process to start over].  If any juror is exposed to any outside information, please notify the court immediately.

**Authority:**

Ninth Circuit Manual of Model Civil Jury Instructions § 3.2.

# INSTRUCTION NO. ____
# COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your presiding juror or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open Court.  If you send out a question, I will consult with the parties before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.  Do not disclose any vote count in any note to the court.

**Authority:**

Ninth Circuit Manual of Model Civil Jury Instructions § 3.3.

**INSTRUCTION NO. ___**
**RETURN OF VERDICT**

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.

**Authority:**

Ninth Circuit Manual of Model Civil Jury Instructions § 3.5.