United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE

MYFORD TOUCH CONSUMER LITIGATION

Case No. 13-cv-03072-EMC

**ORDER GRANTING IN PART AND DENYING IN PART FORD'S ADMINISTRATIVE MOTIONS TO REFILE DOCUMENTS UNDER SEAL**

Docket Nos. 405-406

The Court ordered Ford to re-file its recent sealing motions to accord with the criteria and reasoning expressed in the Court's March 2, 2018 sealing order. *See* Docket No. 400. Ford has now narrowed its sealing requests significantly. *See* Docket Nos. 405, 406. The Court rules as follows.

Paragraphs 6 and 12-13 of the Declaration of Kenneth Williams may, at this time, remain under seal. They describe the internal hardware architecture and design of MFT-equipped vehicles and certain pre-release testing processes. At this time, these do not appear to be more than tangentially related to the merits as Plaintiffs do not appear to rely on these aspects of the vehicle design to establish their claims, nor does Ford appear to rely on them to defend itself. If this evidence later assumes greater relevance to the merits, the Court's view on sealing may change. The Court **GRANTS** the request to seal these portions.

Paragraph 33 of the Williams Declaration essentially states that Ford spoke with its customers/dealers and analyzed warranty claims after release of MFT to track quality issues. This is not commercially sensitive information. The paragraph does not reveal what Ford gleaned from that analysis or how it pursued the analysis. Ford does not claim the name of the databases tracking that information are commercially sensitive or confidential. The Court **DENIES** the

United States District Court
Northern District of California

request to seal.

Exhibit 6 to Ford's decertification motion is a 2013 PowerPoint presentation about Ford's quality improvement plan for MFT. The presentation consists exclusively of graphs documenting the number of "things gone wrong" and customer satisfaction rates with MFT-equipped vehicles as well as those of Ford's competitors. The graphs reflect a mix of actual, projected, and planned rates for each issue over time, from 2011 to no later than 2016. Ford argues that it uses a "confidential quality improvement assessment methodology" to analyze its products and that "the specific factors that Ford uses in assessing quality improvement" are confidential and commercially sensitive. Eikey Decl. ¶ 11. Ford acknowledges that this PowerPoint presentation, however, presents only the results of such methodology but not the methodology or relevant factors themselves; nevertheless, Ford argues that "taken as a whole, the information . . . gives sufficient insight into the factors that Ford uses when assessing quality improvement, the timelines on which improvement is gauged, the mix of competitive information considered in judging quality improvement, and related issues." *Id.* That claim is not persuasive. The data presented is conclusory, and the only two factors referenced are obvious metrics of problem and satisfaction rates. Moreover, the presentation was prepared in 2013 and did not make projections beyond 2016; there is no credible risk of competitive harm in 2018 forward. Finally, a key merits issue is whether Ford resolved the MFT defect at any time during the class period, an issue to which these charts appear to relate. The Court therefore **DENIES** Ford's motion to seal Exhibit 6.

This order disposes of Docket Nos. 405 and 406.

**IT IS SO ORDERED**.

Dated: March 23, 2018

EDWARD M. CHEN
United States District Judge