UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER WHALEN, et al.,<br>Plaintiffs,<br>v.<br>FORD MOTOR COMPANY,<br>Defendant. | Case No. 13-cv-03072-EMC<br><br>**ORDER DENYING DEFENDANT'S MOTION TO FILE MOTION FOR RECONSIDERATION**<br><br>Docket No. 473 |

In March 2018, Defendant Ford Motor Company ("Ford") moved to decertify certain class claims in this litigation, including the express warranty claims brought by California and Washington class members. *See* Docket No. 393 at 5–9. On August 1, 2018, the Court issued an Order on the decertification motion that, *inter alia*, denied Ford's request to decertify the California and Washington express warranty claims. *See* Docket No. 465 ("Decert. Order") at 2–4. Pending before the Court is Ford's motion for leave to file a motion for reconsideration of this part of the Decertification Order. Docket No. 473. In particular, Ford contends that the Court "inadvertently overlooked" Ford's argument that the unsuccessful-repair element of the express warranty claims requires individualized adjudication that renders the claims unsuitable for class treatment. *Id.* at 2.

Ford is correct that the Decertification Order did not explicitly discuss the unsuccessful-repair element. However, because Ford's argument on this issue is essentially unchanged from when it was made in opposition to class certification, and does not rest on material new evidence, Ford's motion is **DENIED**.

## I. LEGAL STANDARD

Under Local Rule 7-9, a party must seek leave of the court to file a motion for

reconsideration. N.D. Civ. L.R. 7-9(a). To prevail, a party "must specifically show reasonable diligence in bringing the motion" *and* establish one of the following:

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
>
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

N.D. Civ. L.R. 7-9(b). Motions for reconsideration are generally disfavored, and are not the place for parties to make new arguments not raised in their original briefs. *Northwest Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925–26 (9th Cir. 1988). "Nor is reconsideration to be used to ask the Court to rethink what it has already thought." *Garcia v. City of Napa*, No. C-13-03886 EDL, 2014 WL 342085, at *1 (N.D. Cal. Jan. 28, 2014) (citing *United States v. Rezzonico*, 32 F. Supp. 2d 1112, 1116 (D. Ariz. 1998)).

Ford contends that reconsideration is warranted under Local Rule 7-9(b)(3) because the Decertification Order did not address Ford's argument that the California and Washington express warranty claims should be decertified because they require Plaintiffs to show that Ford's repair attempts on their vehicles were unsuccessful. *See* Mot. at 1. According to Ford, this requirement necessarily raises individualized issues of proof, and therefore renders the claims inappropriate for class resolution. *See id.* In a narrow sense, Ford is correct—the Decertification Order did not directly address the unsuccessful-repair argument. Nevertheless, reconsideration is not warranted because the Court already rejected Ford's argument at the class certification stage, for reasons that continue to apply now.

## II. <u>DISCUSSION</u>

In its class certification order, the Court explained that "[t]o recover for breach of express warranty, a plaintiff must have brought his or her vehicle in for repair twice, and Ford must have been unable to repair it." Docket No. 279 at 42. The Court reasoned that

> this information should be reflected in Ford's records. If Ford has no record that a particular consumer took his or vehicle in for repair twice, then the fact finder can presume that the consumer did not do so. A consumer may rebut that presumption by producing proof that he or she took the vehicle in for two repairs, from his or her own records. As the consumer has the burden of proof, if he/she is not able to produce such proof, then he or she will not recover. The inquiry will turn on records and is relatively simple. It does not defeat predominance.

*Id.*

In its decertification motion, Ford raised arguments regarding both the presentment element and the unsuccessful-repair element of the express warranty claims. *See* Docket No. 393 at 5. The Court's decertification order squarely addressed and rejected Ford's presentment argument. *See* Decert. Order at 3–4 (holding that "[e]ven assuming that presentment could be an individualized fact-based issue for a small number of class members, that does not defeat predominance").

However, the Court—at least expressly—did not address Ford's unsuccessful-repair argument.[1] Ford's decertification motion asserted that there was no classwide evidence as to the successfulness of Ford's repairs because some customers' issues were repaired by hardware fixes, and other issues were fixed by software upgrades. *See* Docket No. 383 at 8–9. Ford made this same argument at the class certification stage. *See* Docket No. 219-4 at 31–33. Moreover, with respect to both the hardware repairs and software updates, Ford largely points to evidence it already presented at the class certification stage. *See* Docket No. 393 at 8–9 (citing declaration of Kenneth Williams, report by Dr. Paul Taylor, report by Dr. John Kelly, documents, and deposition transcripts, all filed in support of Ford's opposition to class certification). The Court, in certifying the express warranty class claims for California and Washington, already evaluated this evidence and determined that the inquiry as to presentment and unsuccessful repair "will turn on records and is relatively simple," and therefore that Ford's concerns about individualized evidence "do[] not defeat predominance." Docket No. 279 at 42.

---

[1] Plaintiffs incorrectly assert that footnote 2 of the decertification order is evidence that the Court did consider the unsuccessful-repair element. *See* Docket No. 482 at 3. That footnote was responding to Plaintiffs' argument that the presentment requirement should be waived where repairs would be futile. *See* Decert. Order at 3 n.2.

3

The only "new evidence" Ford presented in its decertification motion is a new expert report from Dr. Taylor, which shows that 91.9% of class members in California and Washington received fewer than two repairs (and thus likely have no claim for breach of express warranty) and only 2.4% received more than two. Docket No. 484 at 2 (citing Docket No. 393 at 5–8). But the Court did review this data and recognized that they suggest only a relatively small percentage of class members could assert a breach of express warranty claim. *See* Decert. Order at 3. On the merits, with respect to the presentment element, the Court concluded that this did not necessitate decertification, because "[e]ven assuming that presentment could be an individualized fact-based issue for a small number of class members, that does not defeat predominance." *Id*. The same reasoning applies to the unsuccessful-repair element. First, adjudicating of a small number of unsuccessful-repair claims "is not likely to be more difficult than . . . the adjudication of individualized affirmative defenses, which typically does not defeat predominance." *Id.* at 3–4. Second, the Court has "various tools at its disposal to manage resolution of those issues to the extent they arise," such as the use of individual claim forms or the appointment of a special master. *Id.* at 4. Third, the net benefits of resolving the common issues central to all class members' claims substantially predominate over the potential individualized issues. Thus, Rule 23(b)(3)'s predominance requirement is still satisfied. Ford's assertion that Dr. Taylor's new information renders the Court's analysis of the decertification argument obsolete is meritless; the information does not materially change the analysis. Docket No. 484 at 1.

Finally, Ford rehashes its argument that individualized adjudication is required for the California and Washington express warranty claims because "an unsuccessful express warranty repair requires that the 'dealer actions were unable to fix the *specific* concern the class member presented.'" Docket No. 473-1 at 3 (quoting Docket No. 415 at 5) (emphasis in original). As Plaintiffs point out, the Court has already rejected this argument in the past. *See, e.g.*, Docket No. 383 at 27 ("[T]o the extent a repair request arises out of that systemic, underlying defect, then it appears that grouping of service requests for purposes of fulfilling the terms of the express warranty—even with respect to distinct symptoms—is permissible."). The Court reaffirms its analysis.

### III. CONCLUSION

For the foregoing reasons, Ford's motion is **DENIED**.

This Order disposes of Docket No. 473.

**IT IS SO ORDERED**.

Dated: November 20, 2018

> EDWARD M. CHEN
> United States District Judge