UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: MYFORD TOUCH CONSUMER LITIGATION | Case No. 3:13-cv-03072-EMC<br><br>**[PROPOSED] PRELIMINARY APPROVAL ORDER**<br><br>Judge Edward M. Chen |

The parties to the above-captioned action have entered into a Settlement Agreement (submitted to the Court on February 7, 2019) to settle the above-captioned putative class action in its entirety, and Plaintiffs have filed an Unopposed Motion for Preliminary Approval of Class Settlement and Approval of Proposed Class Notice, and a supporting memorandum, which Ford supports. All capitalized terms used in this Order have the meaning as defined in the attached Settlement Agreement.

The Court has read and considered the Settlement Agreement and all its Exhibits, including the proposed Class Notice. The Court finds that there is a sufficient basis for granting preliminary approval of the Settlement Agreement and authorizing the steps necessary to determine whether the Settlement Agreement should be finally approved and the Litigation dismissed (including the dissemination of Class Notice).

Accordingly, IT IS HEREBY ORDERED that:

1. The following Settlement Classes have previously been certified in this Litigation, and no further showing under Rule 23 of the Federal Rules of Civil Procedure is necessary:

   "California Settlement Class" means all persons or entities who purchased or leased a Ford or a Lincoln vehicle in California from Ford Motor Company or through a Ford Motor Company Dealership before August 9, 2013, which vehicle was equipped with a MyFord Touch or MyLincoln Touch in-vehicle information and entertainment system.

   "Massachusetts Settlement Class" means all persons or entities who purchased or leased a Ford or a Lincoln vehicle in Massachusetts from Ford Motor Company or through a Ford Motor Company Dealership before August 9, 2013, which vehicle was equipped with a MyFord Touch or MyLincoln Touch in-vehicle information and entertainment system.

"New Jersey Settlement Class" means all persons or entities who purchased or leased a Ford or a Lincoln vehicle in New Jersey from Ford Motor Company or through a Ford Motor Company Dealership before August 9, 2013, which vehicle was equipped with a MyFord Touch or MyLincoln Touch in-vehicle information and entertainment system.

"North Carolina Settlement Class" means all persons or entities who purchased or leased a Ford or a Lincoln vehicle in North Carolina from Ford Motor Company or through a Ford Motor Company Dealership before August 9, 2013, which vehicle was equipped with a MyFord Touch or MyLincoln Touch in-vehicle information and entertainment system.

"Ohio Settlement Class" means all persons or entities who purchased or leased a Ford or a Lincoln vehicle in Ohio from Ford Motor Company or through a Ford Motor Company Dealership before August 9, 2013, which vehicle was equipped with a MyFord Touch or MyLincoln Touch in-vehicle information and entertainment system.

"Virginia Settlement Class" means all persons or entities who purchased or leased a Ford or a Lincoln vehicle in Virginia from Ford Motor Company or through a Ford Motor Company Dealership before August 9, 2013, which vehicle was equipped with a MyFord Touch or MyLincoln Touch in-vehicle information and entertainment system.

"Washington Settlement Class" means all persons or entities who purchased or leased a Ford or a Lincoln vehicle in Washington from Ford Motor Company or through a Ford Motor Company Dealership before August 9, 2013, which vehicle was equipped with a MyFord Touch or MyLincoln Touch in-vehicle information and entertainment system.

The Court finds it appropriate to establish the following exclusions from all of the Settlement Classes are:  (1) all federal court judges who have presided over this case and any members of their immediate families; (2) all entities and natural persons that elect to exclude themselves from the Settlement Classes; (3) all entities and natural persons that have litigated claims involving MFT against Ford to final judgment; (4) all entities and natural persons who, via a settlement or otherwise, delivered to Ford releases of their claims involving MFT; (5) Ford's employees, officers, directors, agents, and representatives, and their family members; and (6) all entities and natural persons who submitted a valid request for exclusion following the Notice of Pendency of Class Action and did not revoke his, her, or its exclusion and re-enter the Settlement Classes.

2. The Court appoints Named Plaintiffs Jennifer Whalen, Center for Defensive Driving, Jason Connell, William Creed, Daniel Fink, Leif Kirchoff, Joshua Matlin, Henry Miller-Jones, Jerome Miskell, Darcy Thomas-Maskrey, and Richard Decker Watson (the "Named

Plaintiffs"), all of whom were representatives of the certified litigation classes, to serve as representatives of the Settlement Classes.

