UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE<br><br>MYFORD TOUCH CONSUMER LITIGATION | Case No. 13-cv-03072-EMC<br><br>**FURTHER ORDER GRANTING PLAINTIFFS' MOTION FOR ATTORNEYS' FEES**<br><br>Docket No. 527 |

On August 16, 2019, Plaintiffs filed a Motion for Attorney's Fees. *See* Docket No. 527 ("AF Mot."). Plaintiffs seek $16 million in attorneys' fees and costs, which was the figure that Magistrate Judge Kim "independently proposed to the parties." *See* AF Mot. at 1. Class Counsel represents that it accrued approximately $5,800,535 in expenses, of which $4.1 million went towards expert fees (primarily related to hiring engineers to review software code). *Id.* at 17. Subtracting these costs from the $16 million request, Class Counsel is effectively seeking $10,199,465 in attorneys' fees.

In assessing the request for attorneys' fees, the Court employed both the lodestar approach and the percentage-of-recovery method. When compared to the $31,445,713.25 in fees accrued by Class Counsel (as reflected in their contemporaneously tracked records), *id.* at 7, the fee request represents a negative multiplier of .32. As the Court noted in its order granting Preliminary Approval: "The Ninth Circuit has observed that lodestar multipliers ranging from one to four are frequently awarded in complex class action cases, *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1051 n.6 (9th Cir. 2002), and 'courts view self-reduced fees' representing a negative multiplier on the lodestar 'favorably,' *Schuchardt v. Law Office of Rory W. Clark*, 314 F.R.D. 673, 690 (N.D.

Cal. 2016). . . . [Thus,] the negative multiplier it has applied to its fee request suggests the request is reasonable." Docket No. 526 at 13. Nothing has changed since the Court's earlier order that would disturb its prior analysis, thus the lodestar analysis counsels in favor of granting the fee request. The Court also employed the percentage-of-recovery method in assessing the request for fees. *See Bluetooth Headset*, 654 F.3d at 944. The attorneys' fees of $10,199,464.94 represent approximately 31% of the estimated $33 million that Ford will pay in settling this case ($17 million settlement fund + $16 million fees and costs); while slightly high, that percentage is not so excessive relative to the 25% benchmark in the Ninth Circuit, *see Bluetooth Headset*, 654 F.3d at 942, to impugn the request. The request for attorneys' fees is reasonable. For these reasons and for those stated on the record at the fairness hearing, the Court **GRANTS** the Motion for Attorneys' Fees in the amount of $10,199,464.94.

Turning next to the issue of costs, as noted above, Class Counsel represents that it has accrued approximately $5,800,535.06 in expenses, of which $4.1 million went towards expert fees. AF Mot. at 17.[1] As with the lodestar numbers, each firm provided an individualized expense report further explaining their expenditures. *See* Docket No. 528-3 at 2 (Chimicles); Docket No. 529-1 at 2 (Hagens Berman); Docket No. 530-3 at 2 (DLG); Docket No. 531-4 at 2 (Baron & Budd). In addition, Plaintiffs note that some of counsel's expenses were reduced in order to comply with the Court's cost-limiting order. *See, e.g.*, Docket No. 528 at 12 and Docket No. 528-3 (noting that actual Travel/Food/Lodging expenses totaled $79,479.91, but $9,220.10 of those expenses exceeded the limitations set forth by the Court, so only $70,259.81 was submitted). For

///
///
///
///
///
///

---

[1] These expenses do not include the cost of the second mailing, which Plaintiffs' counsel had agreed to cover (as discussed above). The estimated cost of that mailing is $119,520.

2

the reasons stated on the record, as well as those reasons reflected in the Court's order granting preliminary approval, *see* Docket No. 526, the Court **GRANTS** the request for expenses in the amount of $5,800,535.06.

This order disposes of Docket No. 527.

**IT IS SO ORDERED**.

Dated: December 17, 2019

_____
EDWARD M. CHEN
United States District Judge