3. The Court confirms its appointment of Steve W. Berman Esq., Craig Spiegel Esq., Catherine Y.N. Gannon Esq., Roland Tellis Esq., Mark Pifko Esq., Adam J. Levitt Esq., John E. Tangren Esq., Nicholas E. Chimicles Esq., Benjamin F. Johns Esq., and the law firms Hagens Berman Sobol Shapiro LLP, Baron & Budd, P.C., DiCello Levitt & Casey LLC, and Chimicles Schwartz Kriner & Donaldson-Smith LLP, to serve as Class Counsel.

4. The Court finds that the terms of the Settlement Agreement are sufficiently fair, reasonable, and adequate to allow dissemination of the Class Notice to the members of the Settlement Classes. This determination is not a final finding that the Settlement Agreement is fair, reasonable and adequate, but it is simply a determination that there is probable cause to disseminate Class Notice to the Settlement Class Members and hold a hearing on final approval of the proposed settlement.

5. Ford is authorized and directed to establish an administrative mechanism for receiving requests from Settlement Class Members to exclude themselves from the Settlement Classes, as set forth in the Settlement Agreement.

6. In conjunction with moving for final approval, Class Counsel may apply to the Court for an award of attorneys' fees and expense reimbursement covering all legal services provided to the Named Plaintiffs and Settlement Class Members in connection with the Litigation and settlement of the Litigation (the "Fee and Expense Application"). The Fee and Expense Application shall be filed by _____.

7. Also in conjunction with moving for final approval, Class Counsel may submit by _____ an application for any service award for each of the 19 Plaintiffs, to be paid by Ford separately from the fee and expense award.

8. Pursuant to Rule 23(e)(2) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1715(d), a hearing (the "Fairness Hearing") shall be held on _____, at __:00 a.m. before the undersigned at United States Federal Building and Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, for the purpose of finally determining whether the proposed Settlement

1  Agreement is fair, reasonable, and adequate and should be approved by the Court via entry of the
2  Final Judgment and Order attached to the Settlement Agreement and, if so, what amount of
3  reasonable attorneys' fees and reasonable reimbursement of costs and expenses should be
4  awarded to Class Counsel, and whether the service awards shall be awarded.

5        9.      Approval is given to the form of the Short Form Class Notice, the Email Notice,
6  and the Long Form Class Notice (together, the "Class Notice"), attached to the Settlement
7  Agreement as Exhibits 1, 2, and 3 to Settlement Class Members.  The Court finds that the Class
8  Notice reasonably informs the Class Members of the material terms of the Settlement and their
9  rights and responsibilities in connection with the Settlement, and once distributed pursuant to the
10 Plan of Distribution detailed below, constitutes valid, due, and sufficient notice to Settlement
11 Class Members in full compliance with the requirements of applicable law, including the Due
12 Process Clause of the United States Constitution.  The costs of providing Class Notice to the
13 Settlement Class Members shall be borne by Ford.

14       10.     On or before _____, Ford shall cause to be delivered by United
15 States Postal Service first-class mailing, postage prepaid, copies of the Short Form Class Notice
16 containing the language in Exhibit 1 to the Settlement Agreement to be mailed to the current
17 address of each original and subsequent purchaser or lessee of a Class Vehicle for whom Ford can
18 reasonably obtain an address.  On or before _____, Ford shall cause to be
19 transmitted via electronic mail, copies of the Email Notice containing the language in Exhibit 2 to
20 the Settlement Agreement to the Settlement Class Members for whom an e-mail address was
21 previously obtained from Ford's records.  On or before _____, Ford shall cause to be
22 posted on a settlement website that it shall establish and maintain the Long Form Class Notice
23 containing the language in Exhibit 3 to the Settlement Agreement.  The Court finds that such
24 individual notice is the best notice practicable under the facts and circumstances of this case.

25       11.     If it has not done so already, Ford shall provide to the Attorney General of the
26 United States and the attorneys general of the states and territories in which Settlement Class
27 Members reside the information specified in 28 U.S.C. § 1715 by the deadline established in that
28 statute.

12. Ford shall provide a declaration from it or the Settlement Administrator attesting to its compliance with its notice obligations not less than seven days prior to the Fairness Hearing. The declaration shall include:

- the total number of Settlement Class Members;
- a sample copy of the Class Notice;
- the process by which Ford obtained a mailing list for the Short Form Class Notice;
- the number of Short Form Class Notices mailed and the range of dates within which such Notices were mailed; and
- the number of Short Form Class Notices returned to Ford by the United States Postal Service.

13. Each potential Settlement Class Member who wishes to be excluded from the Settlement Classes must submit via United States Postal Service first-class mailing a Request for Exclusion to the address specified in the Class Notice, which address shall be a site under Ford's control. Such Requests for Exclusion must be received at that address on or before _____. To be effective, the Request for Exclusion must:

- Include the Member of the Settlement Classes's full name, address, and telephone number;
- Identify the model, model year, and vehicle identification number of the Member of the Settlement Classes's Class Vehicle(s);
- Explicitly and unambiguously state his, her, or its desire to be excluded from the Settlement Classes in *In re MyFord Touch Consumer Litigation*; and
- Be individually and personally signed by the Member of the Settlement Classes (if the Member of the Settlement Classes is represented by counsel, it must also be signed by such counsel).

14. Any Settlement Class Member who fails to submit a timely and complete Request for Exclusion to the required address, or communicates his, her or its intentions regarding membership in the Settlement Classes in an ambiguous manner, shall be subject to and bound by all proceedings, orders, and judgments of this Court pertaining to the Settlement Class pursuant to

1  the Settlement Agreement unless determined otherwise by the Court. Any communications from
2  Settlement Class Members (whether styled as an exclusion request, an objection, or a comment)
3  as to which it is not readily apparent whether the Settlement Class Member meant to request an
4  exclusion from the Class will be evaluated jointly by counsel for the Parties, who will make a
5  good-faith evaluation if possible.  Any uncertainties about whether a Settlement Class Member
6  requested to exclude himself, herself, or itself from the Settlement Classes will be resolved by the
7  Court.

8    15.   The Notice Administrator shall tabulate Requests for Exclusion from prospective
9  Settlement Class Members and shall report the names and addresses of such persons to the Court
10 and to Class Counsel no less than seven days before the Fairness Hearing.

11   16.   Any Settlement Class Member who intends to object to the fairness of the
12 Settlement Agreement (including Class Counsel's Fee and Expense Application) must, by
13 _____, file any such objection with the Court. Any objection to the Settlement Agreement
14 must be individually and personally signed by the Settlement Class Member (if the Settlement
15 Class Member is represented by counsel, the objection additionally must be signed by such
16 counsel), and must include:

- The case name and number (*In Re MyFord Touch Consumer Litigation*, Case Number 13-cv-3072-EMC);
- The objecting Member of the Settlement Classes's full name, address, and telephone number;
- The model, model year, and VIN of the objecting Member of the Settlement Classes's Class Vehicle, along with Proof of Membership in a Settlement Class;
- A written statement of all grounds for the objection, accompanied by any legal support for the objection;
- Copies of any papers, briefs, or other documents upon which the objection is based;
- A list of all cases in which the Member of the Settlement Classes and/or his or her counsel filed or in any way participated—financially or otherwise—objecting to a class settlement during the preceding five years;

- The name, address, email address, and telephone number of every attorney representing the objector; and
- A statement indicating whether the objector and/or his or her counsel intends to appear at the Fairness Hearing and, if so, a list of all persons, if any, who will be called to testify in support of the objection.

17. The parties to this Litigation and to the Settlement Agreement shall file any memoranda or other materials in support of final approval of the Settlement Agreement, including in response to any timely and properly filed objection to the Settlement Agreement, no later than seven days prior to the Fairness Hearing. Such materials shall be served on Class Counsel, counsel for Ford, and on any member of the Settlement Classes (or their counsel, if represented by counsel) to whose objection to the Settlement Agreement the memoranda or other materials respond.

18. Following the Fairness Hearing, and based upon the entire record in this matter, the Court will decide whether the Settlement Agreement should be finally approved and, if so, what amount of reasonable fees and expenses should be awarded to Class Counsel, and whether a service award of no more than $9,000 service award for each of the 19 Plaintiffs, will be awarded. If the Court determines the Settlement is reasonable, fair, and adequate, the Court will issue a Final Order and Judgment memorializing its decision in the form contemplated by Exhibit C of the Settlement Agreement. The Court will also issue an Order awarding reasonable fees and expenses to Class Counsel in an amount determined by the Court but in any event of no more than $16,000,000.

19. Pending final determination of the joint application for approval of this Settlement Agreement, all proceedings in this Litigation other than settlement approval proceedings shall be stayed and all Members of the Settlement Classes who do not validly request exclusion from the Settlement Classes shall be enjoined from commencing or prosecuting any action, suit, proceeding, claim, or cause of action in any court or before any tribunal based on based on alleged malfunctions of the MFT in Ford and Lincoln vehicles.

1
2   Dated: _____ ___, 20__
3
4
                                            _____
                                                   Hon. Edward M. Chen
5                                                  U.S. District Judge
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